IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARY GREEN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 3:15-CV-02197-M |
| | § | |
| LORIE DAVIS, Director, | § | (Death Penalty Case) |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER OVERRULING OBJECTIONS AND ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation (doc. 14) to deny Petitioner's opposed first motion for funding (doc. 8). Objections were filed by appointed counsel for Petitioner (doc. 16). The District Court reviewed *de novo* those portions of the proposed Findings, Conclusions, and Recommendation to which objection was made, and reviewed the remaining proposed Findings, Conclusions, and Recommendation for plain error. Finding no error, the Court OVERRULES the objections and ACCEPTS the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

I

In Petitioner's motion to funding, he states that trial counsel did not hire a qualified mitigation investigator and that the mitigation investigation was inadequate. (Funding Mot. at 4.) Therefore, he sought funding to hire Dr. Gilda Kessner to provide her opinion on whether the evaluations conducted by the mental health experts at trial were professionally adequate and, if not,

whether a professionally adequate evaluation could now be conducted to determine whether the petitioner suffered from any severe mental illness or severe psychological or cognitive impairments at the time of the offense and whether they rendered him unable to requisite intent to commit capital murder. (Funding Mot, at 4.) Petitioner asserts that this new investigation and evaluation is needed to raise a claim under *Wiggins v. Smith*, 539 U.S. 510, 524 (2003), in which the Supreme Court held trial counsel ineffective because of an inadequate mitigation investigation for the punishment phase of a capital trial.[1] (Funding Mot. at 4-5, 12.) Petitioner also argues that this claim was not presented to the trial court because of the ineffective assistance of state habeas counsel, but that the claim is not procedurally barred because it comes within the exception to bar created in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). (Funding Mot. at 5, 10-22.) Petitioner requests authorization for $27,000 for the expert assistance.[2]

Respondent argues that funding would be inappropriate because the claim that trial counsel was ineffective for failing to conduct an adequate mitigation investigation under *Wiggins* had been presented to the state court and was denied on the merits. (Response, doc. 10, at 3.) Therefore, the federal court must make the determination under 2254(d) on the record that was before the state court and evidence developed in federal court could not be considered under *Pinholster*. (Resp. at 3-4.) Respondent argues that Petitioner has not made the showing required under *Martinez* because

---

[1] Petitioner also mentions another possible claim that counsel was ineffective for failing to challenge the constitutionality of executing Green who was mentally ill at the time of the offense, but does not connect this with his request for funding and does not object to the Magistrate Judge's finding that this claim was adjudicated on the merits by the state court. Therefore, no further analysis of that possible claim is provided in this order.

[2] Petitioner also requests that the first $7,500 be paid in advance of the amount requiring approval by the chief judge of the circuit under 18 U.S.C. § 3599(g)(2). (Funding Mot. at 5.)

the asserted claim that his trial counsel provided ineffective assistance has no merit and Petitioner has not even addressed the role of his state habeas counsel. (Resp. at 2-7.)

Petitioner replies that the claim that he seeks to investigate has not been presented to the state court, arguing that none of his trial or state habeas counsel ever argued that he could not form the *mens rea* to commit the capital murder offense due to his "abandonment rage." (Reply, doc. 11, at 9.) Green also asserts that Respondent has no standing to participate in the funding matter, that federal habeas counsel has a duty to investigate this claim, and that this is not the proper time to consider the merits of the claim. (Reply at 4-8.)

The Magistrate Judge found that Green had not shown that his claim was not presented to the state court and adjudicated on the merits so that it may be subject to a procedural bar for purposes of the sought exception created in *Martinez*, but that even if he had, that he has not shown that his claim has potential merit. Even if Green were to obtain favorable expert opinions on the questions set out in his motion, that would merely create a disagreement among experts that would not warrant relief or establish ineffective assistance of counsel. (Rec. at 5-6.) Therefore, the Magistrate Judge recommends that the requested funding be denied.

II

Petitioner objects to two of the Magistrate Judge's findings. (Objections, doc. 16.) First, he objects to the finding that he had earlier failed to show that this claim was not presented to the state court by producing the pertinent records. In support of this objection, he attaches an 824-page appendix with records showing what claims were presented to the state court and argues that this claim is distinguishable.

3

Second, Petitioner objects to the finding that he failed to show that the claim comes within the exception to procedural bar created in *Martinez*, and in particular, that he has failed to show that the claim has potential merit. In support of this objection, Petitioner makes several arguments. He argues that he is not engaged in a "fishing expedition" but that his "humble request for a minimum of $7,500" is authorized under 18 U.S.C. § 3599 and *United States v. Snarr*, 704 F.3d 368, 402-403 (5th Cir. 2013).[3] (Obj. at 9.) Next, he argues that the failure of prior counsel to argue "abandonment rage" to show diminished capacity in the guilt phase contributed to the CCA's denial of the challenge to the sufficiency of evidence to support the conviction. (Obj. at 9-12, 15-22.) In support of his argument that trial counsel was ineffective in failing to present mental health evidence in the guilt phase, Green again relies upon the circuit authority on ineffective assistance in failing to investigate and present mitigation evidence in the punishment phase of a capital murder trial. (Obj. at 12-15.)

III

Funding is sought under 18 U.S.C. § 3599(f), which provides that a district court may authorize a defendant's attorneys to obtain investigative, expert, or other services upon a finding that such services "are reasonably necessary for the representation of the defendant." *See Ward v. Stephens*, 777 F.3d 250, 266 (5th Cir.), *cert. denied*, 136 S. Ct. 86 (2015). Reasonably necessary in this context means "that a petitioner must demonstrate 'a substantial need' for the requested assistance." *Id.* (quoting *Riley v. Dretke*, 362 F.3d 302, 307 (5th Cir.2004), and *Clark v. Johnson*, 202 F.3d 760, 768 (5th Cir.2000)). This Court cannot alone authorize funding in excess of $7,500, but, when the additional showing is made, may recommend to the chief judge of the circuit or his

---

[3] Nowhere in his motion or reply does Petitioner indicate that he would ultimately be satisfied with anything less than the total amount of $27,000. His request for the first $7,500 to be paid before circuit approval is obtained appears designed to circumvent the requirements of 18 U.S.C. § 3599(g)(2). (Funding Mot. at 5, 22.)

designee that the excess funding is "necessary to provide fair compensation for services of an unusual character or duration" when that additional showing is made under 18 U.S.C. § 3599(g)(2). "The denial of funding will be upheld when it would only support a meritless claim, when it would only supplement prior evidence, or when the constitutional claim is procedurally barred." *Id.* (quoting *Woodward v. Epps,* 580 F.3d 318, 334 (5th Cir.2009)).

Petitioner has the burden to show that he is entitled to funding. He asserts that the need is shown because this claim was not presented to the state court due to the ineffective assistance of state habeas counsel and now comes within the exception to procedural bar created in *Martinez*. Respondent disputes that this claim was not presented to the state court. Since Petitioner has the burden to prove that this claim was not presented to the state court, which would be evident from the state court records, he should have produced with his reply the findings of the state court that denied postconviction relief that had not been filed in this Court. The fact that Petitioner has now filed such voluminous records with his objections, confirms the fact that such records were not available to the Magistrate Judge when she made her recommendation. Even so, the newly produced records do not undermine the recommendation to deny funding.

As observed by the Magistrate Judge, favorable answers to the questions that Petitioner sought expert assistance to answer would not show that trial counsel was ineffective. "Petitioner seeks expert assistance to determine whether the 'evaluation conducted by the defense mental health experts at trial' was 'adequate under the standards required for forensic mental health evaluations' in connection with a possible claim that trial counsel was ineffective." (FCR at 5-6 (quoting doc. 8 at 4).) Favorable answers to these questions may potentially create a disagreement among experts,

5

but would not show that counsel was ineffective. (FCR at 6-7.) In addition to the authorities cited in the Recommendation, authorities from other circuits agree with this finding.

The United States Court of Appeals for the Fourth Circuit has explained why this expert opinion evidence would not show ineffective assistance of counsel.

> The Constitution does not entitle a criminal defendant to the effective assistance of an expert witness. To entertain such claims would immerse federal judges in an endless battle of the experts to determine whether a particular psychiatric examination was appropriate. *See Harris v. Vasquez,* 949 F.2d 1497, 1518 (9th Cir.1990); *Silagy v. Peters,* 905 F.2d 986, 1013 (7th Cir.1990). Furthermore, it would undermine the finality of state criminal convictions, which would constantly be subject to psychiatric reappraisal years after the trial had ended. *Harris,* 949 F.2d at 1517-18; *Silagy,* 905 F.2d at 1013.
>
> This circuit consistently has "rejected the notion that there is either a procedural or constitutional rule of ineffective assistance of an expert witness, rather than ineffective assistance of counsel." *Pruett v. Thompson,* 996 F.2d 1560, 1573 n. 12 (4th Cir.1993); *see also Poyner v. Murray,* 964 F.2d 1404, 1418 (4th Cir.1992); *Waye v. Murray,* 884 F.2d 765, 766–67 (4th Cir.1989) (per curiam). For example, the defendant in *Waye* claimed that his psychiatrist had not performed adequately because he had failed to emphasize Waye's diminished capacity in his trial testimony. We rejected this claim and observed:
>
>> [i]t will nearly always be possible in cases involving the basic human emotions to find one expert witness who disagrees with another and to procure an affidavit to that effect from the second prospective witness. To inaugurate a constitutional or procedural rule of an ineffective expert witness in lieu of the constitutional standard of an ineffective attorney, we think, is going further than the federal procedural demands of a fair trial and the constitution require.
>
> 884 F.2d at 767.
>
> *Waye* thus squarely forecloses Wilson's argument to the extent that he grounds it in a right to effective assistance from Dr. Killian. Wilson's attempt to locate such a right in *[Ake v. Oklahoma,* 470 U.S. 68, 83 (1985),] also fails. Although *Ake* refers to an "appropriate" evaluation, we doubt that the Due Process Clause prescribes a malpractice standard for a court-appointed psychiatrist's performance. Rather, the decision in *Ake* reflects primarily a concern with ensuring a defendant access to a psychiatrist or psychologist, not with guaranteeing a particular substantive result.

*Wilson v. Greene,* 155 F.3d 396, 401 (4th Cir. 1998). This reasoning appears correct and provides further support for the Magistrate Judge's recommendation.

Petitioner produces no authority to contradict those relied upon by the Magistrate Judge in making her findings and conclusion. He seeks to develop evidence that appears incapable of showing ineffective assistance of counsel. Therefore, he has not shown that the sought funding would support a claim that likely has merit.

IV

Petitioner also requests that the Court delay ruling on his objections until he files his anticipated post-petition funding motion. (Obj. at 4.) Although his petition was filed on June 13, 2016 (doc. 17), Petitioner has not yet filed any such post-petition motion. Because the Magistrate Judge's recommendation is correct and there is no showing that any further delay is warranted, the request to further delay a ruling is also denied.

V

Petitioner's opposed first motion for funding (doc. 8) is DENIED. Petitioner's request to delay a ruling (doc. 16 at 4) is also DENIED.

SO ORDERED this ⎯⎯ day of July, 2016.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
BARBARA M. G. LYNN
CHIEF JUDGE

7