GCMO #8, DA, HQ, VII COSCOM, 20 Feb 72 (Cont'd)

Specification 2: In that Private E-2 Thomas H. Carter, US Army, 663d Ordnance Company, did, at Vilseck, Germany, on or about 28 August 1971, commit an assault upon Private Stanley N. Bjorkman by cutting him with a dangerous weapon, to wit: a knife.

Specification 3: In that Private E-2 Thomas H. Carter, US Army, 663rd Ordnance Company, did, at Vilseck, Germany, on or about 28 August 1971, commit an assault upon Mark W. Byrd by pointing at him with a dangerous weapon, to wit: a knife.

Specification 4: In that Private E-2 Thomas H. Carter, US Army, 663d Ordnance Company, did, at Vilseck, Germany, on or about 28 August 1971, commit an assault upon Specialist Four Richard Mayfield by kicking and striking him about the body with means likely to produce grievous bodily harm, to wit: shodded feet and fist.

Specification 5: In that Private E-2 Thomas H. Carter, US Army, 663rd Ordnance Company, did, at Vilseck, Germany, on or about 28 August 1971, commit an assault upon Specialist Four Kenneth Devilbiss by kicking him about the body with, a means likely to produce harm, to wit: shodded feet.

Specification 6: In that Private E-2 Thomas H. Carter, US Army, 663rd Ordnance Company, did, at Vilseck, Germany, on or about 28 August 1971, unlawfully strike Private David E. Pollard on the body with his fist.

Charge IV: Violation of the Uniform Code of Military Justice, Article 91

Specification 1: In that Private E-2 Thomas H. Carter, US Army, 663rd Ordnance Company, did, at Vilseck, Germany, on or about 28 August 1971, was disrespectful in language toward Chief Warrant Officer Theodore E. Elston, his superior warrant officer, who was then in the execution of his office, by saying to him, "If I had a gun I would shoot all of you," or words to that effect.

Specification 2: In that Private E-2 Thomas H. Carter, US Army, 663rd Ordnance Company, did, at Vilseck, Germany, on or about 28 August 1971, was disrespectful in language toward Chief Warrant Officer Alfred P. Marieni, his superior warrant officer, who was then in the execution of his office, by saying to him, "If I had a gun I would shoot all of you," or words to that effect.

2

1405

EXHIBIT 31 Page 6

GCMO #8, DA, HQ, VII COSCOM, 20 Feb 72 (Cont'd)

## PLEAS

To all Charges and their Specifications:   Not Guilty

## FINDINGS

Of the Specification of Charge I:   Guilty

Of Charge I:   Guilty

Of the Specification of Charge II:   Guilty

Of Charge II:   Guilty

Of Specification 1 of Charge III:   Guilty

Of Specification 2 of Charge III:   Not Guilty

Of Specification 3 of Charge III:   Guilty

Of Specification 4 of Charge III:   Not Guilty

Of Specification 5 of Charge III:   Guilty

Of Specification 6 of Charge III:   Not Guilty

Of Charge III:   Guilty

Of Specification 1 of Charge IV:   Guilty

Of Specification 2 of Charge IV:   Guilty

Of Charge IV:   Guilty

## SENTENCE

To be confined at hard labor for 6 years; To forfeit all pay and allowances; To be reduced to the grade of Private E-1; and To be discharged from the service with a bad conduct discharge. (No previous convictions considered)

The sentence was adjudged on 13 November 1971.

3

**1406**

EXHIBIT 31 Page 7

GCMO #8, DA, HQ, VII COSCOM, 20 Feb 72 (Cont'd)

ACTION

DEPARTMENT OF THE ARMY
HEADQUARTERS, VII CORPS SUPPORT COMMAND
APO 09160

20 February 1972

In the foregoing case of Private E2 Thomas H. Carter, 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, US Army, 663d Ordnance Company, the findings are approved with the exception of the words "William Hester" in the specification of charge 1 and only so much of the sentence as provides for bad conduct discharge, confinement at hard labor for three years, forfeiture of all pay and allowances and reduction to the grade of Private E1 is approved. The forfeitures shall apply to pay and allowances becoming due on and after the date of this action. The record of trial is forwarded to The Judge Advocate General of the Army for review by the Court of Military Review. Pending completion of appellate review the accused will be confined in the United States Disciplinary Barracks, Fort Leavenworth, Kansas.

/s/ Anthony F. Daskevich
/t/ ANTHONY F. DASKEVICH
Brigadier General, USA
Commanding

BY COMMAND OF BRIGADIER GENERAL DASKEVICH:

OFFICIAL:

JAMES R. BATTIG
CW2, USA
Acting Asst AG

L. R. LESTER
Colonel, GS
Chief of Staff

4

1407

EXHIBIT 31 Page 8

GCMO #8, DA, HQ, VII COSCOM, 20 Feb 72 (Cont'd)

DISTRIBUTION:
 1 - Accused
 1 - MJ, TC, DC
 5 - CO, 38th Fin Sec, APO 09176
 1 - CO, 663d Ord Co, APO 09114
 1 - CO, 101st Ord Bn, APO 09176
 5 - CO, USAREUR & US Forces Conf Fac (Mannheim), APO 09028
12 - Commandant, United States Disciplinary Barracks, Fort Leaven-
      worth, Kansas 66027
 1 - Commanding General, Fifth Army, Ft. Sam Houston, Texas 78234
 1 - CO, USAPERCEN, ATTN: AGPE-F, Ft. Benjamin Harrison,
      IN 46249
 1 - The Provost Marshal General, DA, Wash, D.C. 20515
10 - The Judge Advocate General, DA, Wash, D.C. (Via record of trial)
 5 - CO, 198th PSC, APO 09061
35 - CG, VII COSCOM, ATTN: AETSSC-JA, APO 09160
 1 - CG, VII COSCOM, APO 09160

5

**1408**

EXHIBIT 31 Page 9

## FOREIGN SERVICE

| FROM | THROUGH | OVERSEA COMMAND | | MONTHS | TYPE | NTC |
|---|---|---|---|---|---|---|
| 23Jul71 | | USAREUR-Germany | | | | |

## CIVILIAN EDUCATION

| NAME AND LOCATION OF SCHOOL | DEGREE AND/OR MAJOR SUBJ | YEAR COMPLETED |
|---|---|---|

## APPOINTMENTS AND REDUCTIONS

| GRADE | DATE OF RANK | AUTHORITY |
|---|---|---|
| PV1 E-1 | 2 2 FEB 1971 | AR601-270 |
| | | P-11A AR601-200 |
| PV1 1 | 20Feb72 | GCMO #8, VII COSCOM, APO, NY 09160 |

**SPECIAL SUBJECTS**

## CIVILIAN OCCUPATION

| MAIN OCCU-PATION / JOB TITLE | DOT CODE | MOS | MONTHS EMPLOYED |
|---|---|---|---|

DUTIES PERFORMED

| 2ND OCCU-PATION / JOB TITLE | DOT CODE | MOS | MONTHS EMPLOYED |
|---|---|---|---|

DUTIES PERFORMED

| AVOCATIONS | SPORTS (Specify) | AMAT | PROF | CH |
|---|---|---|---|---|

OCCUPATIONAL LICENSES OR CERTIFICATES HELD

CARTER, THOMAS H

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

1. NAME (last, first, middle initial) AND SERVICE NUMBER

7. RELIGION: BAPTIST

ENTNAC COMPLETED   05 APR 71   DOA NAC

18. BIRTHPLACE AND CITIZENSHIP

| | SELF | Gilmer, TX   US |
| | SPOUSE | |
| | FATHER | Gilmer, TX   US |
| | MOTHER | Gilmer, TX   US Arab |

ENLISTED QUALIFICATION RECORD   DA FORM 20 (AR 600-200)

DA FORM 20   1 JAN 65

6. DATE OF BIRTH: 23 Jan 51

7. RACE

8. DUTY MOS

23. MOS EVALUATION SCORES

OTHER TESTS

| | SCORE | GROUP |
| TEST | 95 | |
| MOB-1 | | |
| OCT- | | |
| ALAT- | | |

DATE: 03 FEB 1971

26. TRAINING RECOMMENDED

MILITARY EDUCATION

| TITLE OF COURSE | MOS CODE | SCHOOL | WEEKS | YEAR |
|---|---|---|---|---|
| | | | 8 | 1972 |

QUALIFICATION IN ARMS

| WEAPON | COURSE | QUAL SCORE | DATE |
|---|---|---|---|

24. APTITUDE TESTS

| | FORM | SCORE | RETEST SCORE | APTITUDE AREA | SCORE | DATE |
|---|---|---|---|---|---|---|
| VE-1B | 99 | | IN | 109 | |
| AR-3B | 84 | | KE | 104 | |
| SM-1B | 102 | | EL | 87 | |
| PA-1B | 57 | | GM | 112 | |
| KC5A | 101 | | MM | 98 | |
| AI-3B | 100 | | CL | 89 | |
| EL-1B | 110 | | GT | 101 | |
| GT-1 | 95 | | RC | | |
| CL-1 | 118 | | CO-A | | |
| ARC-1 | 108 | | CO-B | | |

MILITARY OCCUPATIONAL SPECIALTIES

| VOR | TYPE | CODE | TITLE | DATE | EVAL |
|---|---|---|---|---|---|
| | | MOS | | | |

12. NON-CONUS RESIDENT

13. ENLISTED OR VOLUNTEERED FOR

15. RES COMM AND PCS STATUS

SPECIALIZED TRAINING

| TYPE | PLACE | DATE TESTED | 3 FEB 1971 |
|---|---|---|---|

PLACE: Ft. Polk, La

AFTC   AFTC

ACTS OF INDIV BRIG
ATP 21-114

CODE AS COND
X R N

CMBL VNG

27.

| TYPE | WEEKS | COMPLETED |
|---|---|---|
| | | 23 APR 1971 |
| | | 10 MAR 1971 |

30. LANGUAGES (Specify)

17. PHYSICAL STATUS

| P | U | L | H | E | S |
|---|---|---|---|---|---|

HEIGHT   5 FT   10 IN   WEIGHT

18. ASSIGNMENT LIMITATIONS

19. INVESTIGATIONS AND CLEARANCES

14. RESERVE COMPONENT INFORMATION

READY RESERVE OBLIGATION EXPIRATION DATE

RETIREMENT YEAR ENDING DATE

SERVICE OBLIGATION EXPIRATION DATE

CRITICAL OCCUPATION AND DOT CODE

NONE OF RECORD

EXHIBIT 31 Page 11

| 2. GRADE | 3. DATE OF RANK | 4. PPD | 5. ADD PAY ELIG | 6. DATE OF BIRTH | 7. RACE | 8. DUTY MOS |
|---|---|---|---|---|---|---|

**RECORD OF ASSIGNMENTS**

| 18. EFFECTIVE DATE | DUTY MOS | PRINCIPAL DUTY | ORGANIZATION AND STATION OR THEATER | CONDUCT | EFFI-CIENCY | REASON |
|---|---|---|---|---|---|---|
| 2 9 FEB 1971 | 09J00T | BASIC COMBAT TRAINING | USARECSTA Ft POLK LA 71459 | EXC | EXC | PCS |
| 3 1 MAR 1971 | 09J00T | BASIC COMBAT TRAINING | CO D 2 BN 1ST TNG BDE Ft POLK LA | EXC | EXC | PCS |
| 2 3 APR 1971 | 62M20 | CASUAL | ENROUTE TO Ft LEONARD WOOD MO | EXC | EXC | PCS |
| | | | AUG USATC ENGR | | | |
| 19JL71 | | CASUAL | CO. C. 1 Bath ATT | | | |
| | | G35602 | 21 Kar TB USDB64R | | | |
| 26Jul71 | | CMF | 663rd Ord Co | | | |
| 8Jan72 | | Bad Conduct Discharge — DD form 259 A | CHD USDB (SF-W21B1A) Ft. Leav, KS USAB TUB | | | |
| 73061 | | | | | | |

1411

EXHIBIT 31 Page 12

**39.**

**CAMPAIGNS**

| DESIGNATION | AUTHORITY |
|---|---|

**AWARDS AND DECORATIONS**

| | TYPE | AUTHORITY | ISSUED |
|---|---|---|---|
| 41. | NDSM | AR 672-5-1 | YES |

EXP OVERSEAS RET ___ 07MAR71   YES

**40.**

**WOUNDS**

| BRIEF DESCRIPTION | DATE |
|---|---|

**42.**

**REMARKS**

63 Bk Tk   Thalam
Cows   TX

Not elig for reenl- RE-3

**43.** TIME LOST UNDER SECTION 972, TITLE 10, UNITED STATES CODE AND SUBSEQUENT TO NORMAL DATE ETS

| FROM | TO (Inc) | DAYS | REASON |
|---|---|---|---|
| 30 Aug 71 | 7306 11 | | CONF |

**44.**

**45.** ITEM CONTINUATION

| ITEM NO. | DATA |
|---|---|

**46.** SUBMISSION OF DUPLICATE DA FORM 20 AND REPORT OF CHANGES

DATE DA FORM 20A FOR CONTINUATION OF ITEMS ON BASIC DA FORM 20 ADDED

DATE DA FORM 20B FOR RECORD OF COURT-MARTIAL CONVICTION ADDED

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | 32 | 33 | 34 | 35 | 36 | 37 | 38 | 39 | 40 | 41 | 42 | 43 | 44 | 45 | 46 |
| 47 | 48 | 49 | 50 | 51 | 52 | 53 | 54 | 55 | 56 | 57 | 58 | 59 | 60 | 61 | 62 | 63 | 64 | 65 | 66 | 67 | 68 | 69 |
| 70 | 71 | 72 | 73 | 74 | 75 | 76 | 77 | 78 | 79 | 80 | 81 | 82 | 83 | 84 | 85 | 86 | 87 | 88 | 89 | 90 | 91 | 92 |

**47.** SIGNATURE OF INDIVIDUAL (Name, grade, and date)

X Alexander D. Oliver
Pvt Y
2 Feb 71

**48.** DATE OF AUDIT

e GPO : 65 O - 788-703

EXHIBIT 31 Page 13

INSERT SHEET #1

CARTER, THOMAS H.

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

**INSERT SHEET TO DA FORM 20**
**RECORD OF COURT-MARTIAL CONVICTION**

For use of this form, see AR 600-200; proponent agency is Office of Personnel Operations.

NAME (Last, first, middle initial) AND SERVICE NUMBER

| 49. TYPE COURT MARTIAL a. NUMBER | b. HEADQUARTERS |
|---|---|
| GENERAL   8 | HQ VII COSCOM, APO, NY 09160 |

50. SYNOPSIS OF SPECIFICATIONS, INCLUDING DATE OF OFFENSE

04 Aug 71 – Rioting
04 Aug 71 – Commit Larceny
04 Aug 71 – On 3 Occasions Commit Aggr Aslt
04 Aug 71 – On 2 Occasions Disrespect to Supr Warrant Off (2)

51. SENTENCE AS APPROVED, INCLUDING DATE ADJUDGED AND DATE APPROVED

CHL 3 yrs, TOTFORF of All Pay & Allowances, BCD-ex

Adjd: 13 Nov 71  Appr: 20 Feb 72

52. I CERTIFY THAT THE FOREGOING IS CORRECT (Signature and typed or printed name, grade, organization)

RICHARD A. ROSEN, 1LT, MPC, USDB

| b. ARTICLE |
|---|
| 116, 121, 128, 91 |

53. ALTERATION, SUSPENSION, REMISSION, collected port of forf in excess of $160 per mo per GCMO 376, HQ USDB Ft Leavenworth, KS   5 Apr 72
Delete words not applicable.

54. SIGNATURE & TYPED OR PRINTED NAME, GRADE, ORG

RICHARD A. ROSEN, 1LT, MPC, USDB

55. ORDERS SUSPENDING SENTENCE VACATED PER

56. SIGNATURE & TYPED OR PRINTED NAME, GRADE, ORG

| 49. TYPE COURT MARTIAL a. NUMBER | b. HEADQUARTERS |
|---|---|
| | |

50. SYNOPSIS OF SPECIFICATIONS, INCLUDING DATE OF OFFENSE

51. SENTENCE AS APPROVED, INCLUDING DATE ADJUDGED AND DATE APPROVED

52. I CERTIFY THAT THE FOREGOING IS CORRECT (Signature and typed or printed name, grade, organization)

| c. ARTICLE |
|---|
| |

53. ALTERATION, SUSPENSION, REMISSION, SETTING ASIDE OF TRIAL RESULTS PER
Delete words not applicable.

54. SIGNATURE & TYPED OR PRINTED NAME, GRADE, ORG

55. ORDERS SUSPENDING SENTENCE VACATED PER

56. SIGNATURE & TYPED OR PRINTED NAME, GRADE, ORG

| 49. TYPE COURT MARTIAL a. NUMBER | b. HEADQUARTERS |
|---|---|
| | |

50. SYNOPSIS OF SPECIFICATIONS, INCLUDING DATE OF OFFENSE

51. SENTENCE AS APPROVED, INCLUDING DATE ADJUDGED AND DATE APPROVED

52. I CERTIFY THAT THE FOREGOING IS CORRECT (Signature and typed or printed name, grade, organization)

| c. ARTICLE |
|---|
| |

53. ALTERATION, SUSPENSION, REMISSION, SETTING ASIDE OF TRIAL RESULTS PER
Delete words not applicable.

54. SIGNATURE AND TYPED OR PRINTED NAME, GRADE, ORG

55. ORDERS SUSPENDING SENTENCE VACATED PER

56. SIGNATURE & TYPED OR PRINTED NAME, GRADE, ORG

**DA FORM 20B**, 1 JAN 66   REPLACES DA FORM 20B, 1 NOV 64, WHICH IS OBSOLETE EFFECTIVE 1 APR 66.

1413

EXHIBIT 31 Page 14

Standard Form 88
Revised April 1966
General Services Administration
Interagency Comm. on Medical Records
FPMR 101-11.806-3

**REPORT OF MEDICAL EXAMINATION**

88-117.

| 1. LAST NAME—FIRST NAME—MIDDLE NAME | 2. GRADE AND COMPONENT OR POSITION | 3. IDENTIFICATION NO. |
|---|---|---|
| CARTER, THOMAS HENRY | | 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 |

| 4. HOME ADDRESS (Number, street or R.F.D., city or town, State and ZIP Code) | 5. PURPOSE OF EXAMINATION | 6. DATE OF EXAMINATION |
|---|---|---|
| 3403 Seevers<br>Dallas, TX 75216 | Induction | 22 Feb 71 |

| 7. SEX | 8. RACE | 9. TOTAL YEARS GOVERNMENT SERVICE | 10. AGENCY | 11. ORGANIZATION UNIT |
|---|---|---|---|---|
| Male | Negro | MILITARY 0   CIVILIAN 0 | | |

| 12. DATE OF BIRTH | 13. PLACE OF BIRTH | 14. NAME, RELATIONSHIP, AND ADDRESS OF NEXT OF KIN |
|---|---|---|
| 23 Jan 51 | Gilmer, TX | Dennie Mae Carter (Sister)<br>3403 Seevers Ave |

| 15. EXAMINING FACILITY OR EXAMINER, AND ADDRESS | 16. OTHER INFORMATION |
|---|---|
| AFEES, DALLAS, TX | AY-26-51-93 |

| 17. RATING OR SPECIALTY | TIME IN THIS CAPACITY (Total) | LAST SIX MONTHS |
|---|---|---|

| | CLINICAL EVALUATION (Check each item in appropriate column—enter "NE" if not evaluated) | NOR-MAL | AB-NOR-MAL | NOTES (Describe every abnormality in detail. Enter pertinent item number before each comment. Continue in item 73 and use additional sheets if necessary.) |
|---|---|---|---|---|
| 18 | HEAD, FACE, NECK AND SCALP | | | |
| 19 | NOSE | | | |
| 20 | SINUSES | | | |
| 21 | MOUTH AND THROAT | | | |
| 22 | EARS—GENERAL (Int. & ext. canals) (Auditory acuity under items 70 and 71) | | | |
| 23 | DRUMS (Perforation) | | | |
| 24 | EYES—GENERAL (Visual acuity and refraction under items 55, 60 and 61) | | | |
| 25 | OPHTHALMOSCOPIC | | | |
| 26 | PUPILS (Equality and reaction) | | | |
| 27 | OCULAR MOTILITY (Associated parallel movements, nystagmus) | | | |
| 28 | LUNGS AND CHEST (Include breasts) | | | |
| 29 | HEART (Thrust, size, rhythm, sounds) | | | |
| 30 | VASCULAR SYSTEM (Varicosities, etc.) | | | |
| 31 | ABDOMEN AND VISCERA (Include hernia) | | | |
| 32 | ANUS AND RECTUM (Hemorrhoids, fistulae) (Prostate, if indicated) | | | |
| 33 | ENDOCRINE SYSTEM | | | |
| 34 | G-U SYSTEM | | | |
| 35 | UPPER EXTREMITIES (Strength, range of motion) | | | |
| 36 | FEET | | | |
| 37 | LOWER EXTREMITIES (Except feet) (Strength, range of motion) | | | |
| 38 | SPINE, OTHER MUSCULOSKELETAL | | | |
| 39 | IDENTIFYING BODY MARKS, SCARS, TATTOOS | | | |
| 40 | SKIN, LYMPHATICS | | | |
| 41 | NEUROLOGIC (Equilibrium tests under item 72) | | | |
| 42 | PSYCHIATRIC (Specify any personality deviation) | | | |
| 43 | PELVIC (Females only) (Check box done)  ☐ VAGINAL  ☐ RECTAL | | | |

(Continue in item 73)

| 44. DENTAL (Place appropriate symbols, shown in examples, above or below number of upper and lower teeth.) | | REMARKS AND ADDITIONAL DENTAL DEFECTS AND DISEASES |
|---|---|---|

R I G H T  1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16  L E F T
        32 31 30 29 28 27 26 25 24 23 22 21 20 19 18 17

LABORATORY FINDINGS

| 45. URINALYSIS: A. SPECIFIC GRAVITY | | D. MICROSCOPIC | 46. CHEST X-RAY (Place, date, film number and result) |
|---|---|---|---|
| B. ALBUMIN | | | TODAY CHEST FILM NO. |
| C. SUGAR | N | | AFEES DALLAS, TEXAS |

FEB 22 1971

| 47. SEROLOGY (Specify test used and result) | 48. EKG | 49. BLOOD TYPE AND RH FACTOR | 50. OTHER TESTS |
|---|---|---|---|
| NON REACTIVE | | | |

1414

EXHIBIT 31 Page 15

MEASUREMENTS AND OTHER FINDINGS

| 51. HEIGHT | 52. WEIGHT | 53. COLOR HAIR | 54. COLOR EYES | 55. BUILD | | | | 56. TEMPERATURE |
|---|---|---|---|---|---|---|---|---|
| 69½ | 188 | BLACK | BROWN | ☐ SLENDER | ☑ MEDIUM | ☐ HEAVY | ☐ OBESE | |

| 57. | BLOOD PRESSURE (Arm at heart level) | | | | | 58. | PULSE (Arm at heart level) | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| A. SITTING | SYS. 120 | B. RECUM-BENT | SYS. | C. STANDING (3 min.) | SYS. DIAS. | A. SITTING 74 | B. AFTER EXERCISE | C. 2 MIN. AFTER | D. RECUMBENT | E. AFTER STANDING 3 MIN. |
| | DIAS. 72 | | DIAS. | | | | | | | |

| 59. | DISTANT VISION | | 60. | REFRACTION | | | | 61. | NEAR VISION | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| RIGHT 20/ | 20 | CORR. TO 20/ | BY | S. | | CX | | 20/ | CORR. TO | | BY |
| LEFT 20/ | 20 | CORR. TO 20/ | BY | S. | | CX | | | CORR. TO | | BY |

| 62. HETEROPHORIA (Specify distance) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ES° | EX° | R. H. | L. H. | PRISM DIV. | | PRISM CONV. CT | PC | PD |

| 63. | ACCOMMODATION | | 64. COLOR VISION (Test used and result) | 65. DEPTH PERCEPTION (Test used and score) | 66. UNCORRECTED |
|---|---|---|---|---|---|
| RIGHT | LEFT | | | | CORRECTED |
| 66. FIELD OF VISION | | | 67. NIGHT VISION (Test used and score) | 68. RED LENS TEST | 69. INTRAOCULAR TENSION |

| 70. | HEARING | | 71. | | AUDIOMETER | | | | | | | 72. PSYCHOLOGICAL AND PSYCHOMOTOR (Tests used and score) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| RIGHT WV | /15 SV | /15 | | 250 500 | 500 875 | 1000 1025 | 2000 1075 | 3000 1500 | 4000 2000 | 6000 6144 | 8000 8415 | |
| LEFT WV | /15 SV | /15 | RIGHT | 15 | 5 | 5 | 5 | 15 | | | | |
| | | | LEFT | 15 | 5 | 5 | 5 | 5 | | | | |

73. NOTES (Continued) AND SIGNIFICANT OR INTERVAL HISTORY

(Use additional sheets if necessary)

74. SUMMARY OF DEFECTS AND DIAGNOSES (List diagnoses with item numbers)

| 75. RECOMMENDATIONS — FURTHER SPECIALIST EXAMINATIONS INDICATED (Specify) | | | 76. | A. PHYSICAL PROFILE | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | P | U | L | H | E | S |
| 77. EXAMINEE (Check) | | | | | | | | | |
| A. ☑ IS QUALIFIED FOR | | | INDUCTION | B. PHYSICAL CATEGORY | | | | | |
| B. ☐ IS NOT QUALIFIED FOR | | | | | | | | | |
| 78. IF NOT QUALIFIED, LIST DISQUALIFYING DEFECTS BY ITEM NUMBER | | | | A. | B. | C. | E. | | |

| 79. TYPED OR PRINTED NAME OF PHYSICIAN | SIGNATURE |
|---|---|
| 80. TYPED OR PRINTED NAME OF PHYSICIAN | SIGNATURE |
| 81. TYPED OR PRINTED NAME OF DENTIST OR PHYSICIAN (Indicate which) | SIGNATURE |
| 82. TYPED OR PRINTED NAME OF REVIEWING OFFICER OR APPROVING AUTHORITY | SIGNATURE | NUMBER OF AT-TACHED SHEETS |

☆ U.S. GOVERNMENT PRINTING OFFICE : 1969 O—339-940

1415

EXHIBIT 31 Page 16

Standard Form 89
(Rev. March 1965)
Bureau of the Budget
Circular A-32

**REPORT OF MEDICAL HISTORY**

THIS INFORMATION IS FOR OFFICIAL USE ONLY AND WILL NOT BE RELEASED TO UNAUTHORIZED PERSONS

23C-9

89-106-01

| 1. LAST NAME—FIRST NAME—MIDDLE NAME | 2. GRADE AND COMPONENT OR POSITION | 3. IDENTIFICATION NO. |
|---|---|---|
| CARTER, THOMAS HENRY | | 46c 93-0888 |

| 4. HOME ADDRESS (Number, street or RFD, city or town, State and ZIP Code) | 5. PURPOSE OF EXAMINATION | 6. DATE OF EXAMINATION |
|---|---|---|
| 3403 Seevers Dallas, TX | Induction | 22 Feb 71 |

| 7. SEX | 8. RACE | 9. TOTAL YEARS GOVERNMENT SERVICE | | 10. AGENCY | 11. ORGANIZATION UNIT |
|---|---|---|---|---|---|
| Male | Neg | MILITARY 0 | CIVILIAN 0 | | |

| 12. DATE OF BIRTH | 13. PLACE OF BIRTH | 14. NAME, RELATIONSHIP, AND ADDRESS OF NEXT OF KIN |
|---|---|---|
| 23 Jan 51 | Gilmer, TX | Jeanne Mae Carter (sister) 3403 Seevers Ave |

| 15. EXAMINING FACILITY OR EXAMINER, AND ADDRESS | 16. OTHER INFORMATION |
|---|---|
| AFEES DALLAS TX | 46-26-51-93 |

17. STATEMENT OF EXAMINEE'S PRESENT HEALTH IN OWN WORDS (Follow by description of past history, if complaint exists)

*Good*

18. FAMILY HISTORY

19. HAS ANY BLOOD RELATION (Parent, brother, sister, other) OR HUSBAND OR WIFE

| RELATION | AGE | STATE OF HEALTH | IF DEAD, CAUSE OF DEATH | AGE AT DEATH | YES | NO | (Check each item) | RELATION(S) |
|---|---|---|---|---|---|---|---|---|
| FATHER | 52 | Good | | | | ✓ | HAD TUBERCULOSIS | |
| MOTHER | | Dead | Blood Pressure | 31 | | ✓ | HAD SYPHILIS | |
| SPOUSE | | | | | | ✓ | HAD DIABETES | |
| BROTHERS | 20 | Good | | | | ✓ | HAD CANCER | |
| AND | | | | | | ✓ | HAD KIDNEY TROUBLE | |
| | | | | | | ✓ | HAD HEART TROUBLE | |
| SISTERS | | | | | | ✓ | HAD STOMACH TROUBLE | |
| | | | | | | ✓ | HAD RHEUMATISM (Arthritis) | |
| CHILDREN | | | | | | ✓ | HAD ASTHMA, HAY FEVER, HIVES | |
| | | | | | | ✓ | HAD EPILEPSY (Fits) | |
| | | | | | | ✓ | COMMITTED SUICIDE | |
| | | | | | | ✓ | BEEN INSANE | |

20. HAVE YOU EVER HAD OR HAVE YOU NOW (Place check at left of each item)

| YES | NO | (Check each item) | YES | NO | (Check each item) | YES | NO | (Check each item) | YES | NO | (Check each item) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | ✓ | SCARLET FEVER, ERYSIPELAS | | ✓ | GOITER | | ✓ | TUMOR, GROWTH, CYST, CANCER | | ✓ | "TRICK" OR LOCKED KNEE |
| | ✓ | DIPHTHERIA | | ✓ | TUBERCULOSIS | | ✓ | RUPTURE / HERNIA | | ✓ | FOOT TROUBLE |
| | ✓ | RHEUMATIC FEVER | | ✓ | SOAKING SWEATS (Night sweats) | | ✓ | APPENDICITIS | | ✓ | NEURITIS |
| | ✓ | SWOLLEN OR PAINFUL JOINTS | | ✓ | ASTHMA | | ✓ | PILES OR RECTAL DISEASE | | ✓ | PARALYSIS (Inc. Infantile) |
| | ✓ | MUMPS | | ✓ | SHORTNESS OF BREATH | | ✓ | FREQUENT OR PAINFUL URINATION | | ✓ | EPILEPSY OR FITS |
| | ✓ | COLOR BLINDNESS | | ✓ | PAIN OR PRESSURE IN CHEST | | ✓ | KIDNEY STONE OR BLOOD IN URINE | | ✓ | CAR, TRAIN, SEA, OR AIR SICKNESS |
| | ✓ | FREQUENT OR SEVERE HEADACHE | | ✓ | CHRONIC COUGH | | ✓ | SUGAR OR ALBUMIN IN URINE | | ✓ | FREQUENT TROUBLE SLEEPING |
| | ✓ | DIZZINESS OR FAINTING SPELLS | | ✓ | PALPITATION OR POUNDING HEART | | ✓ | BOILS | | ✓ | FREQUENT OR TERRIFYING NIGHTMARES |
| | ✓ | EYE TROUBLE | | ✓ | HIGH OR LOW BLOOD PRESSURE | | ✓ | VD-SYPHILIS, GONORRHEA, ETC. | | ✓ | DEPRESSION OR EXCESSIVE WORRY |
| | ✓ | EAR, NOSE OR THROAT TROUBLE | | ✓ | CRAMPS IN YOUR LEGS | | ✓ | RECENT GAIN OR LOSS OF WEIGHT | | ✓ | LOSS OF MEMORY OR AMNESIA |
| | ✓ | RUNNING EARS | | ✓ | FREQUENT INDIGESTION | | ✓ | ARTHRITIS OR RHEUMATISM | | ✓ | BED WETTING |
| | ✓ | HEARING LOSS | | ✓ | STOMACH, LIVER OR INTESTINAL TROUBLE | | ✓ | BONE, JOINT, OR OTHER DEFORMITY | | ✓ | NERVOUS TROUBLE OF ANY SORT |
| | ✓ | CHRONIC OR FREQUENT COLDS | | ✓ | GALL BLADDER TROUBLE OR GALL STONES | | ✓ | LAMENESS | | ✓ | ANY DRUG OR NARCOTIC HABIT |
| ✓ | | SEVERE TOOTH OR GUM TROUBLE | | ✓ | JAUNDICE | | ✓ | LOSS OF ARM, LEG, FINGER, OR TOE | | ✓ | EXCESSIVE DRINKING HABIT |
| ✓ | | SINUSITIS | | ✓ | ANY REACTION TO SERUM, DRUG OR MEDICINE | | ✓ | PAINFUL OR "TRICK" SHOULDER OR ELBOW | | ✓ | HOMOSEXUAL TENDENCIES |
| ✓ | | HAY FEVER | | ✓ | HISTORY OF BROKEN BONES | | ✓ | BACK TROUBLE OF ANY KIND | | ✓ | PERIODS OF UNCONSCIOUSNESS |
| ✓ | | HISTORY OF HEAD INJURY | | | | | | | | | |
| | ✓ | SKIN DISEASES | | | | | | | | | |

| 21. HAVE YOU EVER (Check each item) | | | | 22. FEMALES ONLY: A. HAVE YOU EVER— | | 26. COMPLETE THE FOLLOWING: | |
|---|---|---|---|---|---|---|---|
| ✓ | | WORN GLASSES – CONTACT LENS | | ATTEMPTED SUICIDE | | AGE AT ONSET OF MENSTRUATION | |
| ✓ | | WORN AN ARTIFICIAL EYE | | BEEN A SLEEP WALKER | | BEEN PREGNANT | INTERVAL BETWEEN PERIODS |
| ✓ | | WORN HEARING AIDS | | LIVED WITH ANYONE WHO HAD TUBERCULOSIS | HAD A VAGINAL DISCHARGE | BEEN TREATED FOR A FEMALE DISORDER | DURATION OF PERIODS |
| ✓ | | STUTTERED OR STAMMERED | | COUGHED UP BLOOD | | HAD PAINFUL MENSTRUATION | DATE OF LAST PERIOD |
| ✓ | | WORN A BRACE OR BACK SUPPORT | | BLED EXCESSIVELY AFTER INJURY OR TOOTH EXTRACTION | HAD IRREGULAR MENSTRUATION | QUANTITY: ☐ NORMAL ☐ EXCESSIVE ☐ SCANTY |

| 23. HOW MANY JOBS HAVE YOU HAD IN THE PAST THREE YEARS? | 24. WHAT IS THE LONGEST PERIOD YOU HELD ANY OF THESE JOBS? | 25. WHAT IS YOUR USUAL OCCUPATION? | 26. ARE YOU (Check one) |
|---|---|---|---|
| 30 | 11 months MONTHS | Warehouse man | ☑ RIGHT HANDED ☐ LEFT HANDED |

EXHIBIT 31 Page 17

| YES | NO | EACH ITEM YES OR NO. EVERY ITEM CHECKED "YES" MUST BE FULLY EXPLAINED IN BLANK SPACE ON RIGHT |
|---|---|---|
| | ✓ | 27. HAVE YOU BEEN REFUSED EMPLOYMENT OR BEEN UNABLE TO HOLD A JOB BECAUSE OF: A. SENSITIVITY TO CHEMICALS, DUST, SUNLIGHT, ETC. |
| | ✓ | B. INABILITY TO PERFORM CERTAIN MOTIONS |
| | ✓ | C. INABILITY TO ASSUME CERTAIN POSITIONS |
| | ✓ | D. OTHER MEDICAL REASONS (if yes, give reasons) |
| | ✓ | 28. HAVE YOU EVER WORKED WITH RADIOACTIVE SUBSTANCES? |
| | ✓ | 29. DID YOU HAVE DIFFICULTY WITH SCHOOL STUDIES OR TEACHERS? (If yes, give details) |
| | ✓ | 30. HAVE YOU EVER BEEN DENIED LIFE INSURANCE? (If yes, state reason and give details) |
| | ✓ | 31. HAVE YOU HAD, OR HAVE YOU BEEN ADVISED TO HAVE, ANY OPERATIONS? (If yes, describe and give age at which occurred) |
| | ✓ | 32. HAVE YOU EVER BEEN A PATIENT (Committed or voluntary) IN A MENTAL HOSPITAL OR SANITORIUM? (If yes, specify when, where, why, and name of doctor, and complete address of hospital or clinic) |
| | ✓ | 33. HAVE YOU EVER HAD ANY ILLNESS OR INJURY OTHER THAN THOSE ALREADY NOTED? (If yes, specify when, where, and give details) |
| | ✓ | 34. HAVE YOU CONSULTED OR BEEN TREATED BY CLINICS, PHYSICIANS, HEALERS, OR OTHER PRACTITIONERS WITHIN THE PAST 5 YEARS? (If yes, give complete address of doctor, hospital, clinic, and details) |
| | ✓ | 35. HAVE YOU TREATED YOURSELF FOR ILLNESSES OTHER THAN MINOR COLDS? (If yes, which illnesses) |
| | ✓ | 36. HAVE YOU EVER BEEN REJECTED FOR MILITARY SERVICE BECAUSE OF PHYSICAL, MENTAL, OR OTHER REASONS? (If yes, give date and reason for rejection) |
| | ✓ | 37. HAVE YOU EVER BEEN DISCHARGED FROM MILITARY SERVICE BECAUSE OF PHYSICAL, MENTAL, OR OTHER REASONS? (If yes, give date, reason, and type of discharge; whether honorable, other than honorable, for unfitness or unsuitability) |
| | ✓ | 38. HAVE YOU EVER RECEIVED, IS THERE PENDING, OR HAVE YOU APPLIED FOR PENSION OR COMPENSATION FOR EXISTING DISABILITY? (If yes, specify what kind, granted by whom, and what amount, when, why) |

**WARNING** A FALSE OR DISHONEST ANSWER TO ANY OF THE QUESTIONS ON THIS FORM MAY BE PUNISHED BY FINE OR IMPRISONMENT (18 U.S.C. 1001)

I CERTIFY THAT I HAVE REVIEWED THE FOREGOING INFORMATION SUPPLIED BY ME AND THAT IT IS TRUE AND COMPLETE TO THE BEST OF MY KNOWLEDGE.

I AUTHORIZE ANY OF THE DOCTORS, HOSPITALS, OR CLINICS MENTIONED ABOVE TO FURNISH THE GOVERNMENT A COMPLETE TRANSCRIPT OF MY MEDICAL RECORD FOR PURPOSES OF PROCESSING MY APPLICATION FOR THIS EMPLOYMENT OR SERVICE.

TYPED OR PRINTED NAME OF EXAMINEE _CARTER Thomas H_ SIGNATURE _Thomas Henry Carter_

39. PHYSICIAN'S SUMMARY AND ELABORATION OF ALL PERTINENT DATA (Physician shall comment on all positive answers in items 20 thru 38)

| TYPED OR PRINTED NAME OF PHYSICIAN OR EXAMINER | DATE | SIGNATURE | NUMBER OF ATTACHED SHEETS |
|---|---|---|---|

☆ U.S. GOVERNMENT PRINTING OFFICE : 1957 O7—167-459

1417

EXHIBIT 31 Page 18

Standard Form 88
Revised April 1960
General Services Administration
Interagency Comm. on Medical Records
FPMR 101-11.805-3

# REPORT OF MEDICAL EXAMINATION

88-117

| 1. LAST NAME—FIRST NAME—MIDDLE NAME | 2. GRADE AND COMPONENT OR POSITION | 3. IDENTIFICATION NO. |
|---|---|---|
| | E-1 | 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 |

| 4. HOME ADDRESS (Number, street or R.F.D., city or town, State and ZIP Code) | 5. PURPOSE OF EXAMINATION | 6. DATE OF EXAMINATION |
|---|---|---|

| 7. SEX | 8. RACE | 9. TOTAL YEARS GOVERNMENT SERVICE | | 10. AGENCY | 11. ORGANIZATION UNIT |
|---|---|---|---|---|---|
| | Black | MILITARY | CIVILIAN | | |

| 12. DATE OF BIRTH | 13. PLACE OF BIRTH | 14. NAME, RELATIONSHIP, AND ADDRESS OF NEXT OF KIN |
|---|---|---|

| 15. EXAMINING FACILITY OR EXAMINER AND ADDRESS | 16. OTHER INFORMATION |
|---|---|

| 17. RATING OR SPECIALTY | TIME IN THIS CAPACITY (T&O) | LAST SIX MONTHS |
|---|---|---|

## CLINICAL EVALUATION

NOTES. (Describe every abnormality in detail. Enter pertinent item number before each comment. Continue in item 73 and use additional sheets if necessary.)

| NOR MAL | (Check each item in appropriate column, enter "NE" if not evaluated.) | ABNOR MAL |
|---|---|---|
| | 18. HEAD, FACE, NECK, AND SCALP | |
| | 19. NOSE | |
| | 20. SINUSES | |
| | 21. MOUTH AND THROAT | |
| | 22. EARS—GENERAL (Int. & ext. canals) (Auditory acuity under items 70 and 71) | |
| | 23. DRUMS (Perforation) | |
| | 24. EYES—GENERAL (Visual acuity and refraction under items 58, 60 and 61) | |
| | 25. OPHTHALMOSCOPIC | |
| | 26. PUPILS (Equality and reaction) | |
| | 27. OCULAR MOTILITY (Associated parallel movements, nystagmus) | |
| | 28. LUNGS AND CHEST (Include breasts) | |
| | 29. HEART (Thrust, size, rhythm, sounds) | |
| | 30. VASCULAR SYSTEM (Varicosities, etc.) | |
| | 31. ABDOMEN AND VISCERA (Include hernia) | |
| | 32. ANUS AND RECTUM (Hemorrhoids, fistulae) (Prostate, if indicated) | |
| | 33. ENDOCRINE SYSTEM | |
| | 34. G-U SYSTEM | |
| | 35. UPPER EXTREMITIES (Strength, range of motion) | |
| | 36. FEET | |
| | 37. LOWER EXTREMITIES (Except feet) (Strength, range of motion) | |
| | 38. SPINE, OTHER MUSCULOSKELETAL | |
| | 39. IDENTIFYING BODY MARKS, SCARS, TATTOOS | |
| | 40. SKIN, LYMPHATICS | |
| | 41. NEUROLOGIC (Equilibrium tests under item 72) | |
| | 42. PSYCHIATRIC (Specify any personality deviation) | |
| | 43. PELVIC (Females only) (Check how done) ☐ VAGINAL ☐ RECTAL | |

(Continue in item 73)

44. DENTAL (Place appropriate symbols, shown in examples, above or below number of upper and lower teeth.)

REMARKS AND ADDITIONAL DENTAL DEFECTS AND DISEASES

*Class II*
*accept*

| RIGHT | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | LEFT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 32 | 31 | 30 | 29 | 28 | 27 | 26 | 25 | 24 | 23 | 22 | 21 | 20 | 19 | 18 | 17 | |

## LABORATORY FINDINGS

| 45. URINALYSIS: A. SPECIFIC GRAVITY | D. MICROSCOPIC | 46. CHEST X-RAY (Place, date, film number and result) |
|---|---|---|
| B. ALBUMIN | | Neg |
| C. SUGAR | Neg | |

| 47. SEROLOGY (Specify test used and result) | 48. EKG | 49. BLOOD TYPE AND RH FACTOR | 50. OTHER TESTS |
|---|---|---|---|
| Neg | | A+ | Neg |

1418

EXHIBIT 31 Page 19

## MEASUREMENTS AND OTHER FINDINGS

| 51. HEIGHT | 52. WEIGHT | 53. COLOR HAIR | 54. COLOR EYES | 55. BUILD | | | | 56. TEMPERATURE |
|---|---|---|---|---|---|---|---|---|
| 5'10" | 189 | BLK | BRN | ☐ SLENDER ☑ MEDIUM ☐ HEAVY ☐ OBESE | | | | 78.C |

| 57. | BLOOD PRESSURE (Arm at heart level) | | | | | 58. | PULSE (Arm at heart level) | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| A. SITTING | SYS. | B. RECUMBENT | SYS. | C. STANDING (3 min.) | SYS. | A. SITTING | B. AFTER EXERCISE | C. 2 MIN. AFTER | D. RECUMBENT | E. AFTER STANDING 3 MIN. |
| | DIAS. | | DIAS. | | DIAS. | 72 | | | | |

| 59. | DISTANT VISION | | 60. | | REFRACTION | | 61. | | NEAR VISION | |
|---|---|---|---|---|---|---|---|---|---|---|
| RIGHT 20/ | CORR. TO 20/ | | BY | S. | | CX | | CORR. TO | | BY |
| LEFT 20/ | CORR. TO 20/ | | BY | S. | | CX | | CORR. TO | | BY |

| 62. HETEROPHORIA (Specify distance) | | | | | | | |
|---|---|---|---|---|---|---|---|
| ESO | EXO | R. H. | L. H. | PRISM DIV. | PRISM CONV. | PC | |

| 63. | ACCOMMODATION | | 64. COLOR VISION (Test used and result) | 65. DEPTH PERCEPTION (Test used and score) | UNCORRECTED |
|---|---|---|---|---|---|
| RIGHT | LEFT | | | | CORRECTED |

| 66. FIELD OF VISION | 67. NIGHT VISION (Test used and score) | 68. RED LENS TEST | 69. INTRAOCULAR TENSION |
|---|---|---|---|
| | | | |

| 70. | HEARING | 71. | | AUDIOMETER | | | | | | | 72. PSYCHOLOGICAL AND PSYCHOMOTOR (Tests used and score) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| RIGHT WV | /15 SV | /15 | | 250 | 500 | 1000 | 2000 | 3000 | 4000 | 6000 | |
| LEFT WV | /15 SV | /15 | RIGHT | | | | | | | | |
| | | | LEFT | | | | | | | | |

**73. NOTES (Continued) AND SIGNIFICANT OR INTERVAL HISTORY**

*(Use additional sheets if necessary)*

**74. SUMMARY OF DEFECTS AND DIAGNOSES (List diagnoses with item numbers)**

**75. RECOMMENDATIONS—FURTHER SPECIALIST EXAMINATIONS INDICATED (Specify)**

| 76. | A. PHYSICAL PROFILE | | | | | |
|---|---|---|---|---|---|---|
| | P | U | L | H | E | S |
| | | | | | | |

**77. EXAMINEE (Check)**

A. ☐ IS QUALIFIED FOR

B. ☐ IS NOT QUALIFIED FOR

**B. PHYSICAL CATEGORY**

**78. IF NOT QUALIFIED, LIST DISQUALIFYING DEFECTS BY ITEM NUMBER**

| A | B | C | E |
|---|---|---|---|
| | | | |

| 79. TYPED OR PRINTED NAME OF PHYSICIAN | SIGNATURE |
|---|---|
| | |

| 80. TYPED OR PRINTED NAME OF PHYSICIAN | SIGNATURE |
|---|---|
| | Valu ste Louith CPT/MC |

| 81. TYPED OR PRINTED NAME OF DENTIST OR PHYSICIAN (Indicate which) | SIGNATURE |
|---|---|
| | Joseph |

| 82. TYPED OR PRINTED NAME OF REVIEWING OFFICER OR APPROVING AUTHORITY | SIGNATURE | NUMBER OF ATTACHED SHEETS |
|---|---|---|
| | | |

* U.S. GOVERNMENT PRINTING OFFICE: 1980 O—323-840

1419

EXHIBIT 31 Page 20

STANDARD FORM 93
JANUARY 1971
GSA FPMR 101—11.8

Approved
Office of Management and Budget No. 29–R0191

# REPORT OF MEDICAL HISTORY
### (THIS INFORMATION IS FOR OFFICIAL AND MEDICALLY CONFIDENTIAL USE ONLY AND WILL NOT BE RELEASED TO UNAUTHORIZED PERSONS)

| 1. LAST NAME—FIRST NAME—MIDDLE NAME | 2. SOCIAL SECURITY OR IDENTIFICATION NO. |
|---|---|
| Carter Thomas Henry | 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 (58065) |

| 3. HOME ADDRESS (No. street or RFD, city or town, State, and ZIP Code) | 4. POSITION (Title, grade, component) |
|---|---|
| 6865 Denham  Dallas, Texas 75010 | E-1 |

| 5. PURPOSE OF EXAMINATION | 6. DATE OF EXAMINATION | 7. EXAMINING FACILITY OR EXAMINER, AND ADDRESS (Include ZIP Code) |
|---|---|---|
| Phys. Cal | 9-Jult-10 | USDD |

8. STATEMENT OF EXAMINEE'S PRESENT HEALTH AND MEDICATIONS CURRENTLY USED (Follow by description of past history, if complaint exists)

_Good_

| 9. HAVE YOU EVER (Please check each item) | | 10. DO YOU (Please check each item) | |
|---|---|---|---|
| YES | NO (Check each item) | YES | NO (Check each item) |
| | Lived with anyone who had tuberculosis | ✓ | Wear glasses or contact lenses |
| | Coughed up blood | | Have vision in both eyes |
| | Bled excessively after injury or tooth extraction | | Wear a hearing aid |
| | Attempted suicide | | Stutter or stammer habitually |
| | Been a sleepwalker | | Wear a brace or back support |

11. HAVE YOU EVER HAD OR HAVE YOU NOW (Please check at left of each item)

| YES | NO | DON'T KNOW | (Check each item) | YES | NO | DON'T KNOW | (Check each item) | YES | NO | DON'T KNOW | (Check each item) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | ✓ | | Scarlet fever, erysipelas | ✓ | | | Cramps in your legs | ✓ | | | "Trick" or locked knee |
| | ✓ | | Rheumatic fever | | ✓ | | Frequent indigestion | | | | Foot trouble |
| | ✓ | | Swollen or painful joints | | ✓ | | Stomach, liver, or intestinal trouble | | ✓ | | Neuritis |
| | ✓ | | Frequent or severe headache | | ✓ | | Gall bladder trouble or gallstones | | ✓ | ✓ | Paralysis (Include infantile) |
| | ✓ | | Dizziness or fainting spells | | ✓ | | Jaundice or hepatitis | | ✓ | | Epilepsy or fits |
| | ✓ | | Eye trouble | | ✓ | | Adverse reaction to serum, drug, | | ✓ | | Car, train, sea or air sickness |
| | ✓ | | Ear, nose, or throat trouble | | | | or medicine | | ✓ | | Frequent trouble sleeping |
| | ✓ | | Hearing loss | | ✓ | | Broken bones | | ✓ | | Depression or excessive worry |
| | ✓ | | Chronic or frequent colds | | ✓ | | Tumor, growth, cyst, cancer | | ✓ | | Loss of memory or amnesia |
| ✓ | | | Severe tooth or gum trouble | | ✓ | | Rupture/hernia | | ✓ | | Nervous trouble of any sort |
| | ✓ | | Sinusitis | | ✓ | | Piles or rectal disease | | ✓ | | Periods of unconsciousness |
| | ✓ | | Hay Fever | | ✓ | | Frequent or painful urination | | | | |
| | ✓ | | Head injury | | ✓ | | Bed wetting since age 12 | | | | |
| | ✓ | | Skin diseases | | ✓ | | Kidney stone or blood in urine | | | | |
| | ✓ | | Thyroid trouble | | ✓ | | Sugar or albumin in urine | | | | |
| | ✓ | | Tuberculosis | | ✓ | | VD—Syphilis, gonorrhea, etc. | | | | |
| | ✓ | | Asthma | | ✓ | | Recent gain or loss of weight | | | | |
| | ✓ | | Shortness of breath | | ✓ | | Arthritis, Rheumatism, or Bursitis | | | | |
| | ✓ | | Pain or pressure in chest | | ✓ | | Bone, joint or other deformity | | | | |
| ✓ | | | Chronic cough | | ✓ | | Lameness | | | | |
| | ✓ | | Palpitation or pounding heart | | ✓ | | Loss of finger or toe | 12. FEMALES ONLY: HAVE YOU EVER | | | |
| ✓ | | | Heart trouble | | ✓ | | Painful or "trick" shoulder or elbow | | | | Been treated for a female disorder |
| | ✓ | | High or low blood pressure | | ✓ | | Recurrent back pain | | | | Had a change in menstrual pattern |

| 13. WHAT IS YOUR USUAL OCCUPATION? | 14. ARE YOU (Check one) |
|---|---|
| Laborer | ☑ Right handed    ☐ Left handed |

93-101-01

# 1420

EXHIBIT 31 Page 21

| | | |
|---|---|---|
| 15. Have you been refused employment or been unable to hold a job or stay in school because of: | 19 - Broken Homes | |
| A. Sensitivity to chemicals, dust, sunlight, etc. | 69 Gilmer, Texas | |
| B. Inability to perform certain motions. | Regland Clinic | |
| C. Inability to assume certain positions. | | |
| D. Other medical reasons (If yes, give reasons.) | | |
| 16. Have you ever been treated for a mental condition? (If yes, specify when, where, and give details). | | |
| 17. Have you ever been denied life insurance? (If yes, state reason and give details.) | | |
| 18. Have you had, or have you been advised to have, any operations? (If yes, describe and give age at which occurred.) | | |
| 19. Have you ever been a patient in any type of hospital? (If yes, specify when, where, why, and name of doctor and complete address of hospital.) | | |
| 20. Have you ever had any illness or injury other than those already noted? (If yes, specify when, where, and give details.) | | |
| 21. Have you consulted or been treated by clinics, physicians, healers, or other practitioners within the past 5 years for other than minor illnesses? (If yes, give complete address of doctor, hospital, clinic, and details.) | | |
| 22. Have you ever been rejected for military service because of physical, mental, or other reasons? (If yes, give date and reason for rejection.) | | |
| 23. Have you ever been discharged from military service because of physical, mental, or other reasons? (If yes, give date, reason, and type of discharge; whether honorable, other than honorable, for unfitness or unsuitability.) | | |
| 24. Have you ever received; is there pending, or have you applied for pension or compensation for existing disability? (If yes, specify what kind, granted by whom, and what amount, when, why.) | | |

I certify that I have reviewed the foregoing information supplied by me and that it is true and complete to the best of my knowledge. I authorize any of the doctors, hospitals, or clinics mentioned above to furnish the Government a complete transcript of my medical record for purposes of processing my application for this employment or service.

| TYPED OR PRINTED NAME OF EXAMINEE | SIGNATURE *Thomas H. Green* |
|---|---|

NOTE: HAND TO THE DOCTOR OR NURSE, OR IF MAILED MARK ENVELOPE "TO BE OPENED BY MEDICAL OFFICER ONLY."
25. Physician's summary and elaboration of all pertinent data (Physician shall comment on all positive answers in items 9 through 24. Physician may develop by interview any additional medical history he deems important, and record any significant findings here.)

| TYPED OR PRINTED NAME OF PHYSICIAN OR EXAMINER | DATE 9 July 73 | SIGNATURE *James T. Lovitt Capt/MC* | NUMBER OF ATTACHED SHEETS |
|---|---|---|---|

REVERSE OF STANDARD FORM 93

☆ U.S. GOVERNMENT PRINTING OFFICE: 1971—O—424-006

# 1421

EXHIBIT 31 Page 22

Standard Form 603
Rev. November 1953
Bureau of the Budget
Circular A-32 (Rev.)

| HEALTH RECORD | DENTAL |
|---|---|

## SECTION I.  DENTAL EXAMINATION

**1. PURPOSE OF EXAMINATION**

| INITIAL | SEPARATION | OTHER (Specify) |
|---|---|---|

**2. TYPE OF EXAM.**

| 1. | 2 | 3 | 4 |
|---|---|---|---|

**3. DENTAL CLASSIFICATION**

| 1. | 2 | 3 | 4 | 5 |
|---|---|---|---|---|

**4. MISSING TEETH AND EXISTING RESTORATIONS**



RIGHT   1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16   LEFT
32 31 30 29 28 27 26 25 24 23 22 21 20 19 18 17

**REMARKS**

PLACE OF EXAMINATION | DATE

SIGNATURE OF DENTIST COMPLETING THIS SECTION

**5. DISEASES, ABNORMALITIES, AND X-RAYS**



RIGHT   1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16   LEFT
32 31 30 29 28 27 26 25 24 23 22 21 20 19 18 17

| A. | CALCULUS | | |
|---|---|---|---|
| | SLIGHT | MODERATE | HEAVY |

| B. | PERIODONTOCLASIA | |
|---|---|---|
| | LOCAL | GENERAL |
| | INCIPIENT | MODERATE | SEVERE |

C. STOMATITIS (Specify)

| | GINGIVITIS | VINCENT'S |
|---|---|---|

**D. DENTURES NEEDED**
(Include dentures needed after indicated extractions)

| | FULL | | PARTIAL | |
|---|---|---|---|---|
| | U | L | U | L |

ABNORMALITIES OF OCCLUSION—REMARKS

**E. INDICATE X-RAYS USED IN THIS EXAMINATION**

| FULL MOUTH PERIAPICAL | POSTERIOR BITE-WINGS | OTHER (Specify) |
|---|---|---|

DATE | PLACE OF EXAMINATION | SIGNATURE OF DENTIST COMPLETING THIS SECTION

## SECTION II.  PATIENT DATA

| 6. SEX | 7. RACE | 8. GRADE, RATING, OR POSITION | 9. ORGANIZATION UNIT | 10. COMPONENT OR BRANCH | 11. SERVICE, DEPT., OR AGENCY |
|---|---|---|---|---|---|
| M | | | | | Army |

| 12. PATIENT'S LAST NAME—FIRST NAME—MIDDLE NAME | 13. DATE OF BIRTH (DAY-MONTH-YEAR) | 14. IDENTIFICATION NO. |
|---|---|---|
| Carter, Thomas | | |

524952

1422

DENTAL
Standard Form 603
603-102

EXHIBIT 31 Page 23

SECTION III.   ATTENDANCE RE...

| 15. RESTORATIONS AND TREATMENTS (completed during service) | 16. SUBSEQUENT DISEASES AND ABNORMALITIES |
|---|---|



RIGHT 1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 LEFT
32 31 30 29 28 27 26 25 24 23 22 21 20 19 18 17

RIGHT 1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 LEFT
32 31 30 29 28 27 26 25 24 23 22 21 20 19 18 17

| REMARKS | REMARKS |
|---|---|
|  | OPER: Restore 30 OCT 72 |
|  | LRQ 1st; |
|  | #31 |

**17. SERVICES RENDERED**

| DATE | DIAGNOSIS—TREATMENT | CLASS | OPERATOR AND DENTAL FACILITY | INITIALS |
|---|---|---|---|---|
| 1972 30 Oct | CC: Pt. desires an 9 year exam appt | | USDB Ft Levks David O Christian Cpt | |
|  | Dx: OH very poor; gross buildup of plaque & calculus | | | |
|  | Needs EXT #18, then oper | | | |
|  | ① Appt OHI OHC | | | |
|  | ② " prophy | | | |
|  | ③ " 30 EXT #18 NRC | | | |
|  | ④ " oper (#31 to be done 1st) | | | |
|  | BWX PAX #18 | | | |
| 14 Dec | #31 DO, all car ex cao, Zn OX (base), Am | | D Christian Cpt | |
|  | O respit oper 3 | | | |
| 19 Jan 73 | #14 MO all carry removed. dycal, Copalite, Amal. Appt OHI Prophy | | Dr Kiefer Cpt DC | |

1423

EXHIBIT 31 Page 2

PATIENT'S LAST NAME—FIRST NAME—MIDDLE NAME

Standard Form 601
Bureau of the Budget
Circular A-...

| HEALTH RECORD | IMMUNIZATION RECORD | All entries in ink to be made in block letters |
|---|---|---|

## VACCINATION AGAINST SMALLPOX (Number of previous vaccination scars)

| | DATE | ORIGIN | BATCH NUMBER | RESULT* 2–3 DAYS | RESULT* 7–10 DAYS | STATION | PHYSICIAN'S NAME |
|---|---|---|---|---|---|---|---|
| | 2 0 FEB 1971 | | 26 840F | | | | E. A. Villalon |
| 2 | 2 7 FEB 71 | | | | Succ | | E. A. Villalon |
| 3 | | | | | | | |
| 4 | | | | | | | |
| 5 | | | | | | | |
| 6 | | | | | | | |

*ENTER RESULTS AS: IMMEDIATE REACTION (of immunity); ACCELERATED REACTION (Vaccinoid); TYPICAL PRIMARY VACCINA

## TRIPLE TYPHOID VACCINE

| | DATE | DOSE | UNTOWARD REACTION | PHYSICIAN'S NAME | | DATE | DOSE | UNTOWARD REACTION | PHYSICIAN'S NAME |
|---|---|---|---|---|---|---|---|---|---|
| | 2 6 MAR 1971 | | | MS. Benvenuto MC | 7 | | | | E. A. VILLALON |
| 2 | 2 0 FEB 1971 | | | MS Benvenuto MC | 8 | | | | |
| 3 | | | | | 9 | | | | |
| 4 | | | | | 10 | | | | |
| 5 | | | | | 11 | | | | |
| 6 | | | | | 12 | | | | |

## TETANUS TOXOID

| | DATE | DOSE | UNTOWARD REACTION | PHYSICIAN'S NAME | | DATE | DOSE | UNTOWARD REACTION | PHYSICIAN'S NAME |
|---|---|---|---|---|---|---|---|---|---|
| | 2 0 FEB 1971 | ½ cc | | MARIO S. BENVENUTO MAJ MC | | | | | |
| 2 | 2 6 MAR 71 | | | | 5 | | | | |
| 3 | | | | | 6 | | | | |

## SCHICK TESTING AND DIPHTHERIA IMMUNIZATION

| | DATE | DOSE | REACTION | PHYSICIAN'S NAME | | DATE | DOSE | REACTION | PHYSICIAN'S NAME |
|---|---|---|---|---|---|---|---|---|---|
| TEST | | | | | TEST | | | | |
| 1 | | | | | 5 | | | | |
| 2 | | | | | 6 | | | | |
| 3 | | | | | 7 | | | | |
| 4 | | | | | 8 | | | | |

## TYPHUS VACCINE

| | DATE | DOSE | REACTION | PHYSICIAN'S NAME | | DATE | DOSE | REACTION | PHYSICIAN'S NAME |
|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | 4 | | | | |
| 2 | | | | | 5 | | | | |
| 3 | | | | | 6 | | | | |

## CHOLERA VACCINE

| | DATE | ORIGIN | BATCH NO. | PHYSICIAN'S NAME | | DATE | ORIGIN | BATCH NO. | PHYSICIAN'S NAME |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 0 JUN 1971 | Lal | 294154 DM MC | | 7 | | | | |
| 2 | | | | | 8 | | | | |
| 3 | | | | | 9 | | | | |
| 4 | | | | | 10 | | | | |
| 5 | | | | | 11 | | | | |
| 6 | | | | | 12 | | | | |

## YELLOW FEVER VACCINE

| | DATE | ORIGIN | BATCH NO. | STATION | PHYSICIAN'S NAME |
|---|---|---|---|---|---|
| 1 | 1971 | | 5453 | | E. A. Villalon |
| 2 | | | | | |
| 3 | | | | | |

| SEX | RACE | GRADE, RATING OR POSITION | ORGANIZATION UNIT | COMPONENT OR BRANCH | SERVICE, DEPT. OR AGENCY |
|---|---|---|---|---|---|
| | | | | | ARMY |

| PATIENT'S LAST NAME—FIRST NAME—MIDDLE NAME | DATE OF BIRTH (DAY-MONTH-YEAR) | IDENTIFICATION NO. |
|---|---|---|
| CARTER | | |

601-102

FPOP 402 Jun 67

IMMUNIZATION RECORD
Standard Form 601

1424

## OTHER IMMUNIZATIONS

| DATE | TYPE | DOSE | REACTION | REMARKS | PHYSICIAN'S NAME |
|------|------|------|----------|---------|------------------|
| 20 FEB 1971 | FLU | 1cc | | | M S BENVENUTO MC |
| 2 FEB 1971 | ORAL POLIO | Cude | | | M S BENVENUTO MC |
| 10 JUN 197 | O Vague | | | | D. DRUKER, CPT, MC |
| 22 MAR 71 | Polio | | | | M S Benvenuto MC |
| 26 FEB 71 | PLAGUE | 1 cc | | | M S Benvenuto MC |
| 6 | | | | | |
| 7 | | | | | |
| 8 | | | | | |
| 9 | | | | | |
| 10 | | | | | |
| 11 | | | | | |
| 12 | | | | | |
| 13 | | | | | |
| 14 | | | | | |
| 15 | | | | | |

## SENSITIVITY TESTS (Tuberculin, etc.)

| DATE | TYPE | DOSE | ROUTE | RESULTS | PHYSICIAN'S NAME |
|------|------|------|-------|---------|------------------|
| 2 MAR 1971 | T B TINE TEST | | | Neg | M S BENVENUTO MC |
| 2 | | | | | |
| 3 | | | | | |
| 4 | | | | | |
| 5 | | | | | |
| 6 | | | | | |
| 7 | | | | | |
| 8 | | | | | |
| 9 | | | | | |
| 10 | | | | | |

## REACTIONS (To transfusions, drugs, sera, foods, allergens, etc.)

| DATE | AGENT | TYPE OF REACTION | SEVERITY | PHYSICIAN'S NAME |
|------|-------|------------------|----------|------------------|
| 1 | | | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

## BLOOD TYPING

| DATE | TYPE (International) | Rh FACTOR | PHYSICIAN'S NAME |
|------|---------------------|-----------|------------------|
| 20 FEB 71 | A | ++ | M S BENVENUTO MAJ MC |
| 2 | | | |
| 3 | | | |

**REMARKS AND RECOMMENDATIONS** (Including history of diseases for which any of the above immunizing agents were given with year and place of attack)

THIS RECORD IS ... CORDANCE WITH ARTICLE 99, WHO SANITARY REGULATION ...

U.S. GOVERNMENT PRINTING OFFICE : 1961-O-190686

EXHIBIT 31 Page 21

32

1426



**Metrocare**
SERVICES

Metrocare - the provider of choice

Name:   Jones, Debra
Patient ID:   00176204    Episode: 001    MRN: Same As Patient ID
DOB:   02/17/1963
Atttend/Clinician:
Primary/Clinician:
Primary CSPP:
CSPP Date Enrolled:

| CSS Units: | _____ | Expiration Date: | _____ | Initial: | _____ |
| SVC Units: | _____ | Expiration Date: | _____ | Initial: | _____ |

Tx Plan Expiration Date: _____    Sign/Initial: _____

Most Recent Fee Assessment:   02/07/2000    Annual Income:   $6,144.00    MMF:   $0.00

**Demographic Information**

| | | | | | |
|---|---|---|---|---|---|
| Sex: | F | Age: | 47 | Ethnicity: African American (Non-Hispanic/Latino) | SSN: 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 |
| Address1: | 7721 Antoinette | | | Type Of Residence: | Home Ph: (214) 309-0313 |
| Address2: | Apt. 2094 | | | Primary Language: | Work Ph: |
| City: | Dallas | County: | Dallas | Education Level: | Mar. Stat: Single |
| State: | TX | Zip: | 75217 | | |

Medicare#:    End Date:    Medicaid#:  503467692    End Date:

**Insurance Information**    (Valid at least from 04/14/2000 to .  See Patient Financial Report for details.

| COB | Company | Insured Name | Insured ID |
|---|---|---|---|
| 1 | VO1 | JONES, DEBRA | A663343 |

**Primary Diagnoses**

Axis I                                                                    Current Axis V

Axis II

**Return Appointments:**

| Provider: | , | Service: | Date: |
| Provider: | , | Service: | Date: |
| Provider: | _____ | Service: _____ | Date: _____ |
| Provider: | _____ | Service: _____ | Date: _____ |

TS:

RN Initials:   **1427**

EXHIBIT 32 Page 1

9/14/2010 12:54:49PM



**DALLAS METROCARE**
S E R V I C E S
"OUR HOUSE... IS SU CASA."

# Diagnosis

Report From:   January 1, 1999   To   December 31, 2005   Run Date: SEP-14-10 12:55:34

| | | |
|---|---|---|
| Name: JONES, DEBRA K. | Admit Date: Oct. 19, 1998 | Assionned Staff: SNYDER, ELLIOTT H. |
| Birth Date: Feb. 17, 1963 | Patient Id: 0000000000176204 | Assignment Start: May. 3, 1999 |
| Age: 47 Years   Sex: Female | Medical Record: 00176204 | Assignment End: Jun. 14, 1999 |

---

Chart Date: 02/07/00 11:30          Clinician:   CARTER, CAROLYN N. QMHP

| Axis | | |
|---|---|---|
| | Axis I | (295.30 Paranoid Schizophrenia) |
| | Axis II | (v71.09 defer) |
| | Axis III | (HTN) |
| | Axis IV | D occupatnl prob, E  housing prob, H  legal system |
| GAF | Current GAF | 45 |

Chart Date: 04/14/00 14:00          Clinician:   EDWARDS, CATHY D. QMHP

| Axis | | |
|---|---|---|
| | Axis I | (295.30 cp schizophrenia) |
| | Axis II | (v79.99 none) |
| | Axis III | (htn) |
| | Axis IV | A   support grp, B social environ, F  economic prob, I othr psychsocl |
| GAF | Current GAF | 45 |

Chart Date: 09/27/00 13:10          Clinician:   EDWARDS, CATHY D. QMHP

| Axis | | |
|---|---|---|
| | Axis I | (295.30 cp schizophrenia) |
| | Axis II | (v79.99 none) |
| | Axis III | (htn) |
| | Axis IV | A   support grp, B social environ, F  economic prob, I othr psychsocl |
| GAF | Admission GAF | 45 |
| | Best GAF/past yr | 45 |

Chart Date: 10/04/00 13:30          Clinician:   GARDNER, EVE M. QMHP

| Axis | | |
|---|---|---|
| | Axis I | (295.70 SCHIZOAFFECTIVE DISORDER, BIPOLAR TYPE) |
| | Axis II | (799.9 DEFERRED) |
| | Axis III | (401.9 HYPERTENSION) |
| | Axis IV | A   support grp, B social environ, I othr psychsocl |
| GAF | Admission GAF | 40 |
| | Best GAF/past yr | 40 |

EXHIBIT 32 Page 2



# Doctor's Orders

**DALLAS METROCARE** SERVICES

"OUR HOUSE...IS SU CASA"

Report From:   January 1, 1999   To   December 31, 2005   Run Date: SEP-14-10 12:55:32

| | | | |
|---|---|---|---|
| Name: | JONES, DEBRA K. | Admit Date: | Oct. 19, 1998 | Assignned Staff: SNYDER, ELLIOTT H. |
| Birth Date: Feb. 17, 1963 | | Patient Id: | 0000000000176204 | Assignment Start: May. 3, 1999 |
| Age: | 47 Years | Sex: Female | Medical Record: | 00176204 | Assignment End: Jun. 14, 1999 |

---

Chart Date: <u>02/07/00 11:15</u>          Clinician:   <u>HUDGINS, PAULA E. ANP</u>

| Orders | Plan | cont med regime |
|---|---|---|
| | Prescribed med 1 - Antipsychotic | Risperdal (DC'ed Zyprexa r/t SE's and started Respirdol. MIMS completed) |
| | Prescribed med 1 - Dosage | 2mg |
| | Prescribed med 1 - Frequency | bid |
| | Prescribed med 1 - Quantity | 14 (Samples.) |
| | Prescribed med 1 - Refills | 0 |
| | Prescribed med 2 - Antidepresnt/OCD | Prozac |
| | Prescribed med 2 - Dosage | 40mg (20mg, 2 tabs) |
| | Prescribed med 2 - Frequency | qam |
| | Prescribed med 2 - Quantity | 180 |
| | Prescribed med 2 - Refills | 0 |
| | Prescribed med 3 - Dosage | 1000 Unt |
| | Prescribed med 3 - Medical | Vitamin E |
| | Prescribed med 3 - Quantity | 90 |
| | Prescribed med 3 - Refills | 0 |

Chart Date: <u>02/18/00 10:20</u>          Clinician:   <u>HUDGINS, PAULA E. ANP</u>

| Orders | Plan | cont med regime |
|---|---|---|
| | Prescribed med 1 - Antipsychotic | Risperdal (DC'ed Zyprexa r/t SE's and started Respirdol. MIMS completed) |
| | Prescribed med 1 - Dosage | 2mg |
| | Prescribed med 1 - Frequency | bid |
| | Prescribed med 1 - Quantity | 180 (Samples.) |
| | Prescribed med 1 - Refills | 0 |
| | Prescribed med 2 - Antidepresnt/OCD | Prozac |
| | Prescribed med 2 - Dosage | 20mg |
| | Prescribed med 2 - Frequency | qam |
| | Prescribed med 2 - Quantity | 180 |
| | Prescribed med 2 - Refills | 0 |
| | Prescribed med 3 - Dosage | 1000 Unt |
| | Prescribed med 3 - Medical | Vitamin E |
| | Prescribed med 3 - Quantity | 90 |
| | Prescribed med 3 - Refills | 0 |



# Doctor's Orders

**DALLAS METROCARE** SERVICES

*"OUR HOUSE...IS SU CASA"*

Report From:    January 1, 1999    To    December 31, 2005   Run Date: SEP-14-10 12:55:32

| Name: | JONES, DEBRA K. | | Admit Date: | Oct. 19, 1998 | Assionned Staff: SNYDER, ELLIOTT H. |
|---|---|---|---|---|---|
| Birth Date: | Feb. 17, 1963 | | Patient Id: | 0000000000176204 | Assignment Start: May. 3, 1999 |
| Age: | 47 Years | Sex: Female | Medical Record: | 00176204 | Assignment End: Jun. 14, 1999 |

Chart Date: 03/26/01 15:55          Clinician:    TAN, SIOE S. MD

| Orders | | |
|---|---|---|
| | Prescribed med 1 - Antipsychotic | Risperdal |
| | Prescribed med 1 - Dosage | 2mg (2 mgm 1 hs for 2 days then 1 bid) |
| | Prescribed med 1 - Quantity | 14d |
| | Prescribed med 1 - Refills | 0 |
| | Prescribed med 2 - Antidepresnt/OCD | Prozac |
| | Prescribed med 2 - Dosage | 20mg (,) |
| | Prescribed med 2 - Frequency | qam |
| | Prescribed med 2 - Quantity | 14d |
| | Prescribed med 2 - Refills | 0 |
| | Prescribed med 3 - Dosage | 1000 Unt |
| | Prescribed med 3 - Medical | Vitamin E |
| | Prescribed med 3 - Quantity | 14d |
| | Prescribed med 3 - Refills | 0 |

Chart Date: 04/14/00 11:41          Clinician:    MEGOWAN, GRETCHEN L. MD

| Orders | | |
|---|---|---|
| | Plan | cont med regime |
| | Prescribed med 1 - Antipsychotic | Risperdal (DC'ed Zyprexa r/t SE's and started Respirdol. MIMS completed) |
| | Prescribed med 1 - Dosage | 2mg |
| | Prescribed med 1 - Frequency | bid |
| | Prescribed med 1 - Quantity | 180 (Samples.) |
| | Prescribed med 1 - Refills | 0 |
| | Prescribed med 2 - Antidepresnt/OCD | Prozac |
| | Prescribed med 2 - Dosage | 20mg (, 2 tabs) |
| | Prescribed med 2 - Frequency | qam |
| | Prescribed med 2 - Quantity | 180 |
| | Prescribed med 2 - Refills | 0 |
| | Prescribed med 3 - Dosage | 1000 Unt |
| | Prescribed med 3 - Medical | Vitamin E |
| | Prescribed med 3 - Quantity | 0 |
| | Prescribed med 3 - Refills | 0 |



**DALLAS**
**METROCARE**
S E R V I C E S

*"OUR HOUSE...ES SU CASA."*

# Doctor's Orders

Report From:   January 1, 1999     To   December 31, 2005   Run Date: SEP-14-10 12:55:32

| Name: | JONES, DEBRA K. | | Admit Date: | Oct. 19, 1998 | Assionned Staff: SNYDER, ELLIOTT H. |
|---|---|---|---|---|---|
| Birth Date: | Feb. 17, 1963 | | Patient Id: | 0000000000176204 | Assignment Start: May. 3, 1999 |
| Age: | 47 Years | Sex: Female | Medical Record: | 00176204 | Assignment End: Jun. 14, 1999 |

| Chart Date: 10/04/00 09:10 | | Clinician: | JOINER, JAMES M. MD |
|---|---|---|---|
| Orders | Plan | | cont med regime (waiting on gallblader surgery.) |
| | Prescribed med 1 - Antipsychotic | | Risperdal (dated 11/1/00 to save 2 medicade rx q mo.  28 day samples given) |
| | Prescribed med 1 - Dosage | | 2mg |
| | Prescribed med 1 - Frequency | | bid |
| | Prescribed med 1 - Quantity | | 180 (Samples.) |
| | Prescribed med 1 - Refills | | 0 |
| | Prescribed med 2 - Antidepresnt/OCD | | Prozac |
| | Prescribed med 2 - Dosage | | 20mg (, 2 tabs) |
| | Prescribed med 2 - Frequency | | qam |
| | Prescribed med 2 - Quantity | | 180 |
| | Prescribed med 2 - Refills | | 0 |
| | Prescribed med 3 - Dosage | | 1000 Unt |
| | Prescribed med 3 - Medical | | Vitamin E |
| | Prescribed med 3 - Quantity | | 0 |
| | Prescribed med 3 - Refills | | 0 |

| Chart Date: 12/08/99 14:35 | | Clinician: | HUDGINS, PAULA E. ANP |
|---|---|---|---|
| Orders | Plan | | cont med regime |
| | Prescribed med 1 - Antipsychotic | | Risperdal (DC'ed Zyprexa r/t SE's and started Respirdol.) |
| | Prescribed med 1 - Dosage | | 3mg |
| | Prescribed med 1 - Frequency | | qhs |
| | Prescribed med 1 - Quantity | | 30 (Samples.) |
| | Prescribed med 1 - Refills | | 0 |
| | Prescribed med 2 - Antidepresnt/OCD | | Prozac |
| | Prescribed med 2 - Dosage | | 40mg (20mg, 2 tabs) |
| | Prescribed med 2 - Frequency | | qam |
| | Prescribed med 2 - Quantity | | 180 |
| | Prescribed med 2 - Refills | | 0 |
| | Prescribed med 3 - Dosage | | 1000 Unt |
| | Prescribed med 3 - Medical | | Vitamin E |
| | Prescribed med 3 - Quantity | | 90 |
| | Prescribed med 3 - Refills | | 0 |

EXHIBIT 32 Page 5



**DALLAS**
**METROCARE**
S E R V I C E S
"OUR HOUSE...IS SU CASA"

# Psychiatric/Medical

Report From:   January 1, 1999   To   December 31, 2005   Run Date: SEP-14-10 12:55:41

| Name: | JONES, DEBRA K. | | Admit Date: | Oct. 19, 1998 | Assionned Staff: SNYDER, ELLIOTT H. |
|---|---|---|---|---|---|
| Birth Date: | Feb. 17, 1963 | | Patient Id: | 0000000000176204 | Assignment Start: May. 3, 1999 |
| Age: | 47 Years | Sex: Female | Medical Record: | 00176204 | Assignment End: Jun. 14, 1999 |

Chart Date: 01/05/00 14:10                    Clinician:   HUDGINS, PAULA E. ANP

| Presenting info | No-Show F/U Done | consult ISC |
|---|---|---|
| | Reason No Attend | no-show |



**DALLAS**
**METROCARE**
S E R V I C E S
"OUR HOUSE...ES SU CASA"

# Psychiatric/Medical

Report From:  January 1, 1999   To   December 31, 2005  Run Date: SEP-14-10 12:55:41

| | | |
|---|---|---|
| Name:  JONES, DEBRA K. | Admit Date: Oct. 19, 1998 | Assionned Staff: SNYDER, ELLIOTT H. |
| Birth Date: Feb. 17, 1963 | Patient Id: 0000000000176204 | Assignment Start: May. 3, 1999 |
| Age:  47 Years    Sex: Female | Medical Record:  00176204 | Assignment End: Jun. 14, 1999 |

Chart Date: 02/07/00 11:15          Clinician:   HUDGINS, PAULA E. ANP

| | | |
|---|---|---|
| SVC Reporting | End Tm Svc MD | 11:35 |
| | Service Provided | pharm mgt/brief |
| | Start Tm Svc MD | 11:15 |
| Presenting info | Appetite | eating qs, drinks fluid qs |
| | Avg Hrs Slept | 8hours |
| | Individual | ("I'm sorry I forgot my appt, I seem to forget a lot lately".) |
| | Purpose of Visit | scheduled appt |
| | Sleep | sleeps thru noc, initial insomnia |
| Risk Assessment | Aggression | denies homicidal |
| | Suicidality | denies suicidal |
| Psych Assessment | Affect | blunted |
| | Behavior | cooperative, friendly |
| | Delusions | none |
| | Hallucinations | auditory ("they talk off and on".) |
| | Mood Reported | ("Depressed a little".) |
| | Orientation/LOC | alert, X 4 |
| | Phys Appearance | well nourished, tense, well groomed |
| | Psychomotor | normal, appropriate |
| | Psychot Features | ind reports |
| | Somatic Complnts | absent |
| | Speech | normal, moderate |
| | Thought Processes | organized, goal directed |
| Medication | Current Meds: | (Zyprexa, Prozac, Vit E.) |
| | Medical Problems | HTN (Angiogram). |
| | Side Effects | drooling, slurred speech (Reports Zyprexa was creating excess thrist, hunger and drooling.  does not want to continue med) |
| | Takes Meds | does not take (Has been out of meds X 4 weeks.) |
| Aims | AIMS Comment: | (Completed 2/7/00) |
| | Incapcit/Abn.Mov | 0 |
| | Ind Aware/Abnorm | 0 Not aware(Awr) |
| | Jaw | 0 |
| | Lips/Perioral | 0 |
| | Lowr Extremities | 0 |
| | Muscles of Face | 0 |
| | Neck/Shouldr/Hip | 0 |
| | Severity/Abn.Mov | 0 |
| | Teeth/Dent Prob? | No  0 |
| | Tongue | 0 |
| | Uppr Extremities | 0 |
| | Wears Dentures? | No  0 |
| Appointments | Assessment | mildly worse |
| | Next Appt | 1 Week(s) |
| | Plan | cont med regime |
| | Plan Acceptance | agrees |

Page: 2 of  14
**1433**

EXHIBIT 32 Page 7



# DALLAS METROCARE
S E R V I C E S
"OUR HOUSE....ES TU CASA."

# Psychiatric/Medical

Report From:    January 1, 1999    To    December 31, 2005    Run Date: SEP-14-10 12:55:41

| | | | |
|---|---|---|---|
| Name: | JONES, DEBRA K. | Admit Date: | Oct. 19, 1998 | Assionned Staff: SNYDER, ELLIOTT H. |
| Birth Date: | Feb. 17, 1963 | Patient Id: | 0000000000176204 | Assignment Start: May, 3, 1999 |
| Age: | 47 Years | Sex: Female | Medical Record: | 00176204 | Assignment End: Jun. 14, 1999 |

Chart Date: 02/07/00 11:15                    Clinician:    HUDGINS, PAULA E. ANP

| Appointments | Prescribed med 1 - Antipsychotic | Risperdal (DC'ed Zyprexa r/t SE's and started Resplrdol. MIMS completed) |
|---|---|---|
| | Prescribed med 1 - Dosage | 2mg |
| | Prescribed med 1 - Frequency | bid |
| | Prescribed med 1 - Quantity | 14 (Samples.) |
| | Prescribed med 1 - Refills | 0 |
| | Prescribed med 2 - Antidepresnt/OCD | Prozac |
| | Prescribed med 2 - Dosage | 40mg (20mg, 2 tabs) |
| | Prescribed med 2 - Frequency | qam |
| | Prescribed med 2 - Quantity | 180 |
| | Prescribed med 2 - Refills | 0 |
| | Prescribed med 3 - Dosage | 1000 Unt |
| | Prescribed med 3 - Medical | Vitamin E |
| | Prescribed med 3 - Quantity | 90 |
| | Prescribed med 3 - Refills | 0 |
| | Teaching Done | medication use, managing SE's, tardive dyskines |
| | Understand/Plan | verbalized |
| | Understanding | verbalized |

EXHIBIT 32 Page 8



**DALLAS METROCARE**
SERVICES
"OUR HOUSE...IS SU CASA."

# Psychiatric/Medical

Report From:   January 1, 1999   To   December 31, 2005   Run Date: SEP-14-10 12:55:41

| | | |
|---|---|---|
| Name:        JONES, DEBRA K. | Admit Date:        Oct. 19, 1998 | Assionned Staff: SNYDER, ELLIOTT H. |
| Birth Date: Feb. 17, 1963 | Patient Id:        0000000000176204 | Assignment Start: May. 3, 1999 |
| Age:        47 Years        Sex: Female | Medical Record:   00176204 | Assignment End:   Jun. 14, 1999 |

Chart Date: 02/18/00 10:20                Clinician:   HUDGINS, PAULA E. ANP

| | | |
|---|---|---|
| SVC Reporting | End Tm Svc MD | 12:10 |
| | Service Provided | pharm mgt/brief |
| | Start Tm Svc MD | 11:50 |
| Presenting info | Appetite | eating qs, drinks fluid qs |
| | Avg Hrs Slept | 8hours |
| | Individual | ("I'm feeling better and doing well and I can think again".) |
| | Purpose of Visit | scheduled appt |
| | Sleep | sleeps thru noc, initial insomnia |
| Risk Assessment | Aggression | denies homicidal |
| | Suicidality | denies suicidal |
| Psych Assessment | Affect | euthymic, mood congruent |
| | Behavior | cooperative, friendly |
| | Delusions | none |
| | Hallucinations | auditory ("they talk off and on".) |
| | Mood Reported | ("A OK") |
| | Orientation/LOC | alert, X 4 |
| | Phys Appearance | well nourished, tense, well groomed |
| | Psychomotor | normal, appropriate |
| | Psychot Features | ind reports |
| | Somatic Complnts | absent |
| | Speech | normal, moderate |
| | Thought Processes | organized, goal directed |
| Medication | Current Meds: | (Risperdal, Prozac, Vit E.) |
| | Medical Problems | HTN (Angiogram.) |
| | Side Effects | denies SE's, drooling, slurred speech |
| | Takes Meds | as prescribed |
| Aims | AIMS Comment: | (Completed 2/18/00) |
| | Incapcit/Abn.Mov | 0 |
| | Ind Aware/Abnorm | 0 Not aware(Awr) |
| | Jaw | 0 |
| | Lips/Perioral | 0 |
| | Lowr Extremities | 0 |
| | Muscles of Face | 0 |
| | Neck/Shouldr/Hip | 0 |
| | Severity/Abn.Mov | 0 |
| | Teeth/Dent Prob? | No  0 |
| | Tongue | 0 |
| | Uppr Extremities | 0 |
| | Wears Dentures? | No  0 |
| Appointments | Assessment | mildly improved |
| | Next Appt | 8 Week(s) |
| | Plan | cont med regime |
| | Plan Acceptance | agrees |
| | Prescribed med 1 - Antipsychotic | Risperdal (DC'ed Zyprexa r/t SE's and started Respirdol. |

EXHIBIT 32 Page 9



# Psychiatric/Medical

DALLAS
METROCARE
SERVICES
"OUR HOUSE...ES SU CASA"

Report From: January 1, 1999 To December 31, 2005 Run Date: SEP-14-10 12:55:41

| | | | | | |
|---|---|---|---|---|---|
| Name: | JONES, DEBRA K. | | Admit Date: | Oct. 19, 1998 | Assionned Staff: SNYDER, ELLIOTT H. |
| Birth Date: | Feb. 17, 1963 | | Patient Id: | 0000000000176204 | Assignment Start: May. 3, 1999 |
| Age: | 47 Years | Sex: Female | Medical Record: | 00176204 | Assignment End: Jun. 14, 1999 |

Chart Date: 02/18/00 10:20     Clinician: HUDGINS, PAULA E. ANP

| | | |
|---|---|---|
| Appointments | Prescribed med 1 - Dosage | 2mg |
| | Prescribed med 1 - Frequency | bid |
| | Prescribed med 1 - Quantity | 180 (Samples.) |
| | Prescribed med 1 - Refills | 0 |
| | Prescribed med 2 - Antidepresnt/OCD | Prozac |
| | Prescribed med 2 - Dosage | 20mg |
| | Prescribed med 2 - Frequency | qam |
| | Prescribed med 2 - Quantity | 180 |
| | Prescribed med 2 - Refills | 0 |
| | Prescribed med 3 - Dosage | 1000 Unt |
| | Prescribed med 3 - Medical | Vitamin E |
| | Prescribed med 3 - Quantity | 90 |
| | Prescribed med 3 - Refills | 0 |
| | Teaching Done | medication use, managing SE's, tardive dyskines |
| | Understand/Plan | verbalized |
| | Understanding | verbalized |

EXHIBIT 32 Page 10



**DALLAS
METROCARE**
S E R V I C E S
"OUR HOUSE....ES SU CASA"

# Psychiatric/Medical

Report From:  January 1, 1999    To   December 31, 2005  Run Date: SEP-14-10 12:55:41

| Name: | JONES, DEBRA K. | | Admit Date: | Oct. 19, 1998 | Assionned Staff: SNYDER, ELLIOTT H. |
|---|---|---|---|---|---|
| Birth Date: | Feb. 17, 1963 | | Patient Id: | 0000000000176204 | Assignment Start: May. 3, 1999 |
| Age: | 47 Years | Sex: Female | Medical Record: | 00176204 | Assignment End: Jun. 14, 1999 |

Chart Date: 03/26/01 15:55          Clinician:    TAN, SIOE S. MD

| | | |
|---|---|---|
| SVC Reporting | End Tm Svc MD | 16:10 |
| | Service Provided | pharm mgt/complx |
| | Start Tm Svc MD | 15:55 |
| Presenting info | Appetite | appetit decreasd, drinks fluid qs |
| | Purpose of Visit | scheduled appt, follow-up |
| | Recent Changes | (off meds x 2 mo) |
| | Sleep | awakens easily |
| Risk Assessment | Aggression | denies homicidal |
| | Suicidality | denies suicidal |
| Alcohol/Drug Use | Current Usage | not using |
| Psych Assessment | Affect | sad, depressed |
| | Behavior | cooperative |
| | Delusions | paranoid |
| | Hallucinations | auditory |
| | Insight | |
| | Orientation/LOC | alert, X 4 |
| | Phys Appearance | well nourished |
| | Psychomotor | normal |
| | Psychot Features | ind reports |
| | Speech | soft |
| | Thought Proceses | goal directed |
| Medication | Current Meds: | (RIsperdal, Prozac, Vit E.out of med. for 2 months.) |
| | Current Status | unchanged |
| | Medical Problems | HTN (Angiogram.) |
| | Side Effects | denies SE's |
| | Takes Meds | as prescribed |
| Aims | AIMS Comment: | (Completed 2/7/00) |
| | Incapcit/Abn.Mov | 0 |
| | Ind Aware/Abnorm | 0 Not aware(Awr) |
| | Jaw | 0 |
| | Lips/Perioral | 0 |
| | Lowr Extremities | 0 |
| | Muscles of Face | 0 |
| | Neck/Shouldr/Hip | 0 |
| | Severity/Abn.Mov | 0 |
| | Teeth/Dent Prob? | No  0 |
| | Tongue | 0 |
| | Uppr Extremities | 0 |
| | Wears Dentures? | No  0 |
| Appointments | Assess Timeframe | |
| | Assessment | mildly worse |
| | Next Appl | (Pt will be transferred to North Tx MHclinic. Next appointment will be 4-10-01) |
| | Plan Acceptance | agrees |

EXHIBIT 32 Page 11



# Psychiatric/Medical

**DALLAS METROCARE** SERVICES

"OUR HOUSE...IS SU CASA"

Report From: January 1, 1999 To December 31, 2005 Run Date: SEP-14-10 12:55:41

| | | | |
|---|---|---|---|
| Name: JONES, DEBRA K. | Admit Date: | Oct. 19, 1998 | Assionned Staff: SNYDER, ELLIOTT H. |
| Birth Date: Feb. 17, 1963 | Patient Id: | 0000000000176204 | Assignment Start: May. 3, 1999 |
| Age: 47 Years     Sex: Female | Medical Record: | 00176204 | Assignment End: Jun. 14, 1999 |

Chart Date: 03/26/01 15:55          Clinician: TAN, SIOE S. MD

| Appointments | | |
|---|---|---|
| | Prescribed med 1 - Antipsychotic | Risperdal |
| | Prescribed med 1 - Dosage | 2mg (2 mgm 1 hs for 2 days then 1 bid) |
| | Prescribed med 1 - Quantity | 14d |
| | Prescribed med 1 - Refills | 0 |
| | Prescribed med 2 - Antidepresn/OCD | Prozac |
| | Prescribed med 2 - Dosage | 20mg (,) |
| | Prescribed med 2 - Frequency | qam |
| | Prescribed med 2 - Quantity | 14d |
| | Prescribed med 2 - Refills | 0 |
| | Prescribed med 3 - Dosage | 1000 Unt |
| | Prescribed med 3 - Medical | Vitamin E |
| | Prescribed med 3 - Quantity | 14d |
| | Prescribed med 3 - Refills | 0 |
| | Teaching Done | medication use, managing SE's, tardive dyskines, managing stress |
| | Therapy/Interven | psychoeducation, ind/support tx |
| | Understand/Plan | verbalized |
| | Understanding | verbalized |

EXHIBIT 32 Page 12



**DALLAS**
**METROCARE**
S E R V I C E S

"OUR HOUSE... IS SU CASA."

# Psychiatric/Medical

Report From: January 1, 1999    To   December 31, 2005   Run Date: SEP-14-10 12:55:41

| | | | |
|---|---|---|---|
| Name: | JONES, DEBRA K. | Admit Date: | Oct. 19, 1998 | Assionned Staff: SNYDER, ELLIOTT H. |
| Birth Date: | Feb. 17, 1963 | Patient Id: | 0000000000176204 | Assignment Start: May. 3, 1999 |
| Age: | 47 Years | Sex: Female | Medical Record: | 00176204 | Assignment End: Jun. 14, 1999 |

Chart Date: 04/14/00 11:41      Clinician:   MEGOWAN, GRETCHEN L. MD

| | | |
|---|---|---|
| SVC Reporting | BPRS Done | see BPRS section |
| | End Tm Svc MD | 13:49 |
| | Service Provided | pharm mgt/complx |
| | Start Tm Svc MD | 13:35 |
| Presenting info | Appetite | eating qs, drinks fluid qs |
| | Avg Hrs Slept | 8hours |
| | Individual | (I have gotten back on my medicaid. It was very confusing last time since I thought I had lost it.) |
| | Purpose of Visit | scheduled appt (came late, but able to be worked in) |
| | Sleep | sleeps thru noc |
| Medication | Current Meds: | (Risperdal, Prozac, Vit E.) |
| | Medical Problems | HTN (Angiogram.) |
| | Side Effects | denies SE's |
| | Takes Meds | as prescribed |
| Aims | AIMS Comment: | (Completed 2/7/00) |
| | Incapcit/Abn.Mov | 0 |
| | Ind Aware/Abnorm | 0 Not aware(Awr) |
| | Jaw | 0 |
| | Lips/Perioral | 0 |
| | Lowr Extremities | 0 |
| | Muscles of Face | 0 |
| | Neck/Shouldr/Hip | 0 |
| | Severity/Abn.Mov | 0 |
| | Teeth/Dent Prob? | No 0 |
| | Tongue | 0 |
| | Uppr Extremities | 0 |
| | Wears Dentures? | No 0 |
| Appointments | Assess Timeframe | |
| | Assessment | mildly improved |
| | Next Appt | 12 Week(s) |
| | Plan | cont med regime |
| | Plan Acceptance | agrees |
| | Prescribed med 1 - Antipsychotic | Risperdal (DC'ed Zyprexa r/t SE's and started Respirdol. MIMS completed) |
| | Prescribed med 1 - Dosage | 2mg |
| | Prescribed med 1 - Frequency | bid |
| | Prescribed med 1 - Quantity | 180 (Samples.) |
| | Prescribed med 1 - Refills | 0 |
| | Prescribed med 2 - Antidepresnt/OCD | Prozac |
| | Prescribed med 2 - Dosage | 20mg (, 2 tabs) |
| | Prescribed med 2 - Frequency | qam |
| | Prescribed med 2 - Quantity | 180 |
| | Prescribed med 2 - Refills | 0 |
| | Prescribed med 3 - Dosage | 1000 Unt |

Page: of   14

**1439**

EXHIBIT 32 Page 13



## Psychiatric/Medical

**DALLAS METROCARE** SERVICES
"OUR HOUSE...IS SU CASA."

Report From:   January 1, 1999   To   December 31, 2005   Run Date: SEP-14-10 12:55:41

| Name: | JONES, DEBRA K. | | Admit Date: | Oct. 19, 1998 | Assionned Staff: SNYDER, ELLIOTT H. |
|---|---|---|---|---|---|
| Birth Date: | Feb. 17, 1963 | | Patient Id: | 0000000000176204 | Assignment Start: May. 3, 1999 |
| Age: | 47 Years | Sex: Female | Medical Record: | 00176204 | Assignment End: Jun. 14, 1999 |

Chart Date: 04/14/00 11:41          Clinician:   MEGOWAN, GRETCHEN L. MD

Appointments
| Prescribed med 3 - Medical | Vitamin E |
|---|---|
| Prescribed med 3 - Quantity | 0 |
| Prescribed med 3 - Refills | 0 |
| Teaching Done | medication use, managing SE's, tardive dyskines, managing stress |
| Therapy/Interven | psychoeducation, ind/support tx |
| Understand/Plan | verbalized |
| Understanding | verbalized |

EXHIBIT 32 Page 14



# Psychiatric/Medical

**DALLAS METROCARE** S E R V I C E S

"OUR HOUSE...ES SU CASA"

Report From:  January 1, 1999  To  December 31, 2005  Run Date: SEP-14-10 12:55:41

| | | | |
|---|---|---|---|
| Name: | JONES, DEBRA K. | Admit Date: | Oct. 19, 1998 |
| Birth Date: | Feb. 17, 1963 | Patient Id: | 0000000000176204 |
| Age: | 47 Years | Sex: Female | Medical Record: | 00176204 |

Assionned Staff: SNYDER, ELLIOTT H.
Assignment Start: May. 3, 1999
Assignment End: Jun. 14, 1999

Chart Date: 10/04/00 09:10          Clinician:  JOINER, JAMES M. MD

| | | |
|---|---|---|
| SVC Reporting | End Tm Svc MD | 15:25 |
| | Service Provided | pharm mgt/complx |
| | Start Tm Svc MD | 15:00 |
| Presenting info | Appetite | eating qs, drinks fluid qs |
| | Avg Hrs Slept | 5-6hours |
| | Purpose of Visit | scheduled appt (came late, but able to be worked in) |
| | Recent Changes | (off meds x 1 mo due sick.) |
| | Sleep | sleeps thru noc |
| Risk Assessment | Aggression | denies homicidal |
| | Suicidality | denies suicidal |
| Psych Assessment | Affect | sad, depressed |
| | Behavior | cooperative |
| | Insight | |
| | Orientation/LOC | alert, X 4 |
| | Phys Appearance | well nourished |
| | Psychomotor | normal |
| | Psychot Features | no S/S psychosis |
| | Speech | soft |
| Medication | Current Meds: | (Risperdal, Prozac, Vit E.) |
| | Medical Problems | HTN (Angiogram.) |
| | Side Effects | denies SE's |
| | Takes Meds | as prescribed |
| Aims | AIMS Comment: | (Completed 2/7/00) |
| | Incapcit/Abn.Mov | 0 |
| | Ind Aware/Abnorm | 0 Not aware(Awr) |
| | Jaw | 0 |
| | Lips/Perioral | 0 |
| | Lowr Extremities | 0 |
| | Muscles of Face | 0 |
| | Neck/Shou'dr/Hip | 0 |
| | Severity/Abn.Mov | 0 |
| | Teeth/Dent Prob? | No  0 |
| | Tongue | 0 |
| | Uppr Extremities | 0 |
| | Wears Dentures? | No  0 |
| Appointments | Assess Timeframe | |
| | Assessment | mildly improved |
| | Next Appt | 12 Week(s) |
| | Plan | cont med regime (waiting on gallblader surgery.) |
| | Plan Acceptance | agrees |
| | Prescribed med 1 - Antipsychotic | Risperdal (dated 11/1/00 to save 2 medicade rx q mo.  28 day samples given) |
| | Prescribed med 1 - Dosage | 2mg |
| | Prescribed med 1 - Frequency | bid |

EXHIBIT 32 Page 15



# Psychiatric/Medical

**DALLAS METROCARE**
S E R V I C E S

Report From:   January 1, 1999    To   December 31, 2005   Run Date: SEP-14-10 12:55:41

"OUR HOUSE ...ES SH CASA"

| Name: | JONES, DEBRA K. | | Admit Date: | Oct. 19, 1998 | Assionned Staff: SNYDER, ELLIOTT H. |
|---|---|---|---|---|---|
| Birth Date: Feb. 17, 1963 | | | Patient Id: | 0000000000176204 | Assignment Start: May. 3, 1999 |
| Age: | 47 Years | Sex: Female | Medical Record: | 00176204 | Assignment End: Jun. 14, 1999 |

Chart Date: 10/04/00 09:10        Clinician:    <u>JOINER, JAMES M. MD</u>

| Appointments | Prescribed med 1 - Quantity | 180 (Samples.) |
|---|---|---|
| | Prescribed med 1 - Refills | 0 |
| | Prescribed med 2 - Antidepresnl/OCD | Prozac |
| | Prescribed med 2 - Dosage | 20mg (, 2 tabs) |
| | Prescribed med 2 - Frequency | qam |
| | Prescribed med 2 - Quantity | 180 |
| | Prescribed med 2 - Refills | 0 |
| | Prescribed med 3 - Dosage | 1000 Unt |
| | Prescribed med 3 - Medical | Vitamin E |
| | Prescribed med 3 - Quantity | 0 |
| | Prescribed med 3 - Refills | 0 |
| | Teaching Done | medication use, managing SE's, tardive dyskines, managing stress |
| | Therapy/Interven | psychoeducation, ind/support tx |
| | Understand/Plan | verbalized |
| | Understanding | verbalized |

Chart Date: 10/22/99 15:00        Clinician:    <u>HUDGINS, PAULA E. ANP</u>

| Presenting info | No-Show F/U Done | consult ISC |
|---|---|---|
| | Reason No Attend | no-show |

Chart Date: 12/03/99 14:35        Clinician:    <u>HUDGINS, PAULA E. ANP</u>

| Presenting info | No-Show F/U Done | consult ISC |
|---|---|---|
| | Reason No Attend | no-show |

EXHIBIT 32 Page 16



DALLAS
METROCARE
S E R V I C E S
"OUR HOUSE...IS STILL CARE."

# Psychiatric/Medical

Report From:   January 1, 1999   To   December 31, 2005   Run Date: SEP-14-10 12:55:41

| Name: | JONES, DEBRA K. | Admit Date: | Oct. 19, 1998 | Assignned Staff: SNYDER, ELLIOTT H. |
|---|---|---|---|---|
| Birth Date: Feb. 17, 1963 | | Patient Id: | 0000000000176204 | Assignment Start: May. 3, 1999 |
| Age: | 47 Years | Sex: Female | Medical Record: | 00176204 | Assignment End: Jun. 14, 1999 |

Chart Date: 12/08/99 14:35          Clinician:   HUDGINS, PAULA E. ANP

| | | |
|---|---|---|
| SVC Reporting | End Tm Svc MD | 14:55 |
| | Service Provided | pharm mgt/brief |
| | Start Tm Svc MD | 14:35 |
| Presenting info | Appetite | eating qs, drinks fluid qs |
| | Avg Hrs Slept | 2hours |
| | Individual | ("I'm doing good".) |
| | Purpose of Visit | scheduled appt |
| | Sleep | initial insomnia, middle insomnia, awakens easily |
| Risk Assessment | Aggression | denies homicidal |
| | Suicidality | denies suicidal |
| Psych Assessment | Affect | blunted |
| | Behavior | cooperative, friendly |
| | Delusions | none |
| | Hallucinations | auditory ("I'm starting to hear the voices talk again".*) |
| | Mood Reported | ("I'm OK now".) |
| | Orientation/LOC | alert, X 4 |
| | Phys Appearance | well nourished, tense, well groomed |
| | Psychomotor | normal, appropriate |
| | Psychot Features | ind reports |
| | Somatic Complnts | absent |
| | Speech | normal, moderate |
| | Thought Proceses | organized, goal directed |
| Medication | Current Meds: | (Zyprexa, Prozac, Vit E.) |
| | Medical Problems | HTN (Angiogram.) |
| | Side Effects | drooling, slurred speech (Reports Zyprexa was creating excess thrist, hunger and drooling.  does not want to continue med) |
| | Takes Meds | does not take (Has been out of meds X 4 weeks.) |
| Aims | AIMS Comment: | (Completed 12/8/99) |
| | Incapcit/Abn.Mov | 0 |
| | Ind Aware/Abnorm | 0 Not aware(Awr) |
| | Jaw | 0 |
| | Lips/Perioral | 0 |
| | Lowr Extremities | 0 |
| | Muscles of Face | 0 |
| | Neck/Shouldr/Hip | 0 |
| | Severity/Abn.Mov | 0 |
| | Teeth/Dent Prob? | No  0 |
| | Tongue | 0 |
| | Uppr Extremities | 0 |
| | Wears Dentures? | No  0 |
| Appointments | Assessment | mildly worse |
| | Next Appt | 4 Week(s) |
| | Plan | cont med regime |
| | Plan Acceptance | agrees |

**1443**

EXHIBIT 32 Page 17



# Psychiatric/Medical

**DALLAS METROCARE** SERVICES
"OUR HOUSE...IS SU CASA"

Report From:   January 1, 1999   To   December 31, 2005   Run Date: SEP-14-10 12:55:41

| Name: | JONES, DEBRA K. | | Admit Date: | Oct. 19, 1998 | Assionned Staff: SNYDER, ELLIOTT H. |
|---|---|---|---|---|---|
| Birth Date: | Feb. 17, 1963 | | Patient Id: | 0000000000176204 | Assignment Start: May. 3, 1999 |
| Age: | 47 Years | Sex: Female | Medical Record: | 00176204 | Assignment End:  Jun. 14, 1999 |

Chart Date: 12/08/99 14:35          Clinician:   HUDGINS, PAULA E. ANP

| Appointments | Prescribed med 1 - Antipsychotic | Risperdal (DC'ed Zyprexa r/t SE's and started Respirdol.) |
|---|---|---|
| | Prescribed med 1 - Dosage | 3mg |
| | Prescribed med 1 - Frequency | qhs |
| | Prescribed med 1 - Quantity | 30 (Samples.) |
| | Prescribed med 1 - Refills | 0 |
| | Prescribed med 2 - Antidepresnt/OCD | Prozac |
| | Prescribed med 2 - Dosage | 40mg (20mg, 2 tabs) |
| | Prescribed med 2 - Frequency | qam |
| | Prescribed med 2 - Quantity | 180 |
| | Prescribed med 2 - Refills | 0 |
| | Prescribed med 3 - Dosage | 1000 Unt |
| | Prescribed med 3 - Medical | Vitamin E |
| | Prescribed med 3 - Quantity | 90 |
| | Prescribed med 3 - Refills | 0 |
| | Teaching Done | medication use, managing SE's, tardive dyskines |
| | Understand/Plan | verbalized |
| | Understanding | verbalized |

EXHIBIT 32 Page 18



# Psychiatric/Medical

**DALLAS METROCARE**
SERVICES
"OUR HOUSE...IS SU CASA"

Report From:   January 1, 1999   To   December 31, 2005   Run Date: SEP-14-10 12:55:41

| | | | |
|---|---|---|---|
| Name: | JONES, DEBRA K. | Admit Date: | Oct. 19, 1998 | Assionned Staff: SNYDER, ELLIOTT H. |
| Birth Date: Feb. 17, 1963 | | Patient Id: | 0000000000176204 | Assignment Start: May. 3, 1999 |
| Age: | 47 Years | Sex: Female | Medical Record: | 00176204 | Assignment End: Jun. 14, 1999 |

Chart Date: 12/27/00 12:30          Clinician:   CANADY, DOROTHY J. RN

| | | |
|---|---|---|
| SVC Reporting | Dr's ID | 39469 |
| | End Tm Svc RN | 13:00 |
| | Nurse Appt | brief o.v.w/nurs |
| | Start Tm Svc RN | 12:30 |
| Presenting info | Appetite | eating qs, drinks fluid qs |
| | Avg Hrs Slept | 8hours |
| | Purpose of Visit | scheduled appt |
| | Sleep | sleeps thru noc |
| Risk Assessment | Aggression | denies homicidal |
| | Suicidality | denies suicidal |
| Psych Assessment | Affect | euthymic |
| | Anxieties | none |
| | Behavior | cooperative |
| | Compulsions | none |
| | Delusions | none |
| | Hallucinations | none |
| | Insight | |
| | Judgment | |
| | Mood Reported | (good) |
| | Orientation/LOC | alert, person, place, situation |
| | Phobias | none |
| | Phys Appearance | well nourished, adequate groomed |
| | Psychomotor | normal |
| | Psychot Features | ind denies |
| | Somatic Complnts | absent |
| | Speech | normal |
| | Thought Proceses | organized |
| Medication | Side Effects | denies SE's |
| | Takes Meds | as prescribed |
| Appointments | Assess Timeframe | since last visit |
| | Assessment | no signif change |
| | Interventn Resp. | |
| | Interventn/Plan | scheduled appt, consult Dr (rx card for prozac 20 mg given and samples of risperdal 2 mg # 28 rtc in 2 wks with dr joiner) |



**DALLAS METROCARE**
S E R V I C E S

# Assessments

Report From:   January 1, 1999   To   December 31, 2005   Run Date: SEP-14-10 12:55:35

| | | | |
|---|---|---|---|
| Name: | JONES, DEBRA K. | Admit Date: | Oct. 19, 1998 | Assionned Staff: SNYDER, ELLIOTT H. |
| Birth Date: | Feb. 17, 1963 | Patient Id: | 0000000000176204 | Assignment Start: May. 3, 1999 |
| Age: | 47 Years | Sex: Female | Medical Record: | 00176204 | Assignment End: Jun. 14, 1999 |

Chart Date: 02/07/00 11:30        Clinician: CARTER, CAROLYN N. QMHP

BPRS Chart

| | |
|---|---|
| Anxiety | 2 |
| BPRS TOTAL SCORE | 48 |
| Bizarre Behavior | 1 |
| Blunted Affect | 3 |
| Concept'l Disorg | 3 |
| Confid in Assess | some confidence |
| Depression | 3 |
| Disorientation | 3 |
| Distractibility | 3 |
| Elevated Mood | 1 |
| Emotnl Withdrawl | 3 |
| Excitement | 1 |
| Grandiosity | 1 |
| Guilt | 1 |
| Hallucinations | 4 |
| Hostility | 1 |
| Mannersm&Posture | 1 |
| Motor Hyperactiv | 1 |
| Motor Retardatin | 3 |
| Self-Neglect | 2 |
| Somatic Concern | 3 |
| Source of Info | individual |
| Suicidality | 1 |
| Suspiciousness | 2 |
| Tension | 1 |
| Uncooperative | 1 |
| Unusual Thoughts | 3 |

Conclusions/Plan

| | |
|---|---|
| Axis I | (295.30 Paranoid Schizophrenia) |
| Axis II | (v71.09 defer) |
| Axis III | (HTN) |
| Axis IV | D occupatnl prob, E   housing prob, H   legal system |
| BPRS | |
| CD/Substance Use | (denies) |
| Current GAF | 45 |
| D/C Readiness | not D/C ready |
| Dx Review | no change in dx |
| Fam Tx Involvmnt | none |
| Ind Tx Involvmnt | (need to be called to remember) |
| Level of Partic | missed 1 appoint |
| Medical Problems | (HTN, gall lstones) |
| Meds/Rationale | (changed today to improve symptoms) |

Page: **1446** of   16

EXHIBIT 32 Page 20



## DALLAS METROCARE
SERVICES

# Assessments

Report From:   January 1, 1999   To   December 31, 2005   Run Date: SEP-14-10 12:55:35

| | | |
|---|---|---|
| Name:   JONES, DEBRA K. | Admit Date:   Oct. 19, 1998 | Assignned Staff: SNYDER, ELLIOTT H. |
| Birth Date:   Feb. 17, 1963 | Patient Id:   0000000000176204 | Assignment Start: May. 3, 1999 |
| Age:   47 Years   Sex: Female | Medical Record:   00176204 | Assignment End:   Jun. 14, 1999 |

**Chart Date:** 02/07/00 11:30     **Clinician:** CARTER, CAROLYN N. QMHP
Conclusions/Plan

| | | |
|---|---|---|
| | Psychiatric | (hear voices, afraid and jettery, very tired) |
| | Psychosocial | (difficult to be with more than 2 people around) |
| | Service Need | multiple svcs |
| | Svc Coord Eligib | low intens. need |
| | Svcs on Plan | |
| | Tx Plan Review | |

Medical HX

| | | |
|---|---|---|
| | # In Last 12 mo. - Hosp/CD nondetox | 0 |
| | # In Last 12 mo. - Hospit./CD detox | 0 |
| | # In Last 12 mo. - Hospitalized/MH | 0 |
| | # In Last 12 mo. - Outpatient Tx | 1 |
| | General Health | 02 very good |
| | Total # Episodes - Hosp/CD nondetox | 0 |
| | Total # Episodes - Hospit./CD detox | 0 |
| | Total # Episodes - Hospitalized/MH | 1 |
| | Total # Episodes - Outpatient Tx | 1 |

Presenting Information

| | | |
|---|---|---|
| | Informants | individual |

Risk Assessment

| | | |
|---|---|---|
| | Progress Assess | no progress |

Service Reporting

| | | |
|---|---|---|
| | End Tm Reasses | 12:25 |
| | NorthSTAR Fields | were completed |
| | Service Provided | svc coord f/f |
| | Start Tm Reasses | 11:35 |

Social History

| | | |
|---|---|---|
| | Arrests / 12mo's | 0 |
| | Arrests / 30days | 0 |
| | Days Employed | 0 |
| | Legal Status | 01 None |
| | Months Employed | 0 |
| | PHYS HLTH IMPACT - Accomplishd less | No  0 |
| | PHYS HLTH IMPACT - Limitd kind/work | No  0 |
| | PHYS HLTH IMPACT - Time at work | Yes  1 |
| | Why Not Employed | 01health reasons (too nervous) |

**Chart Date:** 03/26/01 15:55     **Clinician:** TAN, SIOE S. MD
BPRS Chart

| | | |
|---|---|---|
| | Anxiety | 4 |
| | BPRS TOTAL SCORE | 33 |

EXHIBIT 32 Page 21



# Assessments

DALLAS
METROCARE
SERVICES

Report From:   January 1, 1999   To   December 31, 2005   Run Date: SEP-14-10 12:55:35

| Name: | JONES, DEBRA K. | | Admit Date: | Oct. 19, 1998 | Assionned Staff: SNYDER, ELLIOTT H. |
|---|---|---|---|---|---|
| Birth Date: | Feb. 17, 1963 | | Patient Id: | 0000000000176204 | Assignment Start: May. 3, 1999 |
| Age: | 47 Years | Sex: Female | Medical Record: | 00176204 | Assignment End:  Jun. 14, 1999 |

**Chart Date:** 03/26/01 15:55      **Clinician:** TAN, SIOE S. MD
  BPRS Chart

| | | |
|---|---|---|
| | Bizarre Behavior | 1 |
| | Blunted Affect | 2 |
| | Concept'l Disorg | 1 |
| | Confid in Assess | mod confidence |
| | Depression | 3 |
| | Disorientation | 1 |
| | Distractibility | 1 |
| | Elevated Mood | 1 |
| | Emotnl Withdrawl | 2 |
| | Excitement | 1 |
| | Grandiosity | 1 |
| | Guilt | 1 |
| | Hallucinations | 1 |
| | Hostility | 2 |
| | Mannersm&Posture | 1 |
| | Motor Hyperactiv | 1 |
| | Motor Retardatin | 1 |
| | Self-Neglect | 1 |
| | Somatic Concern | 2 |
| | Source of Info | individual |
| | Suicidality | 1 |
| | Suspiciousness | 1 |
| | Tension | 1 |
| | Uncooperative | 1 |
| | Unusual Thoughts | 1 |

**Chart Date:** 04/14/00 11:41      **Clinician:** MEGOWAN, GRETCHEN L. MD
  BPRS Chart

| | | |
|---|---|---|
| | Anxiety | 4 |
| | BPRS TOTAL SCORE | 33 |
| | Bizarre Behavior | 1 |
| | Blunted Affect | 2 |
| | Concept'l Disorg | 1 |
| | Confid in Assess | mod confidence |
| | Depression | 3 |
| | Disorientation | 1 |
| | Distractibility | 1 |
| | Elevated Mood | 1 |
| | Emotnl Withdrawl | 2 |
| | Excitement | 1 |
| | Grandiosity | 1 |
| | Guilt | 1 |
| | Hallucinations | 1 |

EXHIBIT 32 Page 22



# Assessments

**DALLAS METROCARE** SERVICES

Report From:  January 1, 1999  To  December 31, 2005  Run Date: SEP-14-10 12:55:35

| | | |
|---|---|---|
| Name:  JONES, DEBRA K. | Admit Date:  Oct. 19, 1998 | Assionned Staff: SNYDER, ELLIOTT H. |
| Birth Date:  Feb. 17, 1963 | Patient Id:  0000000000176204 | Assignment Start: May. 3, 1999 |
| Age:  47 Years  Sex: Female | Medical Record:  00176204 | Assignment End:  Jun. 14, 1999 |

---

Chart Date: 04/14/00 11:41      Clinician: MEGOWAN, GRETCHEN L. MD
BPRS Chart

| | |
|---|---|
| Hostility | 2 |
| Mannersm&Posture | 1 |
| Motor Hyperactiv | 1 |
| Motor Retardatin | 1 |
| Self-Neglect | 1 |
| Somatic Concern | 2 |
| Source of Info | individual |
| Suicidality | 1 |
| Suspiciousness | 1 |
| Tension | 1 |
| Uncooperative | 1 |
| Unusual Thoughts | 1 |

Chart Date: 04/14/00 14:00      Clinician: EDWARDS, CATHY D. QMHP
BPRS Chart

| | |
|---|---|
| Anxiety | 7 |
| BPRS Comment: | (Client was open and cooperative during this session.) |
| BPRS TOTAL SCORE | 65 |
| Bizarre Behavior | 1 |
| Blunted Affect | 1 |
| Concept'l Disorg | 1 |
| Confid in Assess | mod confidence |
| Depression | 3 |
| Disorientation | 1 |
| Distractibility | 1 |
| Elevated Mood | 3 |
| Emotnl Withdrawl | 1 |
| Excitement | 2 |
| Grandiosity | 7 |
| Guilt | 5 |
| Hallucinations | 4 |
| Hostility | 5 |
| Mannersm&Posture | 1 |
| Motor Hyperactiv | 1 |
| Motor Retardatin | 1 |
| Self-Neglect | 1 |
| Somatic Concern | 5 |
| Source of Info | individual |
| Suicidality | 1 |
| Suspiciousness | 4 |
| Tension | 1 |
| Uncooperative | 1 |

EXHIBIT 32 Page 23



# Assessments

**DALLAS METROCARE** SERVICES

Report From:   January 1, 1999   To   December 31, 2005   Run Date: SEP-14-10 12:55:35

| | | |
|---|---|---|
| Name:   JONES, DEBRA K. | Admit Date:   Oct. 19, 1998 | Assionned Staff: SNYDER, ELLIOTT H. |
| Birth Date:  Feb. 17, 1963 | Patient Id:   0000000000176204 | Assignment Start: May. 3, 1999 |
| Age:   47 Years   Sex: Female | Medical Record:   00176204 | Assignment End:  Jun. 14, 1999 |

Chart Date: 04/14/00 14:00        Clinician: EDWARDS, CATHY D. QMHP

BPRS Chart

| | | |
|---|---|---|
| | Unusual Thoughts | 7 |
| Conclusions/Plan | | |
| | Axis I | (295.30 cp schizophrenia) |
| | Axis II | (v79.99 none) |
| | Axis III | (htn) |
| | Axis IV | A  support grp, B social environ, F  economic prob, I othr psychsocl |
| | CD/Substance Use | (Client denies any issues with drugs and alcohol for the past five years.) |
| | Current GAF | 45 |
| | D/C Readiness | not D/C ready |
| | Dx Review | no change in dx |
| | Fam Tx Involvmnt | |
| | Ind Tx Involvmnt | |
| | Level of Partic | kept appts, active, cooperative, seeks knowledge |
| | Medical Problems | (htn) |
| | Meds/Rationale | (Client reports the medication reduces the paranoia, crying spells, and anxiety. She also reports it decreases her hostility and anger.) |
| | Psychiatric | (paranoia, anxiety, depression, crying spells, hostility, anger) |
| | Psychosocial | (Client lives alone and has 4 children. three were taken by the state at their birth. She is currently considering marriage and is the youngest of 7 children.) |
| | Tx Plan Review | |
| Medical HX | | |
| | # In Last 12 mo. - Hosp/CD nondetox | 0 |
| | # In Last 12 mo. - Hospit./CD detox | 0 |
| | # In Last 12 mo. - Hospitalized/MH | 0 |
| | # In Last 12 mo. - Outpatient Tx | 0 |
| | General Health | 04 fair |
| | Total # Episodes - Hosp/CD nondetox | 0 |
| | Total # Episodes - Hospit./CD detox | 0 |
| | Total # Episodes - Hospitalized/MH | 2 |
| | Total # Episodes - Outpatient Tx | 1 |
| Presenting Information | | |
| | Informants | individual |
| | Setting | office |
| Service Reporting | | |
| | End Tm Reasses | 15:15 |
| | NorthSTAR Fields | were completed |

EXHIBIT 32 Page 24



**DALLAS METROCARE** SERVICES

# Assessments

Report From: January 1, 1999  To  December 31, 2005  Run Date: SEP-14-10 12:55:35

| | | | |
|---|---|---|---|
| Name: | JONES, DEBRA K. | Admit Date: Oct. 19, 1998 | Assigned Staff: SNYDER, ELLIOTT H. |
| Birth Date: Feb. 17, 1963 | | Patient Id: 0000000000176204 | Assignment Start: May. 3, 1999 |
| Age: 47 Years | Sex: Female | Medical Record: 00176204 | Assignment End: Jun. 14, 1999 |

**Chart Date:** 04/14/00 14:00   **Clinician:** EDWARDS, CATHY D. QMHP

Service Reporting

| | | |
|---|---|---|
| | Service Provided | svc coord f/f (Client came in to receive medication and discuss service plan as well as goals and objectives.) |
| | Start Tm Reasses | 14:00 |
| Social History | | |
| | Arrests / 12mo's | 0 |
| | Arrests / 30days | 0 |
| | Days Employed | 0 |
| | Legal Status | 01 None (1991 conviction of possession revoked probation and served 6 mos on two years released 1997.) |
| | Months Employed | 0 |
| | PHYS HLTH IMPACT - Accomplishd less | No 0 |
| | PHYS HLTH IMPACT - Limitd kind/work | No 0 (Client reports she con not work due to her mental and physical disability.) |
| | PHYS HLTH IMPACT - Time at work | No 0 |
| | PHYS HLTH IMPACT - Work Performance | No 0 |
| | Why Not Employed | 01 health reasons |

**Chart Date:** 07/30/99 11:40   **Clinician:** GRAYSON, BARBARA A.

Conclusions/Plan

| | | |
|---|---|---|
| | D/C Readiness | not D/C ready |
| | Dx Review | no change in dx |
| | Ind Tx Involvmnt | |
| | Level of Partic | missed > 1 appt |
| | Meds/Rationale | (Reported that Zyprexia keeps her awake at night patient extremely paranoid) |
| | Psychosocial | (Previous tickets and warrent for her arrest has and continue to be a stressor. Want to go to jail to pay tickets but system wont let her.) |
| | Service Need | multiple svcs (Patient in need to counseling.) |
| | Svc Coord Eligib | mod intens. need |
| | Svcs on Plan | |
| | Tx Plan Review | (Plan was complet and signed by Mary M.) |
| Medical HX | | |
| | General Health | 03 good |
| Presenting Information | | |
| | Informants | individual |
| | Setting | office |
| Risk Assessment | | |
| | Progress Assess | no progress |
| Service Reporting | | |
| | End Tm Reasses | 11:45 |
| | Service Provided | svc coord f/f |

EXHIBIT 32 Page 25



# Assessments

**DALLAS METROCARE** S E R V I C E S

Report From:   January 1, 1999   To   December 31, 2005   Run Date: SEP-14-10 12:55:35

| | | |
|---|---|---|
| Name:   JONES, DEBRA K. | Admit Date:   Oct. 19, 1998 | Assionned Staff: SNYDER, ELLIOTT H. |
| Birth Date:  Feb. 17, 1963 | Patient Id:   0000000000176204 | Assignment Start: May. 3, 1999 |
| Age:   47 Years   Sex: Female | Medical Record:   00176204 | Assignment End:   Jun. 14, 1999 |

Chart Date: 07/30/99 11:40       Clinician: GRAYSON, BARBARA A.
  Service Reporting

                                  Start Tm Reasses              10:50

Chart Date: 09/27/00 13:10       Clinician: EDWARDS, CATHY D. QMHP
  Alcohol/Drug Use

|  |  |
|---|---|
| Admitted To - Service Level | hospital detox |
| Hx of IV Use | No  0 |
| In Last 30 Days - # of CD Arrests | 2 |
| In Last 30 Days - Abstinence | 30days in 30 |
| In Last 30 Days - Alc/Drug Problem | 0days in 30 |
| In Last 30 Days - Family Problems | 30days in 30 |
| In Last 30 Days - Psych Problems | 30days in 30 |
| In Last 30 Days - Social Problems | 30days in 30 |
| In Last Year - # of ER Visits | 3 |
| Ind Pregnant | No  0 |
| Primary Drug - Route | smoking |
| Primary Drug - Substance Used | crack |
| Primary Drug - Use W/in 30 Days | 0days in 30 |
| Primary Drug - Year First Used | 1993 |
| Referral Source | family/friend |
| Since Last D/C - # of Months | 36 |

BPRS Chart

|  |  |
|---|---|
| Anxiety | 7 |
| BPRS TOTAL SCORE | 65 |
| Bizarre Behavior | 1 |
| Blunted Affect | 1 |
| Concept'l Disorg | 1 |
| Confid in Assess | mod confidence |
| Depression | 3 |
| Disorientation | 1 |
| Distractibility | 1 |
| Elevated Mood | 3 |
| Emotnl Withdrawl | 1 |
| Excitement | 2 |
| Grandiosity | 7 |
| Guilt | 5 |
| Hallucinations | 4 |
| Hostility | 5 |
| Individal Coment | ("i did something bad admitting to crack cocaine use x2 in 1996, because i ran out of meds and fell very tense, afraid to sleep".) |
| Mannersm&Posture | 1 |
| Motor Hyperactiv | 1 |
| Motor Retardatin | 1 |
| Self-Neglect | 1 |

EXHIBIT 32 Page 26



# Assessments

**DALLAS METROCARE** SERVICES

Report From:   January 1, 1999   To   December 31, 2005   Run Date: SEP-14-10 12:55:35

| Name: | JONES, DEBRA K. | | Admit Date: | Oct. 19, 1998 | Assignned Staff: SNYDER, ELLIOTT H. |
|---|---|---|---|---|---|
| Birth Date: | Feb. 17, 1963 | | Patient Id: | 0000000000176204 | Assignment Start: May. 3, 1999 |
| Age: | 47 Years | Sex: Female | Medical Record: | 00176204 | Assignment End: Jun. 14, 1999 |

Chart Date: 09/27/00 13:10     Clinician: EDWARDS, CATHY D. QMHP

**BPRS Chart**

| | | |
|---|---|---|
| | Somatic Concern | 5 |
| | Source of Info | individual |
| | Suicidality | 1 |
| | Suspiciousness | 4 |
| | Tension | 1 |
| | Uncooperative | 1 |
| | Unusual Thoughts | 7 |

**Conclusions/Plan**

| | | |
|---|---|---|
| | Admission GAF | 45 |
| | Axis I | (295.30 cp schizophrenia) |
| | Axis II | (v79.99 none) |
| | Axis III | (htn) |
| | Axis IV | A   support grp, B social environ, F  economic prob, I othr psychsocl |
| | Best GAF/past yr | 45 |
| | Consent for Svcs | svcs explained, form signed |
| | Consumer Rights | explained, hardcopy given, form signed |
| | Formulation | (36 yaer old Black female with a long hx of SMI and multiple hospitalizations/incarcerations. She has 4 children but lost 3 to CPS at their birth. She is involved with the legal system and reports cocaine addiction in remission for past 2 yrs.) |

**Developmental HX**

| | | |
|---|---|---|
| | Highest Ed Levl | |
| | Milestones | met/age appropr., full term birth |

**Drug Reactions**

| | |
|---|---|
| | No Known Allergy |

**Family**

| | | |
|---|---|---|
| | Culturl perceptn - Causes/Illness: | (" When i can't get my meds i turn to crack then everything goes wrong") |
| | Culturl perceptn - Helps/Illness: | (" taking my meds like i should") |
| | Culturl perceptn - Worsens/Illness: | ("Problems in my finances and my family") |

**Medical HX**

| | | |
|---|---|---|
| | # In Last 12 mo. - Hosp/CD nondetox | 0 |
| | # In Last 12 mo. - Hospit./CD detox | 0 |
| | # In Last 12 mo. - Hospitalized/MH | 0 |
| | # In Last 12 mo. - Outpatient Tx | 0 |
| | Acces/Healthcare | has no medicl Dr, no routine care |
| | Caffeine Use | coffee, tea |
| | Cups per Day | 2 |
| | DX INDICATOR - Chemical Dependn | No  0 |
| | DX INDICATOR - Dual Diagnosis | No  0 |

EXHIBIT 32 Page 27



**DALLAS**
**METROCARE**
S E R V I C E S

# Assessments

Report From:   January 1, 1999    To   December 31, 2005   Run Date: SEP-14-10 12:55:35

| | | |
|---|---|---|
| Name:   JONES, DEBRA K. | Admit Date:   Oct. 19, 1998 | Assionned Staff: SNYDER, ELLIOTT H. |
| Birth Date:  Feb. 17, 1963 | Patient Id:   0000000000176204 | Assignment Start: May. 3, 1999 |
| Age:    47 Years    Sex: Female | Medical Record:   00176204 | Assignment End:  Jun. 14, 1999 |

Chart Date: 09/27/00 13:10       Clinician: EDWARDS, CATHY D. QMHP
Medical HX

| | |
|---|---|
| DX INDICATOR - Seriously ED | No  0 |
| DX INDICATOR - Substance Abuse | No  0 |
| Denies Medicl Hx | |
| General Health | 04 fair |
| HIV Risk Factors | unsafe sex, mult partners |
| Language Barrier | other |
| Last Dr.visit - Date of | |
| Packs/Day | 1 |
| Tobacco Use | cigarettes |
| Total # Episodes - Hosp/CD nondetox | 0 |
| Total # Episodes - Hospit./CD detox | 0 |
| Total # Episodes - Hospitalized/MH | 2 |
| Total # Episodes - Outpatient Tx | 1 |
| Years Used | 20 |

Medications

| | |
|---|---|
| Current Meds: | (2mg risperdal, 20mg prozac, 1000unt vitmnE) |
| Self Admin Skill | self-managed, w/ prompting |
| Side Effects | denies SE's |
| Takes Meds | as prescribed |
| Type/Prev.Meds | antipsychotic, antidepressant |

Nutrition/Rest

| | |
|---|---|
| Appetite | |
| Avg Hrs Slept | 6hr |
| Bedtime Routine | shower, prayers, TV/radio |
| Elimination Prob | other |
| Sleep Aids | Rx medication |
| Sleep Pattern | sleeps thru noc |

Presenting Information

| | |
|---|---|
| Anxiety | (stressed, worried) |
| Chief Complaint | (paranoia, anxiety, depression, crying spells, hostility, anger) |
| Comment / ER: | (Parkland hospital) |
| Depression | (crying spells, isolated,) |
| Informants | individual |
| Lngth Curent S/S | 90 Day(s) |
| Mania | (anxiety, anger) |
| Other Dx Info | |
| Past Tx Adherenc | |
| Psychosis | (paranoia, hostility) |
| Refer Facility | (parkland hospital) |
| Setting | office |

Psych Assessment

EXHIBIT 32 Page 28



# Assessments

**DALLAS METROCARE** SERVICES

Report From:   January 1, 1999   To   December 31, 2005   Run Date: SEP-14-10 12:55:35

| | | |
|---|---|---|
| Name:   JONES, DEBRA K. | Admit Date:   Oct. 19, 1998 | Assionned Staff: SNYDER, ELLIOTT H. |
| Birth Date:  Feb. 17, 1963 | Patient Id:   0000000000176204 | Assignment Start: May. 3, 1999 |
| Age:   47 Years   Sex: Female | Medical Record:   00176204 | Assignment End:  Jun. 14, 1999 |

Chart Date: 09/27/00 13:10      Clinician: EDWARDS, CATHY D. QMHP

**Psych Assessment**

| | |
|---|---|
| Prev episode 1 - Adm Dt | 02/14/97 |
| Prev episode 1 - Admit Status | involuntary |
| Prev episode 1 - D/C Date | 11/25/97 |
| Prev episode 1 - Name of Site | other |
| Prev episode 1 - Reason/Episode | psychosis, depression, anxiety, aggressive beh |
| Prev episode 1 - Treatment Site | other |
| Prev episode 1 - Treatment Type | outpatient tx, inpatient tx, pharmacologic, incarcerated |
| Prev episode 1 - Tx Length | 9 Month(s) |

**Risk Assessment**

| | |
|---|---|
| Current - Aggression | aggrssn to othrs |
| Current - Other Behaviors | confusion |
| Current - Self Injury | other |
| Current - Suicidality | denies suicidal |
| Homicid Attempts | 0 |
| In past - Aggression | aggrssn to othrs |
| In past - Other Behaviors | deterioration, first break, confusion |
| In past - Self Injury | other |
| In past - Suicidality | denies suicidal |
| Suicide Attempts | 0 |

**Service Reporting**

| | |
|---|---|
| NorthSTAR Fields | were completed |

**Social History**

| | |
|---|---|
| # Children | 4 |
| # Divorce | 0 |
| # Marriages | 0 |
| # of Children | 0in home |
| ADL Activity | w/ prompting |
| Arrests / 12mo's | 0 |
| Arrests / 30days | 0 |
| Birth Control | other |
| Child Custody | (NA- None) |
| Consumer Is - If Live w/Family | dependent |
| DX INDICATOR - SMI | Yes  1 |
| Days Employed | 0 |
| Desires Work | no |
| Employment Type | unskilled |
| End Tm Intake | 14:00 |
| Family Members | (Mother, Father and 6 siblings) |
| Family Structure | single |
| Fiscal Resources | SSDI, Medicare |
| Guardianship | full |
| Legal Status | 01 None (1991 conviction of possession revoked |

**1455**

EXHIBIT 32 Page 29



# Assessments

## DALLAS METROCARE
SERVICES

Report From:   January 1, 1999   To   December 31, 2005   Run Date: SEP-14-10 12:55:35

| | | |
|---|---|---|
| Name:   JONES, DEBRA K. | Admit Date:   Oct. 19, 1998 | Assignned Staff: SNYDER, ELLIOTT H. |
| Birth Date:  Feb. 17, 1963 | Patient Id:   0000000000176204 | Assignment Start: May. 3, 1999 |
| Age:   47 Years   Sex: Female | Medical Record:   00176204 | Assignment End:  Jun. 14, 1999 |

Chart Date: 09/27/00 13:10      Clinician: EDWARDS, CATHY D. QMHP
Social History

| | |
|---|---|
| Legal Status | probation and served 6 mos on two years released 1997.) |
| Leisure Interest | few interests |
| Months Employed | 0 |
| No Military Hx | |
| PHYS HLTH IMPACT - Accomplishd less | No  0 |
| PHYS HLTH IMPACT - Limitd kind/work | No  0 (Client reports she con not work due to her mental and physical disability.) |
| PHYS HLTH IMPACT - Time at work | No  0 |
| PHYS HLTH IMPACT - Work Performance | No  0 |
| Residence Status | lives w/family |
| Service Provided | nonLPHA assesmnt |
| Sexual Orientatn | heterosexual |
| Special Educatn | other |
| Start Tm Intake | 13:15 |
| Victimization Hx | D  three+ times |
| Why Left LasUob | fired |
| Why Not Employed | 01health reasons |

Chart Date: 10/04/00 09:10      Clinician: JOINER, JAMES M. MD
BPRS Chart

| | |
|---|---|
| Anxiety | 4 |
| BPRS TOTAL SCORE | 33 |
| Bizarre Behavior | 1 |
| Blunted Affect | 2 |
| Concept'l Disorg | 1 |
| Confid in Assess | mod confidence |
| Depression | 3 |
| Disorientation | 1 |
| Distractibility | 1 |
| Elevated Mood | 1 |
| Emotnl Withdrawl | 2 |
| Excitement | 1 |
| Grandiosity | 1 |
| Guilt | 1 |
| Hallucinations | 1 |
| Hostility | 2 |
| Mannersm&Posture | 1 |
| Motor Hyperactiv | 1 |
| Motor Retardatin | 1 |
| Self-Neglect | 1 |
| Somatic Concern | 2 |



# DALLAS
## METROCARE
### S E R V I C E S

# Assessments

Report From:   January 1, 1999   To   December 31, 2005   Run Date: SEP-14-10 12:55:35

| | | | |
|---|---|---|---|
| Name: | JONES, DEBRA K. | Admit Date: | Oct. 19, 1998 | Assigned Staff: SNYDER, ELLIOTT H. |
| Birth Date: | Feb. 17, 1963 | Patient Id: | 0000000000176204 | Assignment Start: May. 3, 1999 |
| Age: | 47 Years | Sex: Female | Medical Record: 00176204 | Assignment End: Jun. 14, 1999 |

Chart Date: 10/04/00 09:10     Clinician: JOINER, JAMES M. MD
 BPRS Chart

| | |
|---|---|
| Source of Info | individual |
| Suicidality | 1 |
| Suspiciousness | 1 |
| Tension | 1 |
| Uncooperative | 1 |
| Unusual Thoughts | 1 |

Chart Date: 10/04/00 13:30     Clinician: GARDNER, EVE M. QMHP
 BPRS Chart

| | |
|---|---|
| Anxiety | 4 |
| BPRS TOTAL SCORE | 43 |
| Bizarre Behavior | 1 |
| Blunted Affect | 1 |
| Concept'l Disorg | 3 |
| Confid in Assess | very confident |
| Depression | 4 |
| Disorientation | 1 |
| Distractibility | 2 |
| Elevated Mood | 1 |
| Emotnl Withdrawl | 1 |
| Excitement | 1 |
| Grandiosity | 1 |
| Guilt | 1 |
| Hallucinations | 5 |
| Hostility | 3 |
| Mannersm&Posture | 1 |
| Motor Hyperactiv | 1 |
| Motor Retardatin | 1 |
| Self-Neglect | 1 |
| Somatic Concern | 1 |
| Source of Info | individual |
| Suicidality | 1 |
| Suspiciousness | 4 |
| Tension | 2 |
| Uncooperative | 1 |
| Unusual Thoughts | 1 |

Conclusions/Plan

| | |
|---|---|
| Admission GAF | 40 |
| Axis I | (295.70 SCHIZOAFFECTIVE DISORDER, BIPOLAR TYPE) |
| Axis II | (799.9 DEFERRED) |
| Axis III | (401.9 HYPERTENSION) |
| Axis IV | A   support grp, B social environ, I othr psychsocl |

EXHIBIT 32 Page 31



# Assessments

**DALLAS METROCARE SERVICES**

Report From:   January 1, 1999   To   December 31, 2005   Run Date: SEP-14-10 12:55:35

| Name: | JONES, DEBRA K. | | Admit Date: | Oct. 19, 1998 | Assionned Staff: SNYDER, ELLIOTT H. |
|---|---|---|---|---|---|
| Birth Date: | Feb. 17, 1963 | | Patient Id: | 0000000000176204 | Assignment Start: May. 3, 1999 |
| Age: | 47 Years | Sex: Female | Medical Record: | 00176204 | Assignment End: Jun. 14, 1999 |

Chart Date: 10/04/00 13:30     Clinician: GARDNER, EVE M. QMHP

| Conclusions/Plan | | |
|---|---|---|
| | Best GAF/past yr | 40 |
| | Consent for Svcs | svcs explained, form signed |
| | Consumer Rights | explained, hardcopy given, form signed |
| | Formulation | (37 YR. OLD BLACK FEMALE PRESENTS WITH A/H, V/H, T/H AND ANXIETY.  PT. REPORTS SOME DEPRESSION AND MANIC BEHAVIOR IN THE PAST MONTH.) |
| | Initial Svc Plan | |
| **Developmental HX** | | |
| | Highest Ed Levl | |
| **Drug Reactions** | | |
| | Unknown/Unspec. | (PT. ALLERGIC TO PENECILLIN) |
| **Family** | | |
| | Consumer - History of | schizophrenia |
| | Cousin - History of | mental illness |
| | Father - History of | alcohol abuse, domestic violenc |
| | Mother - History of | victm of aggrssn |
| | Sister(s) - History of | alcohol abuse, drug abuse, victm of aggrssn |
| **Medical HX** | | |
| | # In Last 12 mo. - Hosp/CD nondetox | 0 |
| | # In Last 12 mo. - Hospit./CD detox | 0 |
| | # In Last 12 mo. - Hospitalized/MH | 0 |
| | # In Last 12 mo. - Outpatient Tx | 1 |
| | Caffeine Use | other (COKES) |
| | Cups per Day | 2 |
| | DX INDICATOR - Chemical Dependn | No  0 |
| | DX INDICATOR - Dual Diagnosis | No  0 |
| | DX INDICATOR - Seriously ED | No  0 |
| | DX INDICATOR - Substance Abuse | No  0 |
| | General Health | 03 good |
| | Packs/Day | 2 |
| | Tobacco Use | cigarettes |
| | Total # Episodes - Hosp/CD nondetox | 0 |
| | Total # Episodes - Hospit./CD detox | 0 |
| | Total # Episodes - Hospitalized/MH | 1 |
| | Total # Episodes - Outpatient Tx | 1 |
| | Years Used | 16 |
| **Medications** | | |
| | Current Meds: | (RISPERDOL 2MG BID, PROZAC 20MG QAM, VIT E 1000 QD) |
| | Type/Prev.Meds | antipsychotic, antidepressant |



## DALLAS
## METROCARE
SERVICES

# Assessments

Report From:   January 1, 1999   To   December 31, 2005   Run Date: SEP-14-10 12:55:35

| | | | | | |
|---|---|---|---|---|---|
| Name: | JONES, DEBRA K. | | Admit Date: | Oct. 19, 1998 | Assionned Staff: SNYDER, ELLIOTT H. |
| Birth Date: | Feb. 17, 1963 | | Patient Id: | 0000000000176204 | Assignment Start: May. 3, 1999 |
| Age: | 47 Years | Sex: Female | Medical Record: | 00176204 | Assignment End: Jun. 14, 1999 |

Chart Date: 10/04/00 13:30          Clinician: GARDNER, EVE M. QMHP

**Presenting Information**

| | | |
|---|---|---|
| | Anxiety | (PT. GETS ANXIOUS WHEN AROUND MORE THEN 3 OR 4 PEOPLE.  PT. GETS NERVOUS WHEN PEOPLE TALK TO HER.) |
| | Chief Complaint | ("I HAVE DEPRESSION AND I HEAR VOICES. WHEN I CAN UNDERSTAND THE VOICES THEY GIVE ME MESSAGES LIKE 'WATCH OUT FOR THE POLICE'.  I USED TO HEAR THE T.V. TALK, BUT NOT ANYMORE.") |
| | Depression | (PT. REPORTS HAVING DECREASED ENERGY AND FEELING FATIGUED MOST OF THE TIME IN THE PAST 3 WEEKS.  PT. IS SLEEPING APPROX. 4 OR 5 HOURS A NIGHT.  PT. REPORTS HAVING FEELINGS OF SADNESS.) |
| | Lngth Curent S/S | 10 Year(s) |
| | Mania | (PT. DESCRIBED A MANIC EPISODE WHICH LASTED FOR ABOUT 2 OR 3 WEEKS AND OCCURRED ABOUT 3 WEEKS AGO.  THE PT. DESCRIBED HAVING DECREASED NEED FOR SLEEP (1 OR 2 HR. PER NIGHT), BEING MORE TALKATIVE THAN USUAL, INFLATED SELF-ESTEEM, RACING THOUGHTS) |
| | Other Dx Info | anx most days, decreased energy, hallucinates qd, halluc all day, Sx interfer/life |
| | Psychosis | (PT. REPORTS HEARING VOICES DAILY.  PT. REPORTS SEEING SHADOWS IN THE CORNER OF HER EYE AT TIMES.  PT. HAS HX. OF SEEING PEOPLE THAT TALK TO HER THAT WEREN'T THERE.  PT. FEELS PINS STICKING HER CHEST, NAVAL AND FACE.  DENIES O/H. PLANES TALK TO HER.) |
| | Substance Use | (PT. REPORTS HAVING NO HX. OF DRUG OR ALCOHOL ABUSE.  PT. REPORTS TAKING AN HOUR TO DRINK 7 OUNCES OF BEER WHICH SHE RARELY DOES.) |

**Psych Assessment**

| | | |
|---|---|---|
| | Prev episode 1 - Adm Dt | 1995 |
| | Prev episode 1 - Admit Status | involuntary |
| | Prev episode 1 - Name of Site | Vernon St Hosp |
| | Prev episode 1 - Reason/Episode | psychosis |
| | Prev episode 1 - Treatment Site | state psych hosp |
| | Prev episode 1 - Treatment Type | inpatient tx |
| | Prev episode 1 - Tx Length | 6 Month(s) |

**Risk Assessment**

| | | |
|---|---|---|
| | Current - Aggression | denies homicidal |
| | Current - Suicidality | denies suicidal |
| | Homicid Attempts | 0 |

EXHIBIT 32 Page 33



**DALLAS METROCARE** SERVICES

# Assessments

Report From:   January 1, 1999   To   December 31, 2005   Run Date: SEP-14-10 12:55:35

| | | |
|---|---|---|
| Name:   JONES, DEBRA K. | Admit Date:   Oct. 19, 1998 | Assionned Staff: SNYDER, ELLIOTT H. |
| Birth Date: Feb. 17, 1963 | Patient Id:   0000000000176204 | Assignment Start: May. 3, 1999 |
| Age:   47 Years   Sex: Female | Medical Record:   00176204 | Assignment End:  Jun. 14, 1999 |

Chart Date: 10/04/00 13:30      Clinician: GARDNER, EVE M. QMHP

**Risk Assessment**

| | | |
|---|---|---|
| | In past - Aggression | aggrssn/property, aggrssn to othrs, homicidal ideas (PT. REPORTS HX. OF TROWING BRICKS AND BOTTLES AT PEOPLE. PT. HAS BAD RELATIONSHIP WITH SISTER AND HAS THOUGHT ABOUT KILLING HER BEFORE.) |
| | In past - Suicidality | suicidal ideas |
| | OCD | (DENIES) |
| | Personality Dis | (DEFERRED) |
| | Suicide Attempts | 0 |

**Service Reporting**

| | | |
|---|---|---|
| | NorthSTAR Fields | were completed |

**Social History**

| | | |
|---|---|---|
| | # Children | 3 |
| | # Divorce | 0 |
| | # Marriages | 0 |
| | Arrest #1 - Disposition | probation, incarcerated |
| | Arrest #1 - Type of Arrest | felony/property (1990:  PT. ARRESTED FOR POSSESSION OF CRACK) |
| | Arrest #2 - Disposition | incarcerated |
| | Arrest #2 - Type of Arrest | misdemeanor/prop (1999:  PT. ARRESTED FOR OUTSTANDING TICKETS.) |
| | Arrests / 12mo's | 0 |
| | Arrests / 30days | 0 |
| | Child Custody | (PT. HAD 2 SONS TAKEN AWAY THROUGH CPS IN EARLY 80s.  PT. DID KEEP CUSTODY OF 3RD CHILD (DAUGHTER).  SHE IS NOW 19 AND LIVING ON HER OWN.) |
| | DX INDICATOR - SMI | Yes 1 |
| | Days Employed | 0 |
| | Employment Type | (PT. WORKED IN FOOD SERVICE, BUT HASN'T WORKED FOR OVER 10 YEARS.) |
| | End Tm Intake | 15:30 |
| | Family Members | (PT. HAS 3 SISTERS AND 2 BROTHERS AND A MOTHER STILL LIVING. PT. HAS A GOOD RELATIONSHIP WITH MOM, BUT DOESN'T TALK TO SIBLING VERY OFTEN.) |
| | Family Structure | single |
| | Legal Status | 01 None |
| | Months Employed | 0 |
| | PHYS HLTH IMPACT - Accomplishd less | No  0 |
| | PHYS HLTH IMPACT - Limitd kind/work | No  0 |
| | PHYS HLTH IMPACT - Time at work | No  0 |
| | PHYS HLTH IMPACT - Work | No  0 |

EXHIBIT 32 Page 34



# Assessments

DALLAS
METROCARE
S E R V I C E S

Report From:    January 1, 1999    To   December 31, 2005    Run Date: SEP-14-10 12:55:35

| Name: | JONES, DEBRA K. | | Admit Date: | Oct. 19, 1998 | Assionned Staff: SNYDER, ELLIOTT H. |
|---|---|---|---|---|---|
| Birth Date: | Feb. 17, 1963 | | Patient Id: | 0000000000176204 | Assignment Start: May. 3, 1999 |
| Age: | 47 Years | Sex: Female | Medical Record: | 00176204 | Assignment End:  Jun. 14, 1999 |

Chart Date: 10/04/00 13:30          Clinician: GARDNER, EVE M. QMHP
 Social History

| | |
|---|---|
| Residence Status | lives alone |
| Service Provided | nonLPHA assesmnt |
| Start Tm Intake | 13:30 |
| Victimization Hx | D  three+ times (PT. WAS PHYSICALLY, EMOTIONALLY, AND SEXUALLY ABUSED BY FATHER WHEN SHE WAS 3 TO AGE 6.) |
| Why Not Employed | 01health reasons (MENTAL ILLNESS) |





# Progress

Report From:   January 1, 1999   To   December 31, 2005   Run Date: SEP-14-10 12:57:11

| | | |
|---|---|---|
| Name:   JONES, DEBRA K. | Admit Date:   Oct. 19, 1998 | Assionned Staff: SNYDER, ELLIOTT H. |
| Birth Date:  Feb. 17, 1963 | Patient Id:   0000000000176204 | Assignment Start: May. 3, 1999 |
| Age:   47 Years   Sex: Female | Medical Record:   00176204 | Assignment End:  Jun. 14, 1999 |

---

Chart Date: 01/10/00 15:30          Clinician:   RODRIGUEZ,EFRAIN

| | | |
|---|---|---|
| Service Reporting | End Tm Coord | 15:35 |
| | Start Tm Coord | 15:30 |
| Presenting Information | Charting To | psych illness, medical illness |
| | Contact with | individual |
| | Residence Code | other |
| | Setting(s) | office |
| | Type of Contact | phone call to, other (written letter) |
| Actions/Referral | Interventions | ensure svc deliv, monitoring/FU (Client was called regarding missed appt on 1/5/00. Also, letter was sent advising that she call the clinic ASAP to reschedule.) |

Chart Date: 03/26/01 15:40          Clinician:   CALABRO, SARA C. LMFT

| | | |
|---|---|---|
| Service Reporting | End Tm Coord | 15:54 |
| | Start Tm Coord | 15:40 |
| | Svc Coord F-to-F | w/individual |
| | Svc Coord Phone | w/othr collaterl |
| Presenting Information | Charting To | psych illness, beh/psychosocial |
| | Contact with | individual |
| | Individual | ("I have an appointment today, but they will not let me see the doctor until I see you." Consumer was flagged med only and states that she did not receive a letter from DMS.) |
| | Setting(s) | office |
| | Type of Contact | office appt |
| Actions/Referral | Interventions | linked/new svc, monitoring/FU, consultation (called VO and got a referral to Hunt County MHMR for consumer.  Called Hunt County MHMR and gave consumer an appointment for 4-10-01.  Consumer will see Dr. Tan to get two weeks of medication before her appointment.) |

Chart Date: 09/27/00 13:10          Clinician:   EDWARDS, CATHY D. QMHP

| | | |
|---|---|---|
| Service Reporting | Additional Coord | monitoring, advocacy, linkage |
| | Start Tm Add'l | 13:15 |
| | Total Tm Add'l. | 45min |
| Presenting Information | Charting To | psych illness, beh/psychosocial |
| | Contact with | other |
| | Residence Code | other |
| | Setting(s) | office |
| | Type of Contact | other |
| Actions/Referral | Interventions | ensure svc deliv, linked/new svc, monitoring/FU |

EXHIBIT 32 Page 36

1463

**REQUEST FOR PAYMENT BY APPOINTED COUNSEL**

Fund (5) - Dept (4) - Acct (6) - Year (4)

THE STATE OF TEXAS § IN THE 282 DISTRICT COURT
vs. GARY GREEN § OF DALLAS COUNTY, TEXAS

Appointment Date: 9/23/09   Disposition Date: 11/5/10   Partial/Supplemental Payment Request: YES / NO

Date of Initial Contact: ___   Dates of Jail Visits: ___

OFFENSE: CAPITAL MURDER   CASE NO. F09-59380   GRADE: CAPITAL DEATH PENALTY   AUDIT NO.:

I UNDERSTAND THAT I MAY BE COMPENSATED UNDER SECTION "A" BELOW ONLY IF THE CASE HAS BEEN FINALLY DISPOSED OF EITHER BY A DISMISSAL, PLEA, TRIAL, CONTINUATION OF COMMUNITY SUPERVISION, OR COMPETENCY DISPOSITION. I FURTHER UNDERSTAND THAT WHEN I AM COMPENSATED UNDER SECTION "A" BELOW, I AM NOT REQUIRED TO LIST THE LEGAL SERVICES PROVIDED. ONLY IF THERE ARE EXCEPTIONAL CIRCUMSTANCES IN THE CASE MAY ADDITIONAL COMPENSATION BE REQUESTED AS PROVIDED IN SECTION "C".

This case has been finally disposed of in the following manner (circle one):

DISMISSAL — AGREED PLEA — OPEN PLEA — JURY TRIAL — TBC — REVOCATION HEARING — COMPETENCY HEARING

☐ A. I request standard compensation for this case as follows (check one):
- ☐ PROBATION VIOLATION .......$270      ☐ STATE JAIL/3RD DEGREE FELONY......$360
- ☐ 2ND DEGREE FELONY ..........$450      ☐ 1ST DEGREE FELONY/MINI-CAP ..........$540
- ☐ CONTESTED TRIAL ................☐ $720 (Full day) .......☐ $360 (Half day)
- ☐ COMPETENCY HEARING ........☐ $540 (Contested) ....☐ $270 (Agreed)

☐ B. I request additional compensation (at the rate of $90 per hour) in the amount of $_____ for services performed. If I am requesting additional compensation, or if I am requesting compensation for services performed prior to counsel being retained, I must attach the form entitled "Detailed List of Legal Services Provided."

☑ C. Death Penalty Case. I request compensation at the rate of $150.00 per hour in the amount of $ 59,512.50 for services performed and/or $_____ for voir dire and each day of trial as listed on the attached "Detailed List of Legal Services Provided." see attached invoice.

☐ D. Appeal. I request compensation (at the rate of $90 per hour) in the amount of $_____ for services performed as listed on the attached "Detailed List of Legal Services Provided."

☐ E. Writ. I request compensation (at the rate of $90 per hour) in the amount of $_____ for services performed as listed on the attached "Detailed List of Legal Services Provided."   Search Made for previous payment By ___

☐ F. I request payment for expert witness/investigator expenses in the amount of $_____ for services performed as listed on the attached itemized bill.

**TOTAL AMOUNT REQUESTED: $ 59,512.50    COURT APPROVED AMOUNT: $ 59,512.50**

**AFFIRMATION**

I, the undersigned attorney, am appointed to represent the above-named defendant and am requesting payment in accordance with the laws of the State of Texas. I further affirm to the truth and correctness to the information stated above, and that I have not received any other monies or anything else of value for said services.

_____, Attorney at Law.   Date: 1/18/11

ATTORNEY INFORMATION (Print):   (For Auditor Use Vendor I.D. _____)

Name PAUL J JOHNSON   State Bar No. 10778230

Mailing Address: 1825 MARKET CENTER BLVD #320, DALLAS, TX
Number   Street   Suite   City   State   Zip 75207

Telephone 214 761 0707   Soc. Sec. No. _____   (Not required if S.S. number is on file with County Auditor's Office)

TO THE COMMISSIONERS COURT OF DALLAS COUNTY, TEXAS:

I the undersigned Judge of Dallas County, Texas do hereby certify that the defendant in the above cause(s) has on file with this court an affidavit reflecting indigency and an inability to afford counsel, that the attorney shown above has been appointed to represent the defendant and that said attorney is entitled under Article 26.05, Texas Code of Criminal Procedure to be paid from the General Fund of Dallas County, Texas, for services performed in the amount shown above.

1/20/11
Date   Judge

Reason for Denial or variation: ☐ Request exceeds flat rate. ☐ Request exceeds hourly rate. ☐ Other, see attached.   **1464**

EXHIBIT 33 Page 1

### STATE OF TEXAS VS GARY GREEN
### Cause No. F09-59380
### 282nd Judicial District Court

| DATE | ACTIVITY | HOURS |
|------|----------|-------|
| 09/23/09 | Appt'd to represent Defendant (D), conf w/ Judge (J), District Attorney (DA), Jail visit w/ D | 4.5 |
| 09/24 | Review media coverage of case | 1.5 |
| 09/24 | conf w/ D's family | 1.0 |
| 09/25 | conf w/ DA, review of case | 1.0 |
| 10/06 | conf w DA re: examing trial | 1.0 |
| 10/16 | Examining Trial, conf w/ DA | 1.5 |
| 10/27 | conf w/ DA re status re: grand jury | 1.0 |
| 11/11 | conf w/ DA re status of seeking death penalty | 1.5 |
| 11/17 | conf w/ D's family ; case review | 1.5 |
| 11/18 | 1st setting, conf w/ DA | 1.0 |
| 11/25 | Jail visit w/ D, review of case | 1.5 |
| 12/08 | conf w/ DA re DNA samples | 1.0 |
| 12/11 | Court Hearing on DNA samples, conf w/ attys | 2.5 |
| 12/16 | conf w/ Ds mom re; case status | .5 |
| 1/5/10 | review and preparation of motions | 1.5 |
| 1/06 | conf w attys re: motions, review e-mail (REM) re: death penalty motions | 2.0 |
| 1/12 | conf w/ Brady Wyatt (BW) re case status | 2.0 |
| 1/13 | jail visit w/ D re case status and state's seeking DP | 1.5 |
| 1/20 | conf w/ BW re motions, case status | 1.0 |
| 1/21 | conf w/ Dr. Kelly Goodness (KG) office re mitigation work on case, necessary motions, REM re motions and orders for retainer | 1.5 |
| 1/28 | court appearance, atty conference | 1.5 |
| 2/5 | conf w/ KG re mitigation | .5 |
| 2/10 | conf w/ J, Andy Beach (AB), re hearing on 2/11 | 1.0 |
| 2/11 | hearing on state's motion of intent to seek DP, scheduling conference | 1.25 |
| 2/23 | conf w/ AB an DA Inv, receipt of discovery | 1.5 |
| 2/25 | review of discovery | 4.5 |
| 2/27 | review of discovery | 6.5 |
| 3/2 | conf w/ co counsel re case status and discovery | 1.0 |



| 3/5 | conf w/ AB re discovery and case status/ scheduling conference w/ co-counsel Kobby Warren (KW) | 1.25 |
| 3/6 | review discovery | 6.0 |
| 3/10 | court appearance and atty conference | .75 |
| 3/20 | discovery review | 5.5 |
| 3/24 | meet w/ DA inv re discovery and duplication of materials | 2.0 |
| 3/25 | conf w/ AB re discovery and trial scheduling | 1.5 |
| 3/29 | conf w/ AB re discovery | .5 |
| 3/30 | preparation and duplication of discovery for co -counsel | 6.5 |
| 4/1 | conf w/ KG re discovery materials and mitigation | 1.0 |
| 4/5 | conf with investigator Jeff Gardner (JG) re case | .75 |
| 4/6 | conf w/ AB re possible trial dates | 1.0 |
| 4/9 | conf w/ KG office, REM from KG | 1.0 |
| 4/12 | conf w/ Judge re ex parte motions and orders, conf w KG preparation of motions and orders | 3.0 |
| 4/12 | transcribe Ds confession | 4.25 |
| 4/13 | ex parte conf w/ Judge, conf w/ DAs re scheduling | .75 |
| 4/16 | transcribe witness interviews from video | 4.0 |
| 4/17 | transcribe witness interviews from videos | 9.0 |
| 4/19 | conf w/ KG | .50 |
| 4/19 | REM re: Dr. Gilbert Martinez (GM) as psych expert | 1.0 |
| 4/21 | conf w/ KG, REM from KG | .75 |
| 4/23 | REM from KG re: initial neuropsych testing | 1.5 |
| 4/24 | REM from KG re initial records review | 1.25 |
| 4/25 | review discovery and mitigation | 3.5 |
| 5/3 | rem from KG re: neuropsych | .25 |
| 5/3 | rem from Wes Parks (WP), Dr. Goodness' asst | .25 |
| 5/5 | conf w/ KG | .50 |
| 5/5 | rem from GM | .25 |
| 5/7 | conf w/ KG re mitigation | .25 |
| 5/8 | review mitigation reports and status | 2.5 |
| 5/10 | rem from KG, t/c to KG, rem from GM | .75 |
| 5/13 | rem from KG re billing | .25 |
| 5/14 | rem from KG to GM re psych status | .25 |
| 5/19 | rem from Wes Parks (WP) re records request | 1.0 |
| 5/22 | review discovery materials/ prep trial notebook | 6.0 |
| 5/27 | review discovery materials/ prep trial notebook | 3.0 |
| 6/8 | conf w/ KG re mitigation | .5 |
| 6/11 | rem from WP re meeting with Ds family | .25 |
| 6/14 | meeting w/ Ds family re case status | 1.25 |

| 6/15 | rems from KG and GM | .25 |
| 6/19 | review discovery and mitigation materials | 4.25 |
| 6/21 | rem from KG, t/c to KG re GMs status and report | .25 |
| 6/23 | rem from KG re Ds psych and school records | 1.0 |
| 6/30 | rem from KG, t/c with KGs office re discovery | .25 |
| 7/1 | conf with co counsel re case status | 2.0 |
| 7/6 | review of KG analysis of Ds jail psych and timberlawn rec | 3.75 |
| 7/7 | conf w/ KG, rem from KG, rem from GM | .75 |
| 7/8 | review Ds psych evaluation, rem from KG, conf w/ KG re Dr. David Self (DS) | 2.0 |
| 7/9 | conf w KG, BW, and collateral interviews in field | 7.0 |
| 7/12 | review of mitigation and review of email re; collateral witness interviews | 4.0 |
| 7/16 | pretrial conference | 2.0 |
| 7/21 | conf w/ KG | .25 |
| 7/22 | conf w/ DA re special venire | 1.0 |
| 7/23 | Special Venire (am and pm), conf w/ attys | 8.0 |
| 7/28 | conf w/ Dr. Kristy Compton re competency exam | .75 |
| 7/29 | prepare motions and orders for Dr. Compton | 1.25 |
| 7/30 | conf w J re ex parte motions and orders | .50 |
| 8/2 | preparation and collection of materials for Pre trial motions | 7.5 |
| 8/3 | preparation of pretrial motions and table of contents | 5.5 |
| 8/4 | review of discovery materials and mitigation materials | 7.0 |
| 8/5 | conf w Josh Healy (JH) and BW re discovery, scheduling and voir dire | 2.0 |
| 8/6 | conf w/ GM re MRI exam of D | .75 |
| 8/6 | conf w/ JH, BW re Questionaires | .75 |
| 8/6 | conf w/ Dr. Compton re Ds competency | .50 |
| 8/7 | conf w/ co counsel re Questionaires | 1.5 |
| 8/7 | read and grade Questionaires | 3.5 |
| 8/8 | read and grade Questionaires | 6.5 |
| 8/9 | conf w/ JH re jurors | .25 |
| 8/9 | conf w/ BW, KW re Qs | 1.0 |
| 8/9 | discovery review, read Qs | 7.25 |
| 8/10 | rem from KG re Dr. Self | .25 |
| 8/10 | conf w/ JH and JenBen, trade Jurors | 1.75 |
| 8/10 | read Qs | 2.00 |
| 8/10 | review discovery and Questionaires (Qs) | 3.00 |
| 8/11 | conf w John Tatum re appealate and constitutional motions | 2.75 |

**1467**

EXHIBIT 33 Page 4

| | | |
|---|---|---|
| 8/11 | conf w/ KG re mitigation and collateral interviews | 4.0 |
| 8/11 | call up extra jurors to fill out Qs | 6.25 |
| 8/12 | ex parte motion for MRI, trip to Sheriffs dept | 1.5 |
| 8/16 | conf w/ co counsel and investigator re witness status | 2.5 |
| 8/16 | discovery review | 2.0 |
| 8/17 | conf w/ Dr. Self re Ds psych status | 1.5 |
| 8/17 | review of voir dire materials | 3.0 |
| 8/18 | confs w/ KG and Investigator Jeff Gardner re mitigation and witness location | 4.25 |
| 8/20 | rem from KG re: Dr Graysmith as expert | .25 |
| 8/20 | conf w/ KG , Dr. Self and BW;  conf w Carolyn Foster at Parkland re MRI | 4.5 |
| 8/22 | review prior voir dire transcripts, review voir dire legal materials, read Qs | 9.0 |
| 8/23 | voir dire, conf w/ co counsel, read Qs | 10.0 |
| 8/24 | voir dire, conf w/ co counsel | 10.5 |
| 8/25 | voir dire, conf w/ co counsel, read Qs | 11.0 |
| 8/26 | voir dire, conf w/ co counsel, juror reviews | 10.5 |
| 8/26 | conf w/ KG re Dr graysmith, rem re orders | .25 |
| 8/28 | review of discovery and trial notebook | 2.5 |
| 8/29 | preparation for voir dire and case review | 3.5 |
| 8/30 | voir dire, case review | 11.0 |
| 8/31 | voir dire, case review | 10.5 |
| 9/1 | voir dire, juror and case review | 10.5 |
| 9/1 | conf w/ KG | .5 |
| 9/2 | voir dire, juror and case review | 9.5 |
| 9/5 | mitigation and discovery review | 2.0 |
| 9/6 | case review and voir dire preparation | 2.5 |
| 9/7 | voir dire, juror and case review | 10.5 |
| 9/8 | voir dire, juror and case review | 9.5 |
| 9/9 | voir dire, juror and case review | 11.0 |
| 9/10 | voir dire, juror and case review | 9.5 |
| 9/11 | review discovery and mitigation materials | 4.0 |
| 9/12 | review trial notebook and Qs | 3.0 |

**TOTAL HOURS THROUGH 9/12/10-**          **396.75 hours**

## 1468

EXHIBIT 33 Page 5

## REQUEST FOR PAYMENT BY APPOINTED COUNSEL

THE STATE OF TEXAS          §    IN THE _282_ DISTRICT COURT _____
VS. GARY GREEN              §    OF DALLAS COUNTY, TEXAS

Appointment Date: 9/23/09 Disposition Date: 11/5/10    Partial/Supplemental Payment Request: YES/NO

Date of Initial Contact: _____ Dates of Jail Visits: _____

OFFENSE: CAPITAL MURDER    CASE NO.: F09 59380 CAPITAL    GRADE: DEATH PENALTY    AUDIT NO.: _____

I UNDERSTAND THAT I MAY BE COMPENSATED UNDER SECTION "A" BELOW ONLY IF THE CASE HAS BEEN FINALLY DISPOSED OF EITHER BY A DISMISSAL, PLEA, TRIAL, CONTINUATION OF COMMUNITY SUPERVISION, OR COMPETENCY DISPOSITION. I FURTHER UNDERSTAND THAT WHEN I AM COMPENSATED UNDER SECTION "A" BELOW, I AM NOT REQUIRED TO LIST THE LEGAL SERVICES PROVIDED. ONLY IF THERE ARE EXCEPTIONAL CIRCUMSTANCES IN THE CASE MAY ADDITIONAL COMPENSATION BE REQUESTED AS PROVIDED IN SECTION "B".

This case has been finally disposed of in the following manner (circle one):

DISMISSAL — AGREED PLEA — OPEN PLEA — JURY TRIAL — TBC — REVOCATION HEARING — COMPETENCY HEARING

- ☐ A.  I request standard compensation for this case as follows (check one):
    - ☐ PROBATION VIOLATION ...... $270       ☐ STATE JAIL/3RD DEGREE FELONY ...... $360
    - ☐ 2ND DEGREE FELONY .......... $450       ☐ 1ST DEGREE FELONY/MINI-CAP .......... $540
    - ☐ CONTESTED TRIAL ................ ☐ $720 (Full day) ....... ☐ $360 (Half day)
    - ☐ COMPETENCY HEARING ........ ☐ $540 (Contested) .... ☐ $270 (Agreed)

- ☐ B.  I request additional compensation (at the rate of $90 per hour) in the amount of $_____ for services performed. If I am requesting additional compensation, or if I am requesting compensation for services performed prior to counsel being retained, I must attach the form entitled *"Detailed List of Legal Services Provided."*

- ☒ C.  Death Penalty Case. I request compensation at the rate of $150.00 per hour in the amount of $ 67,350 for services performed and/or $_____ for voir dire and each day of trial as listed on the attached *"Detailed List of Legal Services Provided."*   See attached statement

- ☐ D.  Appeal. I request compensation (at the rate of $90 per hour) in the amount of $_____ for services performed as listed on the attached *"Detailed List of Legal Services Provided."*   MAR 08 2011  SR

- ☐ E.  Writ. I request compensation (at the rate of $90 per hour) in the amount of $_____ for services performed as listed on the attached *"Detailed List of Legal Services Provided."*

- ☐ F.  I request payment for expert witness/investigator expenses in the amount of $_____ for services performed as listed on the itemized bill.

TOTAL AMOUNT REQUESTED: $ 67,350       COURT APPROVED AMOUNT: $ 67,350.00

### AFFIRMATION

I the undersigned attorney, am appointed to represent the above-named defendant and am requesting payment in accordance with the laws of the State of Texas. I further affirm to the truth and correctness to the information stated above, and that I have not received any other monies or anything else of value for said services.

_____, Attorney at Law.    Date: 2/25/11

ATTORNEY INFORMATION (Print):                    (For Auditor Use Vendor I.D. _____)

Name PAUL J. JOHNSON    State Bar No. 10778230

Mailing Address: 1825 MARKET CENTER BLVD #320, DALLAS, TX 75207
               Number    Street    Suite    City    State    Zip

Telephone: 214 761 0707    Soc. Sec. No. _____ (Not required if S.S. number is on file with County Auditor's Office)

TO THE COMMISSIONERS COURT OF DALLAS COUNTY, TEXAS:

I the undersigned Judge of Dallas County, Texas do hereby certify that the defendant in the above cause(s) has on file with this court an affidavit reflecting indigency and an inability to afford counsel, that the attorney shown above has been appointed to represent the defendant and that said attorney is entitled under Article 26.05, Texas Code of Criminal Procedure, to be paid from the General Fund of Dallas County, Texas, for services performed in the amount shown above.

2/25/11
Date                    Judge

Reason for Denial or variation: ☐ Request exceeds flat rate. ☐ Request exceeds hourly rate. ☐ Other, see attached.

1469

EXHIBIT 33 Page 6



### STATE OF TEXAS VS GARY GREEN
#### Cause No. F09-59380
#### 282nd Judicial Court

| DATE | ACTIVITY | HOURS |
|------|----------|-------|
| 9/13/09 | voir dire, conf w/ co counsel, juror and case review | 10.5 |
| 9/14 | voir dire, juror and case review | 9.0 |
| 9/15 | voir dire, juror and case review | 9.5 |
| 9/16 | voir dire, juror and case review, conf w co counsel | 9.5 |
| 9/20 | voir dire, juror and case review | 10.0 |
| 9/21 | voir dire, review new Questionnaires (Qs) | 12.0 |
| 9/22 | voir dire, juror and case review | 9.0 |
| 9/23 | voir dire, juror and case review | 9.5 |
| 9/24 | conf w/ KG | 1.0 |
| 9/24 | review of mitigation files | 3.5 |
| 9/25 | review of mental health files, research on same | 4.0 |
| 9/26 | review trial notebook, Qs, mental health issues | 6.5 |
| 9/27 | voir dire, conf w/ KG, multiple witness interviews | 13.0 |
| 9/28 | voir dire, juror and case review, conf w/ co counsel | 11.5 |
| 9/29 | voir dire, review trial notebook, juror review | 11.0 |
| 9/30 | voir dire, conf w/ KG, juror and case review | 11.5 |
| 10/1 | discovery review, read juror Qs, conf w/ S.O. Woods (SOW) re expert testimony and trip to Huntsville, preparation of ex parte motions and orders | 7.5 |
| 10/2 | review of materials re: psycopathy | 4.0 |
| 10/3 | research and review of materials re; schizoaffective d/o and related diagnosis | 5.5 |
| 10/4 | voir dire, juror and case review | 10.5 |
| 10/5 | Pre trial hearing and voir dire, juror and case review, conf w/ KG, conf w/ SOW | 10.0 |
| 10/6 | voir dire, conf w/ co counsel, juror and case review, conf w/ SOW | 11.0 |
| 10/7 | voir dire , juror and case review, mitigation prep | 8.5 |
| 10/8 | research and review re: mental health issues | 4.5 |
| 10/9 | preparation re mitigation witnesses | 3.5 |
| 10/10 | review and prep of mitigation case, conf w/ SOW | 4.0 |
| 10/11 | voir dire, conf w cocounsel, interview witnesses from Timberlawn, juror and case review | 11.0 |

## 1470

EXHIBIT 33 Page 7

| Date | Description | Hours |
|---|---|---|
| 10/12 | voir dire, juror and case review, prepare new orders for MRI at parkland | 10.0 |
| 10/13 | voir dire, juror and case review, conf w/ Judge re MRI | 9.5 |
| 10/14 | voir dire, conf w/ cocounsel, meeting at airport hotel w/ KG and Dr. Self re psych status and mitigation | 12.0 |
| 10/15 | trip to Huntsville, Tx to meet w/ SOW and conduct tours of prison facilities, discuss expert testimony | 14.0 |
| 10/16 | review case files and discovery, mitigation review | 7.0 |
| 10/17 | review discovery and mitigation files | 4.0 |
| 10/18 | trial preparation re; mental health issues, lunch conf w/ BW and KW re mitigation, t/c w/ KG, review confession transcripts for editing by DA | 8.5 |
| 10/19 | court hearing on disabled juror. conf w/ DAs, conf w/ cocounsel and appellate counsel, review mitigation assignments, conf w/ KG | 8.0 |
| 10/20 | conf w/ cocounsel, review mitigation witnesses, trial review, conf w/ KG | 6.5 |
| 10/21 | case file and mitigation review, trial prep, review mental health issues, conf w/ KGs staff | 5.0 |
| 10/22 | conf w/ cocounsel, mitigation experts, preparation for mitigation witnesses at trial, conf w/ DAs re scheduling conf w/ investigator and Wes Parks, conf w/ Dr. Gilbert Martinez re psych testimony | 7.0 |
| 10/23 | trial preparation and review of case files | 5.5 |
| 10/24 | final trial prep, review of discovery, witness stmts, conf w/ KG re trial strategy | 6.0 |
| 10/25 | Final pre-trial hearing, conf w/ cocounsel, case and file review, interview mitigation witnesses | 6.5 |
| 10/26 | Trial on merits, conf w/ cocounsel and KG | 11.0 |
| 10/27 | Trial on merits, conf w/ cocounsel and KG | 11.5 |
| 10/28 | Trial on merits, receive verdict, field interviews and final preparation of mitigation witnesses | 12.0 |
| 10/29 | conf w/ cocounsel, preparation of mitigation witnesses conf w/ Dr. Graysmith re expert testimony, conf w/ KG interview states punishment witnesses | 8.5 |
| 10/30 | trial preparation and review of states expert witness prior testimony in previous DP trials | 7.5 |
| 10/31 | trial preparation, prepare direct exam of Dr. Graysmith conf w/ KG, Dr. Self, Dr. Martinez. Josh Healy, Jennifer Bennett and co counsels | 6.0 |

**1471**

EXHIBIT 33 Page 8

| 11/1 | Trial on merits and preparation for following day | 13.0 |
| 11/2 | Trial on merits and preparation for following day | 12.5 |
| 11/3 | Trial on merits, conf w/ cocounsel and prep for following day | 13.0 |
| 11/4 | Trial on merits, preparation for closing arguments | 14.0 |
| 11/5 | Trial on merits, receive verdict, close case | 9.5 |

**_TOTAL HOURS FROM 9/13 THROUGH 11/5_**          **_449 hours_**

```
10.50  +
 9.00  ÷      054
 9.50  +                        449.00  ×
 9.50  +
10.00  +                        449.00  ×
12.00  +                        150.00  =
 9.00  +                     67,350.00  ×
 9.50  +
 1.00  +
 3.50  ÷
 4.00  +
 6.50  +
13.00  +
11.50  +
11.00  +
11.50  ÷
 7.50  +
 4.00  ÷
 5.50  +
10.50  +
10.00  +
11.00  +
 8.50  +
 4.50  +
 3.50  +
 4.00  +
11.00  +
10.00  +
 9.50  +
12.00  +
14.00  +
 7.00  +
 4.00  +
 8.50  +
 8.00  +
 6.50  +
 5.00  +
 7.00  ÷
 0.05  +
 0.05  −
 5.50  ÷
 6.00  +
 6.50  ÷
11.00  +
11.50  ÷
12.00  +
 8.50  ÷
 7.50  ÷
 6.00  ÷
13.00  +
12.50  ÷
13.00  +
14.00  +
```

1473

EXHIBIT 33 Page 10

REQUEST ~~FOR~~ PAYMENT BY APPOINTED COUNSEL   4935-6.08-

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE _282-2_ DISTRICT COURT |
| VS. _Gary Green_ | § | OF DALLAS COUNTY, TEXAS |

Appointment Date: _____ Disposition Date: _____ Partial/Supplemental Payment Request (YES) NO

Dates of Jail Visits: _7-22-10, 7-21-10_

OFFENSE: _Capital Murder_     CASE NO.: _F0959380_     GRADE: _FX_

I UNDERSTAND THAT I MAY BE COMPENSATED UNDER SECTION "A" BELOW ONLY IF THE CASE HAS BEEN FINALLY DISPOSED OF EITHER BY A DISMISSAL, PLEA, TRIAL, CONTINUATION OF COMMUNITY SUPERVISION, OR COMPETENCY DISPOSITION. I FURTHER UNDERSTAND THAT WHEN I AM COMPENSATED UNDER SECTION "A" BELOW, I AM NOT REQUIRED TO LIST THE LEGAL SERVICES PROVIDED. IF THERE ARE EXCEPTIONAL CIRCUMSTANCES IN THE CASE, ADDITIONAL COMPENSATION MAY BE REQUESTED AS PROVIDED IN SECTION "B".

This case has been finally disposed of in the following manner (circle one):

DISMISSAL–AGREED PLEA–OPEN PLEA–JURY TRIAL–TBC–REVOCATION HEARING–COMPETENCY HEARING

☐ A. I request standard compensation for this case as follows (check one):
    ☐ PROBATION VIOLATION........$300    ☐ STATE JAIL/3RD DEGREE FELONY.........$400
    ☐ 2ND DEGREE FELONY...............$500    ☐ 1ST DEGREE FELONY/MINI-CAP.............$600
    ☐ CONTESTED TRIAL..................☐$800 (Full day).........☐$400 (Half day)
    ☐ COMPETENCY HEARING.......☐$600 (Contested)......☐$300 (Agreed)

☐ B. I request additional compensation (at the rate of $100 per hour) in the amount of $ _____ for services performed. If I am requesting additional compensation, or if I am requesting compensation for services performed prior to counsel being retained, I must attach the form entitled *"Detailed List of Legal Services Provided."*

☑ C. Death Penalty Case. I request compensation at the rate of $150.00 per hour in the amount of $ _41,025.00_ for services performed and/or $ _____ for voir dire and each day of trial as listed on the attached *"Detailed List of Legal Services Provided."*

☐ D. Appeal/Writ. I request compensation (at the rate of $100 per hour) in the amount of $ _____ for services performed as listed on the attached *"Detailed List of Legal Services Provided."*

☑ E. I request payment for ~~expert witness/investigator~~ expenses in the amount of $ _1,969.25_ for services performed as listed on the attached itemized bill.

TOTAL AMOUNT REQUESTED: $ _____     COURT APPROVED AMOUNT: $ _42,994.25_

AFFIRMATION

    I the undersigned attorney, am appointed to represent the above-named defendant and am requesting payment in accordance with the laws of the State of Texas. I further affirm to the truth and correctness to the information stated above, and that I have not received any other monies or anything else of value for said services.

_____ Attorney at Law.   Date: _9/20/10_

ATTORNEY INFORMATION (Print):     (For Auditor Use Vendor I.D. _____)

Name _Brady Wyatt_     State Bar No. _24008313_

Mailing Address: _3300 Oak Lawn_   _600_   _Dallas_   _TX_   _75219_
    Number   Street   Suite   City   State   Zip

Telephone: _214-357-9115_   Soc. Sec. No. _____
    (Not required if S.S. number is on file with County Auditor's Office)

TO THE COMMISSIONERS COURT OF DALLAS COUNTY, TEXAS:

    I the undersigned Judge of Dallas County, Texas do hereby certify that the defendant in the above cause(s) has on file with this court an affidavit reflecting indigency and an inability to afford counsel, that the attorney shown above has been appointed to represent the defendant and that said attorney is entitled under Article 26.05, Texas Code of Criminal Procedure, to be paid from the General Fund of Dallas County, Texas, for services performed in the amount shown above.

_7/19/10_
Date     Judge

Reason for Denial or variation: ☐ Request exceeds flat rate. ☐ Request exceeds hourly rate. ☐ Other, see attached   **1474**

EXHIBIT 33 Page 11

## STATE OF TEXAS v. GARY GREEN
### Cause Number F09-59380-S
### 282nd Judicial District Court

| DATE | ACTIVITY | HOURS |
|------|----------|-------|
| 01/12/10 | Mtg. with Counsel Paul Johnson | 2.00 |
| 01/20/10 | Mtg. with Counsel Paul Johnson | 1.50 |
| 02/20/10 | Review of Colorado Method CLE | 2.50 |
| 03/30/10 | Pick up discs/discovery, organize discovery | 2.00 |
| 04/13/10 | Organize discovery and file | 3.50 |
| 04/14/10 | Read Grand Jury transcripts | 3.50 |
| 06/03/10 | Read discovery | 3.00 |
| 07/01/10 | Mtg. with Co-counsel, Paul Johnson and Kobe Warren | 1.50 |
| 07/05/10 | Read discovery and organize file | 5.00 |
| 07/08/10 | Read mitigation evidence | 2.00 |
| 07/09/10 | Mitigation work and forensic interviews | 7.00 |
| 07/11/10 | Discovery review | 4.00 |
| 07/12/10 | Discovery review | 6.00 |
| 07/13/10 | Discovery review | 3.00 |
| 07/14/10 | Discovery review | 6.00 |
| 07/15/10 | Discovery review | 4.50 |
| 07/16/10 | Discovery review | 2.50 |
| 07/18/10 | Discovery review | 5.50 |
| 07/20/10 | Discovery review | 2.00 |
| 07/21/10 | Jail visit, clothing , calls to D's mother | 5.00 |
| 07/22/10 | Jail visit, clothing and filing | 5.00 |
| 07/23/10 | Large venire panel | 3.25 |
| 07/24/10 | Discovery review | 3.00 |
| 07/26/10 | Clothing for Mr. Green | 2.00 |
| 07/31/10 | Discovery review | 2.00 |
| 08/01/10 | Read file and CPS records | 4.50 |
| 08/04/10 | Read file | 2.00 |
| 08/05/10 | Dropped juror list discs for copying | 2.00 |
| 08/06/10 | Picked up and distributed copies of juror questionnaires | 5.00 |
| 08/08/10 | Read juror questionnaires | 11.00 |
| 08/09/10 | Meeting with co-counsels and read qrs., picked up copied discs | 5.00 |
| 08/10/10 | Read juror qrs. | 6.00 |
| 08/11/10 | Read juror qrs. | 8.00 |
| 08/12/10 | Read juror qrs. | 6.00 |
| 08/13/10 | Picked up motions and delivered to co-counsel | 1.00 |
| 08/15/10 | Read juror qrs. | 6.00 |
| 08/16/10 | Copy and Fedex interviews to experts | 2.00 |

**1475**

EXHIBIT 33 Page 12

| 08/18/10 | Pick up copied discs and delivered to co-counsels, read qrs | 5.00 |
| 08/25/10 | Juror selection, cds and review, tailor for Mr. Green | 10.00 |

### STATE OF TEXAS v. GARY GREEN (CONT.)

| DATE | ACTIVITY | HOURS |
|------|----------|-------|
| 08/26/10 | Juror selection, and mtg with co-counsels | 10.00 |
| 08/23/10 | Voir dire | 7.00 |
| 08/24/10 | Voir dire and meeting with co-counsels | 8.00 |
| 08/27/10 | Interviews to experts | 1.50 |
| 08/29/10 | Read qrs. | 3.00 |
| 08/30/10 | Voir dire and read qrs. | 9.00 |
| 08/31/10 | Voir dire and read qrs. | 8.00 |
| 09/01/10 | Voir dire and read qrs., mtg w/State | 9.00 |
| 09/02/10 | Voir dire | 7.00 |
| 09/07/10 | Voir dire | 7.00 |
| 09/09/10 | Voir dire, read expert report | 7.25 |
| 09/10/10 | Voir dire | 7.00 |
| 09/12/10 | Read juror qrs. | 3.50 |
| 09/13/10 | Voir dire | 7.00 |
| 09/14/10 | Voir dire | 8.00 |
| 09/15/10 | Voir dire and purchase suit for Mr. Green | 8.00 |
| 09/19/10 | Read juror questionnaires | 2.50 |
| Total | | 273.5x150 |
| | | 41025.00 |

### EXPENSES

| 07/21/10 | Purchase clothing for Mr. Green | 321.48 |
| 07/26/10 | Clothing hemmed | 12.99 |
| 08/06/10 | Paid for juror questionnaire copies | 576.64 |
| 08/10/10 | Paid for discovery copies | 552.08 |
| 08/16/10 | Sent Fedex to expert | 27.84 |
| 08/16/10 | Sent Fedex to expert | 34.45 |
| 08/26/10 | Paid for discovery copies | 131.72 |
| 08/27/10 | Sent Fedex to expert | 40.42 |
| 09/15/10 | Purchase clothing for Mr. Green | 271.63 |
| Total | | 1969.25 |

# 1476

EXHIBIT 33 Page 13

Column 1:

```
 5.00 +
10.00 +
10.00 +
 7.00 +
 8.00 +
 1.50 +
 3.00 +
 9.00 +
 8.00 +
 9.00 +
 7.00 +
 7.00 +
 7.25 +
 7.00 +
 3.50 +
 7.00 +
 8.00 +
 8.00 +
 2.50 +
273.50
```

```
273.50 x
150.00 =
41,025.00
```

41,025.00 M+

```
321.48 +
 12.99 +
576.64 +
552.08 +
 27.84 +
 34.00 +
131.72 +
 49.42 +
271.63 +
1,989.25
```

```
1,989.25
3,978.50
```

Column 2:

```
 2.00 +
 1.50 +
 2.50 +
 2.00 +
 3.50 +
 3.50 +
 3.00 +
 1.50 +
 5.00 +
 2.00 +
 7.00 +
 4.00 +
 6.00 +
 3.00 +
 6.00 +
 4.50 +
 2.50 +
 5.50 +
 2.00 +
 5.00 +
 5.00 +
 3.25 +
 3.00 +
 2.00 +
 2.00 +
 4.50 +
 2.00 +
 2.00 +
 5.00 +
11.00 +
 5.00 +
 6.00 +
 8.00 +
 6.00 +
 1.00 +
 6.00 +
 2.00 +
```

**1477**

EXHIBIT 33 Page 14

*DEATH PENALTY*
4435-6185

## REQUEST FOR PAYMENT BY APPOINTED COUNSEL

THE STATE OF TEXAS § IN THE 282d DISTRICT COURT
VS. Cory Green § OF DALLAS COUNTY, TEXAS

Appointment Date: _____ Disposition Date: 11/5/10 Partial/Supplemental Payment Request: YES NO
Dates of Jail Visits: _____
OFFENSE: Capital Murder   CASE NO.: F0959380 –1   GRADE: X

I UNDERSTAND THAT I MAY BE COMPENSATED UNDER SECTION "A" BELOW ONLY IF THE CASE HAS BEEN FINALLY DISPOSED OF EITHER BY A DISMISSAL, PLEA, TRIAL, CONTINUATION OF COMMUNITY SUPERVISION, OR COMPETENCY DISPOSITION. I FURTHER UNDERSTAND THAT WHEN I AM COMPENSATED UNDER SECTION "A" BELOW, I AM NOT REQUIRED TO LIST THE LEGAL SERVICES PROVIDED. IF THERE ARE EXCEPTIONAL CIRCUMSTANCES IN THE CASE, ADDITIONAL COMPENSATION MAY BE REQUESTED AS PROVIDED IN SECTION "B".

**This case has been finally disposed of in the following manner (circle one):**

DISMISSAL–AGREED PLEA–OPEN PLEA–JURY TRIAL–TBC–REVOCATION HEARING–COMPETENCY HEARING

☐ A. I request standard compensation for this case as follows (check one):
☐ PROBATION VIOLATION......$300   ☐ STATE JAIL/3RD DEGREE FELONY......$400
☐ 2ND DEGREE FELONY......$500   ☐ 1ST DEGREE FELONY/MINI-CAP......$600
☐ CONTESTED TRIAL......☐$800 (Full day)......☐$400 (Half day)
☐ COMPETENCY HEARING......☐$600 (Contested)......☐$390 (Agreed)

☐ B. I request additional compensation (at the rate of $100 per hour) in the amount of $_____ for services performed. If I am requesting additional compensation, or if I am requesting compensation for services performed prior to counsel being retained, I must attach the form entitled *"Detailed List of Legal Services Provided."*

☑ C. Death Penalty Case. I request compensation at the rate of $150.00 per hour in the amount of $57,117.50 for services performed and/or $_____ for voir dire and each day of trial as listed on the attached *"Detailed List of Legal Services Provided."*   DEC 07 2010

☐ D. Appeal/Writ. I request compensation (at the rate of $100 per hour) in the amount of $_____ for services performed as listed on the attached *"Detailed List of Legal Services Provided."*

☑ E. I request payment for expert witness/investigator expenses in the amount of $473.56 for services performed as listed on the attached itemized bill.

**TOTAL AMOUNT REQUESTED: $57,586.06   COURT APPROVED AMOUNT: $57,586.06**

### AFFIRMATION

I, the undersigned attorney, am appointed to represent the above-named defendant and am requesting payment, in accordance with the laws of the State of Texas. I further affirm to the truth and correctness to the information stated above, and that I have not received any other monies or anything else of value for said services.

_____ Attorney at Law. Date: 11-5 01/10

ATTORNEY INFORMATION (Print):   (For Auditor Use Vendor I.D. _____
Name: Brady T. Wyatt, III   State Bar No. 24008313
Mailing Address: 3300 Oak Lawn, Ste. 600   Dallas   TX   75219
        Number   Street   Suite   City   State   Zip
Telephone: 214-559-9115   Soc. Sec. No. _____
(Not required if S.S. number is on file with County Auditor's Office)

TO THE COMMISSIONERS COURT OF DALLAS COUNTY, TEXAS:
I, the undersigned Judge of Dallas County, Texas do hereby certify that the defendant in the above cause(s) has on file with this court an affidavit reflecting indigency and an inability to afford counsel, that the attorney shown above has been appointed to represent the defendant and that said attorney is entitled under Article 26.05, Texas Code of Criminal Procedure, to be paid from the General Fund of Dallas County, Texas, for services performed in the amount set out above.

11/29/10 _____   _____ Judge
Date

**1478**

Reason for Denial or variation: ☐ Request exceeds flat rate. ☐ Request exceeds hourly rate. ☐ Other, see attached

*PAY AS REQUESTED*   EXHIBIT 23 Page 15

## STATE OF TEXAS v. GARY GREEN

| Date | Activity | |
|------|----------|---|
| 09/16/10 | Voir dire and questionnaire review | 9.00 |
| 09/20/10 | Voir dire and defense meeting | 11.50 |
| 09/21/10 | Voir dire and defense meeting, collateral interviews | 14.00 |
| 09/21/10 | Voir dire and new questionnaires | 11.00 |
| 09/22/10 | Voir dire and questionnaire review | 10.25 |
| 09/23/10 | Voir dire and questionnaire review | 9.25 |
| 09/26/10 | Read questionnaires | 6.00 |
| 09/27/10 | Voir dire and interviews | 13.50 |
| 09/28/10 | Voir dire and defense meeting | 13.00 |
| 09/29/10 | Voir dire and questionnaire review | 11.25 |
| 09/30/10 | Voir dire and questionnaire review | 11.00 |
| 10/01/10 | Read questionarries and reviewed interview notes | 6.50 |
| 10/03/10 | Read questionnaires and reviewed discovery | 8.50 |
| 10/04/10 | Voir dire and questionnaire review | 10.50 |
| 10/05/10 | Pretrial hearing and voir dire | 10.00 |
| 10/06/10 | Voir dire and defense meeting | 11.50 |
| 10/07/10 | Voir dire and questionnaire review | 7.50 |
| 10/10/10 | Review discovery and questionnaires | 6.50 |
| 10/11/10 | Voir dire and Timberlawn interview | 13.50 |
| 10/12/10 | Voir dire | 11.50 |
| 10/13/10 | Voir dire | 11.00 |
| 10/14/10 | Voir dire and defense meeting | 14.00 |
| 10/15/10 | Penitentiary visits and expert meeting | 14.00 |
| 10/18/10 | Review discovery and interviews | 6.00 |
| 10/19/10 | Hearing on Juror and defense meeting | 5.00 |
| 10/20/10 | Defense meeting, review interviews and assignments | 5.00 |
| 10/22/10 | Meeting with mitigation experts and defense meeting | 8.50 |
| 10/24/10 | Preparation for trial | 7.50 |
| 10/25/10 | Pretrial hearing and trial preparation | 9.00 |
| 10/26/10 | Trial | 10.00 |
| 10/27/10 | Trial | 10.00 |
| 10/29/10 | Defense meeting, review interviews and assignments | 8.00 |
| 10/31/10 | Trial preparation | 8.00 |
| 11/01/10 | Trial | 10.00 |
| 11/02/11 | Trial and defense meeting | 13.00 |
| 11/03/10 | Trial and defense meeting | 13.00 |
| 11/04/10 | Trial | 12.00 |
| 11/05/10 | Trial | 11.00 |

380.75 hours

vdire 229 33000
1479 24000
other 160

EXHIBIT 33 Page 16

## EXPENSES

| Date | Description | Amount |
|------|-------------|--------|
| 10/08/10 | Hotel | 67.75 ✓ |
| 10/20/10 | K&G Center | 259.75 ✓ |
| | Tailor suit | 23.82 ✓ |
| 11/02/10 | Toner for copier | 122.24 ✓ |
| | | $473.56 |

**1480**

EXHIBIT 33 Page 17

**REQUEST FOR PAYMENT BY APPOINTED COUNSEL**

THE STATE OF TEXAS §   IN THE _2 82 nd_ DISTRICT COURT _____
VS. _Gary Green_ §   OF DALLAS COUNTY, TEXAS

Appointment Date:_____   Disposition Date:_____   Partial/Supplemental Payment Request: (YES) NO
Date of Initial Contact:_____   Dates of Jail Visits: _____
OFFENSE:                              CASE NO.:              GRADE:              AUDIT NO.:
_CAPITAL MURDER_     _F09-59380_     _____     _____

I UNDERSTAND THAT I MAY BE COMPENSATED UNDER SECTION "A" BELOW ONLY IF THE CASE HAS BEEN FINALLY DISPOSED OF EITHER BY A DISMISSAL, PLEA, TRIAL, CONTINUATION OF COMMUNITY SUPERVISION, OR COMPETENCY DISPOSITION. I FURTHER UNDERSTAND THAT WHEN I AM COMPENSATED UNDER SECTION "A" BELOW, I AM NOT REQUIRED TO LIST THE LEGAL SERVICES PROVIDED. ONLY IF THERE ARE EXCEPTIONAL CIRCUMSTANCES IN THE CASE MAY ADDITIONAL COMPENSATION BE REQUESTED AS PROVIDED IN SECTION "B".
This case has been finally disposed of in the following manner (circle one):

DISMISSAL — AGREED PLEA — OPEN PLEA — JURY TRIAL — TBC — REVOCATION HEARING — COMPETENCY HEARING

☐ A.  I request standard compensation for this case as follows (check one):
- ☐ PROBATION VIOLATION .......$270      ☐ STATE JAIL/3RD DEGREE FELONY......$360
- ☐ 2ND DEGREE FELONY .............$450      ☐ 1ST DEGREE FELONY/MINI-CAP ...........$540
- ☐ CONTESTED TRIAL ................ ☐ $720 (Full day).......☐ $360 (Half day)
- ☐ COMPETENCY HEARING ........ ☐ $540 (Contested) ....☐ $270 (Agreed)

☐ B.  I request additional compensation (at the rate of $90 per hour) in the amount of $_____ for services performed. If I am requesting additional compensation, or if I am requesting compensation for services performed prior to counsel being retained, I must attach the form entitled *"Detailed List of Legal Services Provided."*

☑ C.  Death Penalty Case. I request compensation at the rate of $150.00 per hour in the amount of $_17,625.00_ for services performed and/or $_____ for voir dire and each day of trial as listed on the attached *"Detailed List of Legal Services Provided."*

☐ D.  Appeal. I request compensation (at the rate of $90 per hour) in the amount of $_____ for services performed as listed on the attached *"Detailed List of Legal Services Provided."*

☐ E.  Writ. I request compensation (at the rate of $90 per hour) in the amount of $_____ for services performed as listed on the attached *"Detailed List of Legal Services Provided."*

☐ F.  I request payment for expert witness/investigator expenses in the amount of $_____ for services performed as listed on the attached itemized bill.

**TOTAL AMOUNT REQUESTED: $** _17,625.00_      **COURT APPROVED AMOUNT: $** _17,625.00_

**AFFIRMATION**
I the undersigned attorney, am appointed to represent the above-named defendant and am requesting payment in accordance with the laws of the State of Texas. I further affirm to the truth and correctness to the information stated above, and that I have not received any other monies or anything else of value for said services.

_____, Attorney at Law.   Date: _9-20-2010_

ATTORNEY INFORMATION (Print):                          (For Auditor Use Vendor I.D. _____)
Name _Bobby T Warren_                State Bar No. _24028113_
Mailing Address: _3838 Oak Lawn Ave 1350_      _Dallas_   _TX_   _75219_
                          Number   Street   Suite          City          State   Zip
Telephone: _214- 651-6250_   Soc. Sec. No.: _____
                          (Not required if S.S. number is on file with County Auditor's Office)

TO THE COMMISSIONERS COURT OF DALLAS COUNTY, TEXAS:
I the undersigned Judge of Dallas County, Texas do hereby certify that the defendant in the above cause(s) has on file with this court an affidavit reflecting indigency and an inability to afford counsel, that the attorney shown above has been appointed to represent the defendant and that said attorney is entitled under Article 26.05, Texas Code of Criminal Procedure, to be paid from the General Fund of Dallas County, Texas, for services performed in the amount shown above.

_9/15/10_      _____
Date                                    Judge
Reason for Denial or variation: ☐ Request exceeds flat rate. ☐ Request exceeds hourly rate. ☐ Other, see attached.

1481

EXHIBIT 33 Page 18

## DETAILED LIST OF LEGAL SERVICES PROVIDED

State of Texas
vs. GARY GREEN     282nd JDC  F09-59380-S

Attorney:       Kobby T. Warren, TX Bar No: 24028113

| DATES | ACTIVITY | |
|-------|----------|---|
| 1/2010 | Mtgs w/ Atty Paul Johnson | |
| 2/19/10 | Jail Visit w/ Co-Counsels | |
| 2/23/10 | Jail Visit | |
| 2/24/10 | Jail Visit | |
| 3/2/10 | Jail Visit | |
| 4/2/10 | Pick Up & Start Organizing Discovery | |
| 4/12/10 | Organize Discovery | |
| 4/13/10 | Organize Discovery | |
| 5/2010 | Mtgs w/ Atty Paul Johnson | |
| 6/2010 | Mtgs w/ Atty Paul Johnson | |
| 7/1/10 | Mtg w/ Attys Paul Johnson & Brady Wyatt | |
| 7/9/10 | Discovery Review | |
| 7/13/10 | Discovery Review | |
| 7/14/10 | Discovery Review | |
| 7/15/10 | Discovery Review | |
| 7/16/10 | Discovery Review | |
| 7/18/10 | Discovery Review | |
| 7/19/10 | Discovery Review | |
| 7/20/10 | Discovery Review | |
| 7/21/10 | Jail Visit | |
| 7/23/10 | Large Venire Panel | |
| 8/9/10 | Mtg w/ Attys Paul Johnson & Brady Wyatt | |
| 8/10/10 | Voir Dire & Mitigation Mtg | |
| 8/10/10 | Juror Packet Review | |
| 8/11/10 | Jury Panel | |
| 8/13/10 | Discovery Review | |
| 8/15/10 | Juror Packet Review | |
| 8/16/10 | Mtg w/ Attys Paul Johnson & Brady Wyatt | |
| 8/16/10 | Juror Packet Review | |
| 8/17/10 | Discovery Review, Set Up Dr Mtgs | |
| 8/18/10 | Jail Visit | |
| 8/18/10 | Pick Up & Review Voir Dire Transcript, Discs | 6.00 |
| 8/18/10 | Juror Packet Review | 4.00 |
| 8/22/10 | Juror Packet Review | 10.00 |

TOTAL:     117.50

**1482**

EXHIBIT 33 Page 19

## REQUEST FOR PAYMENT BY APPOINTED COUNSEL

THE STATE OF TEXAS      §    IN THE _282nd_ DISTRICT COURT

VS. _Gary Green_      §    OF DALLAS COUNTY, TEXAS

Appointment Date:_____ Disposition Date: _11-5-10_ Partial/Supplemental Payment Request: YES / NO

Date of Initial Contact:_____ Dates of Jail Visits:_____

OFFENSE: _Capital Murder_   CASE NO. _F09-59380-1_   GRADE: _CAPITAL_   AUDIT NO.:

_59380_

I UNDERSTAND THAT I MAY BE COMPENSATED UNDER SECTION "A" BELOW ONLY IF THE CASE HAS BEEN FINALLY DISPOSED OF EITHER BY A DISMISSAL, PLEA, TRIAL, CONTINUATION OF COMMUNITY SUPERVISION, OR COMPETENCY DISPOSITION. I FURTHER UNDERSTAND THAT WHEN I AM COMPENSATED UNDER SECTION "A" BELOW, I AM NOT REQUIRED TO LIST THE LEGAL SERVICES PROVIDED. ONLY IF THERE ARE EXCEPTIONAL CIRCUMSTANCES SHOULD THE CASE MAY ADDITIONAL COMPENSATION BE REQUESTED AS PROVIDED IN SECTION "B":

This case has been finally disposed of in the following manner (circle one):

DISMISSAL — AGREED PLEA — OPEN PLEA — (JURY TRIAL) — TBC — REVOCATION HEARING — COMPETENCY HEARING

☐ A. I request standard compensation for this case as follows (check one):
- ☐ PROBATION VIOLATION .......$270    ☐ STATE JAIL/3RD DEGREE FELONY......$360
- ☐ 2ND DEGREE FELONY .............$450    ☐ 1ST DEGREE FELONY/MINI-CAP...........$540
- ☐ CONTESTED TRIAL .................☐ $720 (Full day) ......☐ $360 (Half day)
- ☐ COMPETENCY HEARING ........☐ $540 (Contested) ....☐ $270 (Agreed)

☐ B. I request additional compensation (at the rate of $90 per hour) in the amount of $_____ for services performed. If I am requesting additional compensation, or if I am requesting compensation for services performed prior to counsel being retained, I must attach the form entitled *"Detailed List of Legal Services Provided."*

☑ C. Death Penalty Case. I request compensation at the rate of $150.00 per hour in the amount of $_____ for services performed and/or $_____ for voir dire and each day of trial as listed on the attached *"Detailed List of Legal Services Provided."*   DEC 07 2010 _SK_

☐ D. Appeal. I request compensation (at the rate of $90 per hour) in the amount of $_____ for services performed as listed on the attached *"Detailed List of Legal Services Provided."*

☐ E. Writ. I request compensation (at the rate of $90 per hour) in the amount of $_____ for services performed as listed on the attached *"Detailed List of Legal Services Provided."*

☐ F. I request payment for expert witness/investigator expenses in the amount of $_____ for services performed as listed on the attached itemized bill.

TOTAL AMOUNT REQUESTED: $ _90,712.50_    COURT APPROVED AMOUNT: $ _90,712.50_

### AFFIRMATION

I the undersigned attorney, am appointed to represent the above-named defendant and am requesting payment in accordance with the laws of the State of Texas. I further affirm to the truth and correctness to the information stated above, and that I have not received any other monies or anything else of value for said services.

_____, Attorney at Law. Date: _11-22-10_

ATTORNEY INFORMATION (Print):    (For Auditor Use Vendor I.D. _____)

Name _Kobby T Warren_   State Bar No. _24028113_

Mailing Address: _3838_ _Oak Lawn Ave_ _1350_ _Dallas_ _TX_ _75219_
   Number   Street   Suite   City   State   Zip

Telephone: _214 - 651 - 6250_   Soc. Sec. No. _____
(Not required if S.S. number is on file with County Auditor's Office)

TO THE COMMISSIONERS COURT OF DALLAS COUNTY, TEXAS:

I the undersigned Judge of Dallas County, Texas do hereby certify that the defendant in the above cause(s) has on file with this court an affidavit reflecting indigency and an inability to afford counsel, that the attorney shown above has been appointed to represent the defendant and that said attorney is entitled under Article 26.05, Texas Code of Criminal Procedure, to be paid from the General Fund of Dallas County, Texas, for services performed in the amount shown above.

_11/22/10_                           
Date                                    Judge

Reason for Denial or variation: ☐ Request exceeds flat rate. ☐ Request exceeds hourly rate. ☐ Other, see attached.

_S 1483_

EXHIBIT 33 Page 20/ _11/30/10_

*DETAILED LIST OF LEGAL SERVICES PROVIDED*

State of Texas
vs. GARY GREEN   282nd JDC  F09-59380-S

Attorney:    Kobby T. Warren, TX Bar No: 24028113

| DATES | ACTIVITY | LENGTH |
|-------|----------|--------|
| 8/23/10 | Voir Dire & Juror Packet Review | 11.00 |
| 8/24/10 | Voir Dire & Juror Packet Review & Mtg w/ Attys | 11.50 |
| 8/25/10 | Voir Dire & Juror Packet Review | 10.00 |
| 8/26/10 | Voir Dire & Juror Packet Review | 11.50 |
| 8/27/10 | Voir Dire & Juror Packet Review | 11.50 |
| 8/29/10 | Juror Packet Review | 8.00 |
| 8/30/10 | Voir Dire & Juror Packet Review | 10.50 |
| 8/31/10 | Voir Dire & Juror Packet Review | 9.50 |
| 9/1/10 | Voir Dire & Juror Packet Review & Mtg w/ State | 11.50 |
| 9/2/10 | Voir Dire & Juror Packet Review | 8.00 |
| 9/5/10 | Juror Packet Review | 4.50 |
| 9/6/10 | Juror Packet Review | 4.00 |
| 9/7/10 | Voir Dire & Juror Packet Review | 9.50 |
| 9/8/10 | Voir Dire & Juror Packet Review | 10.00 |
| 9/9/10 | Voir Dire & Juror Packet Review | 9.00 |
| 9/10/10 | Voir Dire & Juror Packet Review | 8.00 |
| 9/12/10 | Juror Packet Review | 4.00 |
| 9/13/10 | Voir Dire & Juror Packet Review | 10.00 |
| 9/14/10 | Voir Dire & Juror Packet Review | 10.50 |
| 9/15/10 | Voir Dire & Juror Packet Review | 11.50 |
| 9/16/10 | Voir Dire & Juror Packet Review | 9.00 |
| 9/19/10 | Juror Packet Review | 4.50 |
| 9/20/10 | Voir Dire & Juror Packet Review & Mtg w/ Attys | 11.50 |
| 9/21/10 | Voir Dire, Packet Review, Atty Mtg & Interviews | 14.00 |
| 9/22/10 | Voir Dire & Juror Packet Review | 10.25 |
| 9/23/10 | Voir Dire & Juror Packet Review | 9.25 |
| 9/26/10 | Juror Packet Review | 5.50 |
| 9/27/10 | Voir Dire, Packet Review, & Interviews | 13.50 |
| 9/28/10 | Voir Dire, Packet Review, Atty Mtg | 13.00 |
| 9/29/10 | Voir Dire & Juror Packet Review | 11.25 |
| 9/30/10 | Voir Dire & Juror Packet Review | 11.00 |
| 10/1/10 | Discovery Review | 9.00 |
| 10/3/10 | Juror Packet & Interview Review | 8.50 |
| 10/4/10 | Voir Dire & Juror Packet Review | 10.50 |
| 10/5/10 | Pre-Trial Hearing, Voir Dire & Juror Pckt Review | 10.00 |
| 10/6/10 | Voir Dire, Defense Mtg & Juror Packet Review | 11.50 |

# 1484

EXHIBIT 33 Page 21

| Date | Description | Hours |
|---|---|---|
| 10/7/10 | Voir Dire & Juror Packet Review | 7.50 |
| 10/10/10 | Juror Packet Review & Discovery Review | 6.50 |
| 10/11/10 | Voir Dire, Tmbrlawn Mtg & Juror Packet Review | 13.50 |
| 10/12/10 | Voir Dire & Juror Packet Review | 11.50 |
| 10/13/10 | Voir Dire & Juror Packet Review | 11.00 |
| 10/14/10 | Voir Dire & Defense Meeting | 14.00 |
| 10/15/10 | Penitentiary Visits & Expert Mtgs | 14.00 |
| 10/17/10 | Discovery Review | 10.50 |
| 10/18/10 | Trial Preparation | 7.00 |
| 10/19/10 | Hearing on Juror & Defense Mtg | 5.00 |
| 10/20/10 | Defense Mtg & Review Assignments | 5.00 |
| 10/21/10 | Trial Preparation | 5.00 |
| 10/22/10 | Defense & Mitigation Expert Mtg & Trial Prep | 8.50 |
| 10/23/10 | Trial Preparation | 4.00 |
| 10/24/10 | Trial Preparation | 8.00 |
| 10/25/10 | Pre-Trial Hearing & Trial Preparation | 10.00 |
| 10/26/10 | TRIAL | 10.00 |
| 10/27/10 | TRIAL | 10.00 |
| 10/28/10 | TRIAL & Mitigation Interviews | 13.50 |
| 10/29/10 | Defense Mtg & Mitigation Preparation | 8.00 |
| 10/30/10 | Mitigation Preparation | 9.50 |
| 10/31/10 | Mitigation Preparation | 7.50 |
| 11/1/10 | TRIAL | 10.00 |
| 11/2/10 | TRIAL & Defense Meeting | 13.00 |
| 11/3/10 | TRIAL & Defense Meeting | 13.00 |
| 11/4/10 | TRIAL | 12.00 |
| 11/5/10 | TRIAL | 11.00 |

TOTAL:     604.75

*(signature)*

**1485**

EXHIBIT 33 Page 22



```
        7.00 +
        5.00 +
        5.00 +
        5.00 +
        8.50 +
        4.00 +
        8.00 +
       10.00 +
       10.00 +
       10.00 +
       13.50 +
        8.00 +
        9.50 +
        7.50 +
       10.00 +
       13.00 +
       13.00 +
       12.00 +
       11.00 +
      604.75 +

      604.75 x
      150.00 =
   90,712.50 x
```

```
       11.00 +
       11.50 +
       10.00 +
       11.50 +
       11.50 +
        8.00 +
       10.50 +
        9.50 +
       11.50 +
        8.00 +
        4.50 +
        4.00 +
        9.50 +
       10.00 +
        9.00 +
        8.00 +
        4.00 +
       10.00 +
       10.50 +
       11.50 +
        9.00 +
        4.50 +
       11.50 +
       14.00 +
       10.25 +
        9.25 +
        5.50 +
       13.50 +
       13.00 +
       11.25 +
       11.00 +
        9.00 +
        8.50 +
       10.50 +
       10.00 +
       11.50 +
        7.50 +
        6.50 +
       13.50 +
       11.50 +
       11.00 +
       14.00 +
       14.00 +
       10.50 +
```

# 1486

EXHIBIT 33 Page 23

34

1487

## REQUEST FOR PAYMENT BY APPOINTED COUNSEL

*120-14220*

THE STATE OF TEXAS § IN THE ___282___ DISTRICT COURT
VS. GARY GREEN § OF DALLAS COUNTY, TEXAS

Appointment Date:_____ Disposition Date:_____ Partial/Supplemental Payment Request: YES / NO
Dates of Jail Visits:_____

OFFENSE: CAPITAL MURDER    CASE NO.: F09-59380    GRADE: CAPITAL DEATH

I UNDERSTAND THAT I MAY BE COMPENSATED UNDER SECTION "A" BELOW ONLY IF THE CASE HAS BEEN FINALLY DISPOSED OF EITHER BY A DISMISSAL, PLEA, TRIAL, CONTINUATION OF COMMUNITY SUPERVISION OR COMPETENCY DISPOSITION. I FURTHER UNDERSTAND THAT WHEN I AM COMPENSATED UNDER SECTION "A" BELOW I AM NOT REQUIRED TO LIST THE LEGAL SERVICES PROVIDED. IF THERE ARE EXCEPTIONAL CIRCUMSTANCES IN THE CASE, ADDITIONAL COMPENSATION MAY BE REQUESTED AS PROVIDED IN SECTION "B".

This case has been finally disposed of in the following manner (circle one):

DISMISSAL—AGREED PLEA—OPEN PLEA—JURY TRIAL—TBC—REVOCATION HEARING—COMPETENCY HEARING

☐ A. I request standard compensation for this case as follows (check one):
☐ PROBATION VIOLATION........$300    ☐ STATE JAIL/3ʳᵈ DEGREE..........$400
☐ 2ᴺᴰ DEGREE FELONY..............$500    ☐ 1ˢᵀ DEGREE FELONY/MINI-CAP...........$600
☐ CONTESTED TRIAL.................☐$800 (Full day)........☐$400 (Half day)
☐ COMPETENCY HEARING........☐$600 (Contested)......☐$300 (Agreed)

☐ B. I request additional compensation (at the rate of $100 per hour) in the amount of $_____
for services performed. If I am requesting additional compensation, or if I am requesting compensation for services performed prior to counsel being retained, I must attach the form entitled *"Detailed List of Legal Services Provided."*

☐ C. Death Penalty Case. I request compensation at the rate of $150.00 per hour in the amount of $_____ for services performed and/or $_____ for _____ and each day of trial as listed on the attached *"Detailed List of Legal Services Provided."*

☐ D. Appeal/Writ. I request compensation (at the rate of $100 per hour) in the amount of $_____ for services performed as listed on the attached *"Detailed List of Legal Services Provided."*

☒ E. I request payment for expert witness/investigator expenses in the amount of $ 15,000 for services performed as listed on the attached itemized bill. Deposit pursuant to attached ct. ord.

TOTAL AMOUNT REQUESTED: $ 15,000⁼    COURT APPROVED AMOUNT: $ 15,000.00

### AFFIRMATION

I the undersigned attorney, am appointed to represent the above-named defendant, and am requesting payment in accordance with the laws of the State of Texas. I further affirm to the truth and correctness to the information stated above, and that I have not received any other monies or anything else of value for said services.

_____ Attorney at Law. Date: 7/2/10

ATTORNEY INFORMATION (Print):    (For Auditor Use Vendor I.D. 115652)

Name KELLY R. GOODNESS    State Bar No. K0778230

Mailing Address: 121 Olive Street, Keller, Tx 76248
    Number    Street    Suite    City    State    Zip
Telephone: 817 379 4663    Soc. Sec. No.:_____
    (Not required if S.S. number is on file with County Auditor's Office)

TO THE COMMISSIONERS COURT OF DALLAS COUNTY, TEXAS:

I the undersigned Judge of Dallas County, Texas do hereby certify that the defendant in the above cause(s) has on file with this court an affidavit reflecting indigency and an inability to afford counsel, that the attorney shown above, has been appointed to represent the defendant and that said attorney is entitled under Article 26.05, Texas Code of Criminal Procedure, to be paid from the General Fund of Dallas County, Texas, for services performed in the amount shown above.

7/2/10    _____ 1488
Date    Judge

Reason for Denial or variation: ☐ Request exceeds flat rate. ☐ Request exceeds hourly rate. ☐ Request exceeds

EXHIBIT 34 Page 84

## CAUSE NO.: F09-59380-S

| | |
|---|---|
| THE STATE OF TEXAS | IN THE 282nd JUDICIAL |
| VS | DISTRICT COURT OF |
| GARY GREEN | DALLAS COUNTY, TEXAS |

### ORDER ON EX PARTE MOTION FOR EXPERT ASSISTANCE IN INDIGENT CASE, SEALED

On this the _____ day of _____, 2010, came to be heard the above and foregoing Motion. After consideration of the same, it is the order of the Court that said motion is hereby:

**GRANTED**                              **DENIED**

IF GRANTED, it is ORDERED that the defense be authorized to hire Dr. Kelly Goodness as an expert, and that the County Auditor is ORDERED to pay a $15,000 deposit to Dr. Goodness, 121 Olive Street, Keller, Texas 76248, and to issue appropriate payments for future invoices in an amount not to exceed $25,000 in fees and $5,000 in expenses without prior approval.

IT IS FURTHER ORDERED that this motion shall be sealed and not subject to inspection by the public or the State of Texas until the conclusion of the trial in this matter.

_____
JUDGE

**1489**

EXHIBIT 34 Page 2



## Dr. Goodness & Associates
121 Olive Street
Keller, TX 76248

# Invoice

| Date | Invoice # |
|------|-----------|
| 4/30/2010 | 02-16744 |

**PAID**

| Bill To | In Re: |
|---------|--------|
| Paul Johnson<br>Attorney at Law<br>311 Market Street, Suite 300<br>Dallas, Texas 75202 | Green, Gary<br>Cause No.: F0959380<br>Death Penalty Mitigation |

| Terms |
|-------|
| 30 days |

| Serviced | Description | Rate | Unit(s) | Amount |
|----------|-------------|------|---------|--------|
| 3/29/2010 | Dr. Goodness: Attorney Consultation | 200.00 | 0.08 | 16.00 |
| 4/1/2010 | Dr. Goodness: Attorney Consultation | 200.00 | 0.5 | 100.00 |
| 4/12/2010 | Dr. Goodness: Records review and attorney consultation | 200.00 | 2.5 | 500.00 |
| 4/13/2010 | Dr. Goodness: Records Review | 200.00 | 1 | 200.00 |
| 4/16/2010 | Roundtrip Mileage to Dallas County Jail | 0.55 | 73.6 | 40.48 |
| 4/16/2010 | Parking Fees | 5.00 | 1 | 5.00 |
| 4/16/2010 | Dr. Goodness: Psychological Evaluation | 200.00 | 4 | 800.00 |
| 4/16/2010 | Mitigation packet | 79.00 | 1 | 79.00 |
| 4/16/2010 | Administered testing | 45.00 | 3 | 135.00 |
| 4/16/2010 | Roundtrip mileage: Wes Parks | 0.55 | 55 | 30.25 |
| 4/16/2010 | Parking Fees: Wes Parks | 5.00 | 1 | 5.00 |
| 4/19/2010 | Dr. Goodness: Attorney Consultation | 200.00 | 0.25 | 50.00 |
| 4/19/2010 | Dr. Goodness: Expert Consultation and attorney consultation. | 200.00 | 0.5 | 100.00 |
| 4/20/2010 | Dr. Goodness: Records Review | 200.00 | 6 | 1,200.00 |
| 4/21/2010 | Dr. Goodness: Records Review | 200.00 | 2 | 400.00 |
| 4/26/2010 | Parking Fees: Wes Parks | 5.00 | 1 | 5.00 |
| 4/26/2010 | Roundtrip Mileage to Dallas County Jail | 0.55 | 54.1 | 29.76 |
| 4/30/2010 | Case management and assistance | 35.00 | 1.6 | 56.00 |
| 4/30/2010 | Administrative Assistance: revised interview notes and genogram; dictation, and collateral interview. | 30.00 | 5.75 | 172.50 |

Thank you!

| **Total** | $3,923.99 |
|-----------|-----------|
| **Payments/Credits** | $-3,923.99 |
| **Balance Due** | $0.00 |

1490

Kelly R. Goodness, Ph.D. License #3-1223
Tax ID #75-2967829 Phone:817-379-GOOD Fax:817-622-8077
Email: kelly.goodness@drgoodness.com

13884.07 + 1115.93 = 15000

EXHIBIT 34 Page 3



## Dr. Goodness & Associates
121 Olive Street
Keller, TX 76248

# Invoice

| Date | Invoice # |
|------|-----------|
| 6/30/2010 | 02-16952 |

**PAID**

| Bill To | In Re: |
|---------|--------|
| Paul Johnson<br>Attorney at Law<br>311 Market Street, Suite 300<br>Dallas, Texas 75202 | Green, Gary<br>Cause No.: F0959380<br>Death Penalty Mitigation |

| Terms |
|-------|
| 30 days |

| Serviced | Description | Rate | Unit(s) | Amount |
|----------|-------------|------|---------|--------|
| 5/5/2010 | Dr. Goodness: Attorney Consultation | 200.00 | 0.5 | 100.00 |
| 5/7/2010 | Dr. Goodness: Attorney Consultation | 200.00 | 0.08 | 16.00 |
| 5/7/2010 | Dr. Goodness: Expert Consultation | 200.00 | 0.33 | 66.00 |
| 5/26/2010 | Dr. Goodness: Expert Consultation | 200.00 | 0.33 | 66.00 |
| 6/8/2010 | Dr. Goodness: Attorney consultation and expert consultation | 200.00 | 0.16 | 32.00 |
| 6/21/2010 | Dr. Goodness: Report Writing | 200.00 | 2.5 | 500.00 |
| 6/23/2010 | Dr. Goodness: Records Review | 200.00 | 2 | 400.00 |
| 6/23/2010 | Dr. Goodness: Expert Consultation | 200.00 | 0.5 | 100.00 |
| 6/28/2010 | Dr. Goodness: Records Review | 200.00 | 0.5 | 100.00 |

Thank you!

| Total | $1,380.00 |
|-------|-----------|
| Payments/Credits | $-1,380.00 |
| Balance Due | 1491 $0.00 |

Kelly R. Goodness, Ph.D. License #3-1223
Tax ID #75-2967829 Phone:817-379-GOOD Fax:817-622-8077
Email: kelly.goodness@drgoodness.com

EXHIBIT 34 Page 4



**Dr. Goodness & Associates**
121 Olive Street
Keller, TX 76248

# Invoice

| Date | Invoice # |
|------|-----------|
| 7/8/2010 | 02-16970 |

**PAID**

| Bill To | In Re: |
|---------|--------|
| Paul Johnson<br>Attorney at Law<br>311 Market Street, Suite 300<br>Dallas, Texas 75202 | Green, Gary<br>Cause No.: F0959380<br>Death Penalty Mitigation |

| | Terms |
|--|-------|
| | 30 days |

| Serviced | Description | Rate | Unit(s) | Amount |
|----------|-------------|------|---------|--------|
| 7/6/2010 | Dr. Goodness: Report Writing | 200.00 | 0.5 | 100.00 |
| 7/6/2010 | Dr. Goodness: Expert consultation and report writing. | 200.00 | 0.75 | 150.00 |
| 7/7/2010 | Dr. Goodness: Attorney Consultation | 200.00 | 0.11 | 22.00 |
| 7/8/2010 | Dr. Goodness: Mitigation investigation, report writing, attorney consultation, and expert consultation. | 200.00 | 7 | 1,400.00 |
| 7/8/2010 | Administrative Assistance: transcription of records review. | 30.00 | 6 | 180.00 |
| 7/9/2010 | Roundtrip Mileage to Dallas County Courthouse | 0.55 | 73.6 | 40.48 |
| 7/9/2010 | Parking Fees | 5.00 | 1 | 5.00 |
| 7/9/2010 | Dr. Goodness: Mitigation investigation, collateral interviews and attorney consultation. | 200.00 | 8 | 1,600.00 |
| 7/9/2010 | Administrative Assistance: Attended meeting at courthouse and collateral interviews; transcribed collateral interviews, etc. | 30.00 | 8 | 240.00 |

Thank you!

| | | |
|--|--|--|
| **Total** | | $3,737.48 |
| **Payments/Credits** | | $-3,737.48 |
| **Balance Due** | **1492** | $0.00 |

Kelly R. Goodness, Ph.D. License #3-1223
Tax ID #75-2967829 Phone:817-379-GOOD Fax:817-622-8077
Email: kelly.goodness@drgoodness.com

EXHIBIT 34 Page 5



## Dr. Goodness & Associates
121 Olive Street
Keller, TX 76248

# Invoice

| Date | Invoice # |
|---|---|
| 7/30/2010 | 02-17075 |

**PAID**

| Bill To | In Re: |
|---|---|
| Paul Johnson<br>Attorney at Law<br>311 Market Street, Suite 300<br>Dallas, Texas 75202 | Green, Gary<br>Cause No.: F0959380<br>Death Penalty Mitigation |

| | Terms |
|---|---|
| | 30 days |

| Serviced | Description | Rate | Unit(s) | Amount |
|---|---|---|---|---|
| 7 12/2010 | Credit:<br>Dr. Goodness: Psychological Evaluation: Deduct 1 hr from Dr. Goodness and Wes Park's future time for Friday 7/9 (only worked 7 hrs vs. 8 hrs as reported on last invoice). | -200.00 | 1 | -200.00 |
| 7 12/2010 | Credit:<br>Case management and assistance: Deduct 1 hr from Dr. Goodness and Wes Park's future time for Friday 7/9 (only worked 7 hrs vs. 8 hrs as reported on last invoice). | -35.00 | 1 | -35.00 |
| 7 12/2010 | Dr. Goodness: Mitigation investigation, expert consultation and report writing. | 200.00 | 4.5 | 900.00 |
| 7 12/2010 | Case management and assistance | 35.00 | 2.25 | 78.75 |
| 7 15/2010 | Dr. Goodness: Collateral Interview | 200.00 | 0.66 | 132.00 |
| 7 21/2010 | Dr. Goodness: Attorney Consultation | 200.00 | 0.16 | 32.00 |

Thank you!

| | |
|---|---|
| **Total** | $907.75 |
| **Payments/Credits** | $-907.75 |
| **Balance Due** | 1493 0.00 |

Kelly R. Goodness, Ph.D. License #3-1223
Tax ID #75-2967829 Phone:817-379-GOOD Fax:817-622-8077
Email: kelly.goodness@drgoodness.com

EXHIBIT 34 Page 6



**Dr. Goodness & Associates**
121 Olive Street
Keller, TX 76248

# Invoice

| Date | Invoice # |
|------|-----------|
| 8/31/2010 | 02-17152 |

**PAID**

| Bill To | In Re: |
|---------|--------|
| Paul Johnson<br>Attorney at Law<br>311 Market Street, Suite 300<br>Dallas, Texas 75202 | Green, Gary<br>Cause No.: F0959380<br>Death Penalty Mitigation |

| Terms |
|-------|
| 30 days |

| Serviced | Description | Rate | Unit(s) | Amount |
|----------|-------------|------|---------|--------|
| 8/11/2010 | Roundtrip Mileage to attorney meeting. | 0.55 | 80 | 44.00 |
| 8/11/2010 | Dr. Goodness: Attorney Consultation | 200.00 | 3.75 | 750.00 |
| 8/16/2010 | Case management and assistance: Telephone conference with PI. | 35.00 | 0.25 | 8.75 |
| 8/17/2010 | Case management and assistance: Telephone conference with PI. | 35.00 | 0.2 | 7.00 |
| 8/18/2010 | Dr. Goodness: Attorney Consultation | 200.00 | 0.08 | 16.00 |
| 8/18/2010 | Case management and assistance: Telephone conference with PI. | 35.00 | 0.1 | 3.50 |
| 8/19/2010 | Dr. Goodness: Expert Consultation | 200.00 | 0.36 | 72.00 |
| 8/19/2010 | Case management and assistance: Telephone conference with PI. | 35.00 | 0.15 | 5.25 |
| 8/19/2010 | Dr. Goodness: Records Review | 200.00 | 4 | 800.00 |
| 8/20/2010 | Dr. Goodness: Mitigation Investigation | 200.00 | 6 | 1,200.00 |
| 8/20/2010 | Case management and assistance: 3:telephone, conferences with PI. | 35.00 | 0.4 | 14.00 |
| 8/23/2010 | Dr. Goodness: Collateral interview and report writing. | 200.00 | 1.5 | 300.00 |
| 8/23/2010 | Case management and assistance: Telephone conference with PI. | 35.00 | 0.1 | 3.50 |
| 8/24/2010 | Case management and assistance: Telephone conference with PI and email geniomap to all. | 35.00 | 0.13 | 4.55 |
| 8/27/2010 | Case management and assistance: Telephone conference with PI and left message for attorney re funding, expert, etc. | 35.00 | 0.15 | 5.25 |
| 8/30/2010 | Case management and assistance: Telephone conference with PI. | 35.00 | 0.15 | 5.25 |
| 8/31/2010 | Case management and assistance: Telephone conference with PI. | 35.00 | 0.08 | 2.80 |
| 8/31/2010 | Dr. Goodness: Collateral interview and attorney consultation via email. | 200.00 | 2 | 400.00 |
| 8/31/2010 | Dr. Goodness: Report Writing | 200.00 | 1 | 200.00 |

Thank you!

| | |
|---|---|
| **Total** | |
| **Payments/Credits** | |
| **Balance Due** | **1494** |

Kelly R. Goodness, Ph.D. License #3-1223
Tax ID #75-2967829 Phone 817-379-GOOD Fax 817-622-8077
Email: kelly.goodness@drgoodness.com

EXHIBIT 34 Page 7



**Dr. Goodness & Associates**
121 Olive Street
Keller, TX 76248

# Invoice

| Date | Invoice # |
|------|-----------|
| 8/31/2010 | 02-17152 |

**PAID**

| Bill To |
|---------|
| Paul Johnson |
| Attorney at Law |
| 311 Market Street, Suite 300 |
| Dallas, Texas 75202 |

| In Re: |
|--------|
| Green, Gary |
| Cause No.: F0959380 |
| Death Penalty Mitigation |

| Terms |
|-------|
| 30 days |

| Serviced | Description | Rate | Unit(s) | Amount |
|----------|-------------|------|---------|--------|
| 8/31/2010 | Administrative Assistance for August | 30.00 | 3.1 | 93.00 |

Thank you!

Kelly R. Goodness, Ph.D.  License #3-1223
Tax ID #75-2967829 Phone:817-379-GOOD  Fax 817-622-8077
Email: kelly.goodness@drgoodness.com

| Total | $3,934.85 |
|-------|-----------|
| **Payments/Credits** | $-3,934.85 |
| **Balance Due** | **1495** 0.00 |



## Dr. Goodness & Associates
121 Olive Street
Keller, TX 76248

# Invoice

| Date | Invoice # |
|------|-----------|
| 9/30/2010 | 02-17259 |

| Bill To | In Re: |
|---------|--------|
| Paul Johnson<br>Attorney at Law<br>311 Market Street, Suite 300<br>Dallas, Texas 75202 | Green, Gary<br>Cause No.: F0959380<br>Death Penalty Mitigation |

| | Terms |
|--|-------|
| | 30 days |

| Serviced | Description | Rate | Unit(s) | Amount |
|----------|-------------|------|---------|--------|
| 9/1/2010 | Dr. Goodness: Attorney Consultation and note. | 200.00 | 0.25 | 50.00 |
| 9/10/2010 | Dr. Goodness: Collateral Interview and report writing. | 200.00 | 2 | 400.00 |
| 9/13/2010 | Dr. Goodness: Collateral Interview, report writing, and records review. | 200.00 | 2 | 400.00 |
| 9/21/2010 | Dr. Goodness: Expert Consultation. | 200.00 | 2.5 | 500.00 |
| 9/24/2010 | Dr. Goodness: Collateral Interview and attorney consultation. | 200.00 | 2 | 400.00 |
| 9/24/2010 | Roundtrip mileage to collateral interview. | 0.50 | 240 | 120.00 |
| 9/24/2010 | Dr. Goodness: Collateral Interview and attorney consultation. | 200.00 | 2 | 400.00 |
| 9/27/2010 | Dr. Goodness: Mitigation Investigation, collateral interviews, and attorney consultation. | 200.00 | 5 | 1,000.00 |
| 9/27/2010 | Roundtrip mileage to collateral interview. | 0.50 | 110 | 55.00 |
| 9/27/2010 | Parking Fees | 5.00 | 1 | 5.00 |
| 9/30/2010 | Dr. Goodness: Mitigation Investigation, attorney consultation, and expert consultation. | 200.00 | 3 | 600.00 |

Thank you!

Kelly R. Goodness, Ph.D. License #3-1223
Tax ID #75-2967829 Phone:817-379-GOOD Fax:817-622-8077
Email: kelly.goodness@drgoodness.com

| Total | $3,930.00 |
|-------|-----------|
| Payments/Credits | $-1,115.93 |
| Balance Due | 1496 14.07 |

EXHIBIT 34 Page 9

4435-6185

## REQUEST FOR PAYMENT BY APPOINTED COUNSEL

THE STATE OF TEXAS § IN THE _287_ DISTRICT COURT _____
VS. GARY GREEN § OF DALLAS COUNTY, TEXAS

Appointment Date:_____  Disposition Date: 11/5/10  Partial/Supplemental Payment Request: YES / NO
Date of Initial Contact: _____  Dates of Jail Visits: _____

OFFENSE: CAP MURDER   CASE NO. F09 59380   GRADE: DEATH PENALTY   AUDIT NO. FEB 01 2011

I UNDERSTAND THAT I MAY BE COMPENSATED UNDER SECTION "A" BELOW ONLY IF THE CASE HAS BEEN FINALLY DISPOSED OF EITHER BY A DISMISSAL, PLEA, TRIAL, CONTINUATION OF COMMUNITY SUPERVISION, OR COMPETENCY DISPOSITION. I FURTHER UNDERSTAND THAT WHEN I AM COMPENSATED UNDER SECTION "A" BELOW, I AM NOT REQUIRED TO LIST THE LEGAL SERVICES PROVIDED. ONLY IF THERE ARE EXCEPTIONAL CIRCUMSTANCES IN THE CASE MAY ADDITIONAL COMPENSATION BE REQUESTED AS PROVIDED IN SECTION "B".
This case has been finally disposed of in the following manner (circle one):

DISMISSAL — AGREED PLEA — OPEN PLEA — JURY TRIAL — TBC — REVOCATION HEARING — COMPETENCY HEARING

☐ A.  I request standard compensation for this case as follows (check one):
- ☐ PROBATION VIOLATION ....$270      ☐ STATE JAIL/3RD DEGREE FELONY ......$360
- ☐ 2ND DEGREE FELONY ............$450   ☐ 1ST DEGREE FELONY/MINI-CAP ...........$540
- ☐ CONTESTED TRIAL .................☐ $720 (Full day).......☐ $360 (Half day)
- ☐ COMPETENCY HEARING ........☐ $540 (Contested) ....☐ $270 (Agreed)

☐ B.  I request additional compensation (at the rate of $90 per hour) in the amount of $_____ for services performed. If I am requesting additional compensation, or if I am requesting compensation for services performed prior to counsel being retained, I must attach the form entitled *"Detailed List of Legal Services Provided."*

☐ C.  Death Penalty Case. I request compensation at the rate of $150.00 per hour in the amount of $_____ for services performed and/or $_____ for voir dire and each day of trial as listed on the attached *"Detailed List of Legal Services Provided."*

☐ D.  Appeal. I request compensation (at the rate of $90 per hour) in the amount of $_____ performed as listed on the attached *"Detailed List of Legal Services Provided."*

☐ E.  Writ. I request compensation (at the rate of $90 per hour) in the amount of $_____ services performed as listed on the attached *"Detailed List of Legal Services Provided."*

☒ F.  I request payment for expert witness/investigator expenses in the amount of $ 17,471.15 for services performed as listed on the attached itemized bill.  invoices attached.

TOTAL AMOUNT REQUESTED: $ 17,471.15    COURT APPROVED AMOUNT: $ 17,471.15

## AFFIRMATION

I the undersigned attorney, am appointed to represent the above-named defendant and am requesting payment in accordance with the laws of the State of Texas. I further affirm to the truth and correctness to the information stated above, and that I have not received any other monies or anything else of value for said services.

_____, Attorney at Law.   Date: 1/18/11

ATTORNEY INFORMATION (Print):     (For Auditor Use Vendor I.D. 115652

Name DR. KELLY GOODNESS   State Bar No. 10778230
Mailing Address: 121 OLIVE STREET , KELLER, TX 76248
        Number    Street        Suite        City        State    Zip
Telephone: _____ Soc. Sec. No. _____
                (Not required if S.S. number is on file with County Auditor's Office)

TO THE COMMISSIONERS COURT OF DALLAS COUNTY, TEXAS:
I the undersigned Judge of Dallas County, Texas do hereby certify that the defendant in the above cause(s) has on file with this court an affidavit reflecting indigency and an inability to afford counsel, that the attorney shown above has been appointed to represent the defendant and that said attorney is entitled under Article 26.05, Texas Code of Criminal Procedure, to be paid from the General Fund of Dallas County, Texas, for services performed in the amount shown above.

1/20/11
_____              _____
Date                       Judge

Reason for Denial or variation: ☐ Request exceeds flat rate. ☐ Request exceeds hourly rate. ☐ Other, see attached.  1497

EXHIBIT 34 Page 10

# Dr. Goodness & Associates

121 Olive Street
Keller, TX 76248

# Invoice

| Date | Invoice # |
|------|-----------|
| 9/30/2010 | 02-17259 |

| Bill To | In Re: |
|---------|--------|
| Paul Johnson<br>Attorney at Law<br>311 Market Street, Suite 300<br>Dallas, Texas 75202 | Green, Gary<br>Cause No.: F0959380<br>Death Penalty Mitigation |

| | Terms |
|---|-------|
| | 30 days |

| Serviced | Description | Rate | Unit(s) | Amount |
|----------|-------------|------|---------|--------|
| 9/1/2010 | Dr. Goodness: Attorney Consultation and note. | 200.00 | 0.25 | 50.00 |
| 9/10/2010 | Dr. Goodness: Collateral Interview and report writing. | 200.00 | 2 | 400.00 |
| 9/13/2010 | Dr. Goodness: Collateral Interview, report writing, and records review. | 200.00 | 2 | 400.00 |
| 9/21/2010 | Dr. Goodness: Expert Consultation | 200.00 | 2.5 | 500.00 |
| 9/24/2010 | Dr. Goodness: Collateral Interview and attorney consultation. | 200.00 | 2 | 400.00 |
| 9/24/2010 | Roundtrip mileage to collateral interview. | 0.55 | 240 | 132.00 |
| 9/24/2010 | Dr. Goodness: Collateral Interview and attorney consultation. | 200.00 | 2 | 400.00 |
| 9/27/2010 | Dr. Goodness: Mitigation Investigation, collateral interviews, and attorney consultation. | 200.00 | 5 | 1,000.00 |
| 9/27/2010 | Roundtrip mileage to collateral interview. | 0.55 | 110 | 60.50 |
| 9/27/2010 | Parking Fees | 5.00 | 1 | 5.00 |
| 9/30/2010 | Dr. Goodness: Mitigation Investigation, attorney consultation, and expert consultation. | 200.00 | 3 | 600.00 |

Thank you!

| Total | $3,947.50 |
|-------|-----------|
| Payments/Credits | $-1,115.93 |
| Balance Due | $2,831.57 |

Kelly R. Goodness, Ph.D. License #3-1223
Tax ID #75-2967829 Phone:817-379-GOOD Fax:817-622-8077
Email: kelly.goodness@drgoodness.com

1498

EXHIBIT 34 Page 11

**Dr. Goodness & Associates**

121 Olive Street
Keller, TX 76248

# Invoice

| Date | Invoice # |
|------|-----------|
| 10/1/2010 | 02-17281 |

| Bill To |
|---------|
| Paul Johnson<br>Attorney at Law<br>311 Market Street, Suite 300<br>Dallas, Texas 75202 |

| In Re: |
|--------|
| Green, Gary<br>Cause No.: F0959380<br>Death Penalty Mitigation |

| Terms |
|-------|
| 30 days |

| Serviced | Description | Rate | Unit(s) | Amount |
|----------|-------------|------|---------|--------|
| 10/1/2010 | Dr. Goodness: Mitigation Investigation | 200.00 | 1 | 200.00 |
| 10/5/2010 | Dr. Goodness: Attorney Consultation | 200.00 | 0.5 | 100.00 |
| 10/5/2010 | Dr. Goodness: Mitigation Investigation, expert consultation, attorney consultation, and research. | 200.00 | 1 | 200.00 |
| 10/7/2010 | Dr. Goodness: Expert Consultation | 200.00 | 0.16 | 32.00 |

Thank you!

Kelly R. Goodness, Ph.D. License #3-1223
Tax ID #75-2967829 Phone:817-379-GOOD  Fax:817-622-8077
Email: kelly.goodness@drgoodness.com

| Total | $532.00 |
|-------|---------|
| Payments/Credits | $0.00 |
| Balance Due | $532.00 |

1499

EXHIBIT 34 Page 12



# Dr. Goodness & Associates

**Invoice**

121 Olive Street
Keller, TX 76248

| Date | Invoice # |
|------|-----------|
| 10/31/2010 | 02-17366 |

| Bill To | In Re: |
|---------|--------|
| Paul Johnson<br>Attorney at Law<br>311 Market Street, Suite 300<br>Dallas, Texas 75202 | Green, Gary<br>Cause No.: F0959380<br>Death Penalty Mitigation |

| | Terms |
|---|-------|
| | 30 days |

| Serviced | Description | Rate | Unit(s) | Amount |
|----------|-------------|------|---------|--------|
| 10/13/2010 | Administrative Assistance: prepared for meeting | 30.00 | 1.25 | 37.50 |
| 10/14/2010 | Dr. Goodness: Attorney Consultation | 200.00 | 0.16 | 32.00 |
| 10/14/2010 | Dr. Goodness: Attorney meeting at airport hotel. | 200.00 | 4 | 800.00 |
| 10/14/2010 | Dr. Goodness: Parking Fees | 5.00 | 1 | 5.00 |
| 10/14/2010 | Dr. Goodness: Roundtrip mileage to meeting. | 0.55 | 24 | 13.20 |
| 10/14/2010 | Case management and assistance: attended attorney meeting. | 35.00 | 4 | 140.00 |
| 10/14/2010 | Wes Parks: Parking Fees | 5.00 | 1 | 5.00 |
| 10/14/2010 | Wes Parks: Roundtrip mileage to meeting | 0.55 | 7.2 | 3.96 |
| 10/19/2010 | Dr. Goodness: Attorney Consultation | 200.00 | 0.25 | 50.00 |
| 10/20/2010 | Case management and assistance: Telephone conference with attorney re collateral interviews. | 35.00 | 0.25 | 8.75 |
| 10/21/2010 | Dr. Goodness: Mitigation Investigation | 200.00 | 4 | 800.00 |
| 10/21/2010 | Case management and assistance: Multiple telephone conferences to attorney re collaterals. | 35.00 | 1 | 35.00 |
| 10/21/2010 | Case management and assistance: Review CI, PI notes, and attorney notes for collateral interviews. | 35.00 | 1.5 | 52.50 |
| 10/26/2010 | Dr. Goodness: Expert Consultation | 200.00 | 0.25 | 50.00 |
| 10/26/2010 | Dr. Goodness: Attorney Consultation | 200.00 | 0.25 | 50.00 |
| 10/27/2010 | Dr. Goodness: Mitigation Investigation, expert consultation, attorney consultation, and collateral interviews. | 200.00 | 5.25 | 1,050.00 |
| 10/27/2010 | Dr. Goodness: Roundtrip Mileage to attorney meeting. | 0.55 | 75 | 41.25 |
| 10/27/2010 | Parking Fees: Parking for 2 places | 15.00 | 1 | 15.00 |
| 10/27/2010 | Case management and assistance: Meeting | 35.00 | 2.25 | 78.75 |
| 10/27/2010 | Wes Parks: roundtrip mileage to meeting. | 35.00 | 46.2 | 1,617.00 |
| 10/27/2010 | Wes Parks: Parking Fees - garage and meter - 2 places | 6.00 | 1 | 6.00 |
| 10/29/2010 | Dr. Goodness: Mitigation investigation, attorney consultation, multiple expert consultations, and trial preparation. | 200.00 | 4 | 800.00 |
| 10/29/2010 | Parking Fees: for hotel parking | 10.00 | 1 | 10.00 |

Thank you!

| Total | |
|-------|--|
| **Payments/Credits** | |
| **Balance Due** | 1500 |

Kelly R. Goodness, Ph.D. License #3-1223
Tax ID #75-2967829 Phone:817-379-GOOD Fax:817-622-8077
Email: kelly.goodness@drgoodness.com

EXHIBIT 34 Page 13

# Dr. Goodness & Associates

121 Olive Street
Keller, TX 76248

# Invoice

| Date | Invoice # |
|------|-----------|
| 10/31/2010 | 02-17366 |

| Bill To |
|---------|
| Paul Johnson<br>Attorney at Law<br>311 Market Street, Suite 300<br>Dallas, Texas 75202 |

| In Re: |
|--------|
| Green, Gary<br>Cause No.: F0959380<br>Death Penalty Mitigation |

| Terms |
|-------|
| 30 days |

| Serviced | Description | Rate | Unit(s) | Amount |
|----------|-------------|------|---------|--------|
| 10/29/2010 | Roundtrip Mileage to hotel for meeting. | 0.55 | 45 | 24.75 |
| 10/31/2010 | Dr. Goodness: Mitigation investigation, expert consultation, and attorney consultation. | 200.00 | 0.25 | 50.00 |

Thank you!

Kelly R. Goodness, Ph.D.  License #3-1223
Tax ID #75-2967829 Phone:817-379-GOOD  Fax:817-622-8077
Email: kelly.goodness@drgoodness.com

| Total | $5,775.66 |
|-------|-----------|
| Payments/Credits | $0.00 |
| Balance Due | $5,775.66 |

1501

EXHIBIT 34 Page 14

# Dr. Goodness & Associates

121 Olive Street
Keller, TX 76248

# Invoice

| Date | Invoice # |
|------|-----------|
| 11/1/2010 | 02-17401 |

| Bill To |
|---------|
| Paul Johnson<br>Attorney at Law<br>311 Market Street, Suite 300<br>Dallas, Texas 75202 |

| In Re: |
|--------|
| Green, Gary<br>Cause No.: F0959380<br>Death Penalty Mitigation |

| Terms |
|-------|
| 30 days |

| Serviced | Description | Rate | Unit(s) | Amount |
|----------|-------------|------|---------|--------|
| 11/1/2010 | Dr. Goodness: Court Appearance (hourly) and attorney consultation. | 250.00 | 8 | 2,000.00 |
| 11/1/2010 | Parking Fees | 5.00 | 1 | 5.00 |
| 11/1/2010 | Roundtrip Mileage to courthouse | 0.55 | 73.6 | 40.48 |
| 11/2/2010 | Dr. Goodness: Court Appearance (hourly) and attorney consultation. Collateral | 250.00 | 8 | 2,000.00 |
| 11/2/2010 | Parking Fees | 5.00 | 1 | 5.00 |
| 11/2/2010 | Roundtrip Mileage to courthouse | 0.55 | 73.6 | 40.48 |
| 11/3/2010 | Dr. Goodness: Court Appearance (hourly) and attorney consultation. | 250.00 | 8 | 2,000.00 |
| 11/3/2010 | Parking Fees | 5.00 | 1 | 5.00 |
| 11/3/2010 | Roundtrip Mileage to courthouse | 0.55 | 73.6 | 40.48 |
| 11/4/2010 | Dr. Goodness: Court Appearance (hourly) | 250.00 | 8 | 2,000.00 |
| 11/4/2010 | Parking Fees | 5.00 | 1 | 5.00 |
| 11/4/2010 | Roundtrip Mileage to courthouse | 0.55 | 73.6 | 40.48 |
| 11/4/2010 | Copies - prep file for appeal / scan data | 150.00 | 1 | 150.00 |

Thank you!

Kelly R. Goodness, Ph.D. License #3-1223
Tax ID #75-2967829  Phone:817-379-GOOD  Fax:817-622-8077
Email: kelly.goodness@drgoodness.com

| Total | $8,331.92 |
|-------|-----------|
| **Payments/Credits** | $0.00 |
| **Balance Due** | $8,331.92 |

1502

EXHIBIT 34 Page 15

**REQUEST FOR PAYMENT BY APPOINTED COUNSEL**

THE STATE OF TEXAS      §      IN THE _282d_ DISTRICT COURT

VS. _Gary Green_      §      OF DALLAS COUNTY, TEXAS

Appointment Date: _____    Disposition Date: _____    Partial/Supplemental Payment Request: YES / NO

Date of Initial Contact: _____   Dates of Jail Visits: _____

OFFENSE: _Capital Murder_    CASE NO.: _F08-59380_    GRADE: _Capital_    AUDIT NO.: _____

I UNDERSTAND THAT I MAY BE COMPENSATED UNDER SECTION "A" BELOW ONLY IF THE CASE HAS BEEN FINALLY DISPOSED OF EITHER BY A DISMISSAL, PLEA, TRIAL, CONTINUATION OF COMMUNITY SUPERVISION, OR COMPETENCY DISPOSITION. I FURTHER UNDERSTAND THAT WHEN I AM COMPENSATED UNDER SECTION "A" BELOW, I AM NOT REQUIRED TO LIST THE LEGAL SERVICES PROVIDED ONLY IF THERE ARE EXCEPTIONAL CIRCUMSTANCES IN THE CASE MAY ADDITIONAL COMPENSATION BE REQUESTED AS PROVIDED IN SECTION "B".

This case has been finally disposed of in the following manner (circle one):

DISMISSAL — AGREED PLEA — OPEN PLEA — JURY TRIAL — TBC — REVOCATION HEARING — COMPETENCY HEARING

☐ A. I request standard compensation for this case as follows (check one):
- ☐ PROBATION VIOLATION ....... $270 ·
- ☐ STATE JAIL/3RD DEGREE FELONY ...... $360
- ☐ 2ND DEGREE FELONY ............ $450
- ☐ 1ST DEGREE FELONY/MINI-CAP ........... $540
- ☐ CONTESTED TRIAL ................ ☐ $720 (Full day) ....... ☐ $360 (Half day)
- ☐ COMPETENCY HEARING ........ ☐ $540 (Contested) .... ☐ $270 (Agreed)

☐ B. I request additional compensation (at the rate of $90 per hour) in the amount of $_____ for services performed. If I am requesting additional compensation, or if I am requesting compensation for services performed prior to counsel being retained, I must attach the form entitled *"Detailed List of Legal Services Provided."*

☐ C. Death Penalty Case. I request compensation at the rate of $150.00 per hour in the amount of $_____ for services performed and/or $_____ for voir dire and each day of trial as listed on the attached *"Detailed List of Legal Services Provided."*

☐ D. Appeal. I request compensation (at the rate of $90 per hour) in the amount of $_____ for services performed as listed on the attached *"Detailed List of Legal Services Provided."*

☐ E. Writ. I request compensation (at the rate of $90 per hour) in the amount of $_____ for services performed as listed on the attached *"Detailed List of Legal Services Provided."*

☐ F. I request payment for expert witness/investigator expenses in the amount of $ _1,205.00_ for services performed as listed on the attached itemized bill.

TOTAL AMOUNT REQUESTED: $ _1,205.00_      COURT APPROVED AMOUNT: $ _1,205.00_

**AFFIRMATION**

I the undersigned attorney, am appointed to represent the above-named defendant and am requesting payment in accordance with the laws of the State of Texas. I further affirm to the truth and correctness to the information stated above, and that I have not received any other monies or anything else of value for said services.

_____, Attorney at Law. Date: _1-18-2011_

ATTORNEY INFORMATION (Print):      (For Auditor Use Vendor I.D. _11566?_ )

Name _Dr. Goodness & Associates_    State Bar No. _1967750?_

Mailing Address: _121 Olive Street Keller Texas 76248_
Number    Street    Suite    City    State    Zip

Telephone: _817-379-GOOD_ Soc. Sec. No. _on file_    Tax ID
(Not required if S.S. number is on file with County Auditor's Office)

TO THE COMMISSIONERS COURT OF DALLAS COUNTY, TEXAS:

I the undersigned Judge of Dallas County, Texas do hereby certify that the defendant in the above cause(s) has on file with this court an affidavit reflecting indigency and an inability to afford counsel, that the attorney shown above has been appointed to represent the defendant and that said attorney is entitled under Article 26.05, Texas Code of Criminal Procedure, to be paid from the General Fund of Dallas County, Texas, for services performed in the amount shown above.

_1/19/11_        _____
Date           Judge

Reason for Denial or variation: ☐ Request exceeds flat rate. ☐ Request exceeds hourly rate. ☐ Other, see attached. **1503**

EXHIBIT 34 Page 16



**Dr. Goodness & Associates**

121 Olive Street
Keller, TX 76248

# Invoice

| Date | Invoice # |
|------|-----------|
| 12/2/2010 | 02-17485 |

| Bill To | In Re: |
|---------|--------|
| John Tatum<br>Attorney at Law<br>990 South Sherman Street<br>Richardson, TX 75081 | Green, Gary<br>Cause No.: F0959380<br>Jury Canvasing |

| Terms |
|-------|
| 30 days |

| Serviced | Description | Rate | Unit(s) | Amount |
|----------|-------------|------|---------|--------|
| 11/22/2010 | Dr. Goodness: Attorney Consultation | 250.00 | 0.25 | 62.50 |
| 11/30/2010 | Dr. Goodness: Professional Services - Jury Canvasing | 250.00 | 3 | 750.00 |
| 12/1/2010 | Dr. Goodness: Professional Services - Jury Canvasing | 250.00 | 0.08 | 20.00 |
| 12/4/2010 | Dr. Goodness: Attorney Consultation | 250.00 | 0.25 | 62.50 |
| 12/7/2010 | Dr. Goodness: Records Review | 250.00 | 1 | 250.00 |
| 12/7/2010 | Administrative Assistance | 30.00 | 2 | 60.00 |

Thank you!

| Total | $1,205.00 |
|-------|-----------|
| Payments/Credits | $0.00 |
| **Balance Due** | 205.00 |

Kelly R. Goodness, Ph.D.  License #3-1223
Tax ID #75-2967829 Phone:817-379-GOOD  Fax:817-622-8077
Email: kelly.goodness@drgoodness.com

**1504**

EXHIBIT 34 Page 17

35

1505

FW: Assessments                                                                                    7/7/10 5:52 PM

**From:** Dr. Kelly Goodness <Kelly.Goodness@drgoodness.com>
**To:** Paul Johnson <pjjdoc@aol.com>
**bject:** FW: Assessments
**Date:** Wed, Apr 21, 2010 11:52 am

He can secure these dates if you get an order soon. I finished the records review... your guy has lots of reasons to have brain pathology...

**From:** Glbrmart@aol.com [mailto:Glbrmart@aol.com]
**Sent:** Tuesday, April 20, 2010 10:20 AM
**To:** kelly.goodness@drgoodness.com
**Subject:** Assessments

**Hi Kelly. Just checked the schedule and it looks like I can do the Wed and Thurs of May 5-6, May 12-13, or May 19-20, with the latter working the best due to rescheduling issues but any of these being acceptable if it works better for you. look forward to hearing from you.**

Thanks

Gilbert Martinez, Ph.D.
Director
**South Texas** Neuropsychological **Associates, PLLC**
3603 Paesanos Pkwy, Suite 300
Antonio, Texas 78231
ph. 210-614-3011
fax: 210-615-6906
glbrmart@aol.com

**1506**

EXHIBIT 35 Page 1

Green                                                                    7/7/10 6:12 PM

**From:** Dr. Kelly Goodness <Kelly.Goodness@drgoodness.com>
**To:** Paul Johnson <pjjdoc@aol.com>
**Subject:** Green
**Date:** Mon, May 3, 2010 12:27 pm

Need an order for the neuropsych spelling out financial issues

**Kelly R. Goodness, Ph.D.**
*Clinical and Forensic Psychology*
121 Olive Street
Keller, Texas 76248
Office: (817) 379-4663 (GOOD)
Fax: (817) 622-8077 – Fax
Please visit us on the web at www.drgoodness.com

*The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual(s) or organization named above. If you are not the intended recipient, or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and any attachments contained herein is prohibited. If you have received this email in error, please immediate notify me by return email and delete this email from your computer and/or network system.*

1507

EXHIBIT 35 Page 2

FW: Evals                                                                                                7/7/10 6:13 PM

From: Dr. Kelly Goodness <Kelly.Goodness@drgoodness.com>
  To: Paul Johnson <pjjdoc@aol.com>
bject: FW: Evals
  Date: Wed, May 5, 2010 6:08 am

From: Glbrmart@aol.com [mailto:Glbrmart@aol.com]
Sent: Wednesday, May 05, 2010 7:02 AM
To: kelly.goodness@drgoodness.com
Subject: Evals

Hey Kelly. Know your busy but I wanted to touch base briefly about the assessments. I'm scheduled to
head over there next week. I have the court appointment paperwork for the first case and as discussed, I'm
OK with waiving my policy on the retainer for these cases. Question is, don't I need some kind of a court
order/appointment to be able to access the second inmate?. Let me know and maybe we can talk briefly by
phone when you have a sec sometime before I head over there to pin down what I'll be taking with me for
the testing.


Thanks and very much look forward to heading over there next week.

Gilbert Martinez, Ph.D.
    ector
South Texas Neuropsychological Associates, PLLC
3603 Paesanos Pkwy, Suite 300
San Antonio, Texas 78231
ph: 210-614-3011
fax: 210-615-6906
glbrmart@aol.com

1508

EXHIBIT 35 Page 3

Green                                                                                                     7/7/10 6:13 PM

**From:** Dr. Kelly Goodness <Kelly.Goodness@drgoodness.com>
**To:** Paul Johnson <pjjdoc@aol.com>
**bject:** Green
**Date:** Mon, May 10, 2010 7:29 am

Is it ok if I form referral questions for the neuropsychologist who is coming this week? Or would you prefer to do that? He needs them asap.


**Kelly R. Goodness, Ph.D.**
*Clinical and Forensic Psychology*
121 Olive Street
Keller, Texas 76248
Office: (817) 379-4663 (GOOD)
Fax: (817) 622-8077 – Fax
Please visit us on the web at www.drgoodness.com
*The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual(s) or organization named above. If you are not the intended recipient, or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and any attachments contained herein is prohibited. If you have received this email in error, please immediate notify me by return email and delete this email from your computer and/or network system.*

**1509**

EXHIBIT 35 Page 4

Fwd: Evals                                                                                                                    7/7/10 6:14 PM

From: Dr. Kelly Goodness <kelly.goodness@drgoodness.com>
To: Paul James Johnson <pjjdoc@aol.com>
bject: Fwd: Evals
Date: Mon, May 10, 2010 3:55 pm

This messes up my other case. Did you get our messages?

Sent from my iPhone

Begin forwarded message:

> From: Glbrmart@aol.com
> Date: May 10, 2010 5:40:34 PM CDT
> To: kelly.goodness@drgoodness.com.
> Cc: wes.parks@drgoodness.com
> Subject: Evals

> Hi Kelly. I know you guys have been very busy and I appreciate all of your assistance
> in trying to figure out the logistics for these assessments. However, it's going to be a
> little tough for me to head your direction tomorrow without confirmation that the
> assessment can take place as I am expending considerable resources in leaving the
> office in the middle of the week. I am thinking with a little more time we can get proper
> approval from the Dallas jail and I could do both assessments at once the next week or
> the week after. Let me know what you think or if you have other info about this.

> Gilbert Martinez, Ph.D.
> Director
> South Texas Neuropsychological Associates, PLLC
> 3603 Pacsanos Pkwy, Suite 300
> San Antonio, Texas 78231
> ph: 210-614-3011
> fax: 210-615-6906
> glbrmart@uol.com

1510

EXHIBIT 35 Page 5

**Wes Parks**

| | |
|---|---|
| **From:** | Wes Parks [wes.parks@drgoodness.com] |
| **Sent:** | Wednesday, May 19, 2010 4:07 PM |
| **To:** | Paul Johnson (pjjdoc@aol.com); 'jgardnerpi@aol.com' |
| **Subject:** | Green records request |
| **Attachments:** | Green, Gary - Records Request 1.pdf |

Paul and Jeff,

Here is the first records request. Please let me know when subpoenas go out so we can stay on top of this. Do you have an estimate when you think these will be requested?

Thanks,
Wes Parks
*Forensic Case Manager*

Dr. Goodness & Associates
*A Clinical and Forensic Psychology Practice*
121 Olive Street
Keller, Texas 76248
(817) 379-4663
(817) 622-8077 - Fax
Please visit us on the web at www.drgoodness.com

Please consider your environmental responsibility: Before printing this e-mail or any other document, ask yourself whether you need a hard copy.

e information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual(s) or organization named above. If you e not the intended recipient, or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and any attachments contained herein is prohibited. If you have received this email in error, please immediately notify me by return email and delete this email from your computer and/or network system.

1

**1511**

EXHIBIT 35 Page 6

RE: Green

7/7/10 6:19 PM

From: Dr. Kelly Goodness <Kelly.Goodness@drgoodness.com>
To: Glbrmart <Glbrmart@aol.com>
Bcc: pjjdoc@aol.com
Subject: RE: Green
Date: Tue, Jun 15, 2010 7:52 am

I am in court. Have email, but can't get on the phone right now. Bottom line with the family, given your testing and evaluation, do you think it would be illuminating to hear about his paranoia, talking to himself, zoning out, withdrawal, nonsensical speech, constant complaint of being "stressed" without clear description of what that meant, lethargy, inattention, muddle thinking, inability to apply new knowledge to complete tasks accurately, excessive worry, and the list goes on?

From: Glbrmart@aol.com [mailto:Glbrmart@aol.com]
Sent: Tuesday, June 15, 2010 8:38 AM
To: Kelly.Goodness@drgoodness.com
Subject: Re: Green

Hey Kelly. I'm working on that report right now and am almost done. I can issue this initial report and add an addendum later or would you like for me to incorporate the family interview information in the report? Maybe we should speak when you have a sec. I'm in the office working on reports all day or on my cell. Either way I'll keep working on this for now.

Gilbert Martinez, Ph.D.
Director
᠁th Texas Neuropsychological Associates, PLLC
᠁3 Paesanos Pkwy, Suite 300
San Antonio, Texas 78231
ph: 210-614-3011
fax: 210-615-6906
glbrmart@aol.com

**1512** Page 1 of 1

EXHIBIT 35 Page 7

RE: Grren                                                                                    7/7/10 6:19 PM

From: Dr. Kelly Goodness <Kelly.Goodness@drgoodness.com>
  To: Glbrmart <Glbrmart@aol.com>
  Cc: Paul Johnson <pjjdoc@aol.com>
Subject: RE: Grren
 Date: Mon, Jun 21, 2010 7:29 am

Dr. Martinez, I apologize for the delay in getting the medication information and records from the jail. I have not received a response from the attorney and thus my hands are tied. I know this is as frustrating for you as it is for me, but all I can do is send up smoke signals. I will forward information if and when it is given to me. Thank you- kg

From: Glbrmart@aol.com [mailto:Glbrmart@aol.com]
Sent: Wednesday, June 16, 2010 7:27 AM
To: kelly.goodness@drgoodness.com
Subject: Re: Grren

Sure.  Just wanted to confirm you received.  I will be consulting off site today so call me on my cell 210-260-4942.

Gilbert Martinez, Ph.D.
Director
South Texas Neuropsychological Associates, PLLC
3603 Paesanos Pkwy, Suite 300
San Antonio, Texas 78231
· ' · 210-614-3011
 . 210-615-6906
glbrmart@aol.com

**1513**

EXHIBIT 35 Page 8

**Dr. Kelly Goodness**

| | |
|---|---|
| **From:** | Dr. Kelly Goodness (Kelly.Goodness@drgoodness.com) |
| **Sent:** | Thursday, July 08, 2010 11:28 AM |
| **To:** | Paul Johnson (pjjdoc@aol.com) |
| **Cc:** | 'Wes Parks' |
| **Subject:** | Green collaterals |

Paul – I have tried to call everybody possible to set interviews or do interviews. We are waiting for some calls back, so this list may change. I am doing the phone interview today and will give you summaries tomorrow. At the moment, the first interview is at 10:30 in the morning at your office. If you cannot make this, please let us know what we should do.

## Thursday – 7/9
11a – Irving Green via telephone
5p - Stephanie West via telephone


## Friday – 7/9
### Paul's Office:
10:30 – Arron Green  and Gary's friend Tony Mitchell, who worked with him

### Home-based:
1p – Rodney Haney
2p – Bertha Cunny
3:30p – Lewis Coleman
`p – Dennis Jones
4:30 p – Shirley Jones


**Kelly R. Goodness, Ph.D.**
*Clinical and Forensic Psychology*

**121 Olive Street**
Keller, Texas 76248
Office: (817) 379-4663 (GOOD)
Fax: (817) 622-8077 – Fax

Please visit us on the web at www.drgoodness.com

The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual(s) or organization named above. If you are not the intended recipient, or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and any attachments contained herein is prohibited. If you have received this email in error, please immediate notify me by return email and delete this email from your computer and/or network system.

1

# 1514

EXHIBIT 35 Page 9

## Wes Parks

| | |
|---|---|
| From: | Wes Parks [wes.parks@drgoodness.com] |
| nt: | Monday, July 12, 2010 3:10 PM |
| To: | Paul Johnson (pjjdoc@aol.com); Kobby Warren; Brady T. Wyatt III |
| Cc: | 'Dr. Kelly Goodness' |
| Subject: | Gary Green, Part 1 of 4 - Collateral Interviews |
| Attachments: | Green, Gary - Collateral Interview - Sampson, Leon - 6-14-10.doc; Green, Gary - Collateral Interview - Sampson, Mary - 6-14-10.doc; Green, Gary - Collateral Interview - West, Stephanie - 7-8-10.doc; Green, Gary - Collateral Interview - Carter, Nysasno - 6-14-10.doc; Green, Gary - Collateral Interview - Curry, Bertha - 7-9-10.doc; Green, Gary - Collateral Interview - Green, Arron - 7-9-10.doc; Green, Gary - Collateral Interview - Green, Irving - 7-8-10.doc; Green, Gary - Collateral Interview - Haney, Rodney - 7-9-10.doc |

Paul, Kobby, and Brady,

This is the first of four emails this afternoon for the Green matter. This email contains the eight collateral interviews that have been completed thus far. Please let me know if you do not receive all eight attachments or have trouble viewing the files.

Thank you,
Wes Parks
*Forensic Case Manager*

Dr. Goodness & Associates
*A Clinical and Forensic Psychology Practice*
121 Olive Street
Keller, Texas 76248
'817) 379-4663
  17) 622-8077 - Fax
Please visit us on the web at www.drgoodness.com

Please consider your environmental responsibility: Before printing this e-mail or any other document, ask yourself whether you need a hard copy.

The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual(s) or organization named above. If you are not the intended recipient, or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and any attachments contained herein is prohibited. If you have received this email in error, please immediate notify me by return email and delete this email from your computer and/or network system.

1

**1515**

EXHIBIT 35 Page 10

## Wes Parks

| | |
|---|---|
| From: | Wes Parks [wes.parks@drgoodness.com] |
| nt: | Monday, July 12, 2010 3:14 PM |
| To: | Paul Johnson (pjjdoc@aol.com); Kobby Warren; Brady T. Wyatt III |
| Cc: | 'Dr. Kelly Goodness' |
| Subject: | Gary Green, Part 3 of 4 - Records Requests and Reviews |
| Attachments: | Green, Gary - Records Review #2.doc; Green, Gary - Records Request 1.doc; Green, Gary - Records Request 2.doc; Green, Gary - Records Review #1.doc |

Paul, Kobby, and Brady,

This is the third of four emails this afternoon for the Green matter. This email contains the two requests for records that have been submitted thus far, as well as the two reviews of records based on the records received to date. Please let me know if you do not receive all four attachments or have trouble viewing the files.

Thank you,
Wes Parks
*Forensic Case Manager*

Dr. Goodness & Associates
*A Clinical and Forensic Psychology Practice*
121 Olive Street
Keller, Texas 76248
(817) 379-4663
(817) 622-8077 - Fax
Please visit us on the web at www.drgoodness.com

Please consider your environmental responsibility: Before printing this e-mail or any other document, ask yourself whether you need a hard copy.

*The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual(s) or organization named above. If you are not the intended recipient, or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and any attachments contained herein is prohibited. If you have received this email in error, please immediately notify me by return email and delete this email from your computer and/or network system.*

1

7-22- Mult attempts to contact att last 3 days
↳ he rtd 1 call, but I wasn't avail and
the never ans my calls

Will get order

That avail me in trial
7-23 Trial late OCT
A/C
↳ Judge ordered $1500

He will get K's order

Wis to send another list of
needs

1517

EXHIBIT 35 Page 12

**Wes Parks**

| | |
|---|---|
| **From:** | Wes Parks [wes.parks@drgoodness.com] |
| **ent:** | Monday, July 26, 2010 4:26 PM |
| **o:** | Paul Johnson (pjjdoc@aol.com); Brady T. Wyatt III; Kobby Warren |
| **Cc:** | 'jgardnerpi@aol.com'; 'Dr. Kelly Goodness' |
| **Subject:** | Green - records and people needed |
| **Attachments:** | Green, Gary - Records Request 3.doc; Green, Gary - Collateral Contacts.doc |

This is the most recent list of records that have been requested and is still outstanding. Also included are people that need to be located as soon as possible in order that they be interviewed. I have also attached the updated collateral contacts, much of which appears to be dead information even though it was gathered from the family in the past two weeks. The investigator may be able to locate better information on these folks. If so, please forward whatever information is found.

Thanks,
Wes Parks
*Forensic Case Manager*

Dr. Goodness & Associates
*A Clinical and Forensic Psychology Practice*
121 Olive Street
Keller, Texas 76248
(817) 379-4663
(817) 622-8077 - Fax
Please visit us on the web at www.drgoodness.com

Please consider your environmental responsibility: Before printing this e-mail or any other document, ask yourself whether you need a hard copy.

*The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual(s) or organization named above. If you are not the intended recipient, or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and any attachments contained herein is prohibited. If you have received this email in error, please immediate notify me by return email and delete this email from your computer and/or network system.*

1

**1518**

EXHIBIT 35 Page 13

Paul J.
8-17-10

→ 1 Discovery CD of Paperwork already
   home

Green          Self letters transcribed


1st { Ex wives & girlfds'
in  { Early Childhood
person

        Doesn't want me to drive 2 hrs for
        30 MIN visit
        He will set int & call me back

_____

8-20-10   ☆ Expressed my concerns
Paul J    — dates - do them + promises he will MON
            Dr. Self +

          — Disc. Cultural Exp
            Ed Exp
            Tinkerloni Doc
            Recs, Etc.

1519

EXHIBIT 35 Page 14

**From:** Dr. Kelly Goodness <Kelly.Goodness@drgoodness.com>
**To:** Brady T. Wyatt III <attywyatt@hotmail.com>; Jeffrey W. Gardner <jgardnerpi@aol.com>; Kobby Warren <kwarren@jacksonfirm.net>; Paul Johnson <pjjdoc@aol.com>; Wes Parks@DrG <wes.parks@drgoodness.com>
**Subject:** Green, Gary
**Date:** Fri, Aug 20, 2010 7:19 pm

Gentleman, as an update I offer the following:

I discussed many of these issues with Paul today, but to keep all in the loop and allow documentation...:

- I am searching for a cultural expert and have several calls and emails out to folks who teach about cultural psychologies at the universities. The black psychiatrist I am familiar with declined the case.
  - Just heard from one African American Psych who may serve 2 purposes for us which would be my preference so as not to bore the jury (cultural and educational). I am vetting her now.

- Paul is to <u>ensure</u> that Dr. Self receives all the meaningful collateral interviews by Monday. It is imperative that he receive these soon. They are to be removed from my letterhead as previously discussed. As I have said before, his diagnosis depends on these and he should have already gotten what was available. Otherwise, you can be assured he will only diagnosis on Axis I diagnosis which I have previously advised.

- I have placed calls trying to find an educational expert to address his poor education and lack of special education. Have multiple leads.

- Discussed the Paul the notion of using a Timberlawn doctor to describe the treatment received by patients there. (i.e.: simple warehousing and cruddy group therapy by untrained people, so no wonder he left.)

- Including today's interviews (which you will get once I edit them), I have interviewed and you will have received reports on the following people:
  - Mary Sampson
  - Leon Sampson
  - Nysasno Carter
  - Bertha Curry
  - Aaron Green
  - Irving Green
  - Rodney Hancy
  - Stephanie West
  - Lenell Williams
  - Karen Knight
  - Corey Foster
  - Tony Mitchell
  - Shirley Coleman (I will interview in person on Monday as she has important information. Tried to call Paul; x2 without success to schedule.... Call me)

- I am awaiting return calls from the following people:
  - Lottie Tucker, the defendant's primary parole officer.
  - Margaret Young, the defendant's former girlfriend and baby momma

Green, Gary

I have attempted to reach without success the following <u>AND NEED HELP (please reply to my request for assistance):</u>

- o    Pastor King – I do not believe he will return the calls I left as I have left messages before. I suggest Jeff try to locate the pastor.
- o    Levi Smith – no answer or answering machine
- o    Quisha Jones, Debra Jones' daughter – we were given the wrong telephone number by Bertha Curry
- o    Marcus Washington – no number available.
- o    Jones Jernigan – no number available.
- o    Pearl Carter – no number available.
- o    DeMarcus Young – no number available.

`    We supplied you with an additional list of additional people, records and information that should be located earlier today.

·    **Paul, I need a new court order for funds asap to continue working up this case. The original order was much less than needed in a death case.**

Please let me know if you have questions AND PLEASE respond to me as requested. Time is short at this point. Thank you.

**Kelly R. Goodness, Ph.D.**
*Clinical and Forensic Psychology*
121 Olive Street
Keller, Texas 76248
Office: (817) 379-4663 (GOOD)
Fax: (817) 622-8077 – Fax
Please visit us on the web at www.drgoodness.com

*The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual(s) or organization named above. If you are not the intended recipient, or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and any attachments contained herein is prohibited. If you have received this email in error, please immediate notify me by return email and delete this email from your computer and/or network system.*

**1521** 8/26/10 2:56 PM

EXHIBIT 35 Page 16

# Dr. Goodness & Associates
### A Clinical and Forensic Psychology Practice

121 Olive Street                                                      (817) 379-4663
Keller, Texas 76248                                          Facsimile (817) 622-8077

## NOTE TO FILE

**Date:**   9/1/2010
**Matter:** Gary Green

Paul Johnson returned my telephone call and we discussed the following:

➢ Use of the educational/cultural expert and her ability to testify.

➢ My consternation that he does not return texts, phone calls or emails, and the effect that has on my ability to provide him with competent work. He assured me that he would respond immediately to any future communications. He advised he has been a courtroom from 8-5 each day. I advised that I cannot help his situation but need contact with him in order to do my job effectively.

➢ Discussed the need for him to get immediate court orders for the expert and for me to be paid. Advised that he has promised these in the past and has not come through. Advised I have employees that must be paid. Advised that one of his other cases is my longest held outstanding invoice and that I cannot work without being paid. He stated he understood and to fax invoices immediately. Assured me he would get court orders.

➢ Discussed the need for paternal family members contact information and he was to contact the PI.

*Kelly R. Goodness, Ph.D.*

Kelly R. Goodness, Ph.D.
Clinical and Forensic Psychologist
License #3-1223

www.drgoodness.com

# 1522

EXHIBIT 35 Page 17

## Wes Parks

| | |
|---|---|
| **From:** | Wes Parks [wes.parks@drgoodness.com] |
| **Sent:** | Wednesday, September 15, 2010 10:56 AM |
| **To:** | 'jgardnerpi@aol.com' |
| **Cc:** | Paul Johnson (pjjdoc@aol.com); Kobby Warren; Brady T. Wyatt III; 'Dr. Kelly Goodness' |
| **Subject:** | RE: green |

Jeff,

Here are outstanding issues that need immediate attention.

Collateral Interviews:
- Levi Smith - several messages have been left for him without any return contact. Can you track him down?
- Also, can you get contact information for
  - Darius DeMarcus Young (his mother did not provide contact information)
  - LaQuisha Jones (Debra Jones daughter)
  - Abraham Mundane (former employer at McShan Florists, now retired).
- I spoke with Shirley Carter this morning. She was to provide contact details for Louvenia Valentine, Patricia Newberry and Thelma (last name unknown), all sisters of Bertha Curry. Ms. Carter reported that these three women do not wish to be contacted and would not allow Ms. Coleman to forward their contact information. Do you have another way of locating these folks?
- Belinda Lacey - Ms. Lacey would like to be interviewed, but cannot afford gas money to come to our office, or afford the minutes on her cell phone for a telephone interview. She does not have access to a landline. Would you like to go out and interview her, and then forward your typed interview notes? Or hand her your cell phone for a phone interview? Or provide her with a phone card for minutes for a phone interview?

Records:
- Any progress on Debra Jones MHMR records?
- Any progress on the defendant's SSDI application?
- Have you subpoenaed the Dallas County jail disciplinary records and his TDCJ parole records?
- What is the status on examining the laptop currently in evidence?

Thanks - Wes

**From:** jgardnerpi@aol.com [mailto:jgardnerpi@aol.com]
**Sent:** Wednesday, September 15, 2010 9:06 AM
**To:** wes.parks@drgoodness.com
**Subject:** green

Wes,

If you get a moment, could you please provide me with an updated "to do" list for Green?

Thanks,

Jeff

# 1523

EXHIBIT 35 Page 18

## RE: order

Sunday, June 10, 2012
2:47 PM

| Subject | RE: order |
|---------|-----------|
| From | Wes Parks |
| To | 'kellie graysmith' |
| Cc | 'Dr. Kelly Goodness' |
| Sent | Wednesday, September 15, 2010 12:23 PM |

Dr. Gray-Smith,

I am pleased you received the order. I spoke with Dr. Goodness and she would like to meet with you at our office next Tuesday, 9/21, at 10 a.m.

As this case is well under way and time is of the essence, please bring a presentation to go over that addresses the specific referral questions you were provided. We certainly understand this will not be the "final" product for your testimony, but it will provide a firm starting point to focusing your testimony. If you would like to email your presentation in advance, that would also be helpful.

You can visit our website at www.drgoodness.com for a Google map to our office.

Let me know if you have any questions. Thanks - wp

**From:** kellie graysmith [mailto:ggraysmith@yahoo.com]
**Sent:** Tuesday, September 14, 2010 6:13 PM
**To:** Wes Parks
**Subject:** Re: order

Hi Wes,

Thank you. I received the order and look forward to hearing from Dr. Goodness about a meeting date and time.

**From:** Wes Parks <wes.parks@drgoodness.com>
**To:** kellie graysmith <ggraysmith@yahoo.com>
**Sent:** Tue, September 14, 2010 10:40:14 AM
**Subject:** order

Dr. Gray-Smith,

Hopefully the order reaches you this time. I will let you know about the meeting time for next week ASAP.

Thanks,
**Wes Parks**
*Forensic Case Manager*

Dr. Goodness & Associates
*A Clinical and Forensic Psychology Practice*
121 Olive Street
Keller, Texas 76248
(817) 379-4663
(817) 622-8077 – Fax
Please visit us on the web at www.drgoodness.com

**1524**

EXHIBIT 35 Page 19

Green Page 6

Please consider your environmental responsibility: **Before** printing this e-mail or any other document, ask yourself whether you need a hard copy.

*The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual(s) or organization named above. If you are not the intended recipient, or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and any attachments contained herein is prohibited. If you have received this email in error, please immediate notify me by return email and delete this email from your computer and/or network system.*

**1525**

EXHIBIT 35 Page 20

# FW: order

Sunday, June 10, 2012
2:41 PM

| Subject | FW: order |
|---|---|
| From | Wes Parks |
| To | 'Dr. Kelly Goodness' |
| Sent | Tuesday, September 21, 2010 9:32 AM |
| Attachments | |
| | GGCase |

**From:** kellie graysmith [mailto:ggraysmith@yahoo.com]
**Sent:** Tuesday, September 21, 2010 6:12 AM
**To:** Wes Parks
**Subject:** Re: order

Hi Wes,

I have attached my draft of responses to the points of my testimony. As it is an initial draft, I look forward to feedback from Dr. Goodness on ways to strengthen it. See you at 10 am today.

Sincerely,
Kellie Gray-Smith

**From:** Wes Parks <wes.parks@drgoodness.com>
**To:** kellie graysmith <ggraysmith@yahoo.com>
**Cc:** Dr. Kelly Goodness <Kelly.Goodness@drgoodness.com>
**Sent:** Wed, September 15, 2010 12:23:11 PM
**Subject:** RE: order

Dr. Gray-Smith,

I am pleased you received the order. I spoke with Dr. Goodness and she would like to meet with you at our office next Tuesday, 9/21, at 10 a.m.

As this case is well under way and time is of the essence, please bring a presentation to go over that addresses the specific referral questions you were provided. We certainly understand this will not be the "final" product for your testimony, but it will provide a firm starting point to focusing your testimony. If you would like to email your presentation in advance, that would also be helpful.

You can visit our website at www.drgoodness.com for a Google map to our office.

Let me know if you have any questions. Thanks - wp

**From:** kellie graysmith [mailto:ggraysmith@yahoo.com]
**Sent:** Tuesday, September 14, 2010 6:13 PM
**To:** Wes Parks
**Subject:** Re: order

## 1526

EXHIBIT 35 Page 21

Green Page 1

Hi Wes,

Thank you. I received the order and look forward to hearing from Dr. Goodness about a meeting date and time.

**From:** Wes Parks <wes.parks@drgoodness.com>

**To:** kellie graysmith <ggraysmith@yahoo.com>

**Sent:** Tue, September 14, 2010 10:40:14 AM

**Subject:** order

Dr. Gray-Smith,

Hopefully the order reaches you this time. I will let you know about the meeting time for next week ASAP..

Thanks,
**Wes Parks**
*Forensic Case Manager*

Dr. Goodness & Associates
*A Clinical and Forensic Psychology Practice*
121 Olive Street
Keller, Texas 76248
(817) 379-4663
(817) 622-8077 – Fax
Please visit us on the web at www.drgoodness.com

Please **consider** your environmental responsibility: **Before** printing this e-mail or any other document, ask yourself whether you need a hard copy.

*The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual(s) or organization named above. If you are not the intended recipient, or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and any attachments contained herein is prohibited. If you have received this email in error, please immediate notify me by return email and delete this email from your computer and/or network system.*

# Re: report re cst green

Sunday, June 10, 2012
2:48 PM

| Subject | Re: report re cst green |
|---|---|
| From | David Self |
| To | Dr. Kelly Goodness |
| Sent | Thursday, September 30, 2010 9:54 AM |

Kelly, am practically finished. have not talked with Marcus Washington yet. I'm on my way to a deposition this morning, then to hospital for afternoon. Can we talk later this evening, say 7 or 7:30 pm?


----- Original Message ----
From: Dr. Kelly Goodness <Kelly.Goodness@drgoodness.com>
To: David Self <dselfmd@yahoo.com>
Sent: Thu, September 30, 2010 8:12:38 AM
Subject: RE: report re cst green

David, trial is upon us and we must finalize strategy. Can you and I talk this afternoon? Have you finished finished your work?

-----Original Message-----
From: David Self [mailto:dselfmd@yahoo.com]
Sent: Thursday, September 09, 2010 11:37 AM
To: Dr. Kelly Goodness
Subject: Re: report re cst green

yes. have been busy on 2 other caps; but, intend to review all and do interviews on some collaterals in next 2 weeks.


----- Original Message ----
From: Dr. Kelly Goodness <Kelly.Goodness@drgoodness.com>
To: David Self <dselfmd@yahoo.com>
Sent: Thu, September 9, 2010 11:32:32 AM
Subject: RE: report re cst green

David, did the attorney ever send you the collateral interviews?

-----Original Message-----
From: David Self [mailto:dselfmd@yahoo.com]
Sent: Wednesday, August 18, 2010 6:39 AM
To: Dr. Kelly Goodness
Subject: report re cst green

Kelly, I can't find a fax # for PaulJ. Do you have it?

## 1528

EXHIBIT 35 Page 23

## Re: report re cst green

Sunday, June 10, 2012
2:47 PM

| Subject | Re: report re cst green |
|---------|--------------------------|
| From | David Self |
| To | Dr. Kelly Goodness |
| Sent | Friday, October 01, 2010 9:16 AM |

Kelly, this to confirm 10/13/2020 8:00am DFW (your terminal) defense team meeting. Also, when you speak to Paul, please put bee in bonnet re getting square with me on billing to date (before the big push to and through trial).
Please email copy of oreder appointing me. Also, the "letter" Green wrote is not in the investigation documents sent to me, please send copy. I'm starting to worry that here may be other significant documents I'm not aware of.


----- Original Message ----
From: Dr. Kelly Goodness <Kelly.Goodness@drgoodness.com>
To: David Self <dselfmd@yahoo.com>
Sent: Thu, September 30, 2010 10:53:13 AM
Subject: RE: report re cst green

Sure:)

-----Original Message-----
From: David Self [mailto:dselfmd@yahoo.com]
Sent: Thursday, September 30, 2010 9:54 AM
To: Dr. Kelly Goodness
Subject: Re: report re cst green

Kelly, am practically finished. have not talked with Marcus Washington yet.
I'm
on my way to a deposition this morning, then to hospital for afternoon. Can we talk later this evening, say 7 or 7:30 pm?


----- Original Message ----
From: Dr. Kelly Goodness <Kelly.Goodness@drgoodness.com>
To: David Self <dselfmd@yahoo.com>
Sent: Thu, September 30, 2010 8:12:38 AM
Subject: RE: report re cst green

David, trial is upon us and we must finalize strategy. Can you and I talk this afternoon? Have you finished finished your work?

-----Original Message-----
From: David Self [mailto:dselfmd@yahoo.com]

**1529**

EXHIBIT 35 Page 24

Green Page 8

Sent: Thursday, September 09, 2010 11:37 AM
To: Dr. Kelly Goodness
Subject: Re: report re cst green

yes. have been busy on 2 other caps; but, intend to review all and do interviews on some collaterals in next 2 weeks.

----- Original Message ----
From: Dr. Kelly Goodness <Kelly.Goodness@drgoodness.com>
To: David Self <dselfmd@yahoo.com>
Sent: Thu, September 9, 2010 11:32:32 AM
Subject: RE: report re cst green

David, did the attorney ever send you the collateral interviews?

-----Original Message-----
From: David Self [mailto:dselfmd@yahoo.com]
Sent: Wednesday, August 18, 2010 6:39 AM
To: Dr. Kelly Goodness
Subject: report re cst green

Kelly, I can't find a fax # for PaulJ. Do you have it?

1530

EXHIBIT 35 Page 25

## RE: Touching Base

Sunday, June 10, 2012
2:49 PM

| Subject | RE: Touching Base |
|---------|-------------------|
| From | Dr. Kelly Goodness |
| To | 'Kellie Gray-Smith' |
| Sent | Tuesday, October 12, 2010 5:54 PM |

Hi Dr. Gray-Smith,
Do you have a new outline for me? Trial is upon us....

**From:** Kellie Gray-Smith [mailto:Kellie.Gray-Smith@pisd.edu]
**Sent:** Friday, September 10, 2010 2:37 PM
**To:** Kelly.Goodness@drgoodness.com; ggraysmith@yahoo.com
**Subject:** Touching Base

Hi Dr. Goodness,

I wanted to check in with you again to provide an update about my involvement with the capital murder case. A couple of weeks ago, I was contacted by an attorney on the case who stated that he was working working to get the court order for my fees and involvement and would call me back a few days later. I understand that he likely needed to attend to other duties.

I do not believe he has called back but am looking forward to moving forward as soon as everyone can. As always, please let me know if I can assist or provide any additional information.

Have a great weekend!


Thanks,
Kellie Gray-Smith, PhD
Plano ISD Special Education Coordinator
469-752-8926

Confidentiality Statement: This email, including any attachments, may contain confidential information belonging to the sender. This information is only for the use of the individual(s) or entities for whom it was intended, even if addressed incorrectly. If you are not the intended recipient, please notify the sender immediately. You are hereby notified that you must delete this email, including any attachments, from your system, and any disclosure, copying, distribution, or any other action in reliance on the information is strictly prohibited. Thank you for your compliance.

**1531**

EXHIBIT 35 Page 26

Green Page 11

## GG Outline

Sunday, June 10, 2012
2:43 PM

| Subject | GG Outline |
|---|---|
| From | kellie graysmith |
| To | Kelly.Goodness@drgoodness.com |
| Cc | kellie gray-smith |
| Sent | Wednesday, October 13, 2010 11:37 PM |
| Attachments | [W] <br><br> GG Case O... |

I have attached the outline. Please let me know what the next step is for prep, and I am looking forward to working with this team! The only time frame that I am unable to meet is any Monday evening because of my son's football games. I am usually more during business hours, but with a little advance notice, I can arrange child care for my son in the evenings.

**1532**

EXHIBIT 35 Page 27

Green Page I

## Re: GG Case Outline (2)

Sunday, June 10, 2012
2:45 PM

| Subject | Re: GG Case Outline (2) |
|---------|--------------------------|
| From | kellie graysmith |
| To | Dr. Kelly Goodness |
| Sent | Wednesday, October 20, 2010 10:07 PM |

Hi Dr. Goodness,

I am pleased to know that there were no significant changes needed. I can meet Friday (10/29). I can meet in the morning and will need to return to PISD for a 2:30 pm meeting.

**From:** Dr. Kelly Goodness <Kelly.Goodness@drgoodness.com>
**To:** kellie graysmith <ggraysmith@yahoo.com>
**Cc:** Brady T. Wyatt III <attywyatt@hotmail.com>; Jeffrey W. Gardner <jgardnerpi@aol.com>; Kobby Warren <kwarren@jacksonfirm.net>; Paul Johnson <pjjdoc@aol.com>; "Wes Parks@DrG" <wes.parks@drgoodness.com>
**Sent:** Wed, October 20, 2010 6:43:33 PM
**Subject:** GG Case Outline (2)

Dr. Gray-Smith, I fixed just a few typos . This looks great. Thank you. I am in Ark. On a case now, but will be back Friday evening. Paul tells me he expects to have a break in trial on Friday Oct 29. Can we meet that day to go over your testimony?

# 1533

EXHIBIT 35 Page 28

Green Page 5

# Green

Sunday, June 10, 2012
2:45 PM

| Subject | Green |
|---------|-------|
| From | Wes Parks |
| To | kelly.goodness@drgoodness.com |
| Sent | Wednesday, October 20, 2010 2:55 PM |

Brady and Kobby just called me. They have concerns about people who did not get interviewed because because they were not located by the investigator or the family withheld information. They would like a brief memo listing who was not contacted and what effort was made to reach those people in preparation for appeal. They need this by Friday.

**Wes Parks**
*Forensic Case Manager*

Dr. Goodness & Associates
*A Clinical and Forensic Psychology Practice*
121 Olive Street
Keller, Texas 76248
(817) 379-4663
(817) 622-8077 - Fax
Please visit us on the web at www.drgoodness.com

Please consider your environmental responsibility: **Before printing this e-mail or any other document,** ask yourself whether you need a hard copy.

*The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual(s) or organization named above. If you are not the intended recipient, or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and any attachments contained herein is prohibited. If you have received this email in error, please immediate notify me by return email and delete this email from your computer and/or network system.*

# Green

Sunday, June 10, 2012
2:44 PM

| Subject | Green |
|---------|-------|
| From | Wes Parks |
| To | 'Dr. Kelly Goodness' |
| Sent | Thursday, October 21, 2010 10:18 AM |

Paul just called. He absolutely does not want a written list of who was not interviewed and why. He wants me to get a list together in my head and call him back this afternoon and let him know who was not interviewed and why and he will decide what to do with that information. He was very clear that I was not to produce a written list for anybody's review.

I think this is about to turn into a pissing match between Paul and his co-counsels.

**Wes Parks**
*Forensic Case Manager*

Dr. Goodness & Associates
*A Clinical and Forensic Psychology Practice*
121 Olive Street
Keller, Texas 76248
(817) 379-4663
(817) 622-8077 - Fax
Please visit us on the web at www.drgoodness.com

Please consider your environmental responsibility: Before printing this e-mail or any other document, ask yourself whether you need a hard copy.

*The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual(s) or organization named above. If you are not the intended recipient, or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and any attachments contained herein is prohibited. If you have received this email in error, please immediate notify me by return email and delete this email from your computer and/or network system.*

# 1535

EXHIBIT 35 Page 30

Green Page 3

# Green

Sunday, June 10, 2012
2:44 PM

| Subject | Green |
|---------|-------|
| From | Wes Parks |
| To | 'Dr. Kelly Goodness' |
| Sent | Thursday, October 21, 2010 10:25 AM |

Paul just called again. He is interviewing Suhlonda Ransom in the morning. He will be having a conversation with his co-counsel about the inappropriateness of making requests for documentation for his file without his say so. Stressed again no creation of a written list and gently reminded me who the big chief is.

I have to say, for Paul, he is being remarkably genteel about this. At least to this office.

**Wes Parks**
*Forensic Case Manager*

Dr. Goodness & Associates
*A Clinical and Forensic Psychology Practice*
121 Olive Street
Keller, Texas 76248
(817) 379-4663
(817) 622-8077 - Fax
Please visit us on the web at www.drgoodness.com

Please consider your environmental responsibility: Before printing this e-mail or any other document, ask yourself whether you need a hard copy.

*The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual(s) or organization named above. If you are not the intended recipient, or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and any attachments contained herein is prohibited. If you have received this email in error, please immediate notify me by return email and delete this email from your computer and/or network system.*

①

10-26-10

Gilbert Meeting    Spoke w/ Paul — had tried penning him to

↳ All day Tues + Wed

⑮

Sunday, June 10, 2012
2:49 PM

| Subject | |
|---|---|
| From | David Self |
| To | Dr. Kelly Goodness |
| Sent | Thursday, October 28, 2010 10:25 AM |
| Attachments | |

Green, Ga...

Kelly, am well along in Green report. will attach DRAFT portions completed to this point for your comment. I recall you and Paul talking about Family Psychiatric History at last meeting that I don't have. Please forward whatever Family Psych Hx you have. Also if you  have a good social history if would be helpful.  Again, this is NOT my final report, simply a DRAFT in progress.

# 1538

EXHIBIT 35 Page 33

Green Page 12

# FW:

Sunday, June 10, 2012
2:58 PM

| Subject | FW: |
|---------|-----|
| From | Dr. Kelly Goodness |
| To | Brady T. Wyatt III; Jeffrey W. Gardner; Kobby Warren; Paul Johnson; Wes Parks@DrG |
| Sent | Thursday, October 28, 2010 11:08 AM |
| Attachments | <br><br>Green, Ga... |

Paul, please call me about this after you read it

-----Original Message-----
From: David Self [mailto:dselfmd@yahoo.com]
Sent: Thursday, October 28, 2010 10:25 AM
To: Dr. Kelly Goodness
Subject:

Kelly, am well along in Green report. will attach DRAFT portions completed to this point for your comment. I recall you and Paul talking about Family Psychiatric History at last meeting that I don't have. Please forward whatever Family Psych Hx you have. Also if you have a good social history if would be helpful. Again, this is NOT my final report, simply a DRAFT in progress.

# 1539

EXHIBIT 35 Page 34

Sunday, June 10, 2012
2:49 PM

| Subject | |
|---|---|
| From | David Self |
| To | Dr. Kelly Goodness |
| Sent | Friday, October 29, 2010 12:12 PM |
| Attachments | |

green, gar...

Kelly, attached is nearly complete report. I still need a social history if one is avaiable, in order to confidently flesh out that section, and to be able to remark on the causal aspects of his social history.

1540

EXHIBIT 35 Page 35

36

1541

103065

**REQUEST FOR PAYMENT BY APPOINTED COUNSEL**

THE STATE OF TEXAS § IN THE _____ DISTRICT COURT
VS. STEEN, Gary § OF DALLAS COUNTY, TEXAS

Appointment Date: _____ Disposition Date: _____ Partial/Supplemental Payment Request: YES / NO
Date of Initial Contact: _____ Dates of Jail Visits: _____

OFFENSE: MURDER CASE NO. 09-59380-S GRADE: ___

"DEATH"

I UNDERSTAND THAT I MAY BE COMPENSATED UNDER SECTION "A" BELOW ONLY IF THE CASE HAS BEEN FINALLY DISPOSED OF EITHER BY A DISMISSAL, PLEA, TRIAL, CONTINUATION OF COMMUNITY SUPERVISION, OR COMPETENCY DISPOSITION. I FURTHER UNDERSTAND THAT WHEN I AM COMPENSATED UNDER SECTION "A" BELOW, I AM NOT REQUIRED TO LIST THE LEGAL SERVICES PROVIDED. ONLY IF THERE ARE EXCEPTIONAL CIRCUMSTANCES IN THE CASE MAY ADDITIONAL COMPENSATION BE REQUESTED AS PROVIDED IN SECTION "B".

This case has been finally disposed of in the following manner (circle one):

DISMISSAL — AGREED PLEA — OPEN PLEA — JURY TRIAL — TBC — REVOCATION HEARING — COMPETENCY HEARING

☐ A. I request standard compensation for this case as follows (check one):
  ☐ PROBATION VIOLATION .......$270   ☐ STATE JAIL/3RD DEGREE FELONY......$360
  ☐ 2ND DEGREE FELONY ............$450   ☐ 1ST DEGREE FELONY/MINI-CAP ..........$540
  ☐ CONTESTED TRIAL ..................☐ $720 (Full day)........☐ $360 (Half day)
  ☐ COMPETENCY HEARING ........☐ $540 (Contested) ....☐ $270 (Agreed)

☐ B. I request additional compensation (at the rate of $90 per hour) in the amount of $_____ for services performed. If I am requesting additional compensation, or if I am requesting compensation for services performed prior to counsel being retained, I must attach the form entitled *"Detailed List of Legal Services Provided."*

☐ C. Death Penalty Case. I request compensation at the rate of $150.00 per hour in the amount of $_____ for services performed and/or $_____ for voir dire and each day of trial as listed on the attached *"Detailed List of Legal Services Provided."*

☐ D. Appeal. I request compensation (at the rate of $90 per hour) in the amount of $_____ for services performed as listed on the attached *"Detailed List of Legal Services Provided."*

☐ E. Writ. I request compensation (at the rate of $90 per hour) in the amount of $_____ for services performed as listed on the attached *"Detailed List of Legal Services Provided."*

☐ F. I request payment for expert witness/investigator expenses in the amount of $2743.68 for services performed as listed on the attached itemized bill.

TOTAL AMOUNT REQUESTED: $2743.68   COURT APPROVED AMOUNT: $2743.68

**AFFIRMATION**

I the undersigned attorney, am appointed to represent the above-named defendant and am requesting payment in accordance with the laws of the State of Texas. I further affirm to the truth and correctness to the information stated above, and that I have not received any other monies or anything else of value for said services.

_____, Attorney at Law.   Date: _____

ATTORNEY INFORMATION (Print):   (For Auditor Use Vendor I.D. _____

Name: Jeffrey Gardner   State Bar No. _____
Mailing Address: PO Box 162772   Ft. Worth   TX   76161
                 Number   Street   Suite   City   State   Zip
Telephone: 214 994 3535   Soc. Sec. No. ON FILE
                 (Not required if S.S. number is on file with County Auditor's Office)

TO THE COMMISSIONERS COURT OF DALLAS COUNTY, TEXAS:

I the undersigned Judge of Dallas County, Texas do hereby certify that the defendant in the above cause(s) has on file with this court an affidavit reflecting indigency and an inability to afford counsel, that the attorney shown above has been appointed to represent the defendant and that said attorney is entitled under Article 26.05, Texas Code of Criminal Procedure to be paid from the General Fund of Dallas County, Texas, for services performed in the amount shown above.

7/22/10
Date   Judge   **1542**

Reason for Denial or variation: ☐ Request exceeds flat rate. ☐ Request exceeds hourly rate. ☐ Other, see attached.

EXHIBIT 36 Page 1

TIME SHEET SUMMARY FOR:  JEFFREY GARDNER AND ASSOCIATES, PRIVATE INVESTIATIONS, PO BOX 162772, FORT WORTH, TEXAS 76161   214-994-3535

CASE: GIBSON, GARY R.   CAUSE NUMBER 07-69380-S   CLIENT: F. JOHNSON

CAP NUMBER

| DATE | SUMMARY | TIME | MILEAGE | EXPENSE |
|---|---|---|---|---|
| 3/15 | TELCON WITH CLIENT | .25 | | |
| 3/15 | EXTENSIVE DATABASE RE: CASE SPECIFICS | 2.25 | | |
| 3/16 | TELCON RESEARCH | .75 | | |
| 4/5 | TO CLIENT, PU/F RECORDS | | | |
| | TELCON WITH GOODNESS OFFICE | 1.75 | 37 | |
| 4/5 | DELIVER RECORDS TO GOODNESS OFFICE IN KELLER. | 2.0 | 61 | |
| 5/26 | REVIEW EXTENSIVE DOCUMENTS. | 2.75 | | |
| 6/2 | ISSUE AND SERVICE OF NUMEROUS WITNESSES OF 3:30 P | 7.5 | 182 | |
| 6/13 | SERVICE OF WIT. SUBPOENA | 4.25 | 116 | |
| 6/13 | SERVICE OF WIT SUBP. | 1.75 | 43 | |
| 6/ | PICK UP RECORDS | 1.5 | 39 | |
| 6/ | ISSUE AND SERVICE OF WIT. | 2.0 | 44 | |
| 6/22 | PU/F + DELIVER RECORDS TO DA. GOODNESS | 2.75 | 73 | |

TIME SHEET SUMMARY FOR:    JEFFREY GARDNER AND ASSOCIATES, PRIVATE INVESTIATIONS, PO BOX 162772, FORT WORTH, TEXAS 76161    214-994-3535

CASE: GREEN GARY    CAUSE NUMBER: 09-59380-5    CLIENT: _(signature)_

| DATE | SUMMARY | TIME | MILEAGE | EXPENSE |
|------|---------|------|---------|---------|
| 7/2 | TB Cherokee County PLUP Records #7304-5-30-14 | 10.0 | 371 | |
| 7/5 | Witness Location And Inter | 2.75 | 73 | |
| 7/16 | Issue And Service of Witness Supp 1P-5?8?P | 4.75 | 103 | |
| 7/20 | Jail Interview With Def, Issue & Service of Wit 9A-2?5 P | 5.75 | 122 | |
| 7/19 | Witness Subpoena | 2.25 | 46 | |
| 7/21 | Meon With Goodness | .25 | | |
| 7/22 | Service of Witness | 1.75 | 37 | |
| | TOTAL HOURS = 57 @ $46 = $2280.00 | | | |
| | TOTAL MILES = 1346 @ .345 = 463.68 | | | |
| | TOTAL INVOICED = 2743.68 | | | |

1544

EXHIBIT 36 Page 3



```
                              0
                      0·25  +
                      2·25  +
                      0·75  +
                      1·75  +
                      2·00  +
                      2·75  +
                      7·50  +
                      4·25  +
                      1·75  +
                      1·50  +
                      2·00  +
                      2·75  +
                     10·00  +
                      2·75  +
                      4·75  +
                      5·75  +
                      2·25  +
                      0·25  +
                      1·75  +
                     57·00  �ó

                     57·00  ×
                     40·00  =
                  2,280·00  *

                  2,280·00 M+
                     37·00  +
                     61·00  +
                    182·00  +
                    116·00  +
                     43·00  +
                     39·00  +
                     41·00  +
                     73·00  +
                    371·00  +
                     73·00  +
                    103·00  +
                    122·00  +
                     46·00  +
                     37·00  +
                  1,344·00  ↓

                  1,344·00  ×
                     0·345  =
                    463·68  *

                    463·68 M+
                  2,743·68 M◊
```

1545

EXHIBIT 36 Page 4

**REQUEST FOR PAYMENT BY APPOINTED COUNSEL**

THE STATE OF TEXAS § IN THE _28th_ DISTRICT COURT _____
VS _Gary Green_ § OF DALLAS COUNTY, TEXAS

Appointment Date: _____ Disposition Date: _____ Partial/Supplemental Payment Request: YES / NO

Date of Initial Contact: _____ Dates of Jail Visits: _____

OFFENSE: _CAP. MURDER_ CASE NO.: _09-59380_ GRADE: _____ AUDIT NO.: _____

_DEATH PEN._

I UNDERSTAND THAT I MAY BE COMPENSATED UNDER SECTION "A" BELOW ONLY IF THE CASE HAS BEEN FINALLY DISPOSED OF EITHER BY A DISMISSAL, PLEA, TRIAL, CONTINUATION OF COMMUNITY SUPERVISION, OR COMPETENCY DISPOSITION. I FURTHER UNDERSTAND THAT WHEN I AM COMPENSATED UNDER SECTION "A" BELOW, I AM NOT REQUIRED TO LIST THE LEGAL SERVICES PROVIDED. ONLY IF THERE ARE EXCEPTIONAL CIRCUMSTANCES IN THE CASE MAY ADDITIONAL COMPENSATION BE REQUESTED AS PROVIDED IN SECTION "B".

This case has been finally disposed of in the following manner (circle one):

DISMISSAL — AGREED PLEA — OPEN PLEA — JURY TRIAL — TBC — REVOCATION HEARING — COMPETENCY HEARING

☐ A. I request standard compensation for this case as follows (check one):
- ☐ PROBATION VIOLATION .......$270 ☐ STATE JAIL/3RD DEGREE FELONY......$360
- ☐ 2ND DEGREE FELONY .............$450 ☐ 1ST DEGREE FELONY/MINI-CAP ...........$540
- ☐ CONTESTED TRIAL .................☐ $720 (Full day).......☐ $360 (Half day)
- ☐ COMPETENCY HEARING ........☐ $540 (Contested) ....☐ $270 (Agreed)

☐ B. I request additional compensation (at the rate of $90 per hour) in the amount of $_____ for services performed. If I am requesting additional compensation, or if I am requesting compensation for services performed prior to counsel being retained, I must attach the form entitled *"Detailed List of Legal Services Provided."*

☐ C. Death Penalty Case. I request compensation at the rate of $150.00 per hour in the amount of $_____ for services performed and/or $_____ for voir dire and each day of trial as per the attached *"Detailed List of Legal Services Provided."*

☐ D. Appeal. I request compensation (at the rate of $90 per hour) in the amount of $_____ for services performed as listed on the attached *"Detailed List of Legal Services Provided."*

☐ E. Writ. I request compensation (at the rate of $90 per hour) in the amount of $_____ for services performed as listed on the attached *"Detailed List of Legal Services Provided."*

☑ F. I request payment for expert witness/investigator expenses in the amount of $ _2088.76_ for services performed as listed on the attached itemized bill.

TOTAL AMOUNT REQUESTED: $ _2088.76_ COURT APPROVED AMOUNT: $ _2088.76_

_DEATH PENALTY_

**AFFIRMATION**

I the undersigned attorney, am appointed to represent the above-named defendant and am requesting payment in accordance with the laws of the State of Texas. I further affirm to the truth and correctness to the information stated above, and that I have not received any other monies or anything else of value for said services.

_____, Attorney at Law. Date: _____

ATTORNEY INFORMATION (Print) (For Auditor Use Vendor I.D. _____ )

Name: _JEFF GARDNER_ State Bar No. _____

Mailing Address _PO BOX 162772_ _FT WORTH_ _TX_ _76161_
Number / Street Suite City State Zip

Telephone: _214 994 5535_ Soc. Sec. No. _____
(Not required if S.S. number is on file with County Auditor's Office)

TO THE COMMISSIONERS COURT OF DALLAS COUNTY, TEXAS:

I the undersigned Judge of Dallas County, Texas do hereby certify that the defendant in the above cause(s) has on file with this court an affidavit reflecting indigency and an inability to afford counsel, that the attorney shown above has been appointed to represent the defendant and that said attorney is entitled under Article 26.05, Texas Code of Criminal Procedure, to be paid from the General Fund of Dallas County, Texas, for services performed in the amount shown above.

_8/30/10_ _____
Date Judge

Reason for Denial or variation: ☐ Request exceeds flat rate. ☐ Request exceeds hourly rate. ☐ Other, see attached. **1546**

EXHIBIT 36 Page 5

TIME SHEET SUMMARY FOR: JEFFERY GARDNER AND ASSOCIATES, PRIVATE INVESTIGATIONS, PO BOX 162772, FORT WORTH, TEXAS 76161   214-994-3535

CASE: Green, Gary   CAUSE NUMBER: 09 - 59380 - S   CLIENT: D. Johnson

CAP — DEATH

2014 SEP -1 PM 12: 07

| DATE | SUMMARY | TIME | MILEAGE | EXPENSE |
|------|---------|------|---------|---------|
| 2010 | | | | |
| 7/24 | Service of Witness Subpoena (Dull) | 1.5 | 27 | |
| 7/22 | To access Huw. Research and obtain Domestic Records. | 3.75 | 73 | |
| 7/27 | Review & Goodness Review Documents & Conat'L Request | 1.0 | | |
| 8/2 | Att. Location of S. Overton. Add not accurate, & w/ Goodness office (Databases) Re Witness Location | 2.75 | 61 | $1.75 |
| 8/4 | Att. Location of Witness Check Au Past Add. Person w/ Phil Re Service. | 1.75 | 49 | $1.10 |
| 8/5 | Re- Save a Scan & the w/ Goodness office | 1.5 | 36 | |

1547

EXHIBIT 36 Page 6

TIME SHEET SUMMARY FOR: JEFFREY GARDNER AND ASSOCIATES, PRIVATE INVESTIATIONS, PO BOX 162772, FORT WORTH, TEXAS 76161   214-994-3535

CASE: Easton, Gary   CAUSE NUMBER: 09-59380   CLIENT: R. Cochran

Gary - Death

2010 SEP -1  PM 12:07

| DATE | SUMMARY | TIME | MILEAGE | EXPENSE |
|------|---------|------|---------|---------|
| 8/16 | Conf with Client and Att'ys. to do List. | 2.0 | 24 | |
| 8/16 | Database Res. to do list, Family. | 1.75 | | |
| 8/17 | Review CB's to goodness Database pc | 1.0 | 24 | |
| 8/17 | Extensive Database pc wit location. long dist. Teleon Research re wit. | | | |
| 8/18 | Location, extensive data. Teleon w goodness out witness | 2.0 | | |
| 8/18 | Teleon w witness | .25 | | |
| 8/18 | Database, Teleon w Client to find Justin Court | 1.0 | | |
| 8/19 | Witness location + 7th inter. witness location w wit Database | 1.75 | 27 | |
| 8/19 | Teleon w wit. Database Data re wit. Extensive data re wit. | 4.25 | | |

1548

EXHIBIT 36 Page 7.

TIME SHEET SUMMARY FOR: JEFFREY GARDNER AND ASSOCIATES, PRIVATE INVESTIGATIONS, PO BOX 162772, FORT WORTH, TEXAS 76161   214-994-3535

CASE: _Steven Gary_   CAUSE NUMBER: _09-59380_   CLIENT: _Pre Johnson_

CASE: _Cap. Murph - Death_

2010 SEP - 1  PM 12:87

| DATE | SUMMARY | TIME | MILEAGE | EXPENSE |
|------|---------|------|---------|---------|
| 8/20 | OUT OF TOWN WIT. LOCATION 8:15 A - 4:45 P | 8:5 | 376 | |
| 8/23 | VEToun W GOODNESS 8:45. | .25 | | |
| 8/25 | TO FORT WORTH, LOCATION OF WIT (MR) BRATGOWA | | | |
| | 25 V. CALTER. ONStr / WHAT FOR Subjects in Archives. | | | |
| | VEToun W GOODNESS STts W 9:15 A - 4 P. | | | |
| 8/26 | VEToun And CORRESP. Re: T CALTER a TDC. Addi DATABASE a VEToun PESEAR Rs | 6.75 | 84 | |
| | FAMILY TREE | 2.0 | | |
| 8/27 | CONS + SERVICE PAULMANO | 1.5 | 27 | |
| | with RECORDS. | | | |

1549

EXHIBIT 36 Page 8

TIME SHEET/SUMMARY FOR:

JEFFREY GARDNER AND ASSOCIATES, PRIVATE INVESTIATIONS, PO BOX 162772, FORT WORTH, TEXAS 76161    214-994-3535

CASE: Green Gary

CAUSE NUMBER: 09-59 380    CLIENT: Phil Johnson

2010 SEP -1 PH 12:07

| DATE | SUMMARY | TIME | MILEAGE | EXPENSE | | | | | | |
|------|---------|------|---------|---------|---|---|---|---|---|---|

TOTAL Hours - 45.25 @ $40 = 1810.00
TOTAL Mileage = 806 @ .345 = 278.76
TOTAL INVOICED = $2088.76

1550

EXHIBIT 36 Page 9

120-4435 - ~~6050~~
62 85

# REQUEST FOR PAYMENT BY APPOINTED COUNSEL

THE STATE OF TEXAS          §     IN THE _181_ DISTRICT COURT _____
VS. _Giles Gary_            §     OF DALLAS COUNTY, TEXAS

Appointment Date: _____ Disposition Date: _____ Partial/Supplemental Payment Request: YES / NO
Dates of Jail Visits: _____
OFFENSE: _CAP MURDER - DEATH_  CASE NO.: _09-59380-S_  GRADE: _____

I UNDERSTAND THAT I MAY BE COMPENSATED UNDER SECTION "A" BELOW ONLY IF THE CASE HAS BEEN FINALLY DISPOSED OF EITHER BY A DISMISSAL, PLEA, TRIAL, CONTINUATION OF COMMUNITY SUPERVISION, OR COMPETENCY DISPOSITION. I FURTHER UNDERSTAND THAT WHEN I AM COMPENSATED UNDER SECTION "A" BELOW, I AM NOT REQUIRED TO LIST THE LEGAL SERVICES PROVIDED. IF THERE ARE EXCEPTIONAL CIRCUMSTANCES IN THE CASE, ADDITIONAL COMPENSATION MAY BE REQUESTED AS PROVIDED IN SECTION "B".
**This case has been finally disposed of in the following manner (circle one):**

DISMISSAL--AGREED PLEA--OPEN PLEA--JURY TRIAL--TBC--REVOCATION HEARING--COMPETENCY HEARING

☐ A.  I request standard compensation for this case as follows (check one):
    ☐ PROBATION VIOLATION........$300   ☐ STATE JAIL/3RD DEGREE FELONY.........$400
    ☐ 2ND DEGREE FELONY...............$500   ☐ 1ST DEGREE FELONY/MINI-CAP...........$600
    ☐ CONTESTED TRIAL...............☐$800 (Full day)........☐$400 (Half day)
    ☐ COMPETENCY HEARING........☐$600 (Contested)....☐$300 (Agreed)

☐ B.  I request additional compensation (at the rate of $100 per hour) in the amount of $ _____
    for services performed. If I am requesting additional compensation, or if I am requesting compensation for services performed prior to counsel being retained, I must attach the form entitled *"Detailed List of Legal Services Provided."*

☐ C.  Death Penalty Case. I request compensation at the rate of $150.00 per hour in the amount of $ _____ for services performed and/or $ _____ for voir dire and each day of trial as listed on the attached *"Detailed List of Legal Services Provided."*

☐ D.  Appeal/Writ. I request compensation (at the rate of $100 per hour) in the amount of $ _____ for services performed as listed on the attached *"Detailed List of Legal Services Provided."*

☐ E.  I request payment for expert witness/investigator expenses in the amount of $ _806.25_ for services performed as listed on the attached itemized bill.

**TOTAL AMOUNT REQUESTED: $** _806.25_ **COURT APPROVED AMOUNT: $** _806.25_

_Paul Johnson_
            **AFFIRMATION**
I the undersigned attorney, am appointed to represent the above-named defendant and am requesting payment in accordance with the laws of the State of Texas. I further affirm to the truth and correctness to the information stated above, and that I have not received any other monies or anything else of value for said services.

@ _____, Attorney at Law. Date: _10/22/10_

ATTORNEY INFORMATION (Print):    (For Auditor Use Vendor I.D. _____)
Name _Jeffrey Gardner_    State Bar No. _10778270_
Mailing Address: _P.O. Box 162772  Ft Worth Tx 76161_
  Number    Street    Suite    City    State    Zip
Telephone: _214 999 3530_ Soc. Sec. No. _File_
        (Not required if S.S. number is on file with County Auditor's Office)

TO THE COMMISSIONERS COURT OF DALLAS COUNTY, TEXAS:
    I the undersigned Judge of Dallas County, Texas do hereby certify that the defendant in the above cause(s) has on file with this court an affidavit reflecting indigency and an inability to afford counsel, that the attorney shown above has been appointed to represent the defendant and that said attorney is entitled under Article 26.05, Texas Code of Criminal Procedure, to be paid from the General Fund of Dallas County, Texas, for services performed in the amount shown above.

**1551**

_10/22/10_ _____    _____
Date                Judge        EXHIBIT 36 Page 10

☐ Request exceeds flat rate.  ☐ Request exceeds hourly rate.  ☐ Other, see attached.

PAY TO VENDOR

TIME SHEET SUMMARY FOR:   JEFFREY GARDNER AND ASSOCIATES, PRIVATE INVESTIGATIONS, PO BOX 162772, FORT WORTH, TEXAS 76161   214-994-3535

CASE: GREEN, GARY R   CAUSE NUMBER: 09-59380-3   CLIENT: T. JOHNSON

| DATE | SUMMARY | TIME | MILEAGE | EXPENSES |
|---|---|---|---|---|
| 8/27 | ISSUE OF SERVICE OF DSO | 1.75 | 26 | |
| 8/30 | TTC W/ GOODNESS OFFICE TO PRE. ISSUE WITNESS SUB. | | | |
| | JUDGE SIGN ORDER (WAIT FOR JUDGE) TELCON W/ TPD | 4.0 | 29 | |
| 9/1 | WITNESS LOCATION AND INTERVIEW 8-12-15 P. | 4.25 | 64 | |
| 9/2 | WITNESS LOCATION AND INTERVIEW / TELCON W/ GOODNESS OFFICE | 2.25 | 57 | |
| 9/14 | CORRESPONDENCE WITH PAROLE, DRAFT & FAX. | .75 | | |
| 9/20 | P/UP MEDICAL RECORDS. | 1.75 | 34 | |
| 9/22 | P/UP DSO RECORDS. DELIVER RECORDS TO GOODNESS | 1.25 | 21 | |

1552

EXHIBIT 36 Page 11

TIME SHEET SUMMARY FOR: JEFFREY GARDNER AND ASSOCIATES, PRIVATE INVESTIGATIONS, PO BOX 162772, FORT WORTH, TEXAS 76161   214-994-3535

CASE: _____   CAUSE NUMBER: _____   CLIENT: _____

| DATE | SUMMARY | TIME | MILEAGE | EXPENSE |
|------|---------|------|---------|---------|
| 10/5 | TRAVEL TO FRE CONF W/ JOHNSON. DEM WORKED OUT W/ DOCTOR | 2.0 | 19 | |
| | TOTAL HOURS = 18 @ $40.⁰⁰ = $720.⁰⁰<br>MILES = 250 @ $.345 = $86.25<br>TOTAL INVOICED = $806.25 | | | |

1553

EXHIBIT 36 Page 12

120-UU35-6185

## REQUEST FOR PAYMENT BY APPOINTED COUNSEL

THE STATE OF TEXAS § IN THE _282nd_ DISTRICT COURT _____
VS. _Gary Green_ § OF DALLAS COUNTY, TEXAS

Appointment Date:_____  Disposition Date:_____  Partial/Supplemental Payment Request: YES / NO
Date of Initial Contact:_____  Dates of Jail Visits: _____

OFFENSE: _CAP MURDER_   CASE NO.:   GRADE:   AUDIT NO.:
_DEATH_   _09-59380(?)_
_death pen_

I UNDERSTAND THAT I MAY BE COMPENSATED UNDER SECTION "A" BELOW ONLY IF THE CASE HAS BEEN FINALLY DISPOSED OF EITHER BY A DISMISSAL, PLEA, TRIAL, CONTINUATION OF COMMUNITY SUPERVISION, OR COMPETENCY DISPOSITION. I FURTHER UNDERSTAND THAT WHEN I AM COMPENSATED UNDER SECTION "A" BELOW, I AM NOT REQUIRED TO LIST THE LEGAL SERVICES PROVIDED. ONLY IF THERE ARE EXCEPTIONAL CIRCUMSTANCES IN THE CASE MAY ADDITIONAL COMPENSATION BE REQUESTED AS PROVIDED IN SECTION "B".

**This case has been finally disposed of in the following manner (circle one):**

DISMISSAL — AGREED PLEA — OPEN PLEA — JURY TRIAL — TBC — REVOCATION HEARING — COMPETENCY HEARING

☐ A. I request standard compensation for this case as follows (check one):
   ☐ PROBATION VIOLATION .......$270    ☐ STATE JAIL/3RD DEGREE FELONY......$360
   ☐ 2ND DEGREE FELONY .............$450    ☐ 1ST DEGREE FELONY/MINI-CAP ...........$540
   ☐ CONTESTED TRIAL ..................☐ $720 (Full day)......☐ $360 (Half day)
   ☐ COMPETENCY HEARING ........☐ $540 (Contested) ....☐ $270 (Agreed)

☐ B. I request additional compensation (at the rate of $90 per hour) in the amount of $_____ for services performed. If I am requesting additional compensation, or if I am requesting compensation for services performed prior to counsel being retained, I must attach the form entitled *"Detailed List of Legal Services Provided."*

☐ C. Death Penalty Case. I request compensation at the rate of $150.00 per hour in the amount of $_____ for services performed and/or $_____ for voir dire and each day of trial as listed on the attached *"Detailed List of Legal Services Provided."*

☐ D. Appeal. I request compensation (at the rate of $90 per hour) in the amount of $_____ for services performed as listed on the attached *"Detailed List of Legal Services Provided."*

☐ E. Writ. I request compensation (at the rate of $90 per hour) in the amount of $_____ for services performed as listed on the attached *"Detailed List of Legal Services Provided."*

☑ F. I request payment for expert witness/investigator expenses in the amount of $ _777.62_ for services performed as listed on the attached itemized bill.   _DEATH PEN._

**TOTAL AMOUNT REQUESTED: $ _777.62_   COURT APPROVED AMOUNT: $ _777.62_**

_PAUL ROBINSON_

**AFFIRMATION**

I the undersigned attorney, am appointed to represent the above-named defendant and am requesting payment in accordance with the laws of the State of Texas. I further affirm to the truth and correctness to the information stated above, and that I have not received any other monies or anything else of value for said services.

_____, Attorney at Law.   Date: _11-18-10_

ATTORNEY INFORMATION (Print)   (For Auditor Use Vendor I.D. _030105/DIBOX 1162 772_

Name _JEFF GARDNER_   State Bar No. _____
Mailing Address: _PO BOX 162772   FT. WORTH TX 76161_
      Number   Street   Suite   City   State   Zip
Telephone: _214 994 3535_   Soc. Sec. No. _FILE_
(Not required if S.S. number is on file with County Auditor's Office)

TO THE COMMISSIONERS COURT OF DALLAS COUNTY, TEXAS:
   I the undersigned Judge of Dallas County, Texas do hereby certify that the defendant in the above cause(s) has on file with this court an affidavit reflecting indigency and an inability to afford counsel, that the attorney shown above has been appointed to represent the defendant and that said attorney is entitled under Article 26.05, Texas Code of Criminal Procedure, to be paid from the General Fund of Dallas County, Texas, for services performed in the amount shown above.

_____
Date _11/18/10_   Judge _____

**1554**

Reason for Denial or variation: ☐ Request exceeds flat rate. ☐ Request exceeds hourly rate. ☐ Other, see attached.

EXHIBIT 36 Page 13

TIME SHEET SUMMARY FOR: JEFFREY GARDNER AND ASSOCIATES, PRIVATE INVESTIGATIONS, PO BOX 162772, FORT WORTH, TEXAS 76161 · 214-994-3535

CASE: Green, Gary   CAUSE NUMBER: FO2-69380 CLIENT: P. Johnson

| DATE | SUMMARY | TIME | MILEAGE | EXPENSE |
|------|---------|------|---------|---------|
| 11/3 | Plub witness @ Residence. Drove to court, wait for testimony, return wit to Residence. 715 a - 445 p | 9.5 | 73 | |
| 11/2 | Court setting, Deliver returns. | 3.5 | 26 | |
| 11/2 | Witness subpoena issue & service. | 4.25 | 68 | |
| 10/28 | Review goodness Doe's | .75 | | |
| | Total hours = 18 @ $40.— | 18 | 167 | |
| | Total miles = 167 @ $.345= | 720.— | | |
| | | 57.62 | | |
| | Total invoice = | 777.62 | | |

1555

EXHIBIT 36 Page 14

37

1556

120  4435·618

**REQUEST FOR PAYMENT BY APPOINTED COUNSEL**

THE STATE OF TEXAS § IN THE _082_ DISTRICT COURT
VS. _GARY GREEN_ § OF DALLAS COUNTY, TEXAS

Appointment Date:_____ Disposition Date: 7/30/10 Partial/Supplemental Payment Request: YES? NO COST NO AUDITOR
Date of Initial Contact:_____ Dates of Jail Visits:_____ 10 11
OFFENSE: _CAPITAL MURDER_ CASE NO. _F09·59380_ GRADE: _CAPITAL-DEATH PENALTY_ AUDUB NO 2 AM 11 46 PRE-AUDIT RECEIVED

I UNDERSTAND THAT I MAY BE COMPENSATED UNDER SECTION "A" BELOW IF THE CASE HAS BEEN FINALLY DISPOSED OF EITHER BY A DISMISSAL, PLEA, TRIAL, CONTINUATION OF COMMUNITY SUPERVISION, OR COMPETENCY DISPOSITION. I FURTHER UNDERSTAND THAT WHEN I AM COMPENSATED UNDER SECTION "A" BELOW, I AM NOT REQUIRED TO LIST THE LEGAL SERVICES PROVIDED. ONLY IF THERE ARE EXCEPTIONAL CIRCUMSTANCES IN THE CASE MAY ADDITIONAL COMPENSATION BE REQUESTED AS PROVIDED IN SECTION "B".
This case has been finally disposed of in the following manner (circle one):

DISMISSAL — AGREED PLEA — OPEN PLEA — JURY TRIAL — TBC — REVOCATION HEARING — COMPETENCY HEARING

☐ A. I request standard compensation for this case as follows (check one):
  ☐ PROBATION VIOLATION .......$270          ☐ STATE JAIL/3RD DEGREE FELONY......$360
  ☐ 2ND DEGREE FELONY ............$450          ☐ 1ST DEGREE FELONY/MINI-CAP ..........$540
  ☐ CONTESTED TRIAL ................☐ $720 (Full day) .......☐ $360 (Half day)
  ☐ COMPETENCY HEARING .......☐ $540 (Contested) ....☐ $270 (Agreed)

☐ B. I request additional compensation (at the rate of $90 per hour) in the amount of $_____ for services performed. If I am requesting additional compensation, or if I am requesting compensation for services performed prior to counsel being retained, I must attach the form entitled *"Detailed List of Legal Services Provided."*

☐ C. Death Penalty Case. I request compensation at the rate of $150.00 per hour in the amount of $_____ for services performed and/or $_____ for voir dire and each day of trial as listed on the attached *"Detailed List of Legal Services Provided."*

☐ D. Appeal. I request compensation (at the rate of $90 per hour) in the amount of $_____ for services performed as listed on the attached *"Detailed List of Legal Services Provided."*

☐ E. Writ. I request compensation (at the rate of $90 per hour) in the amount of $_____ for services performed as listed on the attached *"Detailed List of Legal Services Provided."*

☒ F. I request payment for expert witness/investigator expenses in the amount of $ 4,651 00 for services performed as listed on the attached itemized bill.

TOTAL AMOUNT REQUESTED: $ 4,651 00    COURT APPROVED AMOUNT: $ 4,651.00

**AFFIRMATION**
I the undersigned attorney, am appointed to represent the above-named defendant and am requesting payment in accordance with the laws of the State of Texas. I further affirm to the truth and correctness to the information stated above, and that I have not received any other monies or anything else of value for said services.

_PAUL J. JOHNSON_ Attorney at Law. Date: _7/30/10_

ATTORNEY INFORMATION (Print):    (For Auditor Use Vendor I.D. _____)
Name: _DR. GILBERT MARTINEZ_    State Bar No. _10778230_
Mailing Address: _3603 PAESANOS PKWY, #300, SAN ANTONIO, TX 78231_
  Number  Street  Suite  City  State  Zip
Telephone: _210·615·6906_ Soc. Sec. No. _____ (Not required if S.S. number is on file with County Auditor's Office)

TO THE COMMISSIONERS COURT OF DALLAS COUNTY, TEXAS:
  I the undersigned Judge of Dallas County, Texas do hereby certify that the defendant in the above cause(s) has on file with this court an affidavit reflecting indigency and an inability to afford counsel, that the attorney shown above has been appointed to represent the defendant and that said attorney is entitled under Article 26.05, Texas Code of Criminal Procedure, to be paid from the General Fund of Dallas County, Texas, for services performed in the amount shown above.

_7/30/10_
Date    Judge

Reason for Denial or variation: ☐ Request exceeds flat rate. ☐ Request exceeds hourly rate. ☐ Other, see attached. **1557**

EXHIBIT 37 Page 1

**GILBERT MARTINEZ, PH.D.**
PKWY., SUITE 300
LICENSED PSYCHOLOGIST
ANTONIO, TEXAS 78231
CLINICAL NEUROPSYCHOLOGY
(210)-615-6906

3603 PAESANOS

SAN

FAX

PH (210)-614-3011

## ITEMIZED BILLING STATEMENT

Paul J. Johnson
Attorney at Law
1825 Market Center Blvd, Suite 320
Dallas, Texas 75207

Billing Date: 6/30/10
Account ID: 6079659
Invoice #: 607965901

Cause No. F0959380 The State of Texas vs. Gary Green, In the 282nd District Court of Dallas County, Texas

Psychological Services Provided For: **Mr. Gary Green**
Date of Birth: 3/14/1971

## Account Activity

| DATE CHARGES | DETAILS | CPT | UNITS | |
|---|---|---|---|---|
| 5/25/10 | Neuro Psych Assess (6hr) | 96118 | 6.0 | $1710.00 |
| 5/25/10 | Diagnostic Interview (2.0hr) | 90801 | 2.0 | $570.50 |
| 6/10-29 /10 | Test Scoring, Interp, Report (4.5hr) | 96118 | 4.5 | $1282.50 |
| 6/28/10 | Record Review (1.0hr) | | 1.0 | $285.00 |
| 5/25-26 /10 | Travel Time/ Cost | | | $803.00 |
| | Subtotal | | | $4651.00 |

# 1558

EXHIBIT 37 Page 2

Retainer

$00.00

**TOTAL**          13.5
**DUE:**
$4651.00

*Please pay this amount:* **$ 4651.00**

1559

EXHIBIT 37 Page 3

130 - 4435-68

**REQUEST FOR PAYMENT BY APPOINTED COUNSEL**

THE STATE OF TEXAS       §    IN THE _482_ DISTRICT COURT
VS. *GARY GREEN*       §    OF DALLAS COUNTY, TEXAS

Appointment Date:_____    Disposition Date:_____    Partial/Supplemental Payment Request: YES / NO
Date of Initial Contact: _____ Dates of Jail Visits: _____

OFFENSE: *CAP MURDER*    CASE NO.: *F09.59380*    GRADE: *CAPITAL*    AUDIT NO.:
*Death Penalty*

I UNDERSTAND THAT I MAY BE COMPENSATED UNDER SECTION "A" BELOW ONLY IF THE CASE HAS BEEN FINALLY DISPOSED OF EITHER BY A DISMISSAL, PLEA, TRIAL, CONTINUATION OF COMMUNITY SUPERVISION, OR COMPETENCY DISPOSITION. I FURTHER UNDERSTAND THAT WHEN I AM COMPENSATED UNDER SECTION "A" BELOW, I AM NOT REQUIRED TO LIST THE LEGAL SERVICES PROVIDED. ONLY IF THERE ARE EXCEPTIONAL CIRCUMSTANCES IN THE CASE MAY ADDITIONAL COMPENSATION BE REQUESTED AS PROVIDED IN SECTION "B".
This case has been finally disposed of in the following manner (circle one):

DISMISSAL — AGREED PLEA — OPEN PLEA — JURY TRIAL — TBC — REVOCATION HEARING — COMPETENCY HEARING

☐ A. I request standard compensation for this case as follows (check one):
     ☐ PROBATION VIOLATION .......$270     ☐ STATE JAIL/3RD DEGREE FELONY......$360
     ☐ 2ND DEGREE FELONY .............$450     ☐ 1ST DEGREE FELONY/MINI-CAP ...........$540
     ☐ CONTESTED TRIAL.................☐ $720 (Full day).......☐ $360 (Half day)
     ☐ COMPETENCY HEARING ........☐ $540 (Contested) ....☐ $270 (Agreed)

☐ B. I request additional compensation (at the rate of $90 per hour) in the amount of $_____ for services performed. If I am requesting additional compensation, or if I am requesting compensation for services performed prior to counsel being retained, I must attach the form entitled *"Detailed List of Legal Services Provided."*

☐ C. Death Penalty Case. I request compensation at the rate of $150.00 per hour in the amount of $_____ for services performed and/or $_____ for voir dire and each day of trial as listed on the attached *"Detailed List of Legal Services Provided."*

☐ D. Appeal. I request compensation (at the rate of $90 per hour) in the amount of $_____ for services performed as listed on the attached *"Detailed List of Legal Services Provided."*

☐ E. Writ. I request compensation (at the rate of $90 per hour) in the amount of $_____ for services performed as listed on the attached *"Detailed List of Legal Services Provided."*

☑ F. I request payment for expert witness/investigator expenses in the amount of $*5,588*$^{76}$ for services performed as listed on the attached itemized bill.

TOTAL AMOUNT REQUESTED: $*5,588*$^{76}$     COURT APPROVED AMOUNT: $ *5588.76* ✓

**AFFIRMATION**
I the undersigned attorney, am appointed to represent the above-named defendant and am requesting payment in accordance with the laws of the State of Texas. I further affirm to the truth and correctness to the information stated above, and that I have not received any other monies or anything else of value for said services.

_____, Attorney at Law. Date: *12/3/10*

ATTORNEY INFORMATION (Print):      (For Auditor Use Vendor I.D. *12 6556/PaeSancsp!*
Name *DR. GILBERT MARTINEZ*    State Bar No. *10778230*
Mailing Address: *7603 PAESANOS PKWY, #300, SAN ANTONIO, TX 78231*
     Number    Street    Suite    City    State    Zip
Telephone: *210 614 3011*    Soc. Sec. No. _____
     (Not required if S.S. number is on file with County Auditor's Office)
TO THE COMMISSIONERS COURT OF DALLAS COUNTY, TEXAS:
I the undersigned Judge of Dallas County, Texas do hereby certify that the defendant in the above cause(s) has on file with this court an affidavit reflecting indigency and an inability to afford counsel, that the attorney shown above has been appointed to represent the defendant and that said attorney is entitled under Article 26.05, Texas Code of Criminal Procedure, to be paid from the General Fund of Dallas County, Texas, for services performed in the amount shown above.

*12/10/10*
Date                                        Judge

**1560**

Reason for Denial or variation: ☐ Request exceeds flat rate. ☐ Request exceeds hourly rate. ☐ Other, see attached.

EXHIBIT 37 Page 4



## Gilbert Martinez, Ph.D.
Licensed Psychologist
Clinical Neuropsychology

3603 Paesanos Pkwy., Suite 300
San Antonio, Texas 78231
fax (210)-615-6906
Ph  (210)-614-3011

## ITEMIZED BILLING STATEMENT

Paul J. Johnson
Attorney at Law
1825 Market Center Blvd, Suite 320
Dallas, Texas 75207

Billing Date: 11/5/10
Account ID: 6079659
Invoice #:  607965902

2010 DEC 14  AM 11: 42

Cause No.  F0959380  The State of Texas vs. Gary Green, In the 282nd District Court of Dallas County, Texas

Psychological Services Provided For: Mr. Gary Green
Date of Birth: 3/14/1971

## Account Activity

| DATE | DETAILS | CPT | UNITS | CHARGES |
|------|---------|-----|-------|---------|
| 11/2/10 | Court/Conf (8hr) | | 8.0 | $1600.00 |
| 11/3/10 | Court/Conf (8hr) | | 8.0 | $1600.00 |
| 11/4/10 | Court/Conf (8hr) | | 8.0 | $1600.00 |
| 11/1-4/10 | Flight | | | $305.40 |
| 11/1-4/10 | Hotel | | | $400.36 |
| 11/1-4/10 | Cab/Parking | | | $83.00 |
| | | | | |
| | Subtotal: | | | $5588.76 |
| | Retainer: | | | -$00.00 |
| | | TOTAL DUE: | 24.0 | $5588.76 |

Please pay this amount:  $ 5588.76

Please make checks payable to:
**Gilbert Martinez, Ph.D.**
**3603 Paesanos Pkwy, Suite 300**
**San Antonio, Texas 78231**

Tax ID#:  449498812

# 1561

EXHIBIT 37 Page 5

Subj:     Ticketless Confirmation - MARTINEZ/GILBERT I - XS6HX4
Date:     10/29/2010 9:39:10 A.M. Central Daylight Time
From:     SouthwestAirlines@luv.southwest.com
Reply-to: no-reply@luv.southwest.com
To:       GLBRMART@AOL.COM


# SOUTHWEST.COM

**MARTINEZ/GILBERT I**  Confirmation Date: 10/29/10  Confirmation Number: XS6HX4


**laQUINTA**
FREE BREAKFAST &
HIGH-SPEED INTERNET

## Passenger Information

| Passenger(s) | Account Number | Ticket # | Expiration[1] |
|---|---|---|---|
| MARTINEZ/GILBERT I | 00000386964771 | 5262134729365 | 10/29/11 |

[1] All travel involving funds from this Confirmation Number must be completed by the expiration date.

**EARLYBIRD**
CHECK-IN
Let us take care of
Checkin for you.

ONLY
$10
Purchase EarlyBird

## Itinerary

**Depart: SAN ANTONIO TX to DALLAS LOVE FIELD**  ( Travel Time: 1 hrs )

| Date | Flight | Flight Information |
|---|---|---|
| Mon Nov 01 | 1304 | Depart SAN ANTONIO TX (SAT) at 7:45 PM<br>Arrive in DALLAS LOVE FIELD (DAL) at 8:45 PM |

**Return: DALLAS LOVE FIELD to SAN ANTONIO TX**  ( Travel Time: 1 hrs )

| Date | Flight | Flight Information |
|---|---|---|
| Wed Nov 03 | 3067 | Depart DALLAS LOVE FIELD (DAL) at 7:50 PM<br>Arrive in SAN ANTONIO TX (SAT) at 8:50 PM |

Need A Car?



Browse All Cars

## Cost and Payment Summary

| | |
|---|---|
| Base Fare | $264.18 |
| + Excise Taxes | $19.82 |
| **Advertised Fare** | **$284.00** |
| + Segment Fee | $7.40 |
| + Passenger Facility Charge | $9.00 |
| + Security Fee[2] | $5.00 |
| **Total Payment** | **$305.40** |

Current payment(s)
  10/29/10 Discover XXXXXXXXXX■■■$305.40

[2] Security Fee is the government-imposed September 11th Security Fee.

Where to Stay



Browse All Hotels

What To Do

**SOUTHWEST.COM**
TRAVEL GUIDE

Travel Guide

## Fare Rule(s)

Valid only on Southwest Airlines. All travel involving funds from this Confirmation Number must be completed by the expiration date. Effective January 28, 2011, unused travel funds may only be applied toward the purchase of future travel for the individual

...mation Email

Subj: **Hotel Confirmation - Gilbert Martinez -**
Date: 10/29/2010 9:38:47 A.M. Central Daylight Time
From: SouthwestAirlines@luv.southwest.com
Reply-to: no-reply@luv.southwest.com
To: glbrmart@aol.com



# SOUTHWEST.COM

Hello Gilbert,
Thank you for booking with southwest.com. Your hotel reservation has been confirmed.
Please print this email for your records. We hope you have a great trip!

-Your friends at Southwest Airlines.

**Confirmation Number:**                           **Booking Date:**
**YQW7NG**                                          **October 29, 2010**

## Reservation Details

**Dates**                    **Guest Information**         **Room Details**

**Check-in:**                Guest: Gilbert Martinez       Deluxe Room - 2 double beds or
November 1, 2010 3:00 PM     Billed To: DISCOVER XXXXXXXXXXXXX   1 king bed
**Check-out:**
November 3, 2010 1:00 PM

**Hotel Contact Information**



**Adolphus Hotel**                        Questions regarding your
                                          reservation call 214-792-5070
1321 Commerce Street
Dallas, TX 75202 United States

1-214-742-8200

## Rate Details

| Night | Special Offers | Rooms | Rate |
|---|---|---|---|
| Monday, November 1, 2010 | Southwest Big Hotel Sale! Save 50% | 1 | $99.00 |
| Tuesday, November 2, 2010 | Southwest Big Hotel Sale! Save 50% | 1 | $99.00 |
| **Taxes & Fees** | | | $33.68 |
| **Total** | | | **$ 226.72** |

173.64

480.36

**Details**

- **Payment Policy**
  - Rate Prepay Policy: Prepayment by credit card required
  - Deposit Policy: 198.00USD deposit required by 10/29/2010 Prepayment by credit card required
- **Cancellation:** Southwest Airlines does not charge cancellation or change fees for any hotel booked on southwest.com. However, we are required to pass on the following fees that are imposed by the property. Cancellations or changes made within 1 day prior to 12:01 AM local hotel time on the day of arrival are subject to a $115.84 charge. Cancellations or changes made after 12:01 AM local hotel

**1563**

EXHIBIT 37 Page 7



# THE ADOLPHUS

1321 Commerce Street   Dallas, Texas 75202
214-742-8200   Toll Free 800-221-9083
www.hoteladolphus.com   reservation@adolphus.com

| FOLIO NO.: | 40S9MQ | CLERK: | BG |
|---|---|---|---|
| ROOM NO.: | 1119 | | |
| ARRIVE: | 11/03/10 | | |
| DEPART: | 11/04/10 | | |
| RATE/PACKAGE: | 107.00 | | |
| RATE/PACKAGE: DESCRIPTION: | Government Rate DLX | | |
| NO. IN PARTY: | 1 | | |
| DEPOSIT REC'D: | | | |

Martinez, Gilbert

| DATE | DESCRIPTION | | CHARGES | PAYMENTS |
|---|---|---|---|---|
| 11/03/10 | GRD Charge | #\01-00216 | 25.58 | |
| 11/03/10 | Room Charge | | 107.00 | |
| 11/03/10 | City Tax | | 7.49 | |
| 11/03/10 | State Tax | | 6.42 | |
| 11/03/10 | Arena Tax | | 2.14 | |
| 11/04/10 | GRD Charge | #\01-00020 | 25.01 | |

| | | | |
|---|---|---|---|
| Subtotals | $ | 173.64 | 0.00 |
| BALANCE DUE | $ | 173.64 | |

Thank you for staying with us.

**1564**

EXHIBIT 37 Page 8

If you would like to be added to our e-mail list, please visit our website at www.hoteladolphus.com.

2010 DEC 14   AM 11:43

Questions Or Comments?
Please Contact:
San Antonio International Airport
9800 Airport Blvd
San Antonio TX 78216
(210) 207-3465
Rcpt# 21959
11/04/10 17:42   LH 3 AM 18   Txn# 54826
11/01/10 18:27 In   11/04/10 17:42 Out
Tkt# 796821
LONG-TERM      $ 30.00
Total Fee      $ 30.00
Discover       $ 30.00-
XXXXXXXXXX
Approval No.:004273
Reference No.:030922204047
Change Due     $ 0.00
Thank You For Choosing To Park With Us

## STAR ☆ CAB

4411 Ross Ave.                    214-252-0055
Dallas, TX 75204              Fax 214-821-7889
24 Hour Dispatch Service · We accept credit cards & time calls

Date _11-4-10_ Time _____
Fare _25.00_ Extra _3.00_
Driver _____
Cab Number ____ *28.00*
*We appreciate your business*

## YELLOW CAB
### Dallas / Fort Worth

Amount/Cuenta: _$25-0_  Date/Fecha: _11/01/1_

Trip From/Viaje de: _Love f_

To/Destinacion: _Dall_

Driver/Taxista: _____

ID#: _____  Taxi # **1565**

EXHIBIT 37 Page 9

**REQUEST FOR PAYMENT BY APPOINTED COUNSEL**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE _282_ DISTRICT COURT _____ |
| VS. GARY GREEN | § | OF DALLAS COUNTY, TEXAS |

Appointment Date: _____   Disposition Date: _____   Partial/Supplemental Payment Request: YES / NO

Date of Initial Contact: _____   Dates of Jail Visits: _____

OFFENSE: CAP MURDER   CASE NO.: F0959380   GRADE: CAP   AUDIT NO.: _____

_Death Penalty_

I UNDERSTAND THAT I MAY BE COMPENSATED UNDER SECTION "A" BELOW ONLY IF THE CASE HAS BEEN FINALLY DISPOSED OF EITHER BY A DISMISSAL, PLEA, TRIAL, CONTINUATION OF COMMUNITY SUPERVISION, OR COMPETENCY DISPOSITION. I FURTHER UNDERSTAND THAT WHEN I AM COMPENSATED UNDER SECTION "A" BELOW, I AM NOT REQUIRED TO LIST THE LEGAL SERVICES PROVIDED. ONLY IF THERE ARE EXCEPTIONAL CIRCUMSTANCES IN THE CASE MAY ADDITIONAL COMPENSATION BE REQUESTED AS PROVIDED IN SECTION "B".
This case has been finally disposed of in the following manner (circle one):

DISMISSAL — AGREED PLEA — OPEN PLEA — JURY TRIAL — TBC — REVOCATION HEARING — COMPETENCY HEARING

☐ A.   I request standard compensation for this case as follows (check one):
- ☐ PROBATION VIOLATION ....... $270
- ☐ STATE JAIL/3RD DEGREE FELONY...... $360
- ☐ 2ND DEGREE FELONY ............. $450
- ☐ 1ST DEGREE FELONY/MINI-CAP ........... $540
- ☐ CONTESTED TRIAL ................. ☐ $720 (Full day) .......☐ $360 (Half day)
- ☐ COMPETENCY HEARING ........ ☐ $540 (Contested) ....☐ $270 (Agreed)

☐ B.   I request additional compensation (at the rate of $90 per hour) in the amount of $_____ for services performed. If I am requesting additional compensation, or if I am requesting compensation for services performed prior to counsel being retained, I must attach the form entitled *"Detailed List of Legal Services Provided."*

☐ C.   Death Penalty Case. I request compensation at the rate of $150.00 per hour in the amount of $_____ for services performed and/or $_____ for voir dire and each day of trial as listed on the attached *"Detailed List of Legal Services Provided."*

☐ D.   Appeal. I request compensation (at the rate of $90 per hour) in the amount of $_____ for services performed as listed on the attached *"Detailed List of Legal Services Provided."*

☐ E.   Writ. I request compensation (at the rate of $90 per hour) in the amount of $_____ for services performed as listed on the attached *"Detailed List of Legal Services Provided."*

☒ F.   I request payment for expert witness/investigator expenses in the amount of $ 3,000 for services performed as listed on the attached itemized bill.   BILL ATTACHED

TOTAL AMOUNT REQUESTED: $ 3,000   COURT APPROVED AMOUNT: $ 3,000.00

**AFFIRMATION**
I the undersigned attorney, am appointed to represent the above-named defendant and am requesting payment in accordance with the laws of the State of Texas. I further affirm to the truth and correctness to the information stated above, and that I have not received any other monies or anything else of value for said services.

_____, Attorney at Law.   Date: 12/13/10

PAY DIRECTLY TO

ATTORNEY INFORMATION (Print):   (For Auditor Use Vendor I.D. 133170 )
Name KELLIE GRAY-SMITH, PHD   State Bar No. 10778230
Mailing Address 128 PATCH GROVE DRIVE, FRISCO, TX 75034
Telephone 972 333 2912   Soc. Sec. No. _____
(Not required if S.S. number is on file with County Auditor's Office)

TO THE COMMISSIONERS COURT OF DALLAS COUNTY, TEXAS:
I the undersigned Judge of Dallas County, Texas do hereby certify that the defendant in the above cause(s) has on file with this court an affidavit reflecting indigency and an inability to afford counsel, that the attorney shown above has been appointed to represent the defendant and that said attorney is entitled under Article 26.05, Texas Code of Criminal Procedure, to be paid from the General Fund of Dallas County, Texas, for services performed in the amount shown above.

12/10/10
Date                                    Judge

Reason for Denial or variation: ☐ Request exceeds flat rate. ☐ Request exceeds hourly rate. ☐ Other, see attached.

**1566**

EXHIBIT 37 Page 10

Kellie Gray-Smith, PhD
Licensed Psychologist
HYPERLINK "mailto:ggraysmith@yahoo.com"
ggraysmith@yahoo.com
972-333-2912
1128 Patch Grove Drive
Frisco, TX 75034

## Bill of Services for Expert Testimony

| Service: | Fee: |
| --- | --- |
| **Research and preparation for testimony** | **$1000.00** |

Cultural implications for accessing mental health services
African American Trends
Genetic Trends
Special Education (SPED) services
Purpose
Differentiation between eligibility for SPED based on a learning disability and emotional/social/behavioral conditions
Types of services provided
Effects of early evaluation, diagnosis, and intervention on prognoses
Effects of late or no evaluation, diagnosis, and intervention on prognoses

| | |
| --- | --- |
| **Preparation with Kelly Goodness, PhD** | **$1000.00** |
| And Paul Johnson | |

| | |
| --- | --- |
| **Expert Testimony** | **$1000.00** |

Cultural implications for accessing mental health services
African American Trends
Genetic Trends
Special Education (SPED) services
Purpose
Differentiation between eligibility for SPED based on a learning disability and emotional/social/behavioral conditions
Types of services provided
Effects of early evaluation, diagnosis, and intervention on prognoses
Effects of late or no evaluation, diagnosis, and intervention on prognoses

EXHIBIT 37 Page 11

## Invoice

## Staci Eudy

**Sent:** Monday, December 20, 2010 12:47 PM

**To:** GGRAYSMITH@YAHOO.COM

Good Afternoon,

I need service date(s) for the invoice you submitted for Gary Green. Please provide this information as soon as possible.

Thank you,

Staci Eudy, Accounting Clerk

Dallas County Auditor's Office

Tel#: 214-653-7352 Fax# 214-653-6440

**1568**

## Re: Invoice

kellie graysmith [ggraysmith@yahoo.com]

**Sent:** Monday, December 20, 2010 1:38 PM
**To:** Staci Eudy

Hello, it was Oct.! 18, 2010.

Sent from Yahoo! Mail on Android

**1569**

EXHIBIT 37 Page 13

## REQUEST FOR PAYMENT BY APPOINTED COUNSEL

THE STATE OF TEXAS § IN THE _282_ DISTRICT COURT _____
VS. _GARY GREEN_ § OF DALLAS COUNTY, TEXAS

Appointment Date: _____ Disposition Date: _____ Partial/Supplemental Payment Request: YES / NO
Date of Initial Contact: _____ Dates of Jail Visits: _____ _Resubmitted_
OFFENSE: CASE NO.: GRADE: AUDIT NO.:
_CAPITAL MURDER_ _F09.59380_ _CAPITAL_
_DEATH PENALTY_

I UNDERSTAND THAT I MAY BE COMPENSATED UNDER SECTION "A" BELOW ONLY IF THE CASE HAS BEEN FINALLY DISPOSED OF EITHER BY A DISMISSAL, PLEA, TRIAL, CONTINUATION OF COMMUNITY SUPERVISION, OR COMPETENCY DISPOSITION. I FURTHER UNDERSTAND THAT WHEN I AM COMPENSATED UNDER SECTION "A" BELOW, I AM NOT REQUIRED TO LIST THE LEGAL SERVICES PROVIDED. ONLY IF THERE ARE EXCEPTIONAL CIRCUMSTANCES IN THE CASE MAY ADDITIONAL COMPENSATION BE REQUESTED AS PROVIDED IN SECTION "B".
This case has been finally disposed of in the following manner (circle one):

DISMISSAL — AGREED PLEA — OPEN PLEA — JURY TRIAL — TBC — REVOCATION HEARING — COMPETENCY HEARING

☐ A. I request standard compensation for this case as follows (check one);
    ☐ PROBATION VIOLATION .......$270    ☐ STATE JAIL/3RD DEGREE FELONY......$360
    ☐ 2ND DEGREE FELONY .............$450    ☐ 1ST DEGREE FELONY/MINI-CAP ...........$540
    ☐ CONTESTED TRIAL .................☐ $720 (Full day) .......☐ $360 (Half day)
    ☐ COMPETENCY HEARING........☐ $540 (Contested) ....☐ $270 (Agreed)

☐ B. I request additional compensation (at the rate of $90 per hour) in the amount of $_____ for services performed. If I am requesting additional compensation, or if I am requesting compensation for services performed prior to counsel being retained, I must attach the form entitled *"Detailed List of Legal Services Provided."*

☐ C. Death Penalty Case. I request compensation at the rate of $150.00 per hour in the amount of $_____ for services performed and/or $_____ for voir dire and each day of trial as listed on the attached *"Detailed List of Legal Services Provided."*

☐ D. Appeal. I request compensation (at the rate of $90 per hour) in the amount of $_____ for services performed as listed on the attached *"Detailed List of Legal Services Provided."*

☐ E. Writ. I request compensation (at the rate of $90 per hour) in the amount of $_____ for services performed as listed on the attached *"Detailed List of Legal Services Provided."*

☒ F. I request payment for expert witness/investigator expenses in the amount of $ _10,812⁵⁰_ for services performed as listed on the attached itemized bill.
    _SEE ATTACHED INVOICE_

TOTAL AMOUNT REQUESTED: $ _10,812⁵⁰_.      COURT APPROVED AMOUNT: $ _10,812.50_

### AFFIRMATION
I the undersigned attorney, am appointed to represent the above-named defendant and am requesting payment in accordance with the laws of the State of Texas. I further affirm to the truth and correctness to the information stated above, and that I have not received any other monies or anything else of value for said services:

_PAUL J. JOHNSON_ Attorney at Law. Date: _5/2/11_

PAY DIRECT TO:
ATTORNEY INFORMATION (Print): (For Auditor Use Vendor I.D. _____)
Name _DR. DAVID SELF_ State Bar No. _10778250_
Mailing Address: _P.O. BOX 448, FLINT, TX 75762_
Telephone: _905-561-7041_ Soc. Sec. No. _____
    Number   Street    Suite    City    State    Zip
(Not required if S.S. number is on file with County Auditor's Office)

TO THE COMMISSIONERS COURT OF DALLAS COUNTY, TEXAS:    _(N-G- ATTACHED)_
I the undersigned Judge of Dallas County, Texas do hereby certify that the defendant in the above cause(s) has on file with this court an affidavit reflecting indigency and an inability to afford counsel, that the attorney shown above has been appointed to represent the defendant and that said attorney is entitled under Article 26.05, Texas Code of Criminal Procedure, to be paid from the General Fund of Dallas County, Texas, for services performed in the amount shown above.

_5/2/11_
Date          Judge
Reason for Denial or variation: ☐ Request exceeds flat rate. ☐ Request exceeds hourly rate. ☐ Other, see attached.

**1570**

EXHIBIT 37 Page 14

P.O Box 448
Flint, Texas 75762

Ph. 903-561-7041
Fax 903-561-5342
dselfmd@yahoo.com

## ℞ DAVID SELF M.D. ⚖

### FORENSIC PSYCHIATRY
### INVOICE FOR SERVICES

In the matter regarding: state v. Gary Green Capital Murder

Cause# F-09-59380  282nd District Court

Dallas County, Texas

Services provided to: Paul Johnson defense counsel


**Examination :**   7/12/2010 competency................................2.25 hours

8/18/2010 MSO.........................................4.5  hours

**Review of records:**

7/12/2010   (jail psych; Timberlawn; offense reports)....3.5 hours

10/10/2010...............................................................11.0 hours


**Confer with counsel :** 7/12/2010...............................1.0 hours

10/14/2010...............................2.0 hours


**Preparation of reports/testimony:** CST..............................2.5 hours

Mitigation..................8.5 hours


**Travel:** 7/12/2010 (1/2 of trip)........................................2.0 hours

8/18/2010 (round trip)......................................4.0 hours

10/14/2010 (1/2 trip)......................................2.0 hours

_____

Services billed at: $ 250.00 per hour   X  Total time 43.25 hours

Balance due:    $10,812.50


_David Self_                3/10/2010

_____

David Self M.D.                date

20-4435-6185

## REQUEST FOR PAYMENT BY APPOINTED COUNSEL

THE STATE OF TEXAS §           IN THE ___282___ DISTRICT COURT
VS. GARY GREEN §           OF DALLAS COUNTY, TEXAS

Appointment Date: _____ Disposition Date: 11/5/10 Partial/Supplemental Payment Request: YES / NO
Dates of Jail Visits: _____
OFFENSE:                          CASE NO.:                    GRADE:
CAPITAL MURDER    F09-59380      CAPITAL—
                                              DEATH PENALTY

I UNDERSTAND THAT I MAY BE COMPENSATED UNDER SECTION "A" BELOW ONLY IF THE CASE HAS BEEN FINALLY DISPOSED OF EITHER BY A DISMISSAL, PLEA, TRIAL, CONTINUATION OF COMMUNITY SUPERVISION, OR COMPETENCY DISPOSITION. I FURTHER UNDERSTAND THAT WHEN I AM COMPENSATED UNDER SECTION "A" BELOW, I AM NOT REQUIRED TO LIST THE LEGAL SERVICES PROVIDED. IF THERE ARE EXCEPTIONAL CIRCUMSTANCES IN THE CASE, ADDITIONAL COMPENSATION MAY BE REQUESTED AS PROVIDED IN SECTION "B".

This case has been finally disposed of in the following manner (circle one):

DISMISSAL--AGREED PLEA--OPEN PLEA--JURY TRIAL--TBC--REVOCATION HEARING--COMPETENCY HEARING

A. I request standard compensation for this case as follows (check one):
☐ PROBATION VIOLATION........$300     ☐ STATE JAIL/3RD DEGREE FELONY........$400
☐ 2ND DEGREE FELONY............$500     ☐ 1ST DEGREE FELONY/MINI-CAP............$600
☐ CONTESTED TRIAL.............☐$800 (Full day)......☐$400 (Half day)
☐ COMPETENCY HEARING........☐$600 (Contested)......☐$300 (Agreed)

☐ B. I request additional compensation (at the rate of $100 per hour) in the amount of $_____ for services performed. If I am requesting additional compensation, or if I am requesting compensation for services performed prior to counsel being retained, I must attach the form entitled *"Detailed List of Legal Services Provided."*

☐ C. Death Penalty Case. I request compensation at the rate of $150.00 per hour in the amount of $_____ for services performed and/or $_____ for voir dire and each day of trial as listed on the attached *"Detailed List of Legal Services Provided."*

☐ D. Appeal/Writ. I request compensation (at the rate of $100 per hour) in the amount of $_____ for services performed as listed on the attached *"Detailed List of Legal Services Provided."*

☒ E. I request payment for expert witness/investigator expenses in the amount of $1,000 for services performed as listed on the attached itemized bill. invoice attached

TOTAL AMOUNT REQUESTED: $1,000      COURT APPROVED AMOUNT: $1,000.00

### AFFIRMATION

I the undersigned attorney, am appointed to represent the above-named defendant and am requesting payment in accordance with the laws of the State of Texas. I further affirm to the truth and correctness to the information stated above, and that I have not received any other monies or anything else of value for said services.

_____ Attorney at Law.  Date: 1/18/11

ATTORNEY INFORMATION (Print):       (For Auditor Use Vendor I.D. 11971/Huntsville
Name S.O. WOODS JR.      State Bar No. 20778230
Mailing Address: 924 ELKINS LAKE, HUNTSVILLE, TX 77340
Telephone: 936.295.7445  Soc. Sec. No. _____ (Not required if S.S. number is on file with County Auditor's Office)

TO THE COMMISSIONERS COURT OF DALLAS COUNTY, TEXAS:
I the undersigned Judge of Dallas County, Texas do hereby certify that the defendant in the above cause(s) has on file with this court an affidavit reflecting indigency and an inability to afford counsel, that the attorney shown above has been appointed to represent the defendant and that said attorney is entitled under Article 26.05, Texas Code of Criminal Procedure, to be paid from the General Fund of Dallas County, Texas, for services performed in the amount shown above.

1/20/11 _____      _____ Judge      1572
Date

Reason for Denial or variation: ☐ Request exceeds flat rate. ☐ Request exceeds hourly... EXHIBIT 27, Page 61



# S.O. Woods, Jr.

*Criminal Justice Consultant*

November 10, 2010

Paul J. Johnson
Attorney at Law
1825 Market Center Blvd.
Suite 320
Dallas, Texas 75207

Mr. Johnson:

Please accept the following as my bill for services relating to State vs. Gary Renard Green, cause # FO9-59380, 282nd District Court of Dallas County. The total bill is for $1,000.00.

My time is itemized as follows:

10-01-2010    Received telephone call from Paul J. Johnson in re State vs. Green;

10-02-2010    Received court orders from Paul J. Johnson in re Gary Renard Green;

10-04-2010    Visited Bureau of Classification and Records to review and copy files in re Gary Renard Green                                                    2 hours

10-05-2010    Made telephone call to Paul J. Johnson;

10-06-2010    Visited Bureau of Classification and Records to pickup files in re Gary Renard Green;

10-06-2010    Made telephone call to Paul J. Johnson;

10-07-2010    Reviewed and organized Texas Department of Criminal Justice-Institutional Division files in re Gary Renard Green:                                1 hour

10-08-2010    Met with Paul J. Johnson, Kobby Warren, and Brady Wyatt. Toured the Huntsville Unit of Texas Department of Criminal Justice-Institutional Division; and                                                        1 hour

11-10-2010    Made telephone call to Paul J. Johnson.

## 1573

EXHIBIT 37 Page 17

My time is summarized as follows:

| | | |
|---|---|---|
| Records Review | 3 hours @ $250.00 an hour | $ 750.00 |
| Consultation | 1 hour  @ $250.00 an hour | 250.00 |
| Total | 4 hours @ $250.00 an hour | $1000.00 |

There are no travel or expenses relating to this matter.  If you need further assistance, please advise.

Sincerely,

S. O. Woods, Jr.
924 Elkins Lake
Huntsville, Texas 77340
SS #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
936.295.7445 (home and Fax)

1574

EXHIBIT 37 Page 18

38

1575

STATE OF TEXAS
COUNTY OF DALLAS

AFFIDAVIT

Before me, the undersigned authority, personally appeared __Elizabeth A. Lutton__ , who, being by me duly sworn, deposed as follows:

My name is Elizabeth A. Lutton, I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am a custodian of the records of **Dallas Sheriff's Office (DSO), Dallas County, Texas.** Attached hereto are **3 pages** of records from **DSO.** This said **3 pages** of records is kept by **DSO** in the regular course of business, and it was the regular course of business of **DSO** for an employee or representative of **DSO**, with knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the original.

_____
AFFIANT

SWORN TO AND SUBSCRIBED before me on the 9 day of March, 2011.

My commission expires: ___9-13-2011___

_____
Notary Public,
State of Texas
Notary's printed name:

Roberta Denise Whited



**1576**

EXHIBIT 38 Page 1

AIS

⭐ 🏠 ☰ **2** | 🔒 Logout | 🏠 Home | 🔧 My Tools | ❓ Help    🔍 Quick Links...

**GREEN, GARY**    User: Roberta Whited

| Identification | Offense (4) | Arrest (3) | Book-In | Magistrate | Warrants | Jail | Bonds | Pre-Trial Rel |

| Dist. Attorney | Prosecutor | Grand Jury | Victim Services | Divert Court | Court |

Current BookIn No: 09073266 - Released

## Adult Identification Information



Date: 9/22/2009
Photos(3)

| | | | |
|---|---|---|---|
| AIS Number | DPS/SID Number | LAI Number | FBI Number |
| 2643937 | 04205494 | 580396 | |
| True Last Name | Suffix | True First Name | Middle Name |
| GREEN | | GARY | |
| Date of Birth | Current Age | Height | Weight |
| 03/14/1971 | 39 | 6' 3" | 275 lb |
| Photo | Fingerprints | In Dallas Jail Before | Native Language |
| Unavailable | Unavailable | NO | English |
| Race | Sex | Ethnicity | Skin Tone |
| Black | Male | Non Hispanic | Medium |

| Jail Classification | Custody Assessment | Jail Incidents | Jail Misc. | Jail Visitors | D/O | EMO |

### Jail Visitors

| | Book-In No. | Last Name | First Name | DOB | Sex | Race | Book-In DT/TM | Jail |
|---|---|---|---|---|---|---|---|---|
| | 06066641 | GREEN | GARY | 3/14/1971 | Male | Black | 8/11/2006 11:56:00 AM | North Tower |

| # | Last Name | First Name | Driver's License | Visitor Type | Status | Visit DT/TM |
|---|---|---|---|---|---|---|
| 1 | SAMPSON | MARY | 08697135 | Other | Cleared | 8/14/2006 8:03:00 PM |

| | Book-In No. | Last Name | First Name | DOB | Sex | Race | Book-In DT/TM | Jail |
|---|---|---|---|---|---|---|---|---|
| | 08062551 | GREEN | GARY | 3/14/1971 | Male | Black | 8/12/2008 9:12:00 AM | North Tower |

| # | Last Name | First Name | Driver's License | Visitor Type | Status | Visit DT/TM |
|---|---|---|---|---|---|---|
| 6 | ARMSTRONG | LOVETTA | 04748734 | Family Member | Cleared | 9/7/2008 10:18:00 AM |
| 2 | armstead | lovetta | 04748734 | Other | Cleared | 8/24/2008 8:50:00 AM |
| 1 | ARMSTEAD | LOVETTA | 02522787 | Other | Cleared | 8/27/2008 7:00:00 AM |
| 4 | williams | lenelle | 15025288 | Other | Cleared | 8/30/2008 2:15:00 PM |
| 3 | sampson | mary | 08697135 | Other | Cleared | 8/30/2008 2:15:00 PM |
| 5 | ARMSTEAD | LOVETTA | 0478734 | Other | Cleared | 9/10/2008 7:20:00 PM |
| 7 | ARMSTEAD | LOVETTA | 04748734 | Other | Cleared | 9/17/2008 7:35:00 PM |
| 9 | SAMPSON | MARY | 08697135 | Other | Cleared | 9/20/2008 2:25:00 PM |
| 8 | WILLIAMS | LENELLE | 15025288 | Other | Cleared | 9/20/2008 2:25:00 PM |
| 10 | ARMSTEAD | LOVETTA | 04748734 | Other | Cleared | 9/21/2008 8:37:00 AM |

| | Book-In No. | Last Name | First Name | DOB | Sex | Race | Book-In DT/TM | Jail |
|---|---|---|---|---|---|---|---|---|
| | 09073266 | GREEN | GARY | 3/14/1971 | Male | Black | 9/22/2009 10:54:00 AM | West Tower |

| # | Last Name | First Name | Driver's License | Visitor Type | Status | Visit DT/TM |
|---|---|---|---|---|---|---|
| 2 | carter | nysasno | 18803577 | Other | Cleared | 9/25/2009 7:55:00 PM |
| 3 | Smith | Lvie | 17521240 | Other | Cleared | 9/26/2009 2:30:00 PM |
| 4 | dimple | gary | | Attorney | Cleared | 10/1/2009 2:00:00 PM |
| 6 | SAMPSON | LEON | 060874446 | Family Member | Cleared | 10/2/2009 8:50:00 PM |
| 5 | SAMPSON | MARY | 000000 | Family Member | Cleared | 10/2/2009 8:50:00 PM |
| 8 | SAMPSON | MARY | 08697135 | Family Member | Cleared | 10/7/2009 7:15:00 PM |
| 7 | WILLIAMS | LENELLE | 15025288 | Family Member | Cleared | 10/7/2009 7:20:00 PM |
| 9 | Sampson | Mary | 08697135 | Family Member | Cleared | 10/17/2009 1:10:00 PM |
| 11 | williams | lenell | 15025288 | Family Member | Cleared | 10/24/2009 12:00:00 AM |
| 12 | SAMPSON | MARY | 08697135 | Family Member | Cleared | 10/29/2009 7:25:00 PM |
| 13 | sampson | mary | 08697135 | Other | Cleared | 11/7/2009 1:15:00 PM |
| 16 | sampton | leon | 06087446 | Other | Cleared | 11/26/2009 12:00:00 AM |
| 17 | sampton | mary | 08697135 | Other | Cleared | 11/26/2009 12:00:00 AM |

## 1577

| 14 | williams | lanelle | 15025288 | Other | Cleared | 12/12/2009 2:26:00 PM |
|---|---|---|---|---|---|---|
| 18 | sampson | mary | 08697135 | Family Member | Cleared | 12/17/2009 12:00:00 AM |
| 15 | williams | lenelle | 15025288 | Other | Cleared | 12/19/2009 3:00:00 PM |
| 19 | sampton | mary | 08697135 | Other | Cleared | 12/24/2009 12:00:00 AM |
| 10 | WILLIAMS | LENELLE | 15025288 | Family Member | Cleared | 1/2/2010 2:32:00 PM |
| 21 | sampson | mary | 08697135 | Other | Cleared | 1/14/2010 12:00:00 AM |
| 20 | frazier | zaqoviah | 26216599 | Other | Cleared | 1/14/2010 12:00:00 AM |
| 23 | sampson | mary | 08697135 | Other | Cleared | 1/31/2010 10:39:00 AM |
| 25 | SAMPSON | LEON | 06087446 | Other | Cleared | 2/18/2010 7:55:00 PM |
| 24 | SAMPSON | MARY | 08697135 | Other | Cleared | 2/18/2010 7:55:00 PM |
| 26 | wyatt | bradley | | Attorney | Cleared | 3/2/2010 8:50:00 AM |
| 27 | warren | kobby | | Attorney | Cleared | 3/2/2010 11:35:00 AM |
| 28 | sampson | mary | 08697136 | Other | Cleared | 3/4/2010 8:31:00 PM |
| 29 | SAMPSON | MARY | 08697135 | Family Member | Cleared | 3/27/2010 12:41:00 PM |
| 30 | SMITH | LEVIE | 09073266 | Family Member | Cleared | 3/28/2010 10:27:00 AM |
| 31 | sampson | mary | 08697135 | Family Member | Cleared | 4/3/2010 12:36:00 PM |
| 33 | green | mary | 08697135 | Other | Cleared | 4/12/2010 8:03:00 PM |
| 32 | green | leon | 06087446 | Other | Cleared | 4/12/2010 8:03:00 PM |
| 34 | SAMPSON | MARY | 08697135 | Family Member | Cleared | 5/9/2010 10:04:00 AM |
| 35 | williams | lenelle | 15025288 | Family Member | Cleared | 5/16/2010 2:00:00 PM |
| 36 | williams | lenelle | 15025288 | Family Member | Cleared | 5/23/2010 11:28:00 AM |
| 22 | CARTER | NYSASNO | 18803577 | Family Member | Cleared | 5/24/2010 12:00:00 AM |
| 1 | sampson | mary | 08697135 | Other | Cleared | 5/27/2010 12:00:00 AM |
| 37 | WILLIAMS | LENELLE | 15025288 | Other | Cleared | 6/27/2010 12:17:00 PM |
| 38 | sampson | mary | 08697135 | Other | Cleared | 7/8/2010 7:50:00 PM |
| 39 | carter | nysasno | 18803577 | Family Member | Cleared | 7/11/2010 10:00:00 AM |
| 41 | self | david | 0000000000 | Other | Cleared | 7/12/2010 12:00:00 PM |
| 40 | johnson | paul | | Attorney | Cleared | 7/12/2010 12:00:00 PM |
| 43 | sampson | mary | 08697135 | Other | Cleared | 7/15/2010 8:17:00 PM |
| 42 | williams | lenelle | 15025288 | Other | Cleared | 7/15/2010 8:17:00 PM |
| 44 | gardner | jeff | | Police Officer | Cleared | 7/16/2010 2:00:00 PM |
| 45 | GARDNER | JEFF | | Attorney | Cleared | 7/20/2010 10:15:00 AM |
| 46 | wyatt | brady | | Attorney | Cleared | 7/21/2010 10:25:00 AM |
| 47 | warren | kobby | | Attorney | Cleared | 7/21/2010 10:25:00 AM |
| 49 | SAMPSON | MARY | 08697135 | Other | Cleared | 7/24/2010 12:15:00 PM |
| 48 | SAMPSON | LEON | 06087446 | Other | Cleared | 7/24/2010 12:15:00 PM |
| 50 | COMPTON | KRISTI | | Attorney | Cleared | 8/5/2010 8:36:00 AM |
| 51 | SAMPSON | MARY | 08697135 | Other | Cleared | 8/6/2010 11:18:00 AM |
| 52 | JOHNSON | PAUL | | Attorney | Cleared | 8/10/2010 11:30:00 AM |
| 56 | SAMPSON | MARY | 08697135 | Other | Cleared | 8/16/2010 7:50:00 PM |
| 55 | SAMPSON | MARY | 08697135 | Other | Cleared | 8/16/2010 7:50:00 PM |
| 53 | FRAZIER | ZAQUOIAH | 26216599 | Other | Cleared | 8/16/2010 7:50:00 PM |
| 54 | SAMPSON | MARY | 08697135 | Other | Cleared | 8/16/2010 7:50:00 PM |
| 57 | self | david | | Chaplain | Cleared | 8/18/2010 10:52:00 AM |
| 58 | SAMPSON | MARY | 08697135 | Family Member | Cleared | 9/4/2010 12:00:00 AM |
| 59 | SAMPSON | MARY | 08697135 | Other | Cleared | 9/16/2010 8:09:00 PM |
| 60 | SAMPSON | MARY | 08697135 | Family Member | Cleared | 9/27/2010 7:25:00 PM |
| 61 | FRAZIER | ZAGUOIAH | 26216599 | Other | Cleared | 9/27/2010 7:25:00 PM |
| 62 | SAMPSON | MARY | 08697136 | Other | Cleared | 10/9/2010 12:34:00 PM |
| 63 | SAMPSON | MARY | 08697135 | Other | Cleared | 10/16/2010 10:28:00 AM |
| 64 | CARTER | NYSASNO | 18803577 | Other | Cleared | 10/21/2010 7:30:00 PM |
| 65 | SAMPSON | MARY | 08697135 | Other | Cleared | 10/21/2010 7:30:00 PM |
| 66 | SAMPSON | MARY | 08697135 | Other | Cleared | 10/28/2010 8:27:00 PM |
| 67 | young | darrius | 24410100 | Other | Cleared | 11/4/2010 7:19:00 PM |
| 68 | pollard | sheresa | 34202115 | Other | Cleared | 11/4/2010 7:19:00 PM |

**1578**



| 70 | POLLARD | SHERESA | 34202115 | Family Member | Cleared | 11/7/2010 11:30:00 AM |
| 69 | YOUNG | DARRIUS. | 24410100 | Family Member | Cleared | 11/7/2010 11:30:00 AM |
| 71 | Levenson | Brad | | Attorney | Cleared | 11/17/2010 11:15:00 AM |

1579

EXHIBIT 38 Page 4

1580

No. _____

| | |
|---|---|
| Ex Parte | In the 282nd District Court |
| | of Dallas County |
| Gary Green                    § | |
| | |
| § | |

## AFFIDAVIT

Before me, the undersigned authority, personally appeared Deputy Porfirio Limones with the Dallas Sheriff's Department, who being duly sworn, deposed as follows:

My name is Porfirio Limones. I am over 18 years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am a Deputy with the Dallas Sheriff's Department, 133 N. Riverfront, Dallas, Texas 75207. I work in the Office of Detentions Administration, which operates the Dallas County Jails.

It is the regular practice of the Dallas County Jail personnel to record the names and identifying information for all jail visitors, except for juvenile visitors (children). Visitor's names would be recorded for each inmate visited on the Adult Information System (AIS), which is the computer database for all inmates. While it is possible that a name of a visitor might not be recorded because of a mistake, this is a rare occurrence in the jails.

Further, affiant sayeth not.

_____
Porfirio Limones
Deputy, Dallas Sheriff's Department

SUBSCRIBED AND SWORN TO BEFORE ME, on this the _17th_ day of
_April_ , 20_12_

_Dora Elia Elizondo_
Notary Public in and for the State of Texas

_Dora Elia Elizondo_
Notary's Printed Name

My commission expires:
_September 09, 2012_

DORA ELIA ELIZONDO
Notary Public
STATE OF TEXAS
My Comm. Exp. Sep. 09, 2012

**1581**

Affidavit of Jail Visitation Procedures

EXHIBIT 39 Page 1

40

1582

## In re Gary Green
### Chart of Off-the-Record Instances During Voir Dire and Trial Proceedings

| Volume | Page | Volume | Page | Volume | Page | Volume | Page | Volume | Page | Volume | Page |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 | 20 | 28 | 98 | 38 | 100 | 43 | 243 | 49 | 54 | 52 | 168 |
| 5 | 30 | 29 | 16 | 39 | 55 | 44 | 9 | 49 | 61 | 52 | 176 |
| 5 | 48 | 29 | 140 | 39 | 77 | 45 | 12 | 49 | 61 | 52 | 179 |
| 5 | 58 | 31 | 164 | 39 | 95 | 45 | 10 | 49 | 64 | 53 | 4 |
| 7 | 104 | 32 | 49 | 39 | 108 | 45 | 11 | 49 | 69 | 53 | 7 |
| 8 | 81 | 32 | 119 | 40 | 25 | 45 | 12 | 49 | 96 | 53 | 82 |
| 9 | 27 | 32 | 156 | 40 | 32 | 45 | 16 | 49 | 120 | | |
| 12 | 132 | 33 | 6 | 40 | 32 | 45 | 18 | 49 | 121 | | |
| 13 | 17 | 33 | 7 | 40 | 41 | 45 | 19 | 50 | 17 | | |
| 15 | 11 | 33 | 25 | 40 | 50 | 45 | 20 | 50 | 18 | | |
| 15 | 24 | 34 | 76 | 40 | 63 | 45 | 21 | 50 | 60 | | |
| 17 | 42 | 34 | 78 | 40 | 74 | 45 | 23 | 50 | 93 | | |
| 17 | 69 | 35 | 19 | 41 | 42 | 45 | 30 | 50 | 127 | | |
| 19 | 186 | 35 | 37 | 41 | 66 | 45 | 30 | 50 | 128 | | |
| 22 | 100 | 36 | 16 | 41 | 67 | 45 | 31 | 51 | 43 | | |
| 22 | 111 | 36 | 27 | 41 | 142 | 45 | 33 | 51 | 74 | | |
| 22 | 112 | 36 | 30 | 41 | 160 | 45 | 34 | 51 | 147 | | |
| 22 | 118 | 36 | 34 | 41 | 171 | 45 | 44 | 51 | 150 | | |
| 23 | 28 | 36 | 38 | 41 | 219 | 45 | 59 | 51 | 204 | | |
| 24 | 81 | 37 | 21 | 42 | 82 | 46 | 22 | 52 | 5 | | |
| 26 | 21 | 38 | 36 | 42 | 83 | 46 | 49 | 52 | 34 | | |
| 26 | 63 | 38 | 52 | 42 | 99 | 47 | 83 | 52 | 66 | | |
| 26 | 133 | 38 | 77 | 43 | 37 | 48 | 8 | 52 | 77 | | |
| 27 | 122 | 38 | 83 | 43 | 39 | 49 | 8 | 52 | 95 | | |
| 27 | 210 | 38 | 84 | 43 | 65 | 49 | 9 | 52 | 115 | | |
| 28 | 87 | 38 | 85 | 43 | 150 | 49 | 18 | 52 | 163 | | |

1583

EXHIBIT 40 Page 1

41

1584



# Rojas guilty on all counts in capital murder case

Jared Taylor
2011-08-18 10:31:29



EDINBURG — Jurors spent little time Thursday as they left an Hidalgo County man one step away from death row.

Roberto Aguirre Rojas, 45, admitted Monday to the murders of his mother-in-law, stepsons and 2-year-old son and to shooting his ex-wife.

But 398th state District Judge Aída Salinas Flores instructed the jury to consider that guilty plea only as additional evidence of the carnage Rojas unleashed on his family Dec. 6, 2008. They saw gory photos and videos of the massacre's aftermath and heard from its sole survivor, Rojas' ex-wife, Amelia Flores.

It took jurors about an hour to render the guilty verdict on the three felony counts.

Jurors now will decide whether Rojas, 45, will be sentenced to death. The punishment phase of the trial is set to begin Monday morning.

Rojas showed little emotion throughout closing arguments of the trial Thursday morning. Clad in the same black suit he's worn each day, he only sat silently, listening to the translator whispering testimony into his ear in Spanish.

"You have to remember you can't shoot four people — three kids — all at once," Michelle Puig, prosecutor, told the jury in her closing argument. "You can't kill them all at once."

Puig recounted testimony Flores gave Thursday in the trial, when the victim spent more than an hour detailing her abusive marriage and the horror that occurred that night.

On Thursday, Flores told the court her ex-husband was a jealous man, constantly accusing her of cheating while he verbally and physically abused her and the children.

Flores, 27, wept and held her arm around her father as prosecutor Puig displayed photos of her sons in the courtroom while asking jurors to convict Rojas.

One by one, Puig recounted the four killed in the attack: Flores' mother, also named Amelia; Rojas' son, 2-year-old Osiel; and his stepbrothers, Silvester and Mauro Garza, ages 6 and 8.

"He shot her in the face, bullet ricocheting off the back of her skull and planting into her brain," Puig said of the elder Amelia Flores. "But the defendant does what? He makes sure she's dead by shooting her again in the stomach."

Puig reminded the jury of how Flores described her ex-husband and how he tried to kill her the same night he killed her three sons and mother.

"He thinks she's cheating and guess what? He's wrong," Puig said. "He took all these lives for nothing. Amelia wasn't doing anything. Amelia was not supposed to survive. She survived for a reason and took

1585

EXHIBIT 41 Page 1



that stand and looked at all of you to tell you what the defendant did to her. So Amelia, too, deserves a verdict."

Flores gave no comment as she quickly exited the Hidalgo County Courthouse beside her father after the verdict was read.

Rojas' defense lawyers focused on how the defendant has accepted responsibility for the slayings since he turned himself in at the Hidalgo County Jail the day after the attack.

Defense attorney Sergio Valdez filed a motion moments before jurors returned their verdict, arguing that no witnesses had testified that the murders occurred in Hidalgo County, as alleged in the indictments. The judge denied the request to throw out the case.

"It is very tragic what happened, and none of us can imagine what they are going through," Valdez said of the Flores family. "But the day after (the attack), Mr. Rojas went and accepted responsibility. The day after, he went and told the investigators, 'I want justice.'"

Rojas first shared that sentiment at the trial's onset on Monday — that he wants justice for his victims.

—

**Jared Taylor covers courts and general assignments for *The Monitor*. You can reach him at (956) 683-4439.**

© Copyright 2012 Freedom Communications. All Rights Reserved.
Privacy Policy | User Agreement | Site Map

**1586**

EXHIBIT 41 Page 2



# Alton man pleads guilty to family's murder
by Erika Flores

Posted: 08.15.2011 at 2:51 PM

save      send      print

Read more: Local, Crime, Roberto Aguirre Rojas, Amelia Flores, Mauro Garza, Sylvestre Garza, Osiel Rojas, Domestic Violence, Estranged Wife, Capital Murder, Murder, Quadruple Murder, Alton, Hidalgo County, Rio Grande Valley, Texas

An Alton man on trial for capital murder has pleaded guilty to killing members of his family back in December 2008.

Roberto Aguirre Rojas appeared for a jury trial before Judge Aida Salinas Flores in the 398th State District Court in Edinburg on Monday morning.

The trial was supposed to begin at 1:30 p.m. Monday but Rojas pleaded guilty.

The 45-year-old man is expected to be sentenced at 10 a.m. Tuesday. He faces life in prison or the death penalty.

Rojas was accused of multiple counts of capital murder following the slaying of three small children, his mother-in-law and the attempted murder of his estranged wife.

The massacre happened northwest of Alton back in December 2008.

Rojas told investigators that he did it because of he and his wife were having marital problems.

His wife Amelia Flores was the sole survivor of the attack. She is now an activist an speaker about domestic violence.

Action 4 News will post more information as it becomes available.

**RELATED LINKS**

- Alton quadruple murder suspect denied bond
- Alton woman emerges from coma
- Past domestic abuse victims speak out



# Alton man gets life in prison for family's murder

**by Amber Dixon**

Posted: 08.26.2011 at 3:05 PM

Updated: 08.26.2011 at 10:30 PM

save    send    print

**Read more:** Local, Roberto Rojas, Ameila Flores, Capital Murder, Life In Prison, Death Penalty, Jury, Deliberations, Alton, Hidalgo County, Rio Grande Valley, Texas

With his attorney's arm around him, Roberto Aguirre Rojas learned he will not be killed.

Instead, a jury sentenced the Alton man to life in prison with no possibility of parole and a $10,000 fine.

Rojas plead guilty to murdering his son, two stepchildren and his mother-in-law last week.

The murders happened in December of 2008.

Rojas will never have the chance to leave prison.

Still, his sentence struck anger in an uncle of the murdered kids.

The uncle scolded the jury.

"You just showed everybody, everybody in the whole world that you can kill your family and your own son, people we love and you can live, get life in prison," said the uncle. "It's a shame."

Rojas's wife, who Rojas tried to kill, left the courtroom after hearing only one of Rojas's three sentences.

Rojas himself spoke few words and had little reaction during his sentencing.

Rojas had nothing to tell reporters as attorneys led him from the courtroom back to jail.

Rojas will stay in jail until he dies.

Jury Deliberating in Alton Massacre

**1588**

EXHIBIT 41 Page 4

42

1589

## AFFIDAVIT OF ROBERT ROMIG

I, Robert Romig, declare as follows:

1. My name is Robert Romig. I am currently a post-conviction attorney for the Office of Capital Writs ("OCW"), in Austin, Texas. I have held this position since December 2010.

2. I am a member of the post-conviction legal team for Gary Green. As part of my representation of Green, I have had multiple contacts with Green's former capital trial counsel: Paul Johnson, Brady Wyatt, and Kobby Warren.

3. The OCW's protocol is to meet with trial counsel as soon after our appointment as possible. At that first meeting, OCW attorneys retrieve trial counsel's files and talk with counsel in general about their representation of the client. If at all possible, OCW attorneys plan at least two additional in-person interviews with counsel—one at the mid-point of the investigation and one before the Application filing. Further, OCW attorneys attempt to maintain contact with trial counsel throughout the post-conviction litigation, either by email or phone.

4. The OCW was appointed to represent Green on November 10, 2010.

5. Members of the OCW, including attorney Chakira Hunter and investigator Brian Fayhee, spoke to trial counsel and collected their files in December 2010. It is my understanding that each counsel provided one banker box of files, which constituted all of the files created by trial counsel.

6. In October 2011, at the mid-point of our investigation, I spoke with trial counsel Brady Wyatt to ask some follow-up questions about the representation of Green. I also scheduled an in-person meeting with Mr. Wyatt for November 16, 2011. The purpose of this meeting was to review

1

**1590**

EXHIBIT 42 Page 1



with him the progress of our investigation and to discuss any further questions our team might have for him.

7. I also attempted to schedule similar meetings with lead counsel Paul Johnson and co-counsel Kobby Warren, but could not reach either of them by phone or email.

8. The week before our scheduled meeting, Mr. Wyatt contacted me with concerns that the meeting was scheduled without the other attorneys. He indicated to me that no counsel would meet with the OCW except when all three counsel were present. I asked Mr. Wyatt if we could arrange such a meeting and sent an email to Mr. Johnson asking the same.

9. I received a phone call from Mr. Johnson on November 16, 2011 agreeing to a meeting with all counsel present, although Mr. Johnson would not set a definite date for the meeting. Over the next few months, I contacted Mr. Johnson (as well as the other counsel) several more times by email to schedule that meeting.

10. That meeting ultimately took place on February 24, 2012. In attendance were all three counsel, myself, and Ms. Hunter. At this meeting we discussed the progress of our investigation. We also asked counsel many questions about their representation of Green and their actions during trial. In addition, I confirmed with each counsel that we had received the entirety of their files for the Green case. At the conclusion of the meeting, I told trial counsel that we would like to schedule one additional meeting before the application filing.

11. In late April and May 2012, I again contacted all three trial counsel to set up this meeting. I initially spoke to Mr. Wyatt, who indicated he thought Mr. Johnson would no longer take my phone calls. In fact, Mr. Johnson did not return my calls until the end of May. I also emailed Mr. Johnson and got no

2

**1591**



EXHIBIT 42 Page 2

response. Mr. Warren did not respond to my voicemail, and Mr. Wyatt stopped returning my calls as well. During the month of May, I either called or emailed each counsel a minimum of three times.

12. During this time, I drafted an affidavit for Mr. Johnson based on the information provided to us by counsel in our various meetings and phone and email conversations. In my emails and phone calls to counsel, I informed them that I would like to have them review and hopefully sign the draft affidavit. A copy of this draft affidavit is attached to this affidavit.

13. Mr. Johnson returned my call on May 31, 2012. He asked me to send him the draft affidavit to review. I asked to schedule a meeting in Dallas during the next week as our deadline for filing was approaching. I emailed the draft affidavit to Mr. Johnson, Mr. Wyatt, and Mr. Warren the same day.

14. I emailed counsel again on June 4, 2012 to see if they had reviewed the affidavit, whether they would agree to sign it, or whether there were changes to be made. I called Mr. Wyatt on June 6, 2012, and he stated that he was meeting that afternoon with Mr. Johnson to discuss the affidavit.

15. I emailed Mr. Wyatt again on June 7, 2012 and called on June 8, 2012, but received no response.

16. I received an email from Mr. Wyatt on June 11, 2012. According to Mr. Wyatt, he and Mr. Johnson had spoken about the affidavit, but he was on vacation and would not return until June 18, 2012. I responded to his email that this would be past the date we intended to file and that I needed to know at the very least whether counsel intended to sign the affidavit. I also emailed Mr. Johnson the same.

17. I received a phone call from Mr. Johnson on the afternoon of June 11, 2012. He stated that did not think that he needed to sign an affidavit until he reviewed the entire application. He said that all the affidavits he had signed

3

**1592**

EXHIBIT 42 Page 3

in the past were for the State and were in response to a writ application being filed, not prior to filing.  I told Mr. Johnson that our office believed it was our duty to get input from trial counsel before filing a writ application.  He asked me whether that was fulfilled by the meetings we previously had together.  I told him that those meetings were the source of our information for the affidavit, but that if counsel did not wish to sign an affidavit, the application would indicate that the information was derived from those meetings.

18. I also asked Mr. Johnson whether there was anything factually incorrect in the draft affidavit I had sent him.  He replied that there was nothing wrong "per se" but that he was concerned about how the information could be construed.

19. Before ending the conversation, I confirmed with Mr. Johnson that he did not wish to sign the draft affidavit.  He stated that after seeing the writ application, he and his co-counsel would likely sign something.  My understanding of this statement was that Mr. Johnson and his co-counsel would be signing an affidavit for the State.

20. I have read and reviewed this four-page affidavit.

I declare under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct to the best of my knowledge and that this affidavit was executed on the 12 day of JUNE , 2012 in Austin, Texas.

Robert Romig

Subscribed and sworn to before me on June 12 , 2012.

Notary Public, State of Texas

ELIZABETH GARZA
Notary Public, State of Texas
My Commission Expires
APRIL 20, 2015
Notary without Bond

4

EXHIBIT 42 Page 4

# AFFIDAVIT OF PAUL JOHNSON

I, Paul Johnson, declare as follows:

1. My name is Paul Johnson.

2. I acted as lead trial counsel for Gary Green during his capital trial.

3. I was appointed to Green's case soon after he was arrested in September 2009. As soon as I was appointed, I met with Green to discuss his case. I also met with his immediate family.

4. Once my co-counsel, Kobby Warren and Brady Wyatt, were appointed, we began meeting to discuss the development and strategy of the case. Because I was lead counsel, and because this was Warren and Wyatt's first capital trial, I led the development of the case. Warren and Wyatt participated in all aspects of the case and generally mirrored my actions. If a decision needed to be made, however, the ultimate decision-making rested with me.

5. From the time of our appointment, we kept Green updated on the development of the case and our progress. We met with him at the Dallas county jail around once or twice a month. We also met with Green's family and kept them updated.

6. I hired Dr. Kelly Goodness to be the case mitigation specialist. Her role was to identify witnesses for us to interview and gather other records for mitigation evidence. Warren, Wyatt, and I attended all the significant interviews of witnesses that Dr. Goodness performed. We received notes from Dr. Goodness of all the interviews that were conducted.

5

**1594**

EXHIBIT 42 Page 5

7. We located and interviewed everyone that we believed was important. Overall, we found that Green's family and friends did not like Green and were not interested in helping Green's case.

8. From the initial investigation, it became clear that there was no question of Green's guilt of the crime. We decided early on that our strategy would be to concede guilt to the jury in order to maintain credibility for our punishment presentation. During the guilt phase, we did not present any evidence, in keeping with our strategy to concede guilt.

9. During the penalty phase, we offered evidence for, and argued, that Green was not likely to commit acts of criminal violence and be a future danger to society. This was an important piece of our defense from voir dire on and we contested the issue fully.

10. Regarding evidence of mitigation, the theme of our case was that Green was mentally ill and this illness led him down a life path that culminated in the crime. To prove up this theme, we offered two areas of evidence.

11. First, we offered the testimony of several family members who recounted signs of Green's mental illness both in himself and in his family members. In fact, the particular family members we selected to testify (Green's mother, grandmother, and aunt) were chosen because we believed the jury would see how impaired they themselves were and understand the family Green came from. I believe the fact that each of these women were mentally ill came through in our presentation to the jury.

12. Second, we offered the testimony of Dr. Kellie Gray-Smith, a school psychologist, and Dr. Gilbert Martinez, a

6

**1595**

EXHIBIT 42 Page 6

neuropsychologist. Dr. Gray-Smith was given Green's school records to analyze and testified about his chronic academic failure.

13. Dr. Martinez testified about Green's mental illness. We asked Dr. Martinez to perform a clinical assessment of Green's mental state and specifically excluded evidence of the crime and Green's prior criminal history from Dr. Martinez's evaluation in order to prevent an assessment of Antisocial Personality Disorder.

14. In addition to these experts, we consulted other experts that did not end up being helpful to our case. We consulted Dr. David Self, a forensic psychiatrist, and asked him to review our investigation materials so he could testify about any areas he found of mitigation. However, his observations were more harmful to us than helpful, so we decided not to use his testimony.

15. We also consulted Mr. S. O. Woods, a prison classification expert . Mr. Woods informed us that he knew of too many past violent incidents with TDCJ inmates and would be asked about them on cross-examination. He believed his testimony would not be helpful, so we decided not to use him.

16. In addition to this evidence, we contested fully the evidence presented by the State in aggravation.

7

**1596**

EXHIBIT 42 Page 7

17. During trial, the judge did not make a record of bench conferences, which is customary in Dallas County.  However, I made sure that any substantive conversations were made a part of the record.

18. I have read and reviewed this four page affidavit.

I declare under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct to the best of my knowledge and that this affidavit was executed on the ___ day of _____, 2012 in Dallas, Texas.


_____
                                                          Paul Johnson


Subscribed and sworn to before me on _____, 2012.



_____
Notary Public, State of Texas

8

**1597**

EXHIBIT 42 Page 8

43

1598

# AFFIDAVIT OF BRIAN FAYHEE

I, Brian Fayhee, declare the following:

1. My name is Brian Fayhee.

2. I am currently an investigator for the Office of Capital Writs ("OCW"), in Austin, Texas. I have held this position from October 2010 to the present. In my capacity as investigator, I performed work on the case of one of our clients, Gary Green.

3. On December 5, 2010, I traveled with Chakira Hunter, an attorney with the OCW, to Dallas, Texas, where we met with and interviewed Green's trial counsel, Paul Johnson, Brady Wyatt, and Kobby Warren. At that meeting, we asked counsel to provide their complete files from the trial to us. We received one box of files from each of the attorneys.

4. On June 21, 2011, I traveled with Robert Romig, another attorney with the OCW, to Dallas, Texas, where we interviewed Bertha Curry, Green's grandmother, at her residence. The interview lasted approximately half an hour.

5. At the interview, Mr. Romig and I asked her questions about her memories and knowledge of Green. She stated the following:

   a. She believed from his birth that Green had mental health issues, which she had warned his mother Mary about. She witnessed him talking to himself when no one else was around. However, he would deny it if she caught him doing it.

   b. When he was around the age of four, Green was abused by his father, Thomas Carter. Mrs. Curry witnessed Carter be physically

*bF*

1

**1599**

EXHIBIT 43 Page 1

rough with Green, as well as be verbally abusive by calling him "soft" and a "bitch."

c. She saw Carter make Green fight his cousins on at least two occasions. Carter's sister brought her three daughters over and the adults made the children fight. Green ran to his room, but Carter pulled him back into the living room and made him fight.

d. Green's trial counsel spoke to her once. She remembers meeting three attorneys and a female investigator. That was her only interview.

e. She was never prepared for her testimony. She was told by Green's trial counsel that they wanted her to testify and to show up to the courthouse. She almost did not go because it was raining, and she does not drive in the rain. Someone had to come pick her up to bring her to the courthouse. The lead attorney took her aside for around three minutes just before she went on the stand and told her to talk about Green and to just answer any questions directly.

6. Following our interview, Mr. Romig and I traveled back to our headquarters in Austin, Texas. The next day, on June 22, 2011, I drafted a memorandum documenting our interview and recording Mrs. Curry's answers.

BF

2

**1600**

EXHIBIT 43 Page 2

7. In December 2010, I learned from Green's mother, Mary Sampson, that Mrs. Curry had been killed in a car accident.

8. I have read and reviewed this three-page affidavit.

I declare under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct to the best of my knowledge and that this affidavit was executed on the 12th day of _June_, 2012 in Austin, Texas.

_Brian P. Fayhee_
Brian P. Fayhee

Subscribed and sworn to before me on _June 12_, 2012.

_Elizabeth Garza_
Notary Public, State of Texas

```
ELIZABETH GARZA
Notary Public, State of Texas
My Commission Expires
APRIL 29, 2016
```
Notary without Bond

BF

3

**1601**

EXHIBIT 43 Page 3

44

1602

# AFFIDAVIT OF BRIAN FAYHEE

I, Brian Fayhee, declare as follows:

1. My name is Brian Fayhee

2. I am currently an investigator for the Office of Capital Writs ("OCW"), in Austin, Texas. I have held this position from October 2010 to the present. In my capacity as an OCW investigator, I performed work on the Gary Green case.

3. On Friday June 1, 2012, I traveled to Garland, Texas to interview jurors who served on Mr. Green's capital jury.

4. While in Garland, I interviewed juror John Pozadzides, who served as the foreman on Green's jury. When Mr. Pozadzides answered his door, I introduced myself by name, stated I was an investigator for the OCW, and that our office represents Gary Green in his post-conviction proceedings.

5. I asked Mr. Pozadzides if he would be willing to speak to me about his service on the jury. Mr. Pozadzides was agreeable and let me enter his residence and we sat in his living room and spoke. The interview lasted about 45 minutes.

6. At the conclusion of the interview I asked Mr. Pozadzides if he would be willing to sign an affidavit reflecting the information we had just discussed. Mr. Pozadzides said he would sign an affidavit.

7. On Sunday June 3, 2012, I traveled back to Garland, Texas to see if Mr. Pozadzides would review an affidavit that had been drafted for his signature.

8. Mr. Pozadzides answered his door and greeted me in a friendly manner. I informed Mr. Pozadzides that I had an affidavit drafted based on our conversation on June 1, 2012. Mr. Pozadzides and I sat down in his living room while he read over the affidavit.

**1603**

BF

1

EXHIBIT 44 Page 1

9. Mr. Pozadzides agreed that we did in fact have the conversation on Friday June 1, 2012, as set out in the affidavit, and the contents of the affidavit were accurate.   However, Mr. Pozadzides did not want to sign the affidavit.  He stated that he did not want to make a "declaration" based on only his opinions.  He stated he would only sign an affidavit that had statements he felt were facts that he could prove.

10. While at Mr. Pozadzides house, I drafted a new affidavit, which Mr. Pozadzides signed.  I again asked Mr. Pozadzides if the contents of the original affidavit were correct.  He said "yes."

11. Attached below is the original affidavit that Mr. Pozadzides agreed to, but declined to sign.

12. I have read and reviewed this two-page affidavit.

I declare under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct to the best of my knowledge and that this affidavit was executed on the __12th__ day of __June__ 2012 in Austin, Texas.



Brian Fayhee

Subscribed and sworn to before me on _June 12_, 2012.

Notary Public, State of Texas

ELIZABETH GARZA
Notary Public, State of Texas
My Commission Expires
APRIL 29, 2015

Notary without Bond

BF

2

**1604**

EXHIBIT 44 Page 2

## AFFIDAVIT OF JOHN POZADZIDES

I, John Pozadzides, declare as follows:

1. My name is John Pozadzides. I sat on the jury at the capital murder trial of Gary Green. I was the jury foreman.

2. I was interviewed at my home on June 1, 2012 by an investigator from the Office of Capital Writs. He explained to me that his office currently represents Gary Green on his post-conviction litigation.

3. During the trial I noticed that Green was in leg shackles. I do not remember the exact number of times I saw the shackles, but it happened more than once. I saw them whenever Green walked in and sat down. It was evident to me that Green was shackled.

4. Green's attorneys did not do a good job. They especially did not cover the mental health aspects of the case well. Green's mental illness is something I would have been open to hearing and considering if Green's attorneys had explained it better.

5. Green's attorneys should have explained how Green's mental health problems may have affected his behaviors to commit the crime. If they had explained this connection, I would have been open to hearing and considering that information.

6. The doctor who testified for Green did not do a good job for Green. He did not explain things well. He also did not support his claim that Green had mental health issues with any details or evidence. If the defense had given us evidence that Green was mentally ill, I would have been open to hearing and considering it.

7. One thing that was missing was evidence of Green's low IQ score. They mentioned it during the doctor's testimony. We asked for the IQ score the doctor talked about but they never gave it to us. We only saw the higher IQ score.

8. Green's attorneys did not explain mitigation very well at all. I would have been open to hearing and considering issues like child abuse and sexual abuse if they had been presented.

**1605**

9. I would have liked it if Green's attorneys explained how Green's mental health connected to their other mitigation evidence. They did not show that at all. It would have helped me understand the information better and how I was supposed to use it to make a decision.

10. I have read and reviewed this two page affidavit.

I declare under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct to the best of my knowledge and that this affidavit was executed on the _____ day of _____ 2012 in Dallas, Texas.


_____

                                         John Pozadzides


Subscribed and sworn to before me on _____ 2012.


_____

Notary Public, State of Texas


**1606**

2

EXHIBIT 44 Page 4

45

1607

IN THE 337th DISTRICT COURT
VICTORIA COUNTY, TEXAS

STATE OF TEXAS      §
     §
-VS-      §      CAUSE NO. 05-3-21,628D
     §
JOSE ISRAEL TEJEDA      §

**Affidavit of Dr. Kelly R. Goodness, Ph.D.**

l.   My credentials as they pertain to this case are as follows:

➤   I am a clinical forensic psychologist, licensed to practice in the state of Texas.

➤   I am qualified to conduct forensic evaluations in Texas as required by statute.

➤   I am in private practice. My practice focuses solely on forensic cases (evaluation and treatment of individuals who have had, or are having, some interaction with the legal system be that in civil or criminal matters).

➤   A large percentage of my practice involves the psychological evaluation of individuals who have committed, or who are charged with committing, murder. Moreover, the evaluation of capital murder defendants comprises a goodly amount of my forensic practice.

➤   Before leaving to focus on my private practice, I spent over three years as the Chief Forensic Psychologist for the Behavior Management Treatment Unit of North Texas State Hospital – Vernon Campus, which is the only maximum-security forensic psychiatric hospital in the state of Texas. There, I treated the 40 - 60 individuals considered the most difficult, dangerous and violent psychiatric patients in the state of Texas.

**1608**

EXHIBIT 45 Page 1

- ➢ I teach forensic psychology (psychology as it relates to the law) at the University of Texas at Dallas, supervise postdoctoral fellows in clinical psychology, as well as mental health professionals in various phases of training.

- ➢ I have presented at both State and National conferences of forensic and mental health professionals concerning a variety of forensic issues, including mitigation investigations, psychological evaluations in death penalty cases, and the identification and management of dangerousness risk.

- ➢ I have provided psychological evaluation, treatment, and programming consultation services to forensic institutions and professionals throughout the state of Texas, as well as in other states.

- ➢ In the course of my training, employment with the State of Texas and my private practice as a Forensic Psychologist, I have evaluated over two thousand individuals.

- ➢ I have worked for the prosecution, for the defense and for the court without concern for which "side" I work, as I provide my honest, clinical opinion regardless of who hires me.

- ➢ My extensive forensic clinical experience provides me with a uniquely applicable knowledge base for forensic cases that is difficult to mimic or surpass in terms of the depth and breadth of my experience with unusual, damaged, heinous, dangerous, challenging or difficult to treat or evaluate individuals.

2. On January 22, 2005, I was on the faculty of a continuing education conference in Dallas, Texas, sponsored by Capacity for Justice, for mental health professionals entitled "Conducting Forensic Evaluations in Capital Cases."

2

**1609**

EXHIBIT 45 Page 2

3.  This eight-hour conference covered several aspects of capital defense work which might require the assistance of a mental health expert, including competency to stand trial, competency to be executed; mental retardation; sanity; future dangerousness assessment, and mitigation evaluations.

4.  As advertised in the brochure and on the website, this conference allowed participants to "partially fulfill the legally required 24 credit hours in forensic evaluations for court appointments, or meet a six hour biannual continuing education requirement, or an 8 hour grandfather clause requirement under the statutes on competency to stand trial and fitness to proceed to trial." The conference did not certify anyone to be a mitigation specialist, mitigation investigator or mitigation expert. To my knowledge, there is no such certification in Texas or anywhere else in the country.

5.  Nor would this one day overview have been sufficient to acquaint a practicing psychologist, psychiatrist, or social worker with everything they need to know in order to begin work as a mitigation specialist. This eight hour conference provided an overview of mitigating themes in capital cases, ethical issues, and the roles of mitigation specialists, but included no practical instruction regarding the work of mitigation specialists and was not designed to serve that purpose.

6.  Attendees who wished to conduct mitigation work were advised to seek the mentorship of a clinician well experienced in death penalty litigation before independently accepting appointments to death penalty cases. Moreover, attendees were advised that a great deal more training beyond that which they received in our seminar would be required to competently and ethically provide mitigation services in a death penalty case.

3

**1610**

EXHIBIT 45 Page 3

7. My presentation, which lasted a little more than two hours, was the only presentation devoted specifically to mitigation, and was entitled "Mitigation Evaluation Practices in Texas." During this presentation, I introduced a number of issues relevant to mental health experts participating in the preparation of a mitigation defense. These included reviewing the relevant case law; defining mitigation evidence; the need to clearly establish goals and boundaries with defense attorneys; distinguishing forensic mitigation evaluations from the mitigation investigation itself; and identifying the types of mitigating information which jurors may find useful in reaching a sentencing decision.

8. Although my presentation gave an overview of some of the core elements of mitigation evaluations and investigations, it did not provide the sort of in-depth, specific training that would be needed for a mental health professional to competently perform either task. As such, this training was not sufficient to prepare the attendees to serve as mitigation specialists in capital cases. Indeed, one of my primary points of emphasis in this presentation was the need to understand the distinction between a psychological evaluation performed for mitigation purposes and the mitigation investigation itself. The mitigation psychological evaluation is merely a component of the larger, overarching mitigation investigation required in capital cases.

9. One key point in my presentation was that, since there is no universal nomenclature to describe the various roles on a capital defense team, it is important for team members to reach a clear understanding of their expected roles. Regardless of whether they are called a "mitigation specialist" or a "mitigation investigator", or a "penalty phase investigator", it is universally accepted among capital defense organizations, and clearly spelled out in

4

**1611**
EXHIBIT 45 Page 4

the ABA Guidelines, that every capital defense team must include someone whose role is to identify, collect, and organize evidence in support of all potential mitigating factors. This person is most often not a testifying expert. As I explained to the class in Dallas, because mitigating themes include much more than mental illness, and the required data includes much more than a forensic diagnosis, the forensic psychological evaluation done for mitigation purposes is just one piece of the mitigation investigation.

10. As I explained to the class in Dallas, it is critical for mental health professionals to be clear from the outset of the case whether they are being retained as consulting experts or testifying experts. One might be qualified to do either, but may not do both in the same case.

11. Neither my presentation nor the entire seminar was meant to certify any of the attendees as mitigation specialists. Moreover, it would be irresponsible for any mental health professional who attended this conference to rely only on this seminar for "certification" as a mitigation specialist. The work of a capital mitigation specialist includes tracking down family, friends, teachers, neighbors, coworkers and other life history witnesses who may or may not want to be found; extensive collection of primary documents regarding at least three generations of a family; research into social science, cultural and environmental issues impacting the client's life; identification of the signs and symptoms of medical diseases and disorders, writing a compelling life history; preparing a compelling narrative of a life history that integrates themes drawn from every area of the client's life. Thus, this work does not fit neatly into the training of any particular profession, but draws upon the skills of investigators, social workers, lawyers, journalists,

5

**1612**

EXHIBIT 45 Page 5

academics and mental health professionals. Simply being trained as a mental health professional, forensic or otherwise, does not automatically qualify a person to serve as mitigation specialist. Whatever one's education and professional background, to fulfill the role of a mitigation specialist on a capital defense team, one must receive a great deal of training very specific to the unique combination of tasks required by the ABA Guidelines, and then maintain one's skills through continuing education specific to capital mitigation.

12. The Dallas training where I taught also advertised that an "Additional emphasis will be given to issues of linguistic and cultural competency and non-communicative examinees." As I stressed there, the validity of a psychological evaluation or mitigation investigation requires forensic evaluators and mitigation specialists to assess a defendant and their background within the context of their cultural background. Any forensic mental health professional should be advising the defense counsel with whom they work that the culture and language of the defendant must be taken into consideration when choosing mitigation specialists, forensic evaluators, and when conducting testing. Participants in the Dallas training should have learned that the language and culture of the defendant affects everything in the preparation of his or her mitigation case, including the appropriate testing, the manner in which the mitigation investigation is undertaken, the amount of time it takes to overcome "barriers to disclosure" and the most appropriate professionals to choose for the team.

6

I swear the foregoing is true and accurate to the best of my knowledge and belief,

Dr. Kelly Goodness, Ph.D.

SUBSCRIBED AND SWORN to before me this _11_ day of August 2006.

Notary Public
My Commission Expires: _3/7/2010_

JONATHAN ALEXANDER
Notary Public
STATE OF TEXAS
My Comm. Exp. 03-07-10

7

1614

EXHIBIT 45 Page 7

1615



Mitigation Evaluation Practices
in Texas

Presented by:
Kelly R. Goodness, Ph.D.
Dr. Kelly R. Goodness & Associates



Today's Agenda

I. Responsibilities: Jury, Prosecutor, Defense

II. Develop a Common Nomenclature

III. Practical Aspects of Mitigation

IV. Mitigation Defense Models

V. Ethical Issues and Special Considerations



Capital Offenses and DP Trials

I. Capital Crimes
  ➢ Aggravating Factors in Texas
    • Against a peace officer or fireman
    • Multiple murders (same or related crime)
    • Against victim under 6 years of age
    • During the commission of another felony
    • Or conspired to commit murder for financial gain
    • While escaping or attempting to escape from prison
    • While in prison, killed prison employee or for profit
    • While incarcerated for murder or another first degree felony
  ➢ Determination of death specification



Capital Trials in Texas

  ➢ Death qualified jurors
  ➢ Bifurcated trial structure



Responsibilities: Plenty to Go Around

I. Jury Charge
  1) Future Dangerousness

  2) Intention (if charged under the law of parties)

  3) Mitigating Circumstances



Texas Code of Criminal Procedure

(a) Whether, taking into consideration all of the evidence, including the circumstances of the offense, the defendant's character and background, and the personal moral culpability of the defendant, there is a sufficient mitigating circumstance or circumstances to warrant that a sentence of life imprisonment rather than a death sentence be imposed.

EXHIBIT 46 Page 1616



(b) The jury shall consider mitigating evidence to be evidence that a juror might regard as reducing the defendant's moral blameworthiness.



## Supreme Court Decisions

*Atkins v. Virginia*, 260 Va. 375 (2002)
- Executing MR is cruel and unusual punishment

*Eddings v. Oklahoma*, 455 U.S. 104 (1982)
- No death sentence without "individualized consideration of mitigating factors."



➢ *Gregg v. Georgia*, 428 U.S. 153 (1976)
- The judge should consider or instruct the jury to consider "any mitigating circumstances or aggravating circumstances otherwise authorized by law

➢ *Lockett v. Ohio*, 438 U.S. 586 (1978)
- any aspect of the defendant's character or record and any of the circumstances of the offense that the defendant proffer as a basis for a sentence less than death."

➢ *Penry v. Lynaugh*, 492 U.S. (1989)
- MR mitigating factor: it is vital for jury to have "a reasoned moral response to the defendant's background, character, and crime."

➢ *Skipper v. South Carolina*, 476 U.S. (1986)
- Right to present "all relevant evidence" in mitigation of punishment



*Wiggins v. Smith*, 539 U.S. 510 (2003)
- "Strategic" decisions about mitigation require a mitigation investigation

*Williams v. Taylor*, 529 U.S. 362 (2000)
- "...counsel's failure to uncover and present voluminous mitigating evidence at sentencing could not be justified as a tactical decision."

## Purpose of the Jury Charge

1) Justice

2) Protection of Society

3) Due Process

EXHIBIT 46 Page 2
1617



Means by which the jury's charge
is carried out

1) *All Testimony*

2) Inference

3) Observations

4) Expert Testimony

4) Deliberation



Prosecuting Attorney Charge
is carried out

1) Offense Determination

2) Identify Aggravating and Mitigating Factors

3) Determine Appropriate Punishment Request

4) Provide Discovery in a Timely Manner

5) Accurately Present Evidence

6) Integrate, Utilize, and Present Aggravating
Information from Jury Selection to Case
Conclusion



Purpose of the Prosecutor's Charge

1) Protection of Society

2) Justice



Means by which some of the prosecutor's
charge is carried out

1) Investigation of the Offense

2) Knowledge / Investigation of the
Defendant's Life Circumstances
and Background

3) Victim / Surviving Family's
Wishes



Defense Attorney Charge

1) Assemble a Defense Team

(a) Includes no fewer than two
qualified attorneys, an investigator,
and a mitigation specialist

(b) At least one member qualified by
training and experience to screen
for psychological issues



2) Independently Investigate the Factual Basis
of the Charge(s)

(a) Purpose

➢ Substantiate facts in evidence

➢ Challenge the prosecutor's version of the
offense

➢ Investigate affirmative and partial defenses
(i) Self-defense
(ii) Insanity
(iii) Lesser included offense

➢ May serve as mitigation information

EXHIBIT 46 Page 3

1618



(b) Means by which the factual investigation is carried out

- Private Investigator
- Attorney/Paralegal
- Forensic Evidence Examiners
- Forensic Psychologist or Psychiatrist – for Mental State at the time of the Offense issues



3) Investigate Sentencing/Mitigation Issues

(a) Purpose
- Rebut the prosecution's case in favor of the death penalty
- Present the best possible case in favor of a sentence other than death
- Due Process/Prevent cruel and unusual punishment
- Due Diligence



(b) Means by which the sentencing/mitigation investigation may be carried out

- Defense Attorneys Remain Responsible
- Factual Investigation
- Intensive Study
- A Legion of Participants



4) Integrate, Utilize, and Present Mitigation Information from Jury Selection to Case Conclusion

- Determine what mitigation to present, when, and how
  (i) Voir Dire
  (ii) Guilt/Innocence
  (iii) Punishment

Nomenclature Matters:
*Aspects of a Mitigation Defense*



Mitigation

What it is

1) Mitigation is Nebulous
2) Open to Interpretation
3) Case Dependant
4) Difficult to Recognize
5) In the Eye of the Beholder
6) True/Verifiable

EXHIBIT 46 Page 4
1619











## Mitigation

What it isn't

1) An Excuse or Justification
2) A Laundry List

## Mitigation

Definition:

*Mitigation or mitigating evidence is any information, factors, or evidence that one or more jurors may regard as reductive to the defendant's moral blameworthiness and/or may militate (argue) against assessing the death penalty.*

## Mitigation Defense

What it is

1) A Process
2) Life Penalty Defense
3) Informative

## Mitigation Defense

What it isn't

1) About Innocence
2) Easy [illegible]
3) Confined to the Punishment Phase

## Mitigation Defense

Definition:

*A mitigation defense is a process rather than an event that includes any and all activities necessary to plan, research, document, develop, and "prove up" mitigation evidence over the entire course of a capital case, beginning from the moment the case is charged.*

## Mitigation Investigation

What it is

1)An Investigation of His/Her "Story"
2)His/Her Bigger Picture
3)Objective
4)A Multi-Step Process
5)Tedious and Time Consuming
6)Multigenerational
7)Broad and Comprehensive



**Mitigation Investigation**

What it isn't

1) A Factual Investigation

2) A General Psychological Evaluation

3) A Psychological Mitigation Evaluation

4) Done by a Lone Mental Health Professional



**Mitigation Investigation**

Definition:

*A death penalty mitigation investigation is a comprehensive, multigenerational, biopsychosocial investigation of an individual's psychology, background, and life circumstances that aims to uncover why and how a defendant has developed into the particular person who stands before the Court charged with a capital offense.*



**Psychological Mitigation Evaluation**

What it is

1) A Part of a Mitigation Investigation

What it isn't

1) The Whole Enchilada

2) A Mitigation Investigation



**Psychological Mitigation Evaluation**

Definition:
What it is

*A Psychological Mitigation Evaluation is a comprehensive psychological evaluation in which an individual is screened and/or evaluated for "any factor's that might adversely affect physical, cognitive, neuropsychological, psychological, interpersonal, social, academic, vocational, civic, and moral development, as well as for positive behavior contributions that might be viewed as having some balancing value in the weighing of moral blameworthiness."*



**Psychological Mitigation Evaluation**

Special Issues

1) Balancing the Defendant's Rights

> Non-testifying expert

> Testifying experts

2) Plea Bargain Discussions



**Focused Psychological Evaluation**

What it is

1) A Specialized Evaluation

> Learning disabilities

> Neurological functioning

> Physical disability

2) Narrow in Scope

EXHIBIT 46 Page 6

1621











## Focused Psychological Evaluation

What it isn't

1) Comprehensive Psychological Evaluation

2) Social History

## Focused Psychological Evaluation

Definition:

*A circumscribed evaluation conducted by an expert from an appropriate discipline (e.g., psychologist, neurologist, neuropsychologist, endocrinologist, pharmacologist) in order to answer a narrow referral question(s) that may ultimately contribute to the mitigation defense.*

## Mitigation Case Synthesis

What it is

1) Clinical Case Conceptualization

2) A Tool

3) Logical

4) Data-Based

## Mitigation Case Synthesis

What it isn't

1) Social History or Psychological Evaluation

2) An Excuse

## Mitigation Case Synthesis

Definition:

*A mitigation case synthesis is a clinical conceptualization of an individual's mitigation case resulting from an analysis of the totality of the mitigation data.*

## Mitigation Case Synthesis

Special Issues in Synthesizing Mitigation

1) Embrace the Ugly Baby

2) Multiple Consultation Sessions are Strongly Advised



Your task: "Mitigation" – Practically Speaking

I. The Diathesis-Stress Model

II. Human Complexity

   A. No simple answers

   B. No single reason

   C. People are the sum and interaction

   D. Describing the defendant's complexity is "mitigation"



III. Know your role, your task and your place

I. Diathesis-Stress Model

   A. Only jurors determine what mitigation actually is

   B. What jurors want to know
     1) Who the defendant is
     2) How he got to be the person he is
     3) How his background and psychological makeup relate to his involvement in the offense/the defendant's complexity is
     4) How these relate to the offense



IV. Specific data germane to mitigation

   A. Resources
     1) U.S. Department of Justice
      http://www.ojp.usdoj.gov/
     2) National Criminal Justice reference Service
      http://virlib.ncirs.org/Juvenile/Justice.io
     3) Eisenberg's list 500+ items!



V. A sampling of categories

VI. Typical Mitigation Work Flow

   A. Historical Records Analysis - A thorough review of almost any obtainable record on the defendant

   B. Psychological Evaluation / Defendant Interviews
     (a) Mental illness / mental defect
      ➢ Assessing / screening for mental illness, mental retardation, brain damage, personality functioning and his social history is developed with an emphasis on obtaining anecdotal information.
      ➢ What in the defendant's neurological or psychological make-up made him or her susceptible to commit this crime and at the same time helps counsel in assessing the defendant's actual role in the offense?



     (b) Offense and arrest
      ➢ An evaluation of the individual's mental state at the time of the offense is often a part of a mitigation investigation. Issues of insanity are certainly considered, but so are lesser mental state issues.
      ➢ What was the state of mind and the behavior of the defendant before, after and during the offense?
      ➢ What was the relationship between the defendant and the victim?
      ➢ Was the defendant threatened by the victim or had the victim injured the defendant in any way? Did they have a healthy relationship or was it dysfunctional or perverse?
      ➢ What was the relationship between the defendant and the co-defendant(s)? Domination, unduly influential...?
      ➢ Was the defendant cooperative with the police and their investigation?

EXHIBIT 46 Page 8

1623





# Bubba Doe

# Multi-Generational Family Dysfunction

- Chaotic home environment
- Teenage pregnancy
- Multi-generational criminality / imprisonment
- Pervasive familial drug abuse

# Insecure and Unstable Parental Relationships

- Absent, neglectful parents
- Poor parenting skills

# Devaluing Family Relationships

- Devalued through physical abuse and neglect
- Frequent changes in caregivers

EXHIBIT 46 Page 9

1624



## Lack of Structure, Supervision or Guidance

- Little useful adult oversight
- Lack of a positive male role model

## Grim Neighborhood Environment & Negative Neighborhood Expectations

- Poverty
- High crime / regular exposure to violence
- Drugs and firearms readily available
- Prison as a right of passage

## Cognitive Deficits

- Low IQ
- Learning Disorders
- Neurological Deficits
- Youth

## Follower

- Influential Severely Delinquent Co-Defendant





EXHIBIT 46 Page 10

1625



E. Mitigation Case Synthesis

F. Make Recommendations

G. Presenting Mitigation to the Jury

  1) Trial aids

  2) Strategy Development
- Mitigation themes
- Case synthesis
- Integrating with guilt/innocence phase
- Presentation methods

  3) Trial consultation



H. Other Consultation Services

  1) Mock jury

  2) Literature Searches

  3) Testimony Review

  4) Provide Resources



VII. Role Clarification: Ethical Issues in Testifying v. Consulting

A. Issue is treated too simplistly

B. Some functions are certainly incompatible

C. Generally safe if advocate for the data, not the defendant

D. Resources are not unlimited



Mitigation Defense Models Commonly Used In Texas

I. Attorney as primary mitigation investigator

  1) Mental health professional used generally in a confirmatory role and to do a general screening for mental illness.

  2) Mental health professional may be asked to do a focused specialized evaluation



II. Attorney shares mitigation investigation responsibilities

- Social worker who is expected to conduct the vast majority of the mitigation investigation including a mental health screening.

  1) No other mental health professional is hired unless it is deemed necessary.



- Psychologist or psychiatrist who is expected to conduct the vast majority of the mitigation investigation, whether as a testifying expert or consulting expert, including a psychological evaluation.

  1) Other mental health professionals may be retained to testify as necessary

EXHIBIT 46 Page 11

1626



- Several mental health professionals are retained to conduct various portions of the mitigation investigation.

  1) The mental health professionals may have no knowledge of what anyone else is suppose to be doing.

  2) One mental health professional may have full knowledge of everyone's work product and have the responsibility of providing a case synthesis

  3) Each professional is assigned specific tasks with the attorney's assuming responsibility for any case synthesis that may occur



III. Mental health professional should be death qualified

---

Kelly R. Goodness, Ph.D.
121 Olive Street
Keller, Texas 76248
(817) 379-4663
goodness@sprintmail.com

---

**Relevant Death Penalty Case Law**

Apprendi v. New Jersey, 500 U.S. 466 (2000)
Atkins v. Virginia, 260 Va. 375 (2002)
Barefoot v. Estelle, 463 U.S. 880 (1983)
Branch v. Texas, 490 S.W.2d 893 (1972)
Coker v. Georgia, 433 U.S. 584 (1977)
Eddings v. Oklahoma, 455 U.S. 104 (1982)
Estelle v. Smith, 451 U.S. 454 (1981)
Ford v. Wainwright, 106 S. Ct. 2595 (1986)
Furman v. Georgia, 408 U.S. 238 (1972)
Gilmore v. Utah, 429 U.S. 1012 (1976)
Gregg v. Georgia, 428 U.S. 153 (1976)
In re Kemmler, 136 U.S. 436 (1890)
Jurek v. Texas, 428 U.S. 153 (1976)
Lockett v. Ohio, 438 U.S. 586 (1978)
Murray v. Giarratano, 492 U.S. 1 (1989)
Penry v. Lynaugh, 492 U.S. 1 (1989)
Penry v. Johnson, 121 S. Ct. 1910 (2001)
Ring v. Arizona, 536 U.S. 584 (2002)
Skipper v. South Carolina, 463 U.S. 1 (1986)
Stanford v. Kentucky, (2002)
U.S. v. Barnette, 211 F.3d 803 (2000)
U.S. v. Beckford, 962 F. Supp. 748 (1997)
Wiggins v. Smith, 539 U.S. 510 (2003)
Williams v. Taylor, 529 U.S. 362 (2000)

---

**Bibliography**

*The APSAC Handbook on Child Maltreatment.* (Second Edition ed.)(2002). Thousand Oaks, California: Sage Publications, Inc.

Bailey, C. (2003). *Ake v. Oklahoma* and an Indigent Defendant's Right to an Expert Witness: A Promise Denied or Imagined? *William & Mary Bill of Rights Journal,* 10.

Barron, D., (student author). (2002). I did not want to kill him but thought I had to: in light of Penry II's interpretation of Blystone, why the Constitution requires jury instructions on how to give effect to relevant mitigating evidence in capital cases. *Journal of Law & Policy,* 11 (1), 207-254.

Blake, P. Y., Pincus, J. H., & Buckner, C. (1995). Neurologic abnormalities in murderers. *Neurology,* 45(9), 1641-1647.

Butler, B., and Moran, G. (2002). The role of death qualification in venirepersons' evaluations of aggravating and mitigating circumstances in capital trials. *Law and Human Behavior,* 26(2), 175-184.

Chamberlain, J. R. (2004). The Use of a Psychiatric Expert Who Might Offer Both Damaging and Mitigating Testimony Does Not Constitute Ineffective Assistance of Counsel. *Journal of the American Academy of Psychiatry & the Law,* 32(3), 329-331.

Criminal procedure--capital punishment--at the sentencing hearing of a capital offender, the sentencer must consider any relevant mitigating evidence. Eddings v. Oklahoma, 102 S. Ct. 869. (1983). *University of Detroit Journal of Urban Law,* 60, 678-685.

Crocker, P. L. (1999). Childhood abuse and adult murder: Implications for the death penalty. *North Carolina Law Review,* 77(3), 1143-1222.

Cunningham, M. D., & Goldstein, A. M. (2003). Sentencing determinations in death penalty cases. In A. M. Goldstein (Ed.), *Handbook of Psychology* (Vol. 11, pp. 407-436). Hoboken, NJ: John Wiley & Sons.

Cunningham, M. D., & Reidy, T. J. (2001). A matter of life or death: special considerations and heightened practice standards in capital sentencing evaluations. *Behavioral Sciences & the Law,* 19(4), 473-490.

Deklava, K. B. (2001). Psychiatric expertise in the sentencing phase of capital murder cases. *Journal of the American Academy of Psychiatry & the Law,* 29(1), 58-67.

Edens, J. F. (2001). Misuses of the Hare Psychopathy Checklist–Revised in Court: Two Case Examples. *Journal of Interpersonal Violence,* 16(10), 1082.

Edens, J. F., Petrila, J., & Buffington-Vollum, J. K. (2001). Psychopathy and the death penalty: Can the psychopathy checklist–revised identify offenders who represent "a continuing threat to society?" *Journal of Psychiatry & Law,* 29(4), 433-481.

Eisenman, R. (2000). Explaining sex offenders: The concept of imprinting. *International Journal of Adolescence & Youth,* 8(1), 1-9.

Fabian, J. M. (2003). Death penalty mitigation and the role of the forensic psychologist. *Law & Psychology Review,* 27, 73-120.

Freedman, E. M. (2003). Death-Penalty Appeals and Post-Conviction Proceeding: The Revised ABA Guidelines and the Duties of Lawyers and Judges in Capital Post-Conviction Proceedings. *The Journal of Appellate Practice and Process,* 5.

EXHIBIT 46 Page 12

1627

Frierson, R., Schwartz-Watts, D., Morgan, D., & Malone, T. (1998). Capital versus noncapital murderers. *Journal of the American Academy of Psychiatry and Law*, 26(3), 403-410.

Hall, D. J. (2003). Effectiveness of Counsel in Death Penalty Cases. *University of Louisville Brandeis Law Journal*, 42(225).

Hall, T. S. (2002). Legal Fictions and Moral Reasoning: Capital Punishment and the Mentally Retarded Defendant After *Penry v. Johnson*. *Akron Law Review*, 35(327).

Haney, C. (1995). The social context of capital murder: Social histories and the logic of mitigation. *Santa Clara Law Review*, 35, 547-609.

Judges, D. P. (2004). The Role of Mental Health Professionals in Capital Punishment: An Exercise in Moral Disengagement. *Houston Law Review*, 41.

King, R. a. N., K. (1999). What about our families? Using the impact on death row defendants' family members as a mitigating factor in death penalty sentencing hearing. *Florida State University Law Review*, 26, 1119-1173.

Leonard, P. B. (2003). A new profession for an old need: why a mitigation specialist must be included on the capital defense team. *Hofstra Law Review*, 37.(4), 1143-1155.

Liebert, D. S. a. F., D. V. (1994). The mental health evaluation in capital cases: Standards of practice. *American Journal of Forensic Psychiatry*, 15(4), 43-64.

Melton, G. B., Petrila, J., Poythress, N. G., & Slobogin, C. (1997). *Psychological Evaluations for the Courts* (2nd ed.). New York: The Guildford Press.

Payne, D. L. (2003). Building the Case for Life: A Mitigation Specialist as a Necessity and a Matter of Right. *Washington & Lee University School of Law Capital Defense Journal*, 16(43).

People v. Deere [710 P.2d 925 (Cal.)]: mitigating evidence in capital sentencing; defense opportunity or obligation? (1987). *Criminal Justice Journal*, 9, 349-369.

Perlin, M. L. (1999). *Mental disability law: Cases and materials*. Durham, North Carolina: Carolina Academic Press.

Schroeder, J. (2003). Forging a New Practice Area: Social Work's Role in Death Penalty Mitigation Investigations. *Families in Society*, 84(3), 423-432.

Smith, M. C. (2004). Quiet Eyes: The Need For Defense Counsel's Presence at Court-Ordered Psychiatric Evaluations. *Capital Defense Journal*, 16(421).

Sorensen, J. a. P., R. (2000). An actuarial risk assessment of violence posed by capital murder defendants. *The Journal of Criminal Law and Criminology*, 90(4), 1251-1270.

Steinberg, L., & Scott, E. S. (2003). Less Guilty by Reason of Adolescence: Developmental Immaturity, Diminished Responsibility, and the Juvenile Death Penalty. *American Psychologist*, 58(12), 1009-1018.

EXHIBIT 46 Page 13

1628

## CERTIFICATE OF SERVICE

I, the undersigned, declare and certify that I have served the foregoing Exhibits 1-46 to Initial Application for a Writ of Habeas Corpus by hand to:

District Clerk
Of Dallas County, Texas
133 N. Riverfront Blvd.
Dallas, Texas 75207
(Original and 1 Copy)

Honorable Judge Andy Chatham
282nd Judicial District Court
Frank Crowley Courts Building
133 N. Riverfront Blvd.
Dallas, Texas 75207
(Courtesy Copy)

Dallas County District Attorney
Attn: Lisa Smith
Frank Crowley Courts Building
133 N. Riverfront Blvd, LB 19
Dallas, Texas 75207
(One Email Copy per request)

By mail to:

Gary Green
Polunsky Unit TDCJ #999561
3872 FM 350 South
Livingston, Texas 77351
(One Copy)

This certification is executed on June 15, 2012, at Austin, Texas.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_Robert Romig_

ROBERT ROMIG

**1629**

**The State of Texas**      §
                            §
**County of Dallas**        §


I, Felicia Pitre, Clerk of the District Courts of Dallas County, Texas, do hereby certify that the documents contained in this record to which this certification is attached are all of the documents specified by Texas Rule of Appellate Procedure 34.5(a) or Code of Criminal Procedure Section 11.07(3)(a) including all other documents timely requested by a party to this proceeding under Texas Rule of Appellate Procedure 34.5(b), and that have been filed with the trial court clerk, and unless otherwise indicated in this record.


**GIVEN UNDER MY HAND AND SEAL** at my office in Dallas County, Texas, on this January 5, 2015.




Clerk Signature:   *Ana McDaniel*

Name               ANA McDANIEL
                   Deputy District Clerk


# 1630

**APPLICANT**   <u>GARY GREEN</u>                    **APPLICATION NO.** <u>81,575-01</u>


      11.071 APPLICATION
      FOR WRIT OF HABEAS CORPUS        <u>XXX</u>


11.071 APPLICATION FOR WRIT OF HABEAS DENIED WITH WRITTEN ORDER.

_____

**JUDGE**                                                                **DATE**

# TAMES Barcode Cover Sheet



29d10dfecbbd4db083095fb9e0cc73e2

| | |
|---:|:---|
| **Case Number:** | WR-81,575-01 |
| **Style:** | Green, Gary |
| **Event Date:** | 1/12/2015 |
| **Event Details:** | HABEAS CORPUS RECEIVED - 11.071/This Court/11.071 WRIT RECD/11.071/ |
| **Filename:** | WR-81,575-01 11.071 WRIT RECD 11.071 1-12-2015--Vol 1 of 5 Vols |
| **Document Description:** | RECORD |
| **Document Remarks:** | 5 Vols CR |
| **Document(s):** | |
| **Generated By:** | bhooper |
| **Generated On:** | 1/12/2015 1:57:52 PM |

SCANNED

JAN 1 6 2015

368

**EX PARTE:**

**GARY GREEN**

**CAUSE NO.:**   **W09-59380-S (A)**

**IN THE 282nd JUDICIAL DISTRICT**

**COURT OF DALLAS COUNTY, TEXAS**

~~This document contains~~ some
pages that are of poor quality
at the time of imaging.

## POST CONVICTION WRIT OF HABEAS CORPUS

### (ART. 11.07, V. A. C. C. P.)

### D E A T H   P E N A L T Y

### V O L U M E   O N E

**ATTORNEY FOR APPLICANT:**
Brad D. Levenson
Office of Capital Writs
1700 N. Congress Ave.
Suite 460
Austin, TX   78711

**ATTORNEY FOR STATE:**

**HON.  SUSAN HAWK**

**FRANK CROWLEY COURTHOUSE**

**DALLAS, TX 75207-4313**

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 1 2 2015

Abel Acosta, Clerk

**FELICIA PITRE**

**DISTRICT CLERK**

**FRANK CROWLEY COURTHOUSE**

**133 N RIVERFRONT BLVD., LB 12**

**DALLAS, TEXAS 75207-4313**

1

EX PARTE:                              CAUSE NO:      W09-59380-S (A)

2
                                       IN THE 282nd JUDICIAL DISTRICT
3
GARY GREEN                             COURT OF DALLAS COUNTY, TEXAS
4

5                          I N D E X

6                          Volume One

7

8    Clerk's Cover Sheet                                    Vol. 1-01

9    Initial Application for a Writ of Habeas Corpus        Vol. 1-02
     (Filed Pursuant to Tex. Code Crim. Proc. 11.071)
10   (15 Jun 12)

     Writ Docket                                           Vol. 1-359
11
     Waiver of Service    (08 Aug 12)                      Vol. 1-360
12
     Motion for Evidentiary Hearing  (Capital Case)        Vol. 1-361
13   (15 Jun 12)

14   Clerk's Certificate                                   Vol. 1-366

15

16

17

18

19

20

21

22

23

W09-59380-S (A)

EX PARTE:                                    APPLICATION FOR WRIT OF HABEAS CORPUS

GARY GREEN                                   IN THE 282nd JUDICIAL DISTRICT

                                             COURT OF DALLAS COUNTY, TEXAS

## CLERK'S COVER SHEET

**Applicant's Name:**   Gary Green

**Offense:**    Capital Murder Multiple

**Case No.:**    F09-59380-S

**Plea to Offense:**    Not Guilty

**Sentence:**    Death; TDCJ; Fine: $-0- ; Court Costs: $240.00

**Trial Date:**    November 5, 2010

**Judge's Name:**    Judge Andy Chatham

**Appeal:**    Yes

**Court of Appeals Cause Number:**    AP-76,458

**Court Reporter:**    Darline Labar & Joseph Phillips

**Hearing Held:**    No
(Pertaining to the Application for Writ)

**Findings of Fact & Conclusions Filed:**    Yes

**Recommendation:**    Deny

**Judge's Name:**    Judge Amber Givens-Davis
(If different from Trial Judge)

**Name of Counsel if Applicant is Represented:**    Brad D. Levenson

1

FILED

IN THE 282ND JUDICIAL DISTRICT COURT
DALLAS COUNTY, TEXAS

2012 JUN 15 PM 2: 37

GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO., TEXAS

DJ _____ DEPUTY

|  |  |  |
|---|---|---|
| _____ | ) | Trial Cause No. |
|  | ) | F09-59380-S |
| EX PARTE | ) |  |
| Gary Green, | ) |  |
| APPLICANT | ) |  |
|  | ) |  |
| _____ | ) |  |

## INITIAL APPLICATION FOR A WRIT OF HABEAS CORPUS (FILED PURSUANT TO TEX. CODE CRIM. PROC. ART. 11.071)

BRAD D. LEVENSON (No. 24073411)
Director, Office of Capital Writs
(E-Mail: Brad.Levenson@ocw.texas.gov)
CHAKIRA T. HUNTER (No. 24074460)
(E-Mail: Chakira.Hunter@ocw.texas.gov)
ROBERT ROMIG (No. 24060517)
(E-Mail: Robert.Romig@ocw.texas.gov)
Post-Conviction Attorneys
Office of Capital Writs
1700 N. Congress Ave, Suite 460
Austin, Texas 78711
(512) 463-8600
(512) 463-8590 (fax)

Attorneys for Applicant

2

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................. ii

TABLE OF AUTHORITIES ..................................................................... xiii

APPLICATION FOR A WRIT OF HABEAS CORPUS ................................. 1

PROCEDURAL HISTORY ........................................................................ 3

A.    Trial Court Proceedings .............................................................. 3

        1.    Appointment of Counsel ................................................. 3

        2.    Indictment and Re-Indictment...................................... 3

        3.    Trial .............................................................................. 4

        4.    Motion for New Trial .................................................... 5

B.    State Appellate Proceedings ........................................................ 5

C.    State Habeas Proceedings ............................................................ 5

STATEMENT OF FACTS ......................................................................... 6

A.    Evidence at Trial ......................................................................... 6

        1.    Presentation at Guilt/Innocence.................................... 6

        2.    Presentation at Penalty ................................................. 7

                a.    The Prosecution............................................... 7

                b.    The Defense....................................................... 8

B.    Green's Life History .................................................................. 11

CLAIMS FOR RELIEF .......................................................................... 14

CLAIM ONE:  SYSTEMIC FAILURE OF TRIAL COUNSEL'S PREJUDICED
THE PUNISHMENT PHASE OF GREEN'S TRIAL ............................... 14

A.    Legal Standards for Ineffective Assistance of Counsel................. 14

1.      Deficient Performance ................................................................ 15

    a.      Duty of Lead Counsel ................................................ 16

    b.      Duty to Hire the Defense Team, Including a Mitigation Specialist ............................................................................ 18

    c.      Investigation .............................................................. 20

    d.      The Duty to Secure the Assistance of Experts and Provide Them With All Relevant Information Regarding the Client's Life and Background ............................................................. 24

    e.      Development of Defense Theory ................................ 26

    f.      Preparation ................................................................. 27

    g.      Presentation .............................................................. 29

2.      Prejudice ........................................................................... 30

B.      Trial Counsel Failed to Meet Minimum Standards in Investigating and Developing Mitigation Evidence in Support of a Life Sentence .................. 31

    1.      Trial Counsel Did Not Begin Investigating Green's Case Soon Enough .............................................................................. 32

    2.      Trial Counsel Left the Investigation to Dr. Goodness, But Without Proper Delegation and Oversight ....................................... 35

    3.      There Was No Fully Functioning Mitigation Specialist Involved In Green's Trial ...................................................................... 36

        a.      Dr. Goodness's Participation in Green's Case Did Not Meet Her Own Specifications on the Accepted Standards of Mitigation ..... 37

        b.      The Interviews that Were Completed Fell Short of Professional Standards of Mitigation Specialists ................................. 39

C.      Trial Counsel's Deficient Investigation Missed Significant "Red Flags" in Green's Social History, Prejudicing His Trial Presentation .......................... 41

CLAIM TWO: TRIAL COUNSEL FAILED TO PROPERLY INVESTIGATE AND PREPARE LAY WITNESSES FOR THE PUNISHMENT PHASE OF GREEN'S TRIAL ................................................................................................ 43

A.  Trial Counsel Failed to Properly Develop the Lay Witnesses Who Were Called to Testify During the Punishment Phase of Green's Trial ............... 44

B.  Trial Counsel's Deficient Investigation and Preparation of Lay Witnesses Resulted in Incomplete and Disjointed Testimony During the Punishment Phase of Green's Trial ............................................................................. 48

    1.  Shirley Coleman ...................................................................... 48

    2.  Lenelle Williams ..................................................................... 50

    3.  Mary Sampson ........................................................................ 51

    4.  Bertha Curry ........................................................................... 53

    5.  Nysasno Carter ........................................................................ 55

C.  The Ill-Prepared Testimony That Was Presented By Trial Counsel Prejudiced Green's Mitigation Case ................................................... 56

    1.  Shirley Coleman Never Should Have Testified ................................. 57

D.  Trial Counsel's Deficient Investigation and Preparation Meant Substantial Mitigation Evidence was Never Presented by Their Lay Witnesses, Prejudicing Green's Mitigation Case ............................................... 60

    1.  Lenelle Williams ..................................................................... 60

    2.  Nysasno Carter ........................................................................ 64

    3.  Mary Sampson ........................................................................ 67

        a.  Mary Sampson's Childhood Trauma ........................................... 68

        b.  Green is Born into a Violent and Chaotic Family Life ................. 70

        c.  Green's Challenging Childhood and Adolescence ...................... 74

        d.  Green's Life After Prison ....................................................... 77

E.   Conclusion ................................................................... 78

CLAIM THREE:   GREEN'S COUNSEL FAILED TO INVESTIGATE AND
PRESENT EVIDENCE FROM ADDITIONAL WITNESSES THAT WOULD
HAVE BENEFITED GREEN'S MITIGATION PRESENTATION ..................... 80

A.   The Investigation and Development of Lay Witnesses for Green's Trial Was
     Deficient ........................................................................ 80

B.   Counsel's Deficient Investigation Meant That Testimony of Several
     Valuable Witnesses Was Absent From Trial, Prejudicing Green's Mitigation
     Case .............................................................................. 82

     1.   Leon Sampson ....................................................... 83

     2.   James Jones .......................................................... 85

     3.   Irvin Ray Green ..................................................... 87

     4.   Levi Smith ............................................................ 90

     5.   Montrece Green ...................................................... 94

     6.   Willie Mae Green .................................................... 96

     7.   Raymond Smith ...................................................... 98

C.   Conclusion ..................................................................... 99

CLAIM FOUR:   TRIAL COUNSEL FAILED TO DEVELOP AND PRESENT
SUFFICIENT EXPERT TESTIMONY DURING GREEN'S PUNISHMENT
PHASE ............................................................................... 102

A.   Counsel Failed to Secure and Develop Experts Effectively ...................... 104

     1.   Investigation and Development ................................... 104

     2.   Trial Preparation ................................................... 109

          a.   Dr. Gray-Smith ............................................. 110

          b.   Dr. Martinez ................................................ 113

B.   Trial Counsel's Deficient Performance Prejudiced Green's Capital Trial . 116

v