IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARY GREEN, | § | |
|     *Petitioner*, | § | |
| | § | |
| v. | § | No. 3:15-cv-02197-M-BH |
| | § | |
| LORIE DAVIS, DIRECTOR | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION, | § | |
|     *Respondent*. | § | |

**RESPONDENT'S OPPOSITION TO GREEN'S
MOTION FOR LEAVE TO FILE SUPPLMENTAL BRIEF
& OPPOSITION TO SUPPLEMENTAL BRIEF**

Petitioner Gary Green was properly convicted and sentenced for committing capital murder by a Texas court. Green previously sought $27,000 for investigative assistance for a new sub-claim from a larger claim of ineffective assistance of trial counsel that was raised and rejected during state habeas proceedings. Mot., ECF No. 8. This Court rejected Green's request. F.C. & Rec., ECF No. 14; Ord., ECF No. 22. Green then filed his federal habeas petition and the Director responded. Pet., ECF No. 17; Resp. Pet., ECF No. 36. Green then sought $39,380 in post-petition federal funds to investigate this same claim; that motion remains pending. Green now seeks leave of court to file a supplemental brief based on "new evidence." Green claims that his case implicates *Hinton v. Alabama*, 134 S.Ct. 1081 (2014), holding that trial counsel

can be found deficient for failing to request expert funding due to an erroneous belief that he had exhausted his available funding. Green now relies on recently discovered knowledge of a OCFW internal policy not to ask for additional expert funding at the **state habeas** level. But as shown below, this case and this allegedly new evidence do not impact Green's case. This Court should deny his attempts to supplement his briefing at this late date.

Green asserted in his petition that trial counsel was deficient in failing to hire a "qualified mitigation investigator," a claim that was made during state habeas proceedings. But as the Director has previously explained, Green's "new claim" is just a new spin on his mental health which was thoroughly examined at the time of trial and then reexamined during state habeas review. Green continues to attack both trial and state habeas counsel for ignoring Green's alleged "abandonment rage." Further Green argues that under *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 133 S.Ct. 1911 (2013), his claims would not be defaulted and that he is entitled to funding. But, as the Director has repeatedly asserted, **Green's claim is not defaulted**. Therefore, not only do *Martinez/Trevino* fail to add any value to his argument but even assuming Green could use *Hinton* to prove the deficiency of state habeas counsel, he gains nothing because his claim is not defaulted.

2

Green also argues that he is intellectually disabled and that he is entitled to funding to further investigate this claim which was also raised and rejected in the state courts. But as this Court previously concluded, Green's request for expert funding will prove neither his claim of ineffective assistance of counsel nor his intellectual disability claim. F.C. & Rec., ECF No. 14 at 5-6; Ord., ECF No. 22 at 5-7. The new precedent Green urges does not change this essential fact. For these reasons, Green's motion to supplement should be denied.

## ARGUMENT

Although Green asserts that he wishes to supplement his petition with new evidence, he references his still pending motion for post-petition funding. And his new evidence is that state habeas counsel was limited in seeking expert funding. Despite this "new evidence" and his assertion of the applicability of *Hinton*, Green is still not entitled to post-petition funding.

### I.  Funding Should Be Denied Because Green Does Not Demonstrate It Is Reasonably Necessary.

This Court "may authorize [and] order the payment of fees and expenses" for expert assistance if it is "reasonably necessary for the representation of the" inmate. 18 U.S.C. § 3599(f). "Reasonably necessary," in turn, means that an inmate "must demonstrate 'a substantial need'" for the assistance. *Riley v. Dretke*, 362 F.3d 302, 307 (5th Cir. 2004) (quoting *Clark v. Johnson*, 202 F.3d

3

760, 768 (5th Cir. 2000)). There is no "substantial need" if the claim for which the assistance is requested is procedurally defaulted or meritless or if the assistance would merely supplement prior evidence. *Woodward v. Epps*, 580 F.3d 318, 334 (5th Cir. 2009).

To meet the threshold showing necessary to warrant the appointment of funds to obtain investigative or expert assistance, Green must show that the appointment on federal habeas review is "reasonably necessary." But Green fails to make this threshold requirement. Green now asserts that under *Hinton v. Alabama*, he can demonstrate the deficiency of state habeas counsel, but Green still neglects to show that he was prejudiced by state habeas counsel's actions. This is especially difficult in light of the fact that state habeas counsel made the same arguments about trial counsel's effectiveness regarding the mitigation investigation. Thus, Green's claim has already been investigated, formulated, and set forth in prior state court proceedings. Moreover, Green's claim of intellectual disability is defaulted by his failure to raise the claim on appeal. 2 SHCR 673-74 (#375-82). And, as the Supreme Court has recently ruled ineffectiveness of appellate counsel cannot excuse a procedural default. *Davila v. Davis*, slip op. No. 16-6219, 582 U.S. ___ (June 26, 2017).

Further, Green should not be granted funding to discover evidence that cannot be considered by this Court. Green still presents no authority that

4

overrules *Cullen v. Pinholster*, 563 U.S. 170 (2011), which also bars the consideration of his "new evidence."

Finally, Green fails to address the problem that both the Magistrate and the District Judge noted in rejecting his earlier request. The problem with Green's request for funding is that he wants to use expert testimony to prove the ineffectiveness of trial counsel. But a favorable expert opinion on these questions would not entitle him to habeas relief because a mere disagreement among experts does not establish ineffective assistance. F.C. & Rec., ECF No. 14 at 6; Ord., ECF No. 22 at 6-7. As this Court noted, "Counsel should normally be entitled to rely upon the opinions of her or his own mental health experts in deciding what defensive theories to pursue." *Id*. As the state court records and extensive briefing cover, trial counsel conducted an extensive mitigation investigation and obtained the assistance of several mental health experts. Thus, the assistance of another expert in these proceedings to disagree with any or all of his prior experts would not establish ineffective assistance of counsel.

## II. Green's Claims Are Still Meritless.

### A. Green's claim regarding his alleged intellectual disability is without merit.

Green has never presented any expert testimony or reliable test score that shows that he is intellectually disabled. As the state habeas court found, prior to trial, the defense retained neuropsychologist Dr. Gilbert Martinez to evaluate Green's "cognitive, intellectual and emotional functioning." 2 SHCR 672 (#374). As part of his testing, Dr. Martinez administered the WAIS-IV to Green and Green received a full-scale IQ score of 78. *Id.* Even considering the standard error of measurement (SEM), Green's score ranges from a 73 to an 83. *Id.* at 674, n. 5. The only other score known to exist is a TDCJ score of 105 from a previous incarceration. *Id.* at 674 (#387). No other information including the type of test or the testing conditions are known regarding the 105 score. But even disregarding Green's higher score, Dr. Martinez testified at trial that Green is not "mentally retarded." *Id.* at 675 (#389).

Moreover, Dr. Martinez was not the only qualified expert to examine Green. At trial the defense retained two other experts to assess Green's competency and explore Green's mental health issues. 2 SHCR 675 (#390). Green was evaluated by Dr. David Self and by Dr. Kristi Compton. *Id.* But "[n]either Dr. Compton or Dr. Self found that [Green] is a person with mental retardation." *Id.* In fact, Green "was examined by four mental health experts

6

prior to trial: Dr. Kelly Goodness, Dr. Gilbert Martinez, Dr. Kristi Compton, and Dr. David Self." 2 SHCR 650 (#230). All of these experts were qualified to make a diagnosis of mental retardation, yet "none of them did." *Id.* Thus, as the state court found, "none of the experts retained by the defense believed that [Green] met the diagnostic criteria for mental retardation." *Id.* at 674 (#388).

During state habeas proceedings, Green relied upon the trial testing score of 78 and "anecdotal" evidence from Green's family. 2 SHCR 673 (#375). The Court specifically found that Green presented "no newly discovered evidence in support of his mental retardation claim." *Id.* In light of Green's own expert's testimony, his "lower" score of a 78, and no expert testimony to support his claim of intellectual disability, the state court properly concluded that Green "is not mentally retarded." *Id.* at 675. (#393).

To the extent that Green now argues that state habeas counsel was ineffective in failing to retain an expert to testify Green was intellectually disabled, there is no constitutional right to effective state habeas counsel. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Martinez v. Johnson*, 255 F.3d 229, 240-41 (5th Cir. 2001). The Supreme Court's holding in *Hinton* does not imply otherwise.

Green fails to show that the state court's decision violates clearly established Supreme Court precedent. Green also fails to overcome the state court's factual findings with clear and convincing evidence to the contrary. Nor

7

does Green attempt to present new evidence that would support his claim. Moreover, even if Green could produce such evidence it would be barred by *Pinholster*, 563 U.S. at 181-82. Thus, Green's claim of intellectual disability fails. This Court should not permit Green to go on a fishing expedition to find an expert who will diagnose him as intellectually disabled.

### B. Green's claim regarding his alleged ineffective assistance of trial counsel claim is without merit.

Green continues to assert ineffective assistance of trial counsel (IATC) based on his failure to raise an "abandonment rage" defense before the trial court. In support of this claim, Green continues to assert that trial counsel's investigation was inadequate. But Green also attacked the effectiveness of his trial counsel on state habeas review. Before the state courts, Green argued that trial counsel should have presented evidence of his mental illness during the guilt-innocence phase to rebut the State's claim of malice (State habeas Claim 10) and that counsel's mitigation investigation was inadequate (State habeas Claim 1). As explained in the Director's answer, Green has not created a new claim but rather just raised a new facet of the same claim brought on state habeas review. Thus, his claim is not defaulted and attacking the effectiveness

of state habeas counsel presents him no benefit. Still Green's underlying IATC claim is without merit.

Green fails to demonstrate how trial counsel were deficient in failing to discover the "abandonment rage" issue despite hiring four mental health experts. As the state habeas findings reflect, trial counsel conducted a thorough and reasonable investigation. Green provides no evidence to support his contention that trial counsel performed deficiently in investigating his case. Counsel retained an investigator and a mitigation specialist. 2 SHCR 614 (#27-28). Counsel also hired Dr. Martinez, who examined Green's medical records, and interviewed Green's mother and brother. Dr. Martinez also interviewed Green and conducted a battery of tests. *Id.* at (#30). Trial counsel retained two additional mental health experts to further investigate Green's mental health. *Id.* at (#31). And trial counsel hired Dr. Gray-Smith to testify to the education system failing Green, and he hired a prison expert. *Id.* at 615 (#32-33). Finally, the court found, based on trial counsel's testimony, that counsel formulated a well-chosen trial strategy. *Id.* at (#35-37).

The state habeas court also specifically rejected Green's contention that trial counsel did not begin the investigation soon enough. 2 SHCR 616 (#38). And the court refused Green's claim that the mitigation expert was not properly directed or that her work was inadequate. *Id.* at 617 (#45). And again Green gives no indication of how trial counsel should have discovered his

9

alleged "abandonment rage." In light of Green's failures to demonstrate his claim, it must fail.

Finally, Green's request for funding to further investigate this meritless claim should be denied. As shown above, Green's claim has already been investigated, formulated, and set forth in prior state court proceedings. It is well settled, under both pre-AEDPA and post-AEDPA standards, that state prisoners in federal habeas review are not entitled to raise unexhausted claims or to further factually develop their partially exhausted claims in federal court. 28 U.S.C. § 2254 (b), (e); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 9 (1992); *Picard v. Connor*, 404 U.S. 270, 276-77 (1971); *Turner v. Johnson*, 106 F.3d 1178, 1183 (5th Cir. 1997); *Livingston v. Johnson*, 107 F.3d 297, 306 n. 7 (5th Cir. 1997). Green has no automatic right to "discover new evidence," but must show that any new investigation is "reasonably necessary" in the context of this habeas litigation. *See Brown v. Stephens*, 762 F.3d 454, 459 (5th Cir. 2014) (citing 18 U.S.C. § 3599(f)).

As set out above, Green has not demonstrated that he is entitled to additional funding. He has not shown the additional funding to be "reasonably necessary." He has not shown a constitutional violation. For these reasons, this Court should deny his request.

## CONCLUSION

The Director respectfully requests that Green's motion be denied.

                    Respectfully submitted,

                    KEN PAXTON
                    Attorney General of Texas

                    JEFFREY C. MATEER
                    First Assistant Attorney General

                    ADRIENNE MCFARLAND
                    Deputy Attorney General
                    for Criminal Justice

                    EDWARD L. MARSHALL
                    Chief, Criminal Appeals Division

                    <u>/s Ellen Stewart-Klein</u>
\* Attorney-in-charge       \*ELLEN STEWART-KLEIN
                    Assistant Attorney General
                    Texas Bar No. 24028011

                    P. O. Box 12548, Capitol Station
                    Austin, Texas 78711
                    Tel: (512) 936-1400
                    Fax: (512) 320-8132
                    Ellen.Stewart-Klein@oag.texas.gov

                    ATTORNEYS FOR RESPONDENT

**CERTIFICATE OF SERVICE**

I do hereby certify that on December 5, 2017, I electronically filed the foregoing pleading with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" to the following attorneys of record, who consented in writing to accept this Notice as service of this document by electronic means:

Michael Mowla
Attorney
P.O. Box 868
Cedar Hill, TX 75106
Dallas County
Phone: 972-795-2401
Fax: 972-692-6636
michael@mowlalaw.com

Lydia M.V. Brandt
P.O. Box 326
Farmerville, TN 75442
Lydiabrandt566@gmail.com

/s Ellen Stewart-Klein
ELLEN STEWART-KLEIN
Assistant Attorney General